# EXHIBIT J

Alan E. Kraus (3263)
**LATHAM & WATKINS LLP**
One Newark Center, 16th Floor
Newark, NJ 07101-3174
Telephone: (973) 639-1234
Facsimile: (973) 639-7298

Attorneys for Defendant
Federal National Mortgage Association

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| PICATINNY FEDERAL CREDIT UNION,<br><br>    Plaintiff,<br><br>    v.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>    Defendant. | Case No.: 2:09-cv-01295-JAG-MCA<br><br>The Honorable Joseph A. Greenaway, Jr., U.S.D.J.<br>The Honorable Madeline C. Arleo, U.S.M.J.<br><br>**DEFENDANT FEDERAL NATIONAL MORTGAGE ASSOCIATION'S SECOND AMENDED RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** |

### INTRODUCTION

Defendant Federal National Mortgage Association ("Fannie Mae") hereby amends its responses to Plaintiff's First Set of Interrogatories (the "Interrogatories") pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure.

### GENERAL OBJECTIONS AND LIMITATIONS

1.    Fannie Mae objects to the Interrogatories to the extent that they purport to impose obligations on Fannie Mae that are not imposed by, or are otherwise inconsistent with, the Federal Rules of Civil Procedure or the Rules of Court, Standing Orders, and Plans of the United States District Court for the District of New Jersey.

2.      Fannie Mae objects to the Interrogatories to the extent that they seek or require the disclosure of information that is protected from discovery by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity.  Inadvertent disclosure or production of such information shall not be deemed a waiver of the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity.

3.      Fannie Mae objects to the Interrogatories to the extent that they seek to impose upon Fannie Mae a duty to seek out information not in its possession, custody or control.

4.      Fannie Mae objects to the Interrogatories to the extent that they are overly broad and unduly burdensome.

5.      Fannie Mae objects to the Interrogatories to the extent that they are vague and ambiguous.

6.      Fannie Mae objects to the Interrogatories to the extent that they call for speculation.

7.      Fannie Mae objects to the Interrogatories to the extent that they call for Fannie Mae to make legal conclusions.

8.      Fannie Mae objects to the Interrogatories to the extent that the information sought is not relevant to the claim or defense of any party, not relevant to the subject matter of the lawsuit, and not reasonably calculated to lead to the discovery of admissible evidence.

9.     Fannie Mae objects to the Interrogatories to the extent that they call for information relating to Fannie Mae's contentions prior to the completion of sufficient discovery from Plaintiff, among others.

10.     Fannie Mae objects to the Interrogatories to the extent that they require the disclosure of confidential, proprietary, trade secret, or other commercially protected information.

11.     Fannie Mae notes that its investigation is ongoing and that these interrogatories are based upon the information reasonably available to Fannie Mae at this time.  Fannie Mae reserves the right to amend these interrogatories, including the identification of witnesses or documents not identified below, to reflect information subsequently acquired through its continuing investigation and discovery in this action.

12.     In providing responses to the Interrogatories, Fannie Mae does not in any way waive or intend to waive, but rather intends to preserve and is preserving:

a.     All objections as to the competency, relevancy, materiality, and admissibility of any information produced in response to the Interrogatories;

b.     The right to revise, correct, supplement or clarify any of the responses to the Interrogatories.

13.  Fannie Mae objects to the definition of "Fannie Mae," "you" and "your" as it is overly broad and unduly burdensome to the extent that it seeks to require Fannie Mae to produce documents and information from a litany of persons not within its control and/or who never were within Fannie Mae's control and who are unrelated to the scope of this litigation.

3

## RESPONSES AND SPECIFIC OBJECTIONS
## TO THE INTERROGATORIES

The foregoing General Objections are incorporated to each and every of the following responses and shall be deemed continuing as to each request. These objections are not waived, or in any way limited, by the following responses. Fannie Mae reserves the right to supplement these responses.

## INTERROGATORIES

### INTERROGATORY NO. 1

State whether you ever made any effort to determine whether McGrath was authorized on behalf of Picatinny to execute an allonge to a note issued to the order of Picatinny or an assignment of mortgage executed in favor of Picatinny. The time period for this request is July 1, 1999 through January 31, 2009.

### RESPONSE:

Fannie Mae objects to this request on the grounds that it calls for a legal conclusion. Subject to this specific objection and the General Objections set forth above, Fannie Mae responds as follows: Fannie Mae conducted a thorough review of U.S. Mortgage prior to approving it as a lender authorized to sell loans to Fannie Mae. As an approved lender, U.S. Mortgage represented and warranted to Fannie Mae that it had the authority to sell loans offered to Fannie Mae for sale. McGrath was in fact authorized by Picatinny, as early as 2003, to execute allonges to notes issued to the order of Picatinny, and did in fact execute allonges to notes issued to the order of Picatinny as "AVP" of Picatinny on at least 46 of the notes sold to Fannie Mae. Fannie Mae was aware of U.S. Mortgage's relationship with credit unions like Picatinny and understood that U.S. Mortgage was not only a servicer of loans for various credit unions, but also facilitated the sale of notes originated by U.S. Mortgage on behalf of Picatinny

4

and other credit unions to Fannie Mae. Fannie Mae was also well aware that credit unions like

Picatinny authorized McGrath and U.S. Mortgage to hold themselves out to third parties,

including the credit unions' own members, as a representative authorized to conduct Picatinny's

mortgage related business. Other than the efforts described above, Fannie Mae made no

additional efforts to determine whether McGrath was authorized on behalf of Picatinny to

execute an allonge to a note issued to the order of Picatinny or an assignment of mortgage

executed in favor of Picatinny

### INTERROGATORY NO. 2

If the answer to the immediately preceding interrogatory is in the affirmative, describe in

detail all such efforts, including, but not limited to, an identification of each person who made

each effort and when it was made.

### RESPONSE:

Subject to the General Objections set forth above, Fannie Mae responds as follows: *See*

Fannie Mae's Response to Interrogatory No. 1; Alex Saphos and Debra Thompson were

involved in, or have knowledge of, the efforts described in Fannie Mae's Response to

Interrogatory No. 1.

### INTERROGATORY NO. 3

State whether you ever made any effort to determine whether McGrath was authorized on

behalf of any credit union to execute an allonge to a note issued to the order of that credit union

or an assignment of mortgage executed in favor of that credit union. The time period for this

request is from July 1, 1999 through January 31, 2009.

5

**RESPONSE:**

Subject to the General Objections set forth above, Fannie Mae responds as follows: *See* Response to Interrogatory No. 1.

**INTERROGATORY NO. 4**

If the answer to the immediately preceding interrogatory is in the affirmative, describe in detail all such efforts, including, but not limited to, an identification of each person who made each such effort and when it was made.

**RESPONSE:**

Subject to the General Objections set forth above, Fannie Mae responds as follows: *See* Response to Interrogatory No. 2.

**INTERROGATORY NO. 5**

Describe in detail your policies and procedures in place at any time from July 1, 1999 through January 31, 2009 that refer or relate to verifying the authority of the person who executed a promissory note, an allonge to a promissory note, or an assignment of mortgage in connection with a Single Family Loan that you wished to purchase.

**RESPONSE:**

Subject to the General Objections set forth above, Fannie Mae responds as follows: Pursuant to Federal Rule of Civil Procedure 33(d), Fannie Mae refers Picatinny to the documents it will produce containing its polices and procedures relating to the certification of single family loans purchased by Fannie Mae, the Selling Guide and the Mortgage Selling and Servicing Contract ("Master Contract") and Amendments to the Master Contract between Fannie Mae and U.S. Mortgage.

**INTERROGATORY NO. 6**

Identify each person with knowledge of the policies and procedures described in response to the immediately preceding interrogatory.

**RESPONSE:**

Fannie Mae objects to this request on the grounds that it is overly broad and unduly burdensome and seeks information not relevant or reasonably calculated to lead to the discovery of relevant evidence. Subject to these specific objections and the General Objections set forth above, Fannie Mae responds as follows: Fannie Mae identifies Debra Thompson, the Director of Operations Processing at Fannie Mae, who has knowledge about the policies and procedures relating to the certification of single family loans purchased by Fannie Mae and the policies and procedures followed by employees that certify loans sold to Fannie Mae. Anita Cooper, Stacy Largent and Fannie Mae employees working in the Certification Services Center ("CSC") also have knowledge of the polices and procedures relating to the certification of single family loans purchased by Fannie Mae. As of May 11, 2009, there were approximately 21 individuals working in the CSC.

**INTERROGATORY NO. 7**

Identify all oral and written communications that you had with any person other than your attorneys that refer or relate to any or all of the Assigned Loans.

**RESPONSE:**

Fannie Mae objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous. Fannie Mae notes that due to the volume of loans purchased

7

on a daily basis, and the process by which the Assigned Loans were purchased, it is impossible

for any individual employee of Fannie Mae to recall whether he or she had an oral

communication relating to any Assigned Loan.  Subject to these specific objections and the

General Objections set forth above, Fannie Mae responds as follows:  Pursuant to Federal Rule

of Civil Procedure 33(d), written communications relating to the Assigned Loans will be

produced, to the extent they exist and are reasonably available.

### INTERROGATORY NO. 8

Identify all oral and written communications that you had with any person other than

your attorneys at any time from July 1, 1999 through January 31, 2009 that refer or relate to your

verification of the authority of McGrath to indorse an allonge or execute an assignment of

mortgage on behalf of any credit union, including, but not limited to, Picatinny.

### RESPONSE:

Fannie Mae objects to this request on the grounds that it is overly broad and unduly

burdensome. Fannie Mae also objects to this request on the grounds that information sought with

respect to any credit union, other than Picatinny, is not relevant to this litigation and not

reasonably calculated to lead to the discovery of relevant evidence.  Fannie Mae notes that due to

the ongoing relationship between Fannie Mae and U.S. Mortgage, it is impossible for any

individual employee of Fannie Mae to recall all oral communications relating to McGrath's

relationship with a specific credit union or his authority to sell loans originated by U.S. Mortgage

on behalf of a credit union like Picatinny to Fannie Mae.  In addition, no employee of Fannie

Mae recalls any specific oral communication concerning McGrath's authority to indorse an

allonge or execute an assignment of mortgage on behalf of any credit union including Picatinny.

Subject to these specific objections and the General Objections set forth above, Fannie Mae

responds as follows:  Pursuant to Federal Rule of Civil Procedure 33(d), Fannie Mae will produce written communications relating to McGrath's authority to sell loans originated by U.S. Mortgage on behalf of Picatinny to Fannie Mae, to the extent they exist.

### INTERROGATORY NO. 9

With respect to paragraph 2 of your Answer, set forth exactly when and how you were first "made aware that CU National Mortgage, LLC and U.S. Mortgage Corp. ("U.S. Mortgage") have allegedly engaged in fraudulent conduct by selling or assigning certain loans without Picatinny's knowledge."

### RESPONSE:

Fannie Mae objects to this request on the grounds that the information called for by this request is confidential and subject to the attorney-client privilege and/or work product doctrine. Subject to these specific objections and the General Objections set forth above, Fannie Mae responds as follows:  On or about December 29, 2008, Fannie Mae was served with a grand jury subpoena from the United States Attorney's Office for the District of New Jersey calling for the production of records. On or about January 14, 2009, Fannie Mae was served with a second grand jury subpoena from the United States Attorney's Office for the District of New Jersey calling for the production of records. On or about January 29, 2009, Fannie Mae's legal department was informed that a search warrant had been executed upon the offices of U.S. Mortgage and CU National on January 27, 2009.  Fannie Mae has never seen the search warrant or the affidavit.

9

## INTERROGATORY NO. 10

Set forth each fact upon which you base your denial of the allegation in paragraph 18 of the Complaint that the Assigned Loans "were assigned without Picatinny's authorization."

### RESPONSE:

Fannie Mae objects to this request on the grounds that it calls for a legal conclusion. Subject to this specific objection and the General Objections set forth above, Fannie Mae responds as follows:  Pursuant to the Credit Union Support Services and Correspondent Mortgage Lending Agreement between U.S. Mortgage and Picatinny, U.S. Mortgage had the authority to sell notes originated by Picatinny on the secondary market in the name of and as agent for Picatinny.  Picatinny allowed U.S. Mortgage to hold original notes for loans originated by or on behalf of Picatinny.  Picatinny was well aware, as early as 2003, that U.S. Mortgage was an approved lender of Fannie Mae and that Picatinny's loans were sold on the secondary market to Fannie Mae through U.S. Mortgage; Picatinny authorized McGrath to sell notes to Fannie Mae and to sign the notes on behalf of Picatinny as "AVP" of Picatinny as early as 2003. Picatinny authorized other employees at U.S. Mortgage, including Ronald Carti, to sell notes to Fannie Mae and to sign the notes on behalf of Picatinny, as "AVP" of Picatinny as early as 2003. Picatinny never communicated to Fannie Mae, in words or in substance, that U.S. Mortgage was not authorized to sell loans originated by U.S. Mortgage on behalf of Picatinny.  Fannie Mae has long been aware that U.S. Mortgage originates loans on behalf of various credit unions such as Picatinny and has the authority to and does in fact sell loans to Fannie Mae for credit unions such as Picatinny. *See also* Response to Interrogatory No. 1. All of those facts prove that McGrath and U.S. Mortgage acted with at least apparent authorization on behalf of Picatinny.  Other than

the facts described above, Fannie Mae is not presently aware of any additional facts responsive to this Interrogatory.

### INTERROGATORY NO. 11

Identify each person whom you contend has knowledge of any facts upon which you base your denial of the allegation in paragraph 18 of the Complaint that the Assigned Loans "were assigned without Picatinny's authorization."

**RESPONSE:**

Fannie Mae notes that discovery is ongoing and many of the witnesses with knowledge relating to this interrogatory are employees or former employees of U.S. Mortgage or Picatinny and as such, are not within Fannie Mae's possession, custody or control. Subject to these specific objections and the General Objections set forth above, Fannie Mae responds as follows: Alex Saphos and Debra Thompson.

### INTERROGATORY NO. 12

Set forth each fact supporting the First Affirmative Defense in your Answer that Fannie Mae was a "holder" of the notes underlying each of the Assigned Loans.

**RESPONSE:**

Fannie Mae objects to this request on the grounds that it calls for a legal conclusion. Subject to this specific objection and the General Objections set forth above, Fannie Mae responds as follows: Fannie Mae presently possesses the original notes underlying each of the Assigned Loans and the notes underlying each of the Assigned Loans are indorsed in blank. *See also* Response to Interrogatories Nos. 1 & 10.

11

## INTERROGATORY NO. 13

Identify each person whom you contend has knowledge of any facts supporting the First Affirmative Defense in your Answer that Fannie Mae was a "holder" of the notes underlying each of the Assigned Loans.

**RESPONSE:**

Fannie Mae objects to this request on the grounds that it is overly broad and unduly burdensome. Fannie Mae will identify an individual with knowledge about facts supporting its First Affirmative Defense that Fannie Mae is a holder of the notes underlying each of the Assigned Loans. Subject to these specific objections and the General Objections set forth above, Fannie Mae responds as follows: Debra Thompson and Alex Saphos.

## INTERROGATORY NO. 14

With respect to the Third Affirmative Defense in your Answer, state whether you contend that Picatinny gave U.S. Mortgage "actual authority" to indorse the notes underlying the Assigned Loans and sell the Assigned Loans and, if so, set forth each fact on which you base that contention, including, but not limited to, who, on behalf of Picatinny, gave U.S. Mortgage that authority and when it was given.

**RESPONSE:**

Fannie Mae objects to this request on the grounds that it calls for a legal conclusion. Subject to this specific objection and the General Objections set forth above, Fannie Mae responds as follows: Picatinny gave U.S. Mortgage actual authority to indorse the notes underlying each of the Assigned Loans and to sell the Assigned Loans by the clear terms of the contract between Picatinny and U.S. Mortgage entitled "Credit Union Support Services And

12

Correspondent Mortgage Lending Agreement." Additionally, Picatinny allowed U.S. Mortgage to hold its original notes for loans originated by U.S. Mortgage on behalf of Picatinny.

## INTERROGATORY NO. 15

In response to the immediately preceding interrogatory is in the affirmative, identify each person whom you contend has knowledge of any facts supporting your Third Affirmative Defense that Picatinny gave U.S. Mortgage "actual authority" to indorse the notes underlying the Assigned Loans and sell the Assigned Loans.

### RESPONSE:

Fannie Mae notes that discovery is ongoing and the witnesses with knowledge relating to this interrogatory are employees or former employees of U.S. Mortgage or Picatinny and as such, are not within Fannie Mae's possession, custody or control. Subject to these specific objections and the General Objections set forth above, Fannie Mae responds as follows: Michael McGrath; Ronald Carti.

## INTERROGATORY NO. 16

With respect to the Fourth Affirmative Defense in your Answer, state whether you contend that McGrath and U.S. Mortgage had "apparent authority" to indorse the notes underlying the Assigned Loans and sell the Assigned Loans and, if so, set forth each fact on which you base that contention.

### RESPONSE:

Fannie Mae objects to this request on the grounds that it calls for a legal conclusion. Subject to this specific objection and the General Objections set forth above, Fannie Mae responds as follows: U.S. Mortgage had "apparent authority" to indorse the notes underlying the

Assigned Loans and to sell the Assigned Loans to Fannie Mae. U.S. Mortgage and its affiliate, C.U. National were agents of Picatinny. Picatinny allowed U.S. Mortgage to hold its original notes for loans originated by U.S. Mortgage on behalf of Picatinny. Picatinny was well aware, as early as 2003, that U.S. Mortgage was an approved lender of Fannie Mae and that Picatinny's loans were sold on the secondary market to Fannie Mae through U.S. Mortgage. By contract, Picatinny gave U.S. Mortgage and its affiliate, C.U. National, the responsibility to sell Picatinny loans to the secondary market and, generally, to act in Picatinny's name. Picatinny authorized McGrath to sell notes to Fannie Mae and to sign the notes on behalf of Picatinny as "AVP" of Picatinny as early as 2003. Picatinny authorized other employees at U.S. Mortgage, including Ronald Carti, to sell notes to Fannie Mae and to sign the notes on behalf of Picatinny, as "AVP" of Picatinny as early as 2003. Such indorsements are common practice in the business of selling mortgage loans to the secondary market and it is common place to have a chain of indorsements on a loan purchased by Fannie Mae. Picatinny never communicated to Fannie Mae, in words or in substance, that U.S. Mortgage was not authorized to sell loans originated by U.S. Mortgage on behalf of Picatinny or, indeed, that there were any limits on U.S. Mortgage's authority to sell Picatinny loans. Moreover, Fannie Mae has long been aware that U.S. Mortgage originates loans on behalf of various credit unions such as Picatinny and has the authority to and does in fact sell loans to Fannie Mae for credit unions such as Picatinny. *See also* Response to Interrogatory No. 1.

### INTERROGATORY NO. 17

If your response to the immediately preceding interrogatory is in the affirmative, set forth each act of Picatinny that you contend created the "apparent authority" of U.S. Mortgage and McGrath to indorse the notes underlying the Assigned Loans and sell the Assigned Loans.

**RESPONSE:**

Fannie Mae objects to this request on the grounds that it calls for a legal conclusion. Subject to this specific objection and the General Objections set forth above, Fannie Mae responds as follows: *See* Response to Interrogatory No. 16.

## INTERROGATORY NO. 18

For each such act identified in response to the immediately preceding interrogatory, identify each person whom you contend relied upon the acts of Picatinny to create such "apparent authority" and describe in detail how he or she relied upon such acts and when they did so.

**RESPONSE:**

Fannie Mae objects to this request on the grounds that it calls for a legal conclusion. Subject to this specific objection and the General Objections set forth above, Fannie Mae responds as follows: Fannie Mae relied upon the acts of Picatinny to create apparent authority as evidenced by the fact that Fannie Mae purchased the Assigned Loans at issue for value demonstrates. Numerous Fannie Mae employees responsible for certifying notes for purchase by Fannie Mae relied on the fact that Picatinny permitted U.S. Mortgage to hold the original notes in approving those purchases. Debra Thompson is knowledgeable of Fannie Mae's process for certifying such notes for purchase and can testify to Fannie Mae's reliance in that regard. In addition, Alex Saphos relied upon the fact that Picatinny placed U.S. Mortgage in a position where it was, according to custom and practice in the business of secondary market sales of loans, cloaked with both the responsibility and authority to originate, sell and service loans by or on behalf of Picatinny and other credit unions. Mr. Saphos was also aware that Picatinny and other credit unions directed U.S. Mortgage to conduct business in the name of the credit unions,

15

including but not limited to, through direct communications with the credit union members in the credit union's name. Absent those manifestations of authority by Picatinny and other credit unions, U.S. Mortgage would not have received the same pricing and other terms as it obtained from Fannie Mae. Mr. Saphos relied upon those manifestation as they provided substance to U.S. Mortgage's representation and warranties concerning its authority to sell loans on behalf of Picatinny and other credit unions. Moreover, absent those manifestations and if U.S. Mortgage had told the truth about its fraudulent selling practices, Fannie Mae would have terminated its relationship with U.S. Mortgage. *See also* Response to Interrogatory No. 16.

## INTERROGATORY NO. 19

Set forth each fact on which you base the Fifth Affirmative Defense in your Answer that "Picatinny's claims are barred by the doctrines of waiver and estoppel."

### RESPONSE:

Fannie Mae objects to this request on the grounds that it calls for a legal conclusion. Subject to this specific objection and the General Objections set forth above, Fannie Mae responds as follows: Picatinny provided U.S. Mortgage with the original notes for loans originated by U.S. Mortgage on behalf of Picatinny. Picatinny failed to execute any sort of agreement by and between U.S. Mortgage as the lender/servicer, U.S. Mortgage as the Custodian and Picatinny. Picatinny failed to require that U.S. Mortgage have safeguards in place to protect itself, including for example, written procedures that addressed the review and control of original notes, sufficient capabilities to track the receipt and release of original notes, and a Financial Institution Bond (or equivalent) insurance to protect against losses resulting from dishonesty and fraud or Errors and Omissions insurance policies. Picatinny failed to require that U.S. Mortgage's custodial facilities and operation be separate from its departments performing

16

mortgage origination, selling and/or servicing functions for Picatinny. Picatinny's negligence in allowing U.S. Mortgage to hold original notes without any safeguards substantially contributed to and enabled the fraud committed by U.S. Mortgage and Michael McGrath. *See also* Response to Interrogatory No. 10.

### INTERROGATORY NO. 20

Identify each person whom you contend has knowledge of any facts supporting your Fifth Affirmative Defense that "Picatinny's claims are barred by the doctrines of waiver and estoppel."

**RESPONSE:**

Fannie Mae notes that discovery is ongoing and the witnesses with knowledge relating to this interrogatory are employees or former employees of U.S. Mortgage or Picatinny and as such, are not within Fannie Mae's possession, custody or control. Subject to these specific objections and the General Objections set forth above, Fannie Mae responds as follows: Ronald Carti; Bill Darling; Stephen Lariere; Dan Matthews and Michael McGrath.

### INTERROGATORY NO. 21

With respect to the Sixth Affirmative Defense in your Answer, identify each of the "other U.S. Mortgage personnel" who signed mortgage notes purportedly on behalf of Picatinny.

**RESPONSE:**

Subject to the General Objections set forth above, Fannie Mae responds as follows: Ronald Carti; Bill Darling; Stephen Lariere; Dan Matthews and Michael McGrath.

### INTERROGATORY NO. 22

17

Set forth each fact on which you base the Seventh Affirmative Defense in your Answer that Picatinny "fail[ed] to exercise ordinary care substantially contribut[ing] to the making of the signatures by McGrath and other U.S. Mortgage personnel on the mortgage notes."

**RESPONSE:**

Fannie Mae objects to this request on the grounds that it calls for a legal conclusion. Subject to this specific objection and the General Objections set forth above, Fannie Mae responds as follows: *See* Responses to Interrogatories No. 10 and 19.

**INTERROGATORY NO. 23**

Identify each person whom you contend has knowledge of any facts supporting your Seventh Affirmative Defense that Picatinny "fail[ed] to exercise ordinary care substantially contribut[ing] to the making of the signatures by McGrath and other U.S. Mortgage personnel on the mortgage notes."

**RESPONSE:**

Fannie Mae notes that discovery is ongoing and the witnesses with knowledge relating to this interrogatory are employees or former employees of U.S. Mortgage or Picatinny and as such, are not within Fannie Mae's possession, custody or control. Subject to these specific objections and the General Objections set forth above, Fannie Mae responds as follows: Ronald Carti; Bill Darling; Stephen Lariere; Dan Matthews and Michael McGrath.

18

**INTERROGATORY NO. 24**

Set forth each fact on which you base the Eighth Affirmative Defense in your Answer that Picatinny "ratified the actions of McGrath and U.S. Mortgage with respect to the mortgage loans."

**RESPONSE:**

Fannie Mae notes that discovery is ongoing and the witnesses with knowledge relating to this interrogatory are employees or former employees of U.S. Mortgage or Picatinny and as such, are not within Fannie Mae's possession, custody or control.  Subject to these specific objections and the General Objections set forth above, and based on the facts as currently known to Fannie Mae without conducting discovery, Fannie Mae responds as follows:  Picatinny ratified the actions of McGrath and U.S. Mortgage by failing to notify Fannie Mae that McGrath and U.S. Mortgage had sold to Fannie Mae loans that Picatinny now contends Picatinny did not authorize for sale.  Additionally, Picatinny ratified the actions of McGrath and U.S. Mortgage by continuing to provide U.S. Mortgage with the original notes for subsequent mortgage loans.

**INTERROGATORY NO. 25**

Identify each person whom you contend has knowledge of any facts supporting your Eighth Affirmative Defense in your Answer that Picatinny "ratified the actions of McGrath and U.S. Mortgage with respect to the mortgage loans."

**RESPONSE:**

Fannie Mae notes that discovery is ongoing and the witnesses with knowledge relating to this interrogatory are employees or former employees of U.S. Mortgage or Picatinny and as such, are not within Fannie Mae's possession, custody or control.

Dated:  March 23, 2010

LATHAM & WATKINS LLP


By _Alan E. Kraus /RB_____

Alan E. Kraus
Rebecca K. Brown
Sean-Patrick Wilson
One Newark Center, 16th Floor
Newark, New Jersey 07101-3174
Telephone: (973) 639-1234
Facsimile: (973) 639-7298

*Attorneys for Defendant*
*Federal National Mortgage Association*

20

## <u>CERTIFICATE OF SERVICE</u>

I, Rebecca K. Brown, an attorney at Latham & Watkins LLP, hereby certify that

on this 23 day of March 2010, I caused a copy of the foregoing **DEFENDANT FEDERAL**

**NATIONAL MORTGAGE ASSOCIATION'S AMENDED RESPONSES TO**

**PLAINTIFF'S FIRST SET OF INTERROGATORIES** to be served by electronic means and

Federal Express overnight delivery on the following:

      James H. Forte
      SAIBER LLC
      One Gateway Center, 13th Floor
      Newark, New Jersey 07102-5311
      Attorneys for Plaintiff
      Picatinny Federal Credit Union

Rebecca K. Brown