# EXHIBIT L

```
           SUPERIOR COURT OF NEW JERSEY
                   CIVIL ACTION
                      - - -
PICATINNY FEDERAL           )
                            )
CREDIT UNION                )          ORIGINAL
        Plaintiff,          )
                            )
        vs                  ) MRS-L-713-09
                            ) CIVIL ACTION
FEDERAL NATIONAL            )
MORTGAGE ASSOCIATION,       )   The deponent did
                            )   not read and sign
        Defendant.          )   this deposition
                            )   transcript.
--------------------------------


        *************************
        *PART 1  PG. 1 TO PG. 200*
        *************************

               DEPOSITION OF
                 JOHN GANG
              WASHINGTON, D C
           FRIDAY, DECEMBER 4, 2009


ATKINSON-BAKER, INC.
COURT REPORTERS
(800) 288-3376
www.depo.com
REPORTED BY:   DONNA M. LEWIS, RPR
FILE NO.: A30AFA1
```

```
                    SUPERIOR COURT OF NEW JERSEY

                           CIVIL ACTION

                              - - -

      PICATINNY FEDERAL              )
                                     )
      CREDIT UNION                   )
              Plaintiff,             )
                                     )
               vs                    ) MRS-L-713-09
                                     ) CIVIL ACTION
      FEDERAL NATIONAL               )
      MORTGAGE ASSOCIATION,          )
                                     )
              Defendant.             )
                                     )
      -------------------------------


           Deposition of JOHN GANG, taken on behalf

      of the Plaintiff at 555 11th Street, NW, Suite

      1000, Washington, DC at 9:08 a.m. before Donna M.

      Lewis, RPR.
```

2

```
                    A P P E A R A N C E S

   FOR PLAINTIFF:

          JAMES H. FORTE, Attorney at Law
          SAIBER, LLC
          18 Columbia Turnpike, Suite 200
          Florham Park, New Jersey 07932-2266
          Telephone: 973 622 3333
          Facsimile: 973 622 3349
          Email: jforte@saiber.com




   FOR DEFENDANT:


          ALAN E. KRAUS
          LATHAM & WATKINS, LLP
          One Newark Center, 16th Floor
          Newark New Jersey 07101-3174
          Telephone: 973 639 1234
          Facsimile: 973 639 7298
          Email: alan.kraus@lw.com




          MIRIAM M. SMOLEN,
          Associate General Counsel
          Fannie Mae
          3900 Wisconsin Avenue, NW
          Washington, DC 20016-2892
          Telephone: 202 752 7932
          Facsimile: 549 1252
          Cell Phone: 202 549 1252
          Email: john_gang@fanniemae.com
```

3

1   other time period?

2       MR. FORTE:  If it ever changed but I'm

3   referring to today?

4       THE WITNESS:  Do you mean the document

5   certification?

6   BY MR. FORTE:

7       Q    Well, I think it has been referred to

8   me, that the information given to me as the loan

9   certification group, but if you want to call it

10  the document certification group, that is fine.

11      A    A function that FannieMae performs is to

12  validate when we buy our loan whether the physical

13  document collaterals match the information we are

14  getting to buy securitized loans.

15      Q    Does that group do anything other than

16  matching the information that it receives from the

17  seller?

18      A    Actually the group we -- at Fannie Mae,

19  no Fannie Mae employees would actually do that

20  certification process in today's world?

21      Q    Okay.  In other words that is automated?

```
 1    is still there, Anita Cooper was another manager.
 2         Q    Anita --
 3         A    Cooper.
 4         Q    Cooper.  And was she underneath Stacy
 5    Largent?
 6         A    Yes.  And Stacy left about a year ago,
 7    year and a half ago.  So below Stacy and Anita and
 8    Selene as the managers, it wasn't them.  It was
 9    somebody working in their organization.
10         Q    Okay.  We will pick up there after the
11    break.
12              MR KRAUS:  Ten minutes, okay.
13              (Whereupon, recess occurred from
14    10:37 a.m. until 10:50 a.m.)
15              (Court reporter read back the requested
16    portion)
17    BY MR. FORTE:
18         Q    We were talking about the assignment of
19    work.  It arrives in the Herndon facility?
20         A    Yes, Herndon.
21         Q    And that is called the document delivery
```

1  facility?

2  A   Yes.

3  Q   Now, what is exactly sent by the seller

4  to the document delivery facility?  What is

5  required to be sent?

6  MR KRAUS:  Objection.  One question or

7  the other.

8  BY MR. FORTE:

9  Q   Fair enough.  What is required to be

10 sent to the document delivery facility by the

11 seller?

12 A   The requirement is to send a note.  If

13 that note has a rider attached to it, an arm,

14 would typically have an armed rider and you would

15 include that.  So at a base level those legal

16 documents are transmitted as well as an assignment

17 in some cases.

18 Q   Assignment of mortgage?

19 A   Correct.

20 Q   And if the seller is not the originator

21 of the loan, the party that actually funded the

1  loaned, what would be required to be sent by the
2  seller?
3      A    Those same documents.
4      Q    Okay.  Would you also require -- or
5  would Fannie Mae also require an allonge or an
6  endorsement on the note?
7      A    The endorsement, yes, would be part of
8  that document stream or in some cases included as
9  allonge, as an allonge on that document stream.
10     Q    And the allonge would be from who to
11 whom?
12     A    It really allows us to track, to trail a
13 title.
14     Q    By allonge we are referring to a
15 document that is affixed to the note that reflects
16 the transfer of the note from one party to
17 another; is that your understanding?
18     A    I don't know if that is the only reason
19 we would get an allonge.  But in some cases that
20 endorsement is included on the allonge.
21     Q    I wasn't asking for that.  I think you

1   answered a different question.  I was asking for
2   your understanding of an allonge.  What do you
3   understand an allonge is?
4       A    An allonge is an attachment to the note.
5       Q    For what purpose?
6       A    My understanding is that a variety of
7   purposes in the one that we have talked about is
8   to provide an endorsement.
9       Q    So if the note is made out to my client,
10  Picatinny Federal Credit Union and the loan is
11  being sold by US Mortgage, would an allonge be
12  required by US Mortgage to deliver to the document
13  delivery facility?
14      A    To be clear, what it is made out to
15  Picatinny, what does it mean?
16      Q    The note is issued to the order of
17  Picatinny Federal Credit Union?
18      A    If that language is in the note, but if
19  they are the originator.
20      Q    Yes.
21      A    That Is listed on the note, is that what

```
 1    you are referring to?
 2        Q    Yes.  We will use your term originator.
 3        A    Is there -- there is not always an
 4    allonge required if, in fact, that endorsement can
 5    be fit on the note.
 6        Q    Okay.  So either if the note is to be
 7    sold by US Mortgage to Fannie Mae, US Mortgage was
 8    required to either have an endorsement from
 9    Picatinny on the note or an allonge from Picatinny
10    attached to the note, correct?
11        A    The requirement is that the endorsement
12    needs to be in the collateral we get.  And there
13    is a couple different ways to fulfill that
14    requirement?
15        Q    Well, tell me what other ways are there
16    than an endorsement on the note or an allonge
17    attached to the note?
18        A    That is exactly what I said.
19        Q    Okay.  So those are the only two ways
20    that you know that the requirement can be filled?
21        A    To my knowledge, yes.
```

```
 1    of the seller, correct?

 2         A    Yes.

 3         Q    Does Fannie Mae or its certifiers as

 4    you've described them keep a record of the persons

 5    who are authorized to sign on behalf of a

 6    particular entity?

 7         MR KRAUS:  Sign for what purpose?

 8    BY MR. FORTE:

 9         Q    Sure.  Sign an endorsement or an allonge

10    in connection with a note or loan sold to

11    Fannie Mae?

12         A    Many cases those originators, we have no

13    knowledge and no engagement with that lender.

14    They are not Fannie Mae customers.

15         Q    You have to answer my questions.

16         A    No, we don't.

17         Q    Thank you.  So if, hypothetically, if

18    Michael McGrath signed on behalf of my client an

19    allonge in 2003, several allonges, when Michael

20    McGrath signs allonges again on behalf of my

21    client in 2007, would Fannie Mae have any record
```

```
 1        that he had done that previously in 2003?
 2            A    No.
 3                 MR. KRAUS:  I assume you mean some
 4        record other than the note itself?
 5        BY MR. FORTE:
 6            Q    Fair enough.  Let's ask that question.
 7        When an individual signs on behalf of a, signs an
 8        allonge or an endorsement on behalf of the
 9        originator, does Fannie Mae go back to see, pull
10        prior notes to see who signed on behalf of the
11        originator in connection with the certification
12        process?
13            A    No.
14                 MR KRAUS:  You have to wait for him to
15        finish.
16                 THE WITNESS:  I thought he was finished.
17                 MR. FORTE:  No.  Did you get the no to
18        that?
19                 THE COURT REPORTER:  Yes.
20                 MR. FORTE:  Thanks.
21
```

```
1                    REPORTER'S CERTIFICATE

2         I, DONNA M. LEWIS, RPR No. 16531, Certified

3    Shorthand Reporter, certify:  That the foregoing

4    proceedings were taken before me at the time and

5    place therein set forth, at which time the

6    witness, John Gang was put under oath by me;

7         That the testimony of the witness, the

8    questions propounded, and all objections and

9    statements made at the time of the examination

10   were recorded stenographically by me and were

11   thereafter transcribed;

12        That the foregoing is a true and correct

13   transcript of my shorthand notes so taken.

14        I declare under penalty of perjury under the

15   laws of the District of Columbia that the

16   foregoing is true and correct.

17        Dated this 18th day of  December 2009

18                  [signature]
                    Donna M. Lewis, RPR

19

20   My commission expires:
     March 14, 2013

21
```