# EXHIBIT D

DDF0000007399719

| | |
|---|---|
| Product Type | |
| Seller Name | U. S. MORTGAGE CORP. |
| Seller No. | 23884-000-7 |
| Contract No.- Expiration Date | 347277-11/19/07 |
| Batch ID | 31729089 |
| Payee Code | 055014614 |
| Lender Loan ID | 3330002928 |
| Servicer Name | U. S. MORTGAGE CORP. |
| Servicer No. | 23884-000-7 |
| Address | 26 WEST GATE DRIVE |
| Property City | VERNON TOWNSHIP |
| Property State | NJ |
| Property Zip Code | 07418 |
| Original Ln Amt/Line Amt | 356400.00 |
| Original Note Rate | 6.375 |
| First Paymnt Due | Oct 1, 2007 |
| Loan Term | 360 |
| Loan P&I Amt(monthly) | 2223.48 |
| Submission Type/Lien | Whole/First |
| Amortization Type | Fixed Rate |
| Loan Type | 3 |
| Certification Priority | 080 |
| FNMA Loan No. | 4005648151 |
| Mortgage Type | Other |

CSC FYI Comments:
Delivers notes and assignments separately.  Accept endorsements from subsidiaries: Skyline Mo
rtgage, Datek Mortgage, and DBA Lending Solutions.

Variance:
No Variances



Received: 11/13/2007
Printed : 11/13/2007

Exhibit No. P-11
Dft___ Ptf___ Pntf ___
Date_____ Rptr: D M Lewis
12-4-09

FNMA-USM000000825

# NOTE

ORIGINAL

| July 31, 2007 | PINE BROOK | New Jersey |
|---|---|---|
| [Date] | [City] | [State] |

## 26 WEST GATE DRIVE
## VERNON TOWNSHIP, NJ 07418

[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $356,400.00 (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is Picatinny Federal Credit Union, A Federal Credit Union

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of 6.3750%.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3. PAYMENTS

### (A) Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the 1st day of each month beginning on October 01, 2007. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on September 01, 2037, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at PO Box 682, Pine Brook, NJ 07058

or at a different place if required by the Note Holder.

### (B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $2,223.48

## 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing payment as a Prepayment if I have not made all the monthly payments due under

I may make a full Prepayment or partial Prepayments without paying a Prepayment Prepayments to reduce the amount of Principal that I owe under this Note. Prepayment to the accrued and unpaid interest on the Prepayment amount, Principal amount of the Note. If I make a partial Prepayment, there will be no monthly payment unless the Note Holder agrees in writing to those changes.

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM

ITEM 1844L1 (0409)

MFCD3002

PERSONALLY CAME BEFORE ME AND STATED TO ME SATISFACTION THAT THEY ARE
(A)   WAS THE MAKER OF THIS INSTRUMENT
(B)   WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
      AS _____ OF PICATINNY FEDERAL CREDIT UNION

(C)   EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT

NOTARY

SUZANNE MARIA CAVALLUZZO
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 7/22/2008

US4289

**5. LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

**6. BORROWER'S FAILURE TO PAY AS REQUIRED**

**(A) Late Charge for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of **Fifteen** calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **5.0000%** of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

**(D) No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**7. GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**8. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9. WAIVERS**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10. UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

**ITEM 1646L2 (0609)**
**MFCD3002**

**Form 3200 1/01**
GreatDocs™
*(Page 2 of 3)*
**3330002928**

FNMA-USM000000827

this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

Borrower has executed and acknowledges receipt of pages 1 through 3 of this Note.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)   _____ (Seal)
TIMOTHY OLSEN                    -Borrower   BERNADETTE OLSEN                 -Borrower

_____ (Seal)   _____ (Seal)
                                -Borrower                                   -Borrower

_____ (Seal)   _____ (Seal)
                                -Borrower                                   -Borrower

*[Sign Original Only]*

PAY TO THE ORDER OF

WITHOUT RECOURSE
U.S. MORTGAGE CORPORATION

JOHN KISKIN
WAREHOUSE COORDINATOR

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

ITEM 1846L3 (0409)
MFCD3002

Form 3200 1/01
GreatDocs™
(Page 3 of 3)
3330002928

FNMA-USM000000828

## ALLONGE TO PROMISSORY NOTE

LOAN INFORMATION

Loan Number: 3330002928

Borrower(s)   TIMOTHY OLSEN, BERNADETTE OLSEN

Property Address: 26 WEST GATE DRIVE, VERNON TOWNSHIP, NJ 07418

Note Amount: 356,400.00

Note Date:   July 31, 2007

Pay to the order of:
U.S. MORTGAGE CORPORATION

Without Recourse

Picatinny Federal Credit Union

Name  Michael McGrath Jr.

Title AVP

US4057

FNMA-USM000000829

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

Recording RequestedBy/ReturnTo:   MORTGAGE DEPT
19D CHAPIN ROAD, PO BOX 2014, PINE BROOK, NJ 07058

Loan Number:  3330002928

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
100 MINERAL SPRINGS ROAD, DOVER, 07801
does hereby grant, sell, assign, transfer and convey, unto   US MORTGAGE CORP.

, a corporation organized and
existing under the laws of          New Jersey          (herein "Assignee"), whose address is
19D CHAPIN ROAD, PINE BROOK, NJ 07058

a certain Mortgage dated  July 31, 2007          , made and executed by

TIMOTHY OLSEN AND BERNADETTE OLSEN, HUSBAND AND WIFE

to and in favor of   PICATINNY FEDERAL CREDIT UNION          and given to secure

payment of   , ( 356,400.00          ) Three Hundred Fifty Six Thousand Four Hundred
(Include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.      8270          , at page  78          (or as

No.  00023635      ) of the                Records of   SUSSEX

County, State of   NJ          , recorded on       8/ 8/2007          , together with the note(s) and obligations
therein described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage.

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on  November 12, 2007

PICATINNY FEDERAL CREDIT UNION

BY: _____
_____          Michael McGrath Jr.
Witness                                     AVP

_____
Witness

Attest

Seal:

This Instrument Prepared By:  PICATINNY FEDERAL CREDIT UNION
address: 100 MINERAL SPRINGS ROAD, DOVER, 07801
STATE OF   New Jersey   , COUNTY OF   Morris

I CERTIFY THAT ON November 12, 2007
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)    WAS THE MAKER OF THIS INSTRUMENT
(B)    WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
        AS _____OF   PICATINNY FEDERAL CREDIT UNION

(C)    EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT

_____
NOTARY

SUZANNE MARIA CAVALLUZZO
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 7/22/2008

US4269

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

**Recording RequestedBy/ReturnTo:**    MORTGAGE DEPT
                                        19D CHAPIN ROAD, PO BOX 2014, PINE BROOK, NJ 07058

Loan Number:  3330002928

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
**19D Chapin Road, Pine Brook, New Jersey 07058**
does hereby grant, sell, assign, transfer and convey, unto

**Federal National Mortgage Association**

                                                                , a corporation organized and
existing under the laws of                                      (herein "Assignee"), whose address is

**3900 Washington Avenue NW, Washington, DC 20016**

a certain Mortgage dated  July 31, 2007                , made and executed by

TIMOTHY OLSEN AND BERNADETTE OLSEN, HUSBAND AND WIFE

to and in favor of  US Mortgage Corp.                                    and given to secure

payment of  , ( 356,400.00       ) Three Hundred Fifty Six Thousand Four Hundred
                         (Include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.    8270        , at page  76        (or as

No.  00023636      ) of the                        Records of  SUSSEX

County, State of  NJ              , recorded on    08/08/2007    , together with the note(s) and obligations therein
described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage.

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on  November 12, 2007

                                                    US Mortgage Corp.

                                                    BY:
Witness                                             John Ruskin
                                                    AVP

Witness

Attest

Seal:

This Instrument Prepared By:
address:  19D Chapin Road, Pine Brook, NJ 07058

STATE OF NEW JERSEY,   COUNTY OF MORRIS

I CERTIFY THAT ON November 12, 2007
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)    WAS THE MAKER OF THIS INSTRUMENT
(B)    WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
       AS    AVP              OF    US Mortgage Corp.
(C)    EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT

                                        NOTARY
                                                SUZANNE MARIA CAVALUZZO
                                                NOTARY PUBLIC OF NEW JERSEY
US4290                                          Commission Expires 7/22/2008

FNMA-USM000000831

Region

DDF0000007399721

| | |
|---|---|
| Product Type | |
| Seller Name | U. S. MORTGAGE CORP. |
| Seller No. | 23884-000-7 |
| Contract No.- Expiration Date | 347277-11/19/07 |
| Batch ID | 31729089 |
| Payee Code | 055014614 |
| Lender Loan ID | 3330003095 |
| Servicer Name | U. S. MORTGAGE CORP. |
| Servicer No. | 23884-000-7 |
| Address | 24 SUNDANCE TERRACE |
| Property City | HARDYSTON |
| Property State | NJ |
| Property Zip Code | 07419 |
| Original Ln Amt/Line Amt | 220000.00 |
| Original Note Rate | 6.5 |
| First Paymnt Due | Dec 1, 2007 |
| Loan Term | 360 |
| Loan P&I Amt (monthly) | 1390.55 |
| Submission Type/Lien | Whole/First |
| Amortization Type | Fixed Rate |
| Loan Type | 3 |
| Certification Priority | 080 |
| FNMA Loan No. | 4005648153 |
| Mortgage Type | Other |

CSC FYI Comments:
Delivers notes and assignments separately.  Accept endorsements from subsidiaries: Skyline Mo .
rtgage, Datek Mortgage, and DBA Lending Solutions.

Variance:
No Variances



Received: 11/13/2007
Printed : 11/13/2007

FNMA-USM000000818



# NOTE

October 05, 2007
[Date]

**SPARTA**
[City]

New Jersey
[State]

**24 SUNDANCE TERRACE**
**HARDYSTON, NJ 07419**

[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $220,000.00 _____ (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is **Picatinny Federal Credit Union, A Federal Credit Union**

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of     6.5000%.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3. PAYMENTS

**(A) Time and Place of Payments**

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the     1st     day of each month beginning on     **December 01, 2007** I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on November 01, 2037 _____ , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at **PO Box 682, Pine Brook, NJ 07058**

_____ or at a different place if required by the Note Holder.

**(B) Amount of Monthly Payments**

My monthly payment will be in the amount of U.S. $1,390.55

## 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

ITEM 1844L1 (0802)

Form 3200 1/01
GreatDocs™
(Page 1 of 3)

MFCD3002

3330003095

FNMA-USM000000819

**5.  LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

**6.  BORROWER'S FAILURE TO PAY AS REQUIRED**

(A)  Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of         **Fifteen**         calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be         **5.0000%** of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

(B)  Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

(C)  Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

(D)  No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

(E)  Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**7.  GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**8.  OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9.  WAIVERS**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10.  UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

ITEM 1648L2 (0008)
MFCD3002

Form 3200 1/01
GreatDocs™
(Page 2 of 3)
3330003095

FNMA-USM000000820

this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

Borrower has executed and acknowledges receipt of pages 1 through 3 of this Note.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_Samir Saba Jr._ _____ (Seal)            _____ (Seal)
SAMIR SABA, JR                    -Borrower                                              -Borrower


_____ (Seal)            _____ (Seal)
                                  -Borrower                                              -Borrower


_____ (Seal)            _____ (Seal)
                                  -Borrower                                              -Borrower


PAY TO THE ORDER OF

                                                        [Sign Original Only]

WITHOUT RECOURSE
U.S. MORTGAGE CORPORATION

JODY KUSKIN
WAREHOUSE COORDINATOR

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT              Form 3200 1/01
                                                                                                                                          GreatDocs ™
ITEM 1848L3 (0409)                                                                                                               (Page 3 of 3)
MFCD3002                                                                                                                          3330003095

FNMA-USM000000821

**ALLONGE TO PROMISSORY NOTE**

<u>LOAN INFORMATION</u>

Loan Number: 3330003095

Borrower(s)   SAMIR SABA, JR

Property Address: 24 SUNDANCE TERRACE, HARDYSTON, NJ 07419

Note Amount: 220,000.00

Note Date:   October 5, 2007

Pay to the order of:
U.S. MORTGAGE CORPORATION

Without Recourse

Picatinny Federal Credit Union

Name  Michael McGrath Jr.

Title  AVP

US4057

FNMA-USM000000822

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

**Recording RequestedBy/ReturnTo:**   MORTGAGE DEPT
19D CHAPIN ROAD, PO BOX 2014. PINE BROOK, NJ 07058

Loan Number:  3330003695

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
**100 MINERAL SPRINGS ROAD, DOVER, 07801**
does hereby grant, sell, assign, transfer and convey, unto   **US MORTGAGE CORP.**

, a corporation organized and
existing under the laws of                **New Jersey**                (herein "Assignee"), whose address is
**19D CHAPIN ROAD, PINE BROOK, NJ 07058**

a certain Mortgage dated  **October 5, 2007**                , made and executed by

**SAMIR SABA, JR, SINGLE**

to and in favor of   **PICATINNY FEDERAL CREDIT UNION**                               and given to secure

payment of  , (  **220,000.00**       ) Two Hundred Twenty Thousand
(Include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.                    , at page                 (or as

No.          ) of the                                 Records of   **SUSSEX**

County, State of   **NJ**                    , recorded on                    , together with the note(s) and obligations
therein described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage.

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on  **November 12, 2007**

PICATINNY FEDERAL CREDIT UNION

BY:
Michael McGrath Jr.
AVP

_____
Witness

_____
Witness

_____
Attest

Seal:

This Instrument Prepared By:   **PICATINNY FEDERAL CREDIT UNION**
address:  **100 MINERAL SPRINGS ROAD, DOVER, 07801**
STATE OF   New Jersey   COUNTY OF   Morris

I CERTIFY THAT ON November 12, 2007
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)     WAS THE MAKER OF THIS INSTRUMENT
(B)     WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
        AS   AVP                           OF   PICATINNY FEDERAL CREDIT UNION

(C)     EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT

NOTARY

SUZANNE MARIA CAVALLUZZO
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 7/22/2008

US4289

FNMA-USM000000823

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

Recording RequestedBy/ReturnTo:   MORTGAGE DEPT
                                    19D CHAPIN ROAD, PO BOX 2014, PINE BROOK, NJ 07058

Loan Number: 3330003096

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
                              19D Chapin Road, Pine Brook, New Jersey 07058
does hereby grant, sell, assign, transfer and convey, unto

                              Federal National Mortgage Association
                                                                        , a corporation organized and
existing under the laws of                                (herein "Assignee"), whose address is

                      3900 Washington Avenue NW, Washington, DC 20016

a certain Mortgage dated October 5, 2007          , made and executed by

                      SAMIR SABA, JR, SINGLE

to and in favor of  US Mortgage Corp.                              and given to secure

payment of   , ( 220,000.00      ) Two Hundred Twenty Thousand
                              (Include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.              , at page              (or as

No.              ) of the              Records of  SUSSEX

County, State of  NJ              , recorded on              , together with the note(s) and obligations therein
described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage.

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on  November 12, 2007

                                                  US Mortgage Corp.

                                                  BY:
Witness                                              John Ruskin
                                                     AVP

Witness

Attest

Seal:

This Instrument Prepared By:
address: 19D Chapin Road, Pine Brook, NJ 07058

STATE OF NEW JERSEY, COUNTY OF MORRIS              JOHN RUSKIN

I CERTIFY THAT ON November 12, 2007
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)    WAS THE MAKER OF THIS INSTRUMENT
(B)    WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
       AS    AVP              OF  US Mortgage Corp.
(C)    EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT

                                                  NOTARY

                                    SUZANNE MARIA CAVALLUZZO
US4290                              NOTARY PUBLIC OF NEW JERSEY
                                    Commission Expires 7/22/2008

FNMA-USM000000824

DDF0000007399722

| | |
|---|---|
| Product Type | |
| Seller Name | U. S. MORTGAGE CORP. |
| Seller No. | 23884-000-7 |
| Contract No.- Expiration Date | 347277-11/19/07 |
| Batch ID | 31729089 |
| Payee Code | 055014614 |
| Lender Loan ID | 3330003136 |
| Servicer Name | U. S. MORTGAGE CORP. |
| Servicer No. | 23884-000-7 |
| Address | 126 BROOKLYN ROAD |
| Property City | STANHOPE |
| Property State | NJ |
| Property Zip Code | 07874 |
| Original Ln Amt/Line Amt | 190500.00 |
| Original Note Rate | 6.75 |
| First Paymnt Due | Oct 1, 2007 |
| Loan Term | 360 |
| Loan P&I Amt(monthly) | 1235.58 |
| Submission Type/Lien | Whole/First |
| Amortization Type | Fixed Rate |
| Loan Type | 3 |
| Certification Priority | 080 |
| FNMA Loan No. | 4005648154 |
| Mortgage Type | Other |

CSC FYI Comments:
Delivers notes and assignments separately. Accept endorsements from subsidiaries: Skyline Mortgage, Datek Mortgage, and DBA Lending Solutions.

Variance:
No Variances



Received: 11/13/2007
Printed : 11/13/2007

FNMA-USM000000811

●ORIGINAL

## NOTE

| August 20, 2007 | PINE BROOK | New Jersey |
|---|---|---|
| [Date] | [City] | [State] |

**126 BROOKLYN ROAD**
**STANHOPE, NJ 07874**

[Property Address]

**1. BORROWER'S PROMISE TO PAY**

In return for a loan that I have received, I promise to pay U.S. $190,500.00                    (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is Picatinny Federal Credit Union, A Federal Credit Union

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

**2. INTEREST**

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of        6.7500%.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

**3. PAYMENTS**

  **(A) Time and Place of Payments**

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the      1st      day of each month beginning on        October 01, 2007                . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on September 01, 2037                , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at PO Box 682, Pine Brook, NJ 07058

                                                                                          or at a different place if required by the Note Holder.

  **(B) Amount of Monthly Payments**

My monthly payment will be in the amount of U.S. $1,235.58

**4. BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

ITEM 1848L1 (0409)

Form 3200 1/01
GreatDocs™
(Page 1 of 3)

MFCD3002

3330003135

FNMA-USM000000812

**5.  LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

**6.  BORROWER'S FAILURE TO PAY AS REQUIRED**

   **(A)  Late Charge for Overdue Payments**

   If the Note Holder has not received the full amount of any monthly payment by the end of   **Fifteen**   calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be   **5.0000%** of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

   **(B)  Default**

   If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

   **(C)  Notice of Default**

   If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

   **(D)  No Waiver By Note Holder**

   Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

   **(E)  Payment of Note Holder's Costs and Expenses**

   If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**7.  GIVING OF NOTICES**

   Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

   Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**8.  OBLIGATIONS OF PERSONS UNDER THIS NOTE**

   If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9.  WAIVERS**

   I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10.  UNIFORM SECURED NOTE**

   This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

ITEM 1644L2 (0409)
**MFCD3002**

*Ẹ. C.*

Form 3200 1/01
GreatDocs ™
(Page 2 of 3)
**3330003136**

FNMA-USM000000813

this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

   If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

   If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

Borrower has executed and acknowledges receipt of pages 1 through 3 of this Note.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____(Seal)      _____(Seal)
KEELY M. CUOMO                   -Borrower   ERIC S. CLARK                    -Borrower

_____(Seal)      _____(Seal)
                                 -Borrower                                    -Borrower

_____(Seal)      _____(Seal)
                                 -Borrower                                    -Borrower

PAY TO THE ORDER OF                          [Sign Original Only]

WITHOUT RECOURSE
U.S. MORTGAGE CORPORATION

JOHN KUSKIN
WAREHOUSE COORDINATOR

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT           Form 3200 1/01
                                                                                              GreatDocs™
ITEM 1846L3 (0009)                                                                            (Page 3 of 3)
MFCD3002                                                                                       3330003136

FNMA-USM000000814

## ALLONGE TO PROMISSORY NOTE

LOAN INFORMATION

Loan Number: 3330003136

Borrower(s)   KELLY M. CUOMO, ERIC S. CLARK                     :

Property Address: 126 BROOKLYN ROAD, STANHOPE, NJ  07874

Note Amount: 190,500.00

Note Date:     August 20, 2007

Pay to the order of:
U.S. MORTGAGE CORPORATION

Without Recourse

Picatinny Federal Credit Union

Name   Michael McGrath Jr.

Title  AVP

US4057

FNMA-USM000000815

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

Recording RequestedBy/ReturnTo:   MORTGAGE DEPT
                                  19D CHAPIN ROAD, PO BOX 2014. PINE BROOK, NJ 07058

Loan Number:  3330003136

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
                    100 MINERAL SPRINGS ROAD, DOVER, 07801
does hereby grant, sell, assign, transfer and convey, unto   US MORTGAGE CORP.

                                                                    , a corporation organized and
existing under the laws of          **New Jersey**           (herein "Assignee"), whose address is
                            19D CHAPIN ROAD, PINE BROOK, NJ 07058

a certain Mortgage dated August 20, 2007          , made and executed by

          KELLY M. CUOMO, A SINGLE WOMAN AND ERIC S. CLARK, A SINGLE MAN

to and in favor of   PICATINNY FEDERAL CREDIT UNION                    and given to secure

payment of   , ( 190,500.00       ) One Hundred Ninety Thousand Five Hundred
                        (Include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.   8293      , at page   235       (or as

No.  00025425      ) of the                    Records of  SUSSEX

County, State of   NJ           , recorded on       8/27/2007     , together with the note(s) and obligations
therein described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage.

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on   November 12, 2007

                                          PICATINNY FEDERAL CREDIT UNION
                                          BY:
_____                       Michael McGraen Jr.
Witness                                        AVP


_____
Witness


Attest

Seal:

This Instrument Prepared By:  PICATINNY FEDERAL CREDIT UNION
address:  100 MINERAL SPRINGS ROAD, DOVER, 07801
STATE OF  New Jersey   , COUNTY OF  Morris

I CERTIFY THAT ON November 12, 2007                    Michael J. McGraen
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)   WAS THE MAKER OF THIS INSTRUMENT
(B)   WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
      AS _____OF  PICATINNY FEDERAL CREDIT UNION

(C)   EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT

                                          NOTARY

US4269                                    SUZANNE MARIA CAVALLUZZO
                                          NOTARY PUBLIC OF NEW JERSEY
                                          Commission Expires 7/22/2008

FNMA-USM000000816

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

**Recording RequestedBy/ReturnTo:**   MORTGAGE DEPT
19D CHAPIN ROAD, PO BOX 2014, PINE BROOK, NJ 07058

Loan Number: 3330003138

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
**19D Chapin Road, Pine Brook, New Jersey 07058**
does hereby grant, sell, assign, transfer and convey, unto

**Federal National Mortgage Association**

, a corporation organized and
existing under the laws of                                              (herein "Assignee"), whose address is

**3900 Washington Avenue NW, Washington, DC 20016**

a certain Mortgage dated  **August 20, 2007**                    , made and executed by

**KELLY M. CUOMO, A SINGLE WOMAN AND ERIC S. CLARK, A SINGLE MAN**

to and in favor of  US Mortgage Corp.                                      and given to secure

payment of  , (  **190,500.00**        ) **One Hundred Ninety Thousand Five Hundred**
(include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.    **8293**     , at page  **235**          (or as

No.  **00025425**     ) of the                   Records of  **SUSSEX**

County, State of  **NJ**              , recorded on      **08/27/2007**     , together with the note(s) and obligations therein
described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage.

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on  **November 12, 2007**

US Mortgage Corp.

BY:

_____          _____
Witness                                            John Kuskin
                                                   AVP

_____
Witness

_____
Attest

Seal:

This Instrument Prepared By:
address:  19D Chapin Road, Pine Brook, NJ 07058

STATE OF NEW JERSEY,  COUNTY OF MORRIS

I CERTIFY THAT ON **November 12, 2007**
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)    WAS THE MAKER OF THIS INSTRUMENT
(B)    WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
       AS        /AVP/             OF   US Mortgage Corp.
(C)    EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT

NOTARY

SUZANNE MARIA CAVALLUZZO
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 7/22/2008

US4290

| | |
|---|---|
| Product Type | |
| Seller Name | U. S. MORTGAGE CORP. |
| Seller No. | 23884-000-7 |
| Contract No.- Expiration Date | 347277-11/19/07 |
| Batch ID | 31729089 |
| Payee Code | 055014614 |
| Lender Loan ID | 3330003506 |
| Servicer Name | U. S. MORTGAGE CORP. |
| Servicer No. | 23884-000-7 |
| Address | 568  DELL PLACE |
| Property City | STANHOPE |
| Property State | NJ |
| Property Zip Code | 07874 |
| Original Ln Amt/Line Amt | 208000.00 |
| Original Note Rate | 6.5 |
| First Paymnt Due | Dec 1, 2007 |
| Loan Term | 360 |
| Loan P&I Amt(monthly) | 1314.71 |
| Submission Type/Lien | Whole/First |
| Amortization Type | Fixed Rate |
| Loan Type | 3 |
| Certification Priority | 080 |
| FNMA Loan No. | 4005648155 |
| Mortgage Type | Other |

CSC FYI Comments:
Delivers notes and assignments separately.  Accept endorsements from subsidiaries: Skyline Mortgage, Datak Mortgage, and DBA Lending Solutions.

Variance:
No Variances



Received: 11/13/2007
Printed : 11/13/2007

FNMA-USM000000804



ORIGINAL

## NOTE

October 12, 2007
[Date]

**ALLENDALE**
[City]

**New Jersey**
[State]

**568 DELL PLACE
STANHOPE, NJ 07874**

[Property Address]

### 1.   BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $208,000.00                    (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is **Picatinny Federal Credit Union, A Federal Credit Union**

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

### 2.   INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of        6.5000%.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

### 3.   PAYMENTS

(A)  Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the      1st      day of each month beginning on        **December 01, 2007**      . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on **November 01, 2037**           , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at **PO Box 682, Pine Brook, NJ 07058**

or at a different place if required by the Note Holder.

(B)  Amount of Monthly Payments

My monthly payment will be in the amount of U.S. **$1,314.71**

### 4.   BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

---

**MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT**

ITEM 1848L1 (0409)

**Form 3200 1/01**
GreatDocs™
Page 1 of 3

**MFCD3002**

3330003506

FNMA-USM000000805

**5. LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

**6. BORROWER'S FAILURE TO PAY AS REQUIRED**

**(A) Late Charge for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of **Fifteen** calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **5.0000%** of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

**(D) No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**7. GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**8. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9. WAIVERS**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10. UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

ITEM 1644L3 (0409)
**MFCD3002**

Form 3200 1/01
GreatDocs™
(Page 2 of 3)
**3330003506**

FNMA-USM000000806

this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

Borrower has executed and acknowledges receipt of pages 1 through 3 of this Note.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_Patricia A Hypes_ 10/3 (Seal)
PATRICIA A. HYPES                    -Borrower

_____(Seal)        _____(Seal)
                      -Borrower                             -Borrower

_____(Seal)        _____(Seal)
                      -Borrower                             -Borrower

_____(Seal)        _____(Seal)
                      -Borrower                             -Borrower

PAY TO THE ORDER OF                          [Sign Original Only]

WITHOUT RECOURSE
U.S. MORTGAGE CORPORATION

_____
WAREHOUSE COORDINATOR

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT          Form 3200 1/01
                                                                                            GreatDocs™
ITEM 1948L3 (0409)                                                                          (Page 3 of 3)
MFCD3002                                                                                    3330003506

FNMA-USM000000807

## ALLONGE TO PROMISSORY NOTE

LOAN INFORMATION

Loan Number: 3330003506

Borrower(s)    PATRICIA A. HYPES

Property Address: 568 DELL PLACE, STANHOPE, NJ 07874

Note Amount: 208,000.00

Note Date:    October 12, 2007

Pay to the order of:
U.S. MORTGAGE CORPORATION

Without Recourse

Picatinny Federal Credit Union

Name: M. Michael McGrath Jr.

Title    AVP

US4057

[A]   WAS THE MAKER OF THIS INSTRUMENT
[B]   WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
       AS  AVP           OF   US Mortgage Corp.
[C]   EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT

NOTARY

ROSANNE MARIA CAVALLUZZO
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 7/22/2008

US4290

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

**Recording RequestedBy/ReturnTo:** MORTGAGE DEPT
19D CHAPIN ROAD, PO BOX 2014. PINE BROOK, NJ 07058

Loan Number: 3330003506

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
**19D Chapin Road, Pine Brook, New Jersey 07058**
does hereby grant, sell, assign, transfer and convey, unto

**Federal National Mortgage Association**

, a corporation organized and
(herein "Assignee"), whose address is

existing under the laws of

**3900 Washington Avenue NW, Washington, DC 20016**

a certain Mortgage dated  October 12, 2007          , made and executed by

**PATRICIA A HYPES, UNMARRIED**

to and in favor of  US Mortgage Corp.                                    and given to secure

payment of  , (  208,000.00      ) Two Hundred Eight Thousand
                    (include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.      8359          , at page   80          (or as

No.  00030189      ) of the                          Records of  SUSSEX

County, State of  NJ            , recorded on      10/16/2007    , together with the note(s) and obligations therein
described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage.

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on   November 12, 2007

US Mortgage Corp.

BY:

**Witness**

John Kuskin
AVP

**Witness**

**Attest**

**Seal:**

This Instrument Prepared By:
address:  19D Chapin Road, Pine Brook, NJ 07058

STATE OF NEW JERSEY,   COUNTY OF MORRIS

I CERTIFY THAT ON  November 12, 2007
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)   WAS THE MAKER OF THIS INSTRUMENT
(B)   WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
      AS  AVP              OF   US Mortgage Corp.
(C)   EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT

NOTARY

US4290

STEPHANIE MARIA CAVALLUZZO
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 7/22/2008

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

**Recording RequestedBy/Return To:**   MORTGAGE DEPT
                                        19D CHAPIN ROAD, PO BOX 2014. PINE BROOK, NJ 07058

Loan Number:  3330003506

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
                              100 MINERAL SPRINGS ROAD, DOVER, 07801
does hereby grant, sell, assign, transfer and convey, unto   US MORTGAGE CORP.

                                                             , a corporation organized and
existing under the laws of          **New Jersey**            (herein "Assignee"), whose address is
                              19D CHAPIN ROAD, PINE BROOK, NJ 07058

a certain Mortgage dated  October 12, 2007          , made and executed by

                              PATRICIA A HYPES, UNMARRIED

to and in favor of   PICATINNY FEDERAL CREDIT UNION               and given to secure

payment of   , ( 208,000.00        ) Two Hundred Eight Thousand
                              (Include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.   8359      , at page  80        (or as

No.  00030189      ) of the                    Records of  SUSSEX

County, State of  NJ           , recorded on      10/16/2007      , together with the note(s) and obligations
therein described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage.

   TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
   IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on  November 12, 2007

                                        PICATINNY FEDERAL CREDIT UNION
                                        BY: _____
_____                     Michael McGrath Jr.
Witness                                      AVP

_____
Witness

_____
Attest:

Seal:

This Instrument Prepared By:  PICATINNY FEDERAL CREDIT UNION
address: 100 MINERAL SPRINGS ROAD, DOVER, 07801
STATE OF  New Jersey , COUNTY OF  Morris

I CERTIFY THAT ON November 12, 2007          , Michael J. McGrath
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)   WAS THE MAKER OF THIS INSTRUMENT
(B)   WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
      AS        AVP            OF  PICATINNY FEDERAL CREDIT UNION

(C)   EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT.

                              NOTARY
                                   MARIA CAVALLUZZO
                                   NOTARY PUBLIC OF NEW JERSEY
                                   Commission Expires 7/22/2008
US4289

Region

DDF0000007399724

| | |
|---|---|
| Product Type | |
| Seller Name | U. S. MORTGAGE CORP. |
| Seller No. | 23884-000-7 |
| Contract No.- Expiration Date | 347277-11/19/07 |
| Batch ID | 31729089 |
| Payee Code | 055014614 |
| Lender Loan ID | 3330003597 |
| Servicer Name | U. S. MORTGAGE CORP. |
| Servicer No. | 23884-000-7 |
| Address | 133 FAIRWAY DRIVE WEST |
| Property City | EAST STROUDSBUR |
| Property State | PA |
| Property Zip Code | 18301 |
| Original Ln Amt/Line Amt | 292600.00 |
| Original Note Rate | 6.5 |
| First Paymnt Due | Dec 1, 2007 |
| Loan Term | 360 |
| Loan P&I Amt(monthly) | 1849.44 |
| Submission Type/Lien | Whole/First |
| Amortization Type | Fixed Rate |
| Loan Type | 3 |
| Certification Priority | 080 |
| FNMA Loan No. | 4005648156 |
| Mortgage Type | Other |

CSC FYI Comments:
Delivers notes and assignments separately.  Accept endorsements from subsidiaries: Skyline Mortgage, Datek Mortgage, and DBA Lending Solutions.

Variance:
No Variances



Received: 11/13/2007
Printed : 11/13/2007

FNMA-USM000000797

# NOTE

## ORIGINAL

October 10, 2007
[Date]

**STROUDSBURG**
[City]

**Pennsylvania**
[State]

**133 FAIRWAY DRIVE WEST
EAST STROUDSBURG, PA  18301**

[Property Address]

## 1.  BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $292,600.00                    (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is **Picatinny Federal Credit Union, A Federal Credit Union**

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2.  INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of       **6.5000%**.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3.  PAYMENTS

(A)  Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the    **1st**    day of each month beginning on       **December 01, 2007**

I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on **November 01, 2037**         , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at **PO Box 682, Pine Brook, NJ  07058**

or at a different place if required by the Note Holder.

(B)  Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $1,849.44

## 4.  BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

ITEM 1846L1 (0609)

Form 3200 1/01
GreatDocs™
(Page 1 of 3)

MFCD3002

3330003597

FNMA-USM000000798

**5.  LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

**6.  BORROWER'S FAILURE TO PAY AS REQUIRED**

    **(A)  Late Charge for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of     **Fifteen**    calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be     **5.0000%** of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

    **(B)  Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

    **(C)  Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

    **(D)  No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

    **(E)  Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**7.  GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**8.  OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9.  WAIVERS**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10.  UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

ITEM 1849L2 (0009)
MFCD3002

Form 3200 1/01
GreatDocs™
(Page 2 of 3)
3330003597

FNMA-USM000000799

this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

Borrower has executed and acknowledges receipt of pages 1 through 3 of this Note.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)
PAUL T. VILLANOVA            -Borrower

_____ (Seal)
HEATHER VILLANOVA            -Borrower

_____ (Seal)
                            -Borrower

_____ (Seal)
                            -Borrower

_____ (Seal)
                            -Borrower

_____ (Seal)
                            -Borrower

PAY TO THE ORDER OF                                    {Sign Original Only}

WITHOUT RECOURSE
U.S. MORTGAGE CORPORATION

JOHN KOSKIN
WAREHOUSE COORDINATOR

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

ITEM 1846L3 (0009)
MFCD3002

Form 3200 1/01
GreatDocs™
(Page 3 of 3)
3330003597

FNMA-USM000000800

## ALLONGE TO PROMISSORY NOTE

<u>LOAN INFORMATION</u>

Loan Number: 3330003597

Borrower(s)   PAUL T. VILLANOVA, HEATHER VILLANOVA

Property Address: 133 FAIRWAY DRIVE WEST, EAST STROUDSBURG, PA  18301

Note Amount: 292,600.00

Note Date:    October 10, 2007

Pay to the order of:
U.S. MORTGAGE CORPORATION

Without Recourse

Picatinny Federal Credit Union

Name  Michael McGrath

Title  AVP

US4057

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

**Recording RequestedBy/ReturnTo:**   MORTGAGE DEPT
19D CHAPIN ROAD, PO BOX 2014. PINE BROOK, NJ 07058

Loan Number:  3330003697

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
100 MINERAL SPRINGS ROAD, DOVER, 07801
does hereby grant, sell, assign, transfer and convey, unto   US MORTGAGE CORP.

, a corporation organized and
existing under the laws of         **New Jersey**            (herein "Assignee"), whose address is
19D CHAPIN ROAD, PINE BROOK, NJ 07058

a certain Mortgage dated  October 10, 2007          , made and executed by

PAUL T VILLANOVA AND HEATHER VILLANOVA, HUSBAND AND WIFE

to and in favor of  PICATINNY FEDERAL CREDIT UNION                    and given to secure

payment of  ,  ( 292,600.00       )  Two Hundred Ninety Two Thousand Six Hundred
(Include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.          , at page          (or as

No.          ) of the                    Records of   MONROE

County, State of  PA              , recorded on          ,          , together with the note(s) and obligations
therein described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage.

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on  November 12, 2007

PICATINNY FEDERAL CREDIT UNION
BY:
Michael McGrath
AVP

Witness

Witness

Attest

Seal:

This Instrument Prepared By:  PICATINNY FEDERAL CREDIT UNION
address: 100 MINERAL SPRINGS ROAD, DOVER, 07801
STATE OF  New Jersey , COUNTY OF  Morris

Hunted T. McGath
I CERTIFY THAT ON November 12, 2007
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)   WAS THE MAKER OF THIS INSTRUMENT
(B)   WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
AS _____OF   PICATINNY FEDERAL CREDIT UNION
(C)   EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT

NOTARY

MARIA CAVALLUZZO
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 7/22/2008

US4269

FNMA-USM000000802

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

Recording RequestedBy/ReturnTo:   MORTGAGE DEPT
                                  19D CHAPIN ROAD, PO BOX 2014. PINE BROOK, NJ 07058

Loan Number:  3330003597

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
**19D Chapin Road, Pine Brook, New Jersey 07058**
does hereby grant, sell, assign, transfer and convey, unto

**Federal National Mortgage Association**

, a corporation organized and
existing under the laws of                                    (herein "Assignee"), whose address is

**3900 Washington Avenue NW, Washington, DC 20016**

a certain Mortgage dated  October 10, 2007          , made and executed by

PAUL T VILLANOVA AND HEATHER VILLANOVA, HUSBAND AND WIFE

to and in favor of  US Mortgage Corp.                               and given to secure

payment of  ,  ( 292,600.00        )  Two Hundred Ninety Two Thousand Six Hundred
                           (Include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.           , at page              (or as

No.          ) of the                    Records of   MONROE

County, State of  PA           , recorded on            , together with the note(s) and obligations therein
described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage.

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on  November 12, 2007

_____              US Mortgage Corp.
                                       BY: _____
Witness                                John Kuskin
                                       AVP

_____
Witness

_____
Attest

Seal:

This Instrument Prepared By:
address: 19D Chapin Road, Pine Brook, NJ 07058

STATE OF NEW JERSEY,   COUNTY OF MORRIS

I CERTIFY THAT ON November 12, 2007
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)     WAS THE MAKER OF THIS INSTRUMENT
(B)     WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
        AS  AVP           OF     US Mortgage Corp.
(C)     EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT

                                       NOTARY

                                       AIMEE MARIA CAVALLUZZO
                                       NOTARY PUBLIC OF NEW JERSEY
                                       Commission Expires 7/22/2008
US4290

FNMA-USM000000803

| | |
|---|---|
| Product Type | |
| Seller Name | U. S. MORTGAGE CORP. |
| Seller No. | 23884-000-7 |
| Contract No.- Expiration Date | 347279-11/19/07 |
| Batch ID | 31729090 |
| Payee Code | 055014614 |
| Lender Loan ID | 3330002764 |
| Servicer Name | U. S. MORTGAGE CORP. |
| Servicer No. | 23884-000-7 |
| Address | 12 LAUREN LANE |
| Property City | VERNON TOWNSHIP |
| Property State | NJ |
| Property Zip Code | 07461 |
| Original Ln Amt/Line Amt | 225000.00 |
| Original Note Rate | 6.125 |
| First Paymnt Due | Aug 1, 2007 |
| Loan Term | 360 |
| Loan P&I Amt(monthly) | 1367.13 |
| Submission Type/Lien | Whole/First |
| Amortization Type | Fixed Rate |
| Loan Type | 3 |
| Certification Priority | 080 |
| FNMA Loan No. | 4005648157 |
| Mortgage Type | Other |

CSC FYI Comments:
Delivers notes and assignments separately. Accept endorsements from subsidiaries: Skyline Mortgage, Datek Mortgage, and DBA Lending Solutions.

Variance:
No Variances



Received: 11/13/2007
Printed : 11/13/2007

FNMA-USM000000790



# NOTE

June 22, 2007
[Date]

PARSIPPANY
[City]

New Jersey
[State]

12 LAUREN LANE
VERNON TOWNSHIP, NJ  07461

[Property Address]

**1.   BORROWER'S PROMISE TO PAY**

In return for a loan that I have received, I promise to pay U.S. $225,000.00               (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is Picatinny Federal Credit Union, A Federal Credit Union

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

**2.   INTEREST**

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of         6.1250%.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

**3.   PAYMENTS**

(A)  Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the      1st      day of each month beginning on       August 01, 2007

I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on July 01, 2037                     , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at PO Box 682, Pine Brook, NJ  07058

or at a different place if required by the Note Holder.

(B)  Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $1,367.13

**4.   BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

ITEM 1846L1 (0609)

Form 3200 1/01
GreatDocs ™
(Page 1 of 3)

MFCD3002

3330002764

FNMA-USM000000791

**5. LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

**6. BORROWER'S FAILURE TO PAY AS REQUIRED**

**(A) Late Charge for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of **Fifteen** calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **5.0000%** of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

**(D) No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**7. GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**8. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9. WAIVERS**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10. UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

Form 3200 1/01
GreatDocs ™
(Page 2 of 3)

ITEM 1846L2 (0011)
MFCD3002

3330002764

FNMA-USM000000792

this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

Borrower has executed and acknowledges receipt of pages 1 through 3 of this Note.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)          _____ (Seal)
ERIC ALEXANDER BINTER         -Borrower                                              -Borrower


_____ (Seal)          _____ (Seal)
                              -Borrower                                              -Borrower


_____ (Seal)          _____ (Seal)
                              -Borrower                                              -Borrower


PAY TO THE ORDER OF                                         [Sign Original Only]

WITHOUT RECOURSE
U.S. MORTGAGE CORPORATION

JITIN KUSKIN
WAREHOUSE COORDINATOR

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mac/Freddie Mac UNIFORM INSTRUMENT

ITEM 1946L3 (0109)
MFCD3002

Form 3200 1/01
GreatDocs™
(Page 3 of 3)
3330062764

FNMA-USM000000793

## ALLONGE TO PROMISSORY NOTE

**LOAN INFORMATION**

Loan Number: 3330002764

Borrower(s)    ERIC ALEXANDER BINTER

Property Address: 12 LAUREN LANE, VERNON TOWNSHIP, NJ 07461

Note Amount: 225,000.00

Note Date:     June 22, 2007

Pay to the order of:
U.S. MORTGAGE CORPORATION

Without Recourse

Picatinny Federal Credit Union

Name    Michael McGrath Jr.

Title    AVP

US4057

FNMA-USM000000794

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

Recording RequestedBy/ReturnTo:   MORTGAGE DEPT
                                   19D CHAPIN ROAD, PO BOX 2014. PINE BROOK, NJ 07058

Loan Number: 3330002764

## ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is

100 MINERAL SPRINGS ROAD, DOVER, 07801

does hereby grant, sell, assign, transfer and convey, unto   US MORTGAGE CORP.

, a corporation organized and

existing under the laws of          New Jersey                        (herein "Assignee"), whose address is

19D CHAPIN ROAD, PINE BROOK, NJ 07058

a certain Mortgage dated  June 22, 2007          , made and executed by

ERIC ALEXANDER BINTER, SINGLE

to and in favor of   PICATINNY FEDERAL CREDIT UNION                         and given to secure

payment of   , ( 225,000.00        ) Two Hundred Twenty Five Thousand
                    (Include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.     6203          , at page   141          (or as

No.  00018780    ) of the                    Records of  SUSSEX

County, State of   NJ                , recorded on      6/25/2007      , together with the note(s) and obligations
therein described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage.

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on  November 12, 2007

                                              PICATINNY FEDERAL CREDIT UNION
                                              BY:
_____
Witness                                       Michael McGrath Jr.
                                              AVP

_____
Witness

_____
Attest

Seal:

This Instrument Prepared By:  PICATINNY FEDERAL CREDIT UNION
address: 100 MINERAL SPRINGS ROAD, DOVER, 07801
STATE OF   New Jersey   , COUNTY OF   Morris

I CERTIFY THAT ON November 12, 2007
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)    WAS THE MAKER OF THIS INSTRUMENT
(B)    WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
       AS                        OF   PICATINNY FEDERAL CREDIT UNION
(C)    EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT.

                                         NOTARY

                                         SUZANNE MARIA CAVALLUZZO
US4268                                   NOTARY PUBLIC OF NEW JERSEY
                                         Commission Expires 7/22/2008

FNMA-USM000000795

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

Recording RequestedBy/ReturnTo:   MORTGAGE DEPT
                                     19D CHAPIN ROAD, PO BOX 2014. PINE BROOK, NJ 07058

Loan Number: 3330002764

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
**19D Chapin Road, Pine Brook, New Jersey 07058**
does hereby grant, sell, assign, transfer and convey, unto

**Federal National Mortgage Association**
                                            , a corporation organized and
existing under the laws of                                   (herein "Assignee"), whose address is

**3900 Washington Avenue NW, Washington, DC 20016**

a certain Mortgage dated  June 22, 2007         , made and executed by

                    ERIC ALEXANDER BINTER, SINGLE

to and in favor of  US Mortgage Corp.                         and given to secure

payment of  , ( 225,000.00     ) Two Hundred Twenty Five Thousand
                      (Include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.  8203     , at page  141     (or as

No.  00018780    ) of the              Records of  SUSSEX

County, State of  NJ         , recorded on    08/25/2007    , together with the note(s) and obligations therein
described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage.

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on  November 12, 2007

                                             US Mortgage Corp.

                                             BY:
**Witness**                                               John Ruskin
                                              AVP

**Witness**

**Attest**

**Seal:**

This Instrument Prepared By:
address: 19D Chapin Road, Pine Brook, NJ 07058

STATE OF NEW JERSEY,   COUNTY OF MORRIS

                                      John Ruskin
I CERTIFY THAT ON **November 12, 2007**     ,
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)    WAS THE MAKER OF THIS INSTRUMENT
(B)    WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
       AS  AVP           OF    US Mortgage Corp.
(C)    EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT
                          NOTARY

                                 LAURE MARIA CAVALLUZZO
                                 NOTARY PUBLIC OF NEW JERSEY
US4290                                     Commission Expires 7/22/2008

FNMA-USM000000796

Product Type
Seller Name                              U. S. MORTGAGE CORP.
Seller No.                                      23884-000-7
Contract No.- Expiration Date        347281-11/19/07
Batch ID                                          31729091
Payee Code                                      055014614
Lender Loan ID                                3330003243
Servicer Name                          U. S. MORTGAGE CORP.
Servicer No.                                   23884-000-7
Address                       34 MOUNTAIN HEIGHTS DRIVE
Property City                                       BYRAM
Property State                                          NJ
Property Zip Code                                    07871
Original Ln Amt/Line Amt                     224750.00
Original Note Rate                                   6.375
First Paymnt Due                            Oct 1, 2007
Loan Term                                              180
Loan P&I Amt(monthly)                          1942.41
Submission Type/Lien                      Whole/First
Amortization Type                          Fixed Rate
Loan Type                                                3
Certification Priority                              080
FNMA Loan No.                                 4005648158
Mortgage Type                                       Other

CSC FYI Comments:
Delivers notes and assignments separately.  Accept endorsements from subsidiaries: Skyline Mo
rtgage, Datek Mortgage, and DBA Lending Solutions.

Variance:
No Variances



Received: 11/13/2007
Printed : 11/13/2007

# NOTE

**ORIGINAL**

August 17, 2007          Pine Brook          New Jersey
[Date]                  [City]              [State]

**34 MOUNTAIN HEIGHTS DRIVE**
**BYRAM, NJ 07871**

[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $224,750.00                    (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is **Picatinny Federal Credit Union, A Federal Credit Union**

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of   6.3750%.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3. PAYMENTS

### (A)  Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the      **1st**      day of each month beginning on      **October 01, 2007**      . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on **September 01, 2022**                , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at **PO Box 682, Pine Brook, NJ 07058**

or at a different place if required by the Note Holder.

### (B)  Amount of Monthly Payments

My monthly payment will be in the amount of U.S. **$1,942.41**

## 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT     Form 3200 1/01
ITEM 9644L1 (0007)                                                                        GreatDocs™
                                                                                         (Page 1 of 3)

MFCD3602

3330003243

FNMA-USM000000784

## 5.  LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 6.  BORROWER'S FAILURE TO PAY AS REQUIRED

(A)  Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of     **Fifteen**     calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be     **5.0000%** of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

(B)  Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

(C)  Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

(D)  No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

(E)  Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 7.  GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 8.  OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 9.  WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 10. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

ITEM 1846L3 (0609)
MFCD3002

Form 3200 1/01
GreatDocs™
(Page 2 of 3)
3330003243

FNMA-USM000000785

this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

Borrower has executed and acknowledges receipt of pages 1 through 3 of this Note.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)
TRACY LYONS                -Borrower

_____ (Seal)
JOHN LYONS                 -Borrower

_____ (Seal)
                           -Borrower

_____ (Seal)
                           -Borrower

_____ (Seal)
                           -Borrower

_____ (Seal)
                           -Borrower

PAY TO THE ORDER OF

WITHOUT RECOURSE
U.S. MORTGAGE CORPORATION

JOHN KUSKIN
WAREHOUSE COORDINATOR

[Sign Original Only]

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

ITEM 1846L3 (0409)
MFCD3002

Form 3200 1/01
GreatDocs™
(Page 2 of 3)
3330003243

FNMA-USM000000786

## ALLONGE TO PROMISSORY NOTE

**LOAN INFORMATION**

Loan Number: 3330003243

Borrower(s)   TRACY LYONS, JOHN LYONS

Property Address: 34 MOUNTAIN HEIGHTS DRIVE, BYRAM, NJ 07871

Note Amount: 224,750.00

Note Date:   August 17, 2007

Pay to the order of:
U.S. MORTGAGE CORPORATION

_____

Without Recourse

Picatinny Federal Credit Union

Name   Michael McGrath

Title   AVP

US4057

FNMA-USM000000787

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

Recording RequestedBy/ReturnTo:   MORTGAGE DEPT
                                   19D CHAPIN ROAD, PO BOX 2014, PINE BROOK, NJ 07058

Loan Number: 3330003243

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
                        100 MINERAL SPRINGS ROAD, DOVER, 07801
does hereby grant, sell, assign, transfer and convey, unto   US MORTGAGE CORP.

                                                             , a corporation organized and
existing under the laws of          **New Jersey**          (herein "Assignee"), whose address is
                          19D CHAPIN ROAD, PINE BROOK, NJ 07058

a certain Mortgage dated  August 17, 2007          , made and executed by

                TRACY LYONS AND JOHN LYONS, WIFE AND HUSBAND.

to and in favor of   PICATINNY FEDERAL CREDIT UNION                      and given to secure

payment of   , (  224,750.00      ) Two Hundred Twenty Four Thousand Seven Hundred Fifty
                        (include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.    8289      , at page   229        (or at

No.  00025073       ) of the             Records of  SUSSEX

County, State of  NJ            , recorded on    8/23/2007    , together with the note(s) and obligations
therein described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage.

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on   November 12, 2007

                                          PICATINNY FEDERAL CREDIT UNION

_____                  BY: _____
**Witness**                                   Michael McGrath Jr.
                                              AVP

_____
**Witness**

_____
**Attest**

**Seal:**

This Instrument Prepared By:  PICATINNY FEDERAL CREDIT UNION
address: 100 MINERAL SPRINGS ROAD, DOVER, 07801
STATE OF  New Jersey , COUNTY OF  Morris

                                          Michael S. McGrath
I CERTIFY THAT ON November 12, 2007
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)    WAS THE MAKER OF THIS INSTRUMENT
(B)    WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
       AS    AVP        OF   PICATINNY FEDERAL CREDIT UNION
(C)    EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT

                                          _____
                                          NOTARY

                                          SUZANNE MARIA CAVALUZZO
                                          NOTARY PUBLIC OF NEW JERSEY
US4289                                    Commission Expires 7/22/2008

FNMA-USM000000788

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

**Recording RequestedBy/ReturnTo:**   MORTGAGE DEPT
19D CHAPIN ROAD, PO BOX 2014. PINE BROOK, NJ 07058

Loan Number:   3330003243

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
**19D Chapin Road, Pine Brook, New Jersey 07058**
does hereby grant, sell, assign, transfer and convey, unto

**Federal National Mortgage Association**
, a corporation organized and
existing under the laws of                                          (herein "Assignee"), whose address is

**3900 Washington Avenue NW, Washington, DC 20016**

a certain Mortgage dated  August 17, 2007          , made and executed by

**TRACY LYONS AND JOHN LYONS, WIFE AND HUSBAND.**

to and in favor of  US Mortgage Corp.                                     and given to secure

payment of  , { 224,750.00      } Two Hundred Twenty Four Thousand Seven Hundred Fifty
(Include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.      8289        , at page   225          (or as

No.  00025073     ) of the                   Records of   **SUSSEX**

County, State of   NJ              , recorded on     08/23/2007     , together with the note(s) and obligations therein
described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage.

**TO HAVE AND TO HOLD** the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
**IN WITNESS WHEREOF,** the undersigned Assignor has executed this Assignment of Mortgage on  November 12, 2007

US Mortgage Corp.

BY: _____
John Ruskin
AVP

_____
Witness

_____
Witness

_____
Attest

Seal:

This Instrument Prepared By:
address  19D Chapin Road, Pine Brook, NJ 07058

STATE OF NEW JERSEY,   COUNTY OF MORRIS

I CERTIFY THAT ON **November 12, 2007** ,
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)    WAS THE MAKER OF THIS INSTRUMENT
(B)    WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
       AS  AVP            OF     US Mortgage Corp.
(C)    EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT
NOTARY

SUZANNE MARIA CAVALLUZZO
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 7/22/2008

US4290

Region                                                              2

DDF0000007399727

| | |
|---|---|
| Product Type | |
| Seller Name | U. S. MORTGAGE CORP. |
| Seller No. | 23884-000-7 |
| Contract No.- Expiration Date | 347284-11/19/07 |
| Batch ID | 31729092 |
| Payee Code | 055014614 |
| Lender Loan ID | 3330003592 |
| Servicer Name | U. S. MORTGAGE CORP. |
| Servicer No. | 23884-000-7 |
| Address | 845 BERKSHIRE VALLEY ROAD |
| Property City | WHARTON |
| Property State | NJ |
| Property Zip Code | 07885 |
| Original Ln Amt/Line Amt | 156500.00 |
| Original Note Rate | 6.375 |
| First Paymnt Due | Dec 1, 2007 |
| Loan Term | 240 |
| Loan P&I Amt(monthly) | 1155.34 |
| Submission Type/Lien | Whole/First |
| Amortization Type | Fixed Rate |
| Loan Type | 3 |
| Certification Priority | 080 |
| FNMA Loan No. | 4005648159 |
| Mortgage Type | Other |

CSC FYI Comments:
Delivers notes and assignments separately.  Accept endorsements from subsidiaries: Skyline Mo
rtgage, Datek Mortgage, and DBA Lending Solutions.

Variance:
No Variances



FNMA-USM000000776

# ORIGINAL

## NOTE

October 08, 2007
[Date]                          [City]                          [State]

845 BERKSHIRE VALLEY ROAD
WHARTON, NJ 07885

[Property Address]

**1.   BORROWER'S PROMISE TO PAY**

In return for a loan that I have received, I promise to pay U.S. $156,500.00                    (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is **Picatinny Federal Credit Union, A Federal Credit Union**

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

**2.   INTEREST**

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of        **6.3750%.**

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

**3.   PAYMENTS**

**(A)  Time and Place of Payments**

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the    **1st**    day of each month beginning on        **December 01, 2007**
I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on **November 01, 2027**          , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at **PO Box 682, Pine Brook, NJ 07058**

or at a different place if required by the Note Holder.

**(B)  Amount of Monthly Payments**

My monthly payment will be in the amount of U.S. **$1,155.34**

**4.   BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

---

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT            Form 3200 1/01
GreatDocs™
ITEM 1646L1 (0409)                                                                                (Page 1 of 3)

MFCD3002                                                                          3330003592

(B)    WAS AUTHORIZED TO AND DID ~~~~~~ OF
       AS      AN
(C)    EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT

       US Mortgage Corp.

NOTARY

SUZANNE MARIA CAVALLUZZO
NOTARY PUBLIC OF NEW JERSEY
~~ on Expires ~~

US4290

FNMA-USM000000777

**5.  LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

**6.  BORROWER'S FAILURE TO PAY AS REQUIRED**

(A)  Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of      **Fifteen**      calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be      **5.0000%** of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

(B)  Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

(C)  Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

(D)  No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

(E)  Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**7.  GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**8.  OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9.  WAIVERS**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10.  UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

Form 3200 1/01
GreatDocs™
(Page 2 of 3)
3330003592

ITEM 1846L2 (0609)
**MFCD3002**

FNMA-USM000000778

this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

Borrower has executed and acknowledges receipt of pages 1 through 3 of this Note.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)
JAMES A. STANLICK, JR          -Borrower

_____ (Seal)
PAULA L. STANLICK               -Borrower

_____ (Seal)
                        -Borrower

_____ (Seal)
                        -Borrower

_____ (Seal)
                        -Borrower

_____ (Seal)
                        -Borrower

PAY TO THE ORDER OF                              *[Sign Original Only]*

WITHOUT RECOURSE
U.S. MORTGAGE CORPORATION

SHERI KISKIN
WAREHOUSE COORDINATOR

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

Form 3200 1/01
GreatDocs™
(Page 3 of 3)
3330003592

ITEM 1646L3 (0609)
MFCD3002

FNMA-USM000000779

**ALLONGE TO PROMISSORY NOTE**

LOAN INFORMATION

Loan Number: 3330003592

Borrower(s)   JAMES A. STANLICK, JR, PAULA L. STANLICK

Property Address: 845 BERKSHIRE VALLEY ROAD, WHARTON, NJ. 07885

Note Amount: 156,500.00

Note Date:   October 8, 2007

Pay to the order of:
U.S. MORTGAGE CORPORATION

_____

Without Recourse

Picatinny Federal Credit Union

Name   Michael McGrath

Title   AVP

US4057

FNMA-USM000000780

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

Recording RequestedBy/ReturnTo:   MORTGAGE DEPT
                                   19D CHAPIN ROAD, PO BOX 2014, PINE BROOK, NJ 07058

Loan Number:  3330003592

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
**19D Chapin Road, Pine Brook, New Jersey 07058**
does hereby grant, sell, assign, transfer and convey, unto

**Federal National Mortgage Association**
                                                    , a corporation organized and
                                                    (herein "Assignee"), whose address is
existing under the laws of

**3900 Washington Avenue NW, Washington, DC 20016**

a certain Mortgage dated  October  8, 2007          , made and executed by

        JAMES A. STANLICK, JR AND PAULA L. STANLICK, HUSBAND AND WIFE.

                                                              and given to secure
to and in favor of  US Mortgage Corp.

payment of   ,  ( 156,500.00          ) One Hundred Fifty Six Thousand Five Hundred
                      (include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.    20942       , at page   1165          (or as

No. 2007092740    ) of the              Records of  MORRIS

County, State of   NJ              , recorded on    10/19/2007    , together with the note(s) and obligations therein
described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage.

    TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
    IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on   November 12, 2007

                                                    US Mortgage Corp.

                                                    BY

_____                             John Kuskin
Witness                                             AVP

_____
Witness

_____
Attest

Seal:

This Instrument Prepared By:
address: 19D Chapin Road, Pine Brook, NJ 07058

STATE OF NEW JERSEY,  COUNTY OF MORRIS

I CERTIFY THAT ON November 12, 2007
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)   WAS THE MAKER OF THIS INSTRUMENT
(B)   WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
      AS    AN          OF    US Mortgage Corp.
(C)   EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT

                                                    NOTARY

                                SUZANNE MARIA CAVALLUZZO
                                NOTARY PUBLIC OF NEW JERSEY

US4290

FNMA-USM000000781

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

**Recording RequestedBy/ReturnTo:** MORTGAGE DEPT
19D CHAPIN ROAD, PO BOX 2014. PINE BROOK, NJ 07058

Loan Number: 3330003592

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
100 MINERAL SPRINGS ROAD, DOVER, 07801
does hereby grant, sell, assign, transfer and convey, unto US MORTGAGE CORP.

, a corporation organized and
(herein "Assignee"), whose address is
existing under the laws of **New Jersey**
19D CHAPIN ROAD, PINE BROOK, NJ 07058

a certain Mortgage dated October 8, 2007 , made and executed by

JAMES A. STANLICK, JR AND PAULA L. STANLICK, HUSBAND AND WIFE.

to and in favor of PICATINNY FEDERAL CREDIT UNION and given to secure

payment of , ( 156,500.00 ) One Hundred Fifty Six Thousand Five Hundred
(Include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No. 20942 , at page 1165 (or as

No. 2007092740 ) of the Records of MORRIS

County, State of NJ , recorded on 10/19/2007 , together with the note(s) and obligations
therein described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage.

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on November 12, 2007

PICATINNY FEDERAL CREDIT UNION

BY:
Michael McGrath Jr.
AVP

_____
Witness

_____
Witness

_____
Attest

Seal:

This Instrument Prepared By: PICATINNY FEDERAL CREDIT UNION
address: 100 MINERAL SPRINGS ROAD, DOVER, 07801
STATE OF New Jersey , COUNTY OF Morris

I CERTIFY THAT ON November 12, 2007 Michael J. McGrath
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A) WAS THE MAKER OF THIS INSTRUMENT
(B) WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
AS AVP OF PICATINNY FEDERAL CREDIT UNION

(C) EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT

_____
NOTARY

SUZANNE MARIA CAVALUZZO
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 7/22/2008

US4289

**Region**                                                                      **2.**

DDF0000007412543

| | |
|---|---|
| **Product Type** | |
| Seller Name | U. S. MORTGAGE CORP. |
| Seller No. | 23884-000-7 |
| Contract No.- Expiration Date | 352000-12/03/07 |
| Batch ID | 33129351 |
| Payee Code | 055014614 |
| Lender Loan ID | 3330002101 |
| Servicer Name | U. S. MORTGAGE CORP. |
| Servicer No. | 23884-000-7 |
| Address | 35 OXFORD ROAD |
| Property City | EAST BRUNSWICK |
| Property State | NJ |
| Property Zip Code | 08816 |
| Original Ln Amt/Line Amt | 249000.00 |
| Original Note Rate | 6.25 |
| First Paymnt Due | Feb 1, 2007 |
| Loan Term | 360 |
| Loan P&I Amt(monthly) | 1533.14 |
| Submission Type/Lien | Whole/First |
| Amortization Type | Fixed Rate |
| Loan Type | 3 |
| Certification Priority | 080 |
| FNMA Loan No. | 4005661270 |
| Mortgage Type | Other |

CSC FYI Comments:
Delivers notes and assignments separately. Accept endorsements from subsidiaries: Skyline Mo
rtgage, Datek Mortgage, and DBA Lending Solutions.

Variance:
No Variances



Received: 11/27/2007
Printed : 11/28/2007

FNMA-USM000000769

# NOTE



December 29, 2006
[Date]

PINE BROOK
[City]

New Jersey
[State]

35 OXFORD ROAD
EAST BRUNSWICK, NJ 08816

[Property Address]

**1.   BORROWER'S PROMISE TO PAY**
In return for a loan that I have received, I promise to pay U.S. $249,000.00                    (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is **Picatinny Federal Credit Union, A Federal Credit Union**
I will make all payments under this Note in the form of cash, check or money order.
I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

**2.   INTEREST**
Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of        6.2500%.
The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

**3.   PAYMENTS**
**(A)  Time and Place of Payments**
I will pay principal and interest by making a payment every month.
I will make my monthly payment on the      1st      day of each month beginning on         **February 01, 2007**            .
I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on **January 01, 2037**                    , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."
I will make my monthly payments at **PO Box 682, Pine Brook, NJ 07058**

                                                                        or at a different place if required by the Note Holder.

**(B)  Amount of Monthly Payments**
My monthly payment will be in the amount of U.S. **$1,533.14**

**4.   BORROWER'S RIGHT TO PREPAY**
I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.
I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

---

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

Form 3200 1/01
GreatDocs™
(Page 1 of 3)

ITEM 1646L1 (0409)

MFCD3002

3330002101

FNMA-USM000000770

**5.  LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

**6.  BORROWER'S FAILURE TO PAY AS REQUIRED**

**(A)  Late Charge for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of **Fifteen** calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **5.0000%** of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

**(B)  Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C)  Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

**(D)  No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E)  Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**7.  GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**8.  OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9.  WAIVERS**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10.  UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

ITEM 1846L2 (0409)
MFCD3002

Form 3200 1/01
GreatDocs ™
(Page 2 of 3)
3330002101

FNMA-USM000000771

this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

   If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

   If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

Borrower has executed and acknowledges receipt of pages 1 through 3 of this Note.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)          _____ (Seal)
BARBARA ANN SHAPIRO        -Borrower                                  -Borrower

_____ (Seal)          _____ (Seal)
                           -Borrower                                  -Borrower

_____ (Seal)          _____ (Seal)
                           -Borrower                                  -Borrower

PAY TO THE ORDER OF                          [Sign Original Only]

WITHOUT RECOURSE
U.S. MORTGAGE CORPORATION

JOHN KOSKIN
WAREHOUSE COORDINATOR

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT          Form 3200 1/01
                                                                                           GreatDocs™
ITEM 1846L3 (0601)                                                                          (Page 3 of 3)
MFCD3002                                                                                    3330002101

FNMA-USM000000772

## ALLONGE TO PROMISSORY NOTE

**LOAN INFORMATION**

Loan Number: 3330002101

Borrower(s)   BARBARA ANN SHAPIRO

Property Address: 35 OXFORD ROAD, EAST BRUNSWICK, NJ 08816

Note Amount: 249,000.00

Note Date:    December 29, 2006

Pay to the order of:
U.S. MORTGAGE CORPORATION

Without Recourse

Picatinny Federal Credit Union

Name

MICHAEL J. MCGRATH, JR.

Title    AVP

US4057

FNMA-USM000000773

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

**Recording Requested By/Return To:**   MORTGAGE DEPT
                                         19D CHAPIN ROAD, PO BOX 2014, PINE BROOK, NJ 07058

Loan Number: 3338002101

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
                    100 MINERAL SPRINGS ROAD, DOVER, 07801
does hereby grant, sell, assign, transfer and convey, unto   US MORTGAGE CORP.

                                                         , a corporation organized and
existing under the laws of          **New Jersey**         (herein "Assignee"), whose address is
                         19D CHAPIN ROAD, PINE BROOK, NJ 07058

a certain Mortgage dated  December 29, 2006      , made and executed by

        BARBARA ANN SHAPIRO, SINGLE AND ERIC D. NILLA, SINGLE SON

to and in favor of   PICATINNY FEDERAL CREDIT UNION                  and given to secure

payment of  , ( 249,000.00     ) Two Hundred Forty Nine Thousand
                    (include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Uber No.   12101      , at page  472      (or as

No.  200701120686    ) of the                    Records of  MIDDLESEX

County, State of  NJ                  , recorded on     1/12/2007     , together with the note(s) and obligations
therein described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage.

   TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
   IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on  November 27, 2007

                                          PICATINNY FEDERAL CREDIT UNION
                                          BY:
_____
Witness                                     / MICHAEL J. MCGRATH, JR.

_____             **AVP**
Witness

_____
Attest:

Seal:

This Instrument Prepared By:  PICATINNY FEDERAL CREDIT UNION
address: 100 MINERAL SPRINGS ROAD, DOVER, 07801
STATE OF  New Jersey   , COUNTY OF  Morris

I CERTIFY THAT ON November 27, 2007          , Michael J. Mcgrath
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)   WAS THE MAKER OF THIS INSTRUMENT
(B)   WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
      AS ____AVP____ OF  PICATINNY FEDERAL CREDIT UNION

(C)   EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT.

                                          _____
                                          NOTARY
                                          CLAIRE MARIA CAVALUZZO
US4289                                     NOTARY PUBLIC OF NEW JERSEY
                                          Commission Expires 7/23/2008

FNMA-USM000000774

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

Recording RequestedBy/ReturnTo:   MORTGAGE DEPT
                                   19D CHAPIN ROAD, PO BOX 2014. PINE BROOK, NJ 07058

Loan Number:  3330002101

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
**19D Chapin Road, Pine Brook, New Jersey 07058**
does hereby grant, sell, assign, transfer and convey, unto

**Federal National Mortgage Association**
                                                    , a corporation organized and
existing under the laws of                          (herein "Assignee", whose address is

**3900 Washington Avenue NW, Washington, DC 20016**

a certain Mortgage dated  December 29, 2006        , made and executed by

BARBARA ANN SHAPIRO, SINGLE AND ERIC D. NILLA, SINGLE SON

to and in favor of  US Mortgage Corp.                              and given to secure

payment of  , ( 240,000.00      ) Two Hundred Forty Nine Thousand
                              (include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.   12101        , at page   472         (or as

No.  207071120688     ) of the        Records of   MIDDLESEX

County, State of  NJ             , recorded on   01/12/2007   , together with the note(s) and obligations therein
described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage.

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on  November 27, 2007

US Mortgage Corp.

BY: _____
         JOHN KUSKIN

         AVP

Witness _____

Witness _____

Attest _____

Seal:

This Instrument Prepared By:
address: 19D Chapin Road, Pine Brook, NJ 07058

STATE OF NEW JERSEY,  COUNTY OF MORRIS

I CERTIFY THAT ON **November 27, 2007**
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)   WAS THE MAKER OF THIS INSTRUMENT
(B)   WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
       AS    *AVP*              OF    US Mortgage Corp.
(C)   EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT.

NOTARY

Commission Expires 7/23/2008
NOTARY PUBLIC OF NEW JERSEY
SUZANNE MARIA CAVALLUZZO

US4290

Region                                                    2
                                        DDF0000007412777

Product Type
Seller Name                          U. S. MORTGAGE CORP.
Seller No.                                  23884-000-7
Contract No.- Expiration Date         352000-12/03/07
Batch ID                                       33129351
Payee Code                                    055014614
Lender Loan ID                               3330002175
Servicer Name                        U. S. MORTGAGE CORP.
Servicer No.                                23884-000-7
Address                              11 PHILIP TERRACE
Property City                                     SUSSEX
Property State                                        NJ
Property Zip Code                                 07461
Original Ln Amt/Line Amt                      340000.00
Original Note Rate                                6.375
First Paymnt Due                          Mar 1, 2007
Loan Term                                          360
Loan P&I Amt(monthly)                          2121.16
Submission Type/Lien                     Whole/First
Amortization Type                          Fixed Rate
Loan Type                                            3
Certification Priority                             080
FNMA Loan No.                               4005661271
Mortgage Type                                    Other

CSC FYI Comments:
Delivers notes and assignments separately.  Accept endorsements from subsidiaries: Skyline Mo
rtgage, Datek Mortgage, and DBA Lending Solutions.

Variance:
No Variances



Received: 11/27/2007
Printed : 11/28/2007

FNMA-USM000000941

# ORIGINAL

## NOTE

January 19, 2007          NEWTON          New Jersey
[Date]                    [City]                [State]

11 PHILIP TERRACE
SUSSEX, NJ 07461

[Property Address]

**1. BORROWER'S PROMISE TO PAY**

In return for a loan that I have received, I promise to pay U.S. $340,000.00              (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is Picatinny Federal Credit Union, A Federal Credit Union

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

**2. INTEREST**

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of        6.3750%.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

**3. PAYMENTS**

**(A) Time and Place of Payments**

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the        1st        day of each month beginning on        **March 01, 2007**        . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on **February 01, 2037**                , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at PO Box 682, Pine Brook, NJ 07058

or at a different place if required by the Note Holder.

**(B) Amount of Monthly Payments**

My monthly payment will be in the amount of U.S. **$2,121.16**

**4. BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT          Form 3200 1/01
ITEM 1846L1 (0400)                                                                          GreatDocs ™
                                                                                           (Page 1 of 3)

AFCD3002                                                            3330002175

FNMA-USM000000942

**5.  LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

**6.  BORROWER'S FAILURE TO PAY AS REQUIRED**

(A)  **Late Charge for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of       **Fifteen**        calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be        **5.0000%** of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

(B)  **Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

(C)  **Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

(D)  **No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

(E)  **Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**7.  GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**8.  OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9.  WAIVERS**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10.  UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in

---

**MULTISTATE FIXED RATE NOTE**—Single Family—**Fannie Mae/Freddie Mac UNIFORM INSTRUMENT**

ITEM 1844L2 (0409)
MFCD3002

Form 3200 1/01
GreatDocs™
(Page 2 of 3)
3330002175

FNMA-USM000000943

this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

Borrower has executed and acknowledges receipt of pages 1 through 3 of this Note.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)        _____ (Seal)
KARIN D. GRUBER          -Borrower     JOHN W. GRUBER, II        -Borrower

_____ (Seal)        _____ (Seal)
                         -Borrower                               -Borrower

_____ (Seal)        _____ (Seal)
                         -Borrower                               -Borrower

PAY TO THE ORDER OF                                      [Sign Original Only]

WITHOUT RECOURSE
U.S. MORTGAGE CORPORATION

_____
GARY KRSKIN
WAREHOUSE COORDINATOR

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

ITEM 1848L3 (0008)
MFCD3002

Form 3200 1/01
GreatDocs™
(Page 3 of 3)
3330002175

FNMA-USM000000944

ALLONGE TO PROMISSORY NOTE

**LOAN INFORMATION**

Loan Number: 3330002175

Borrower(s)    KARIN D. GRUBER, JOHN W. GRUBER, II

Property Address: 11 PHILIP TERRACE, SUSSEX, NJ  07461

Note Amount: 340,000.00

Note Date:    January 19, 2007

Pay to the order of:
U.S. MORTGAGE CORPORATION

Without Recourse

Picatinny Federal Credit Union

Name    MICHAEL J. MCGRATH, JR.

Title    AVP

US4057

FNMA-USM000000945

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

**Recording RequestedBy/ReturnTo:**   MORTGAGE DEPT
                             19D CHAPIN ROAD, PO BOX 2014, PINE BROOK, NJ 07058

Loan Number: 3330802175

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
                      100 MINERAL SPRINGS ROAD, DOVER, 07801
does hereby grant, sell, assign, transfer and convey, unto   US MORTGAGE CORP.

                                              , a corporation organized and
existing under the laws of        **New Jersey**       (herein "Assignee"), whose address is
                      19D CHAPIN ROAD, PINE BROOK, NJ 07058

a certain Mortgage dated  January 18, 2007         , made and executed by

          KARIN D. GRUBER AND JOHN W. GRUBER, II, WIFE AND HUSBAND

to and in favor of   PICATINNY FEDERAL CREDIT UNION           and given to secure

payment of  , ( 340,000.00    ) Three Hundred Forty Thousand
             (Include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.    8035     , at page   24     (or as

No.  00097813    ) of the         Records of   SUSSEX

County, State of   NJ         , recorded on    3/7/2007    , together with the note(s) and obligations
therein described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage.

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on  November 27, 2007

                                             PICATINNY FEDERAL CREDIT UNION
                                            BY:

_____         /MICHAEL J. MCGRATH, JR.
Witness

_____         AVP
Witness

_____

Attest

Seal:

This Instrument Prepared By:  PICATINNY FEDERAL CREDIT UNION
address: 100 MINERAL SPRINGS ROAD, DOVER, 07801
STATE OF  New Jersey  COUNTY OF   Morris

I CERTIFY THAT ON November 27, 2007         , Michael J McGrath
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)     WAS THE MAKER OF THIS INSTRUMENT
(B)     WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
         AS   AVP            OF   PICATINNY FEDERAL CREDIT UNION

(C)     EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT

                                  NOTARY

US4269

                                  SUZANNE MARIA CAVALLUZZO
                                  NOTARY PUBLIC OF NEW JERSEY
                                  Commission Expires 7/22/2008

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

Recording RequestedBy/ReturnTo:   MORTGAGE DEPT
                                   19D CHAPIN ROAD, PO BOX 2014, PINE BROOK, NJ 07058

Loan Number:  3330902175

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
                         **19D Chapin Road, Pine Brook, New Jersey 07058**
does hereby grant, sell, assign, transfer and convey, unto

### Federal National Mortgage Association

                                              , a corporation organized and
                                              (herein "Assignee"), whose address is
existing under the laws of

                    **3900 Washington Avenue NW, Washington, DC 20016**

a certain Mortgage dated **January 19, 2007**          , made and executed by

            **KARIN D. GRUBER AND JOHN W. GRUBER, II, WIFE AND HUSBAND**

to and in favor of  US Mortgage Corp.                              and given to secure

payment of   ( 340,000.00          ) Three Hundred Forty Thousand
                   (Include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.   8035        , at page   24        (or as

No.  00007013   ) of the                   Records of   SUSSEX

County, State of  NJ          , recorded on    03/07/2007      , together with the note(s) and obligations therein
described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage.

    TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
    IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on  November 27, 2007

                                              **US Mortgage Corp.**

                                              BY:
_____                          JOHN KUSKIN
Witness

                                              AVP
_____
Witness

Attest

Seal:

This Instrument Prepared By:
address:  19D Chapin Road, Pine Brook, NJ 07058

STATE OF NEW JERSEY,   COUNTY OF MORRIS

I CERTIFY THAT ON **November 27, 2007**
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)    WAS THE MAKER OF THIS INSTRUMENT
(B)    WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
       AS  AVP              OP   US Mortgage Corp.
(C)    EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT.

                                              NOTARY

US4290                                    MARIE MARIA CAVALLUZZO
                                          Y PUBLIC OF NEW JERSEY
                                          ssion Expires 7/22/2008

FNMA-USM000000947

Region

DDF0000007412544

| | |
|---|---|
| Product Type | |
| Seller Name | U. S. MORTGAGE CORP. |
| Seller No. | 23884-000-7 |
| Contract No.- Expiration Date | 352000-12/03/07 |
| Batch ID | 33129351 |
| Payee Code | 055014614 |
| Lender Loan ID | 3330002274 |
| Servicer Name | U. S. MORTGAGE CORP. |
| Servicer No. | 23884-000-7 |
| Address | 1 OLD WOOD LANE |
| Property City | HAMPTON TOWNSHI |
| Property State | NJ |
| Property Zip Code | 07860 |
| Original Ln Amt/Line Amt | 249950.00 |
| Original Note Rate | 6.375 |
| First Paymnt Due | Apr 1, 2007 |
| Loan Term | 360 |
| Loan P&I Amt(monthly) | 1559.37 |
| Submission Type/Lien | Whole/First |
| Amortization Type | Fixed Rate |
| Loan Type | 3 |
| Certification Priority | 080 |
| FNMA Loan No. | 4005661272 |
| Mortgage Type | Other |

CSC FYI Comments:
Delivers notes and assignments separately.  Accept endorsements from subsidiaries: Skyline Mortgage, Datek Mortgage, and DBA Lending Solutions.

Variance:
No Variances



Received: 11/27/2007
Printed : 11/28/2007

FNMA-USM000000761

# ORIGINAL

## NOTE

| February 07, 2007 | PINE BROOK | New Jersery |
|---|---|---|
| [Date] | [City] | [State] |

**1 OLD WOOD LANE**
**HAMPTON TOWNSHIP, NJ 07860**

[Property Address]

### 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $249,950.00 (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is Picatinny Federal Credit Union, A Federal Credit Union

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

### 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of 6.3750%.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

### 3. PAYMENTS

**(A) Time and Place of Payments**

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the 1st day of each month beginning on April 01, 2007. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on March 01, 2037, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at PO Box 682, Pine Brook, NJ 07058

or at a different place if required by the Note Holder.

**(B) Amount of Monthly Payments**

My monthly payment will be in the amount of U.S. $1,559.37

### 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

ITEM 1648L1 (0409)

Form 3200 1/01
GreatDocs™
(Page 1 of 3)

**MFCD3002**

3330002274

(b)   WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
AS *A//* OF US Mortgage Corp.
(c)   EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT.

NOTARY

US4290

ELAINE MARIA CAVALLUZZO
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 7/22/2008

FNMA-USM000000762

**5. LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

**6. BORROWER'S FAILURE TO PAY AS REQUIRED**

(A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of        **Fifteen**        calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be        **5.0000%** of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

(B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

(C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

(D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

(E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**7. GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**8. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9. WAIVERS**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10. UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

Form 3200 1/01
GreatDocs™
(Page 2 of 3)

ITEM 1846L2 (0409)
MFCD3002

3330002274

FNMA-USM000000763

this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

Borrower has executed and acknowledges receipt of pages 1 through 3 of this Note.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)
EDWARD DIPPEL                -Borrower

_Danielle Dippel_ (Seal)
DANIELLE DIPPEL              -Borrower

_____ (Seal)
                            -Borrower

_____ (Seal)
                            -Borrower

_____ (Seal)
                            -Borrower

_____ (Seal)
                            -Borrower

PAY TO THE ORDER OF

_[Sign Original Only]_

WITHOUT RECOURSE
U.S. MORTGAGE CORPORATION
_____
JOHN ATISKIN
WAREHOUSE COORDINATOR

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

Form 3200 1/01
GreatDocs ™
(Page 3 of 3)
3330002274

ITEM 1844L3 (0009)
MFCD3002

FNMA-USM000000764

## ALLONGE TO PROMISSORY NOTE

LOAN INFORMATION

Loan Number: 3330002274

Borrower(s)    EDWARD DIPPEL, DANIELLE DIPPEL

Property Address: 1 OLD WOOD LANE, HAMPTON TOWNSHIP, NJ 07860

Note Amount: 249,950.00

Note Date:    February 7, 2007

Pay to the order of:
U.S. MORTGAGE CORPORATION

Without Recourse

Picatinny Federal Credit Union

Name

MICHAEL J. MCGRATH, JR.

Title    AVP

US4057

FNMA-USM000000765

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

**Recording RequestedBy/ReturnTo:**   MORTGAGE DEPT
19D CHAPIN ROAD, PO BOX 2014. PINE BROOK, NJ 07058

Loan Number: 3330002274

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
**19D Chapin Road, Pine Brook, New Jersey 07058**
does hereby grant, sell, assign, transfer and convey, unto

**Federal National Mortgage Association**
, a corporation organized and
(herein "Assignee"), whose address is
existing under the laws of

**3900 Washington Avenue NW, Washington, DC 20016**

a certain Mortgage dated February 7, 2007              , made and executed by

**EDWARD DIPPEL AND DANIELLE DIPPEL, HIS WIFE**

and given to secure

to and in favor of  US Mortgage Corp.

payment of   , ( 249,950.00          ) Two Hundred Forty Nine Thousand Nine Hundred Fifty
(include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.    5093          , at page   90                          (or as

No.  00004670        ) of the                        Records of  SUSSEX

County, State of   NJ                  , recorded on       02/14/2007       , together with the note(s) and obligations therein
described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage.

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on  November 27, 2007

US Mortgage Corp.

BY: _____

_____                              JOHN KUSKIN
Witness

AVP

_____
Witness

_____
Attest

Seal:

This Instrument Prepared By:
address: 19D Chapin Road, Pine Brook, NJ 07058

STATE OF NEW JERSEY,   COUNTY OF MORRIS

I CERTIFY THAT ON **November 27, 2007**
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)      WAS THE MAKER OF THIS INSTRUMENT
(B)      WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
AS  AV                          OF    US Mortgage Corp.
(C)      EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT

NOTARY

US4290

JEANNE MARIA CAVALLUZZO
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 7/22/2008

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

<u>Recording RequestedBy/ReturnTo:</u>   MORTGAGE DEPT
                                           19D CHAPIN ROAD, PO BOX 2014, PINE BROOK, NJ 07058

Loan Number: 3330802274

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
                                       100 MINERAL SPRINGS ROAD, DOVER, 07801
does hereby grant, sell, assign, transfer and convey, unto   US MORTGAGE CORP.

                                                                          , a corporation organized and
                                                                          (herein "Assignee"), whose address is
existing under the laws of          **New Jersey**
                                       19D CHAPIN ROAD, PINE BROOK, NJ 07058

a certain Mortgage dated **February 7, 2007**          , made and executed by

                              **EDWARD DIPPEL AND DANIELLE DIPPEL, HIS WIFE**

to and in favor of   **PICATINNY FEDERAL CREDIT UNION**                    and given to secure

payment of   , ( 249,950.00          ) Two Hundred Forty Nine Thousand Nine Hundred Fifty
                              (Include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.   **8003**        , at page   **90**        (or as

No.  00004870      ) of the                    Records of   **SUSSEX**

County, State of   **NJ**              , recorded on   2/14/2007      , together with the note(s) and obligations
therein described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage.

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on  **November 27, 2007**

                                                        PICATINNY FEDERAL CREDIT UNION
                                                        BY:
Witness                                                 MICHAEL J. MCGRATH, JR.

Witness                                                 AVP

Attest

Seal:

This Instrument Prepared By:  PICATINNY FEDERAL CREDIT UNION
address: 100 MINERAL SPRINGS ROAD, DOVER, 07801

STATE OF _New Jersey_ , COUNTY OF _Morris_

I CERTIFY THAT ON November 27, 2007      , Michael J. Hearn
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)   WAS THE MAKER OF THIS INSTRUMENT
(B)   WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
      AS _AVP_            OF  PICATINNY FEDERAL CREDIT UNION

(C)   EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT
                                                        NOTARY

US4289

                                        SUZANNE MARIA CAVALLUZZO
                                        NOTARY PUBLIC OF NEW JERSEY
                                        Commission Expires 7/22/2008

FNMA-USM000000768

Region  2

DDF0000007412778

| Product Type | |
|---|---|
| Seller Name | U. S. MORTGAGE CORP. |
| Seller No. | 23884-000-7 |
| Contract No.- Expiration Date | 352000-12/03/07 |
| Batch ID | 33129351 |
| Payee Code | 055014614 |
| Lender Loan ID | 3330002295 |
| Servicer Name | U. S. MORTGAGE CORP. |
| Servicer No. | 23884-000-7 |
| Address | 244 ROUTE 661 |
| Property City | FREYLINGHUYSEN |
| Property State | NJ |
| Property Zip Code | 07846 |
| Original Ln Amt/Line Amt | 228000.00 |
| Original Note Rate | 6.25 |
| First Paymnt Due | May 1, 2007 |
| Loan Term | 360 |
| Loan P&I Amt(monthly) | 1403.84 |
| Submission Type/Lien | Whole/First |
| Amortization Type | Fixed Rate |
| Loan Type | 3 |
| Certification Priority | 080 |
| FNMA Loan No. | 4005661273 |
| Mortgage Type | Other |

CSC FYI Comments:
Delivers notes and assignments separately.  Accept endorsements from subsidiaries: Skyline Mo
rtgage, Datek Mortgage, and DBA Lending Solutions.

Variance:
No Variances



Received: 11/27/2007
Printed : 11/28/2007

FNMA-USM000000754

# NOTE

## ORIGINAL

March 07, 2007
[Date]

PHILLIPSBURG
[City]

New Jersey
[State]

244 ROUTE 661
FREYLINGHUYSEN TOWNSHIP, NJ 07846

[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $228,000.00 (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is Picatinny Federal Credit Union, A Federal Credit Union

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of        6.2500%.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3. PAYMENTS

(A) Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the       1st       day of each month beginning on       May 01, 2007       . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on April 01, 2037       , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at PO Box 682, Pine Brook, NJ 07058

or at a different place if required by the Note Holder.

(B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $1,403.84

## 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

Form 3200 1/01
GreatDocs™
(Page 1 of 3)

ITEM 1840L.1 (0409)

MFCD3002

3330002295

FNMA-USM000000755

**5.  LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

**6.  BORROWER'S FAILURE TO PAY AS REQUIRED**

(A)  **Late Charge for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of        **Fifteen**        calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be        **5.0000%** of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

(B)  **Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

(C)  **Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

(D)  **No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

(E)  **Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**7.  GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**8.  OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9.  WAIVERS**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10.  UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

Form 3200 1/01
GreatDocs ™
*(Page 2 of 3)*
3330002295

ITEM 1844L2 (0609)
**MFCD3002**

FNMA-USM000000756

this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

Borrower has executed and acknowledges receipt of pages 1 through 3 of this Note.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_Debra A. Coffman_ _____ (Seal)     _____ (Seal)
DEBRA A. COFFMAN                -Borrower                                        -Borrower

_____ (Seal)     _____ (Seal)
                -Borrower                                        -Borrower

_____ (Seal)     _____ (Seal)
                -Borrower                                        -Borrower

PAY TO THE ORDER OF                                    [Sign Original Only]

WITHOUT RECOURSE
U.S. MORTGAGE CORPORATION

_signature_
JOHN KISKIN
WAREHOUSE COORDINATOR

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

ITEM 1646L3 (0607)
MFCD3002

Form 3280 1/01
GreatDocs™
(Page 3 of 3)
3330002295

FNMA-USM000000757

## ALLONGE TO PROMISSORY NOTE

**LOAN INFORMATION**

Loan Number: 3330002295

Borrower(s)   DEBRA A. COFFMAN

Property Address: 244 ROUTE 661, FREYLINGHUYSEN TOWNSHIP, NJ 07846

Note Amount: 226,000.00

Note Date:   March 7, 2007

Pay to the order of:
U.S. MORTGAGE CORPORATION

Without Recourse

Picatinny Federal Credit Union

Name
   MICHAEL J. MCGRATH, JR.

Title   AVP

US4057

FNMA-USM000000758

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

<u>Recording RequestedBy/ReturnTo:</u>   MORTGAGE DEPT
19D CHAPIN ROAD, PO BOX 2014. PINE BROOK, NJ 07058

Loan Number:  3330002295

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
100 MINERAL SPRINGS ROAD, DOVER, 07801.
does hereby grant, sell, assign, transfer and convey, unto   US MORTGAGE CORP.

, a corporation organized and
existing under the laws of          New Jersey          (herein "Assignee"), whose address is
19D CHAPIN ROAD, PINE BROOK, NJ 07058

a certain Mortgage dated  March  7, 2007          , made and executed by

DEBRA A COFFMAN, MARRIED

to and in favor of   PICATINNY FEDERAL CREDIT UNION                    and given to secure

payment of  , ( 228,000.00          ) Two Hundred Twenty Eight Thousand
(include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.    4674          , at page   102          (or as

No. 2007-00296692     ) of the                    Records of  WARREN

County, State of   NJ                    , recorded on          3/ 8/2007          , together with the note(s) and obligations
therein described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage.

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on  November 27, 2007

PICATINNY FEDERAL CREDIT UNION

BY:

Witness                                              MICHAEL J. MCGRATH, JR.

Witness                                              AVP

Attest

Seal:

This Instrument Prepared By:  PICATINNY FEDERAL CREDIT UNION
address: 100 MINERAL SPRINGS ROAD, DOVER, 07801

STATE OF   New Jersey   , COUNTY OF

I CERTIFY THAT ON November 27, 2007
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)     WAS THE MAKER OF THIS INSTRUMENT
(B)     WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
        AS _____ OF   PICATINNY FEDERAL CREDIT UNION

(C)     EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT

NOTARY

JULIANNE MARIA CAVALLUZZO
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 7/22/2008

US4289

FNMA-USM000000759

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

**Recording RequestedBy/ReturnTo:**   MORTGAGE DEPT
                                       19D CHAPIN ROAD, PO BOX 2014, PINE BROOK, NJ 07058

Loan Number:  3330002295

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
**19D Chapin Road, Pine Brook, New Jersey 07058**
does hereby grant, sell, assign, transfer and convey, unto

**Federal National Mortgage Association**
                                                         , a corporation organized and
                                                         (herein "Assignee"), whose address is
existing under the laws of

**3900 Washington Avenue NW, Washington, DC 20016**

a certain Mortgage dated  March 7, 2007              , made and executed by

**DEBRA A COFFMAN, MARRIED**

to and in favor of  US Mortgage Corp.                                   and given to secure

payment of   , (  228,000.00       ) Two Hundred Twenty Eight Thousand
                                    (Include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.     4874         , at page   102        (or as

No.  2007-00296892     ) of the                       Records of  WARREN

County, State of  NJ         , recorded on       03/08/2007     , together with the note(s) and obligations therein
described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage.

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on  November 27, 2007

                                                         US Mortgage Corp.
                                                         BY:
_____                                      JOHN KUSKIN
Witness
                                                              AVP
_____
Witness

_____
Attest

Seal:

This Instrument Prepared By:
address:  19D Chapin Road, Pine Brook, NJ 07058

STATE OF NEW JERSEY,  COUNTY OF MORRIS

I CERTIFY THAT ON  November 27, 2007
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)    WAS THE MAKER OF THIS INSTRUMENT
(B)    WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
       AS  AVP                OF    US Mortgage Corp.
(C)    EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT.

                                      NOTARY

                                         SUZANNE MARIA CAVALLUZZO
                                         NOTARY PUBLIC OF NEW JERSEY
                                         Commission Expires 7/22/2008

US4280

FNMA-USM000000760

Region                                                    2

                                   DDF0000007412779

Product Type
Seller Name                         U. S. MORTGAGE CORP.
Seller No.                                   23884-000-7
Contract No.- Expiration Date       352000-12/03/07
Batch ID                                        33129351
Payee Code                                     055014614
Lender Loan ID                                3330002345
Servicer Name                       U. S. MORTGAGE CORP.
Servicer No.                                 23884-000-7
Address                       52 RIDGEDALE AVENUE UNIT F
Property City                                 MORRISTOWN
Property State                                        NJ
Property Zip Code                                  07960
Original Ln Amt/Line Amt                      260000.00
Original Note Rate                                   6.5
First Paymnt Due                           Apr 1, 2007
Loan Term                                            360
Loan P&I Amt(monthly)                           1643.38
Submission Type/Lien                        Whole/First
Amortization Type                            Fixed Rate
Loan Type                                              3
Certification Priority                               080
FNMA Loan No.                                 4005661274
Mortgage Type                                      Other

CSC FYI Comments:
Delivers notes and assignments separately.  Accept endorsements from subsidiaries: Skyline Mo
rtgage, Datek Mortgage, and DBA Lending Solutions.

Variance:
No Variances



ORIGINAL

# NOTE

February 23, 2007          **PARSIPPANY**          New Jersey
[Date]                      [City]                  [State]

**52 RIDGEDALE AVENUE, Unit F**
**MORRISTOWN, NJ 07960**

[Property Address]

**1. BORROWER'S PROMISE TO PAY**

In return for a loan that I have received, I promise to pay U.S. $260,000.00 (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is Picatinny Federal Credit Union, A Federal Credit Union

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

**2. INTEREST**

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of 6.5000%.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

**3. PAYMENTS**

(A) Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the 1st day of each month beginning on April 01, 2007. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on March 01, 2037, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at PO Box 682, Pine Brook, NJ 07058

or at a different place if required by the Note Holder.

(B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $1,643.38

**4. BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT          Form 3200 1/01
                                                                                              GreatDocs™
ITEM 1844L1 (0409)                                                                             (Page 1 of 3)

MFCD3002                                                                                        3330002345

I CERTIFY THAT ON November 27, 2007
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)    WAS THE MAKER OF THIS INSTRUMENT
(B)    WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
       AS A/O                    OF    US Mortgage Corp.
(C)    EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT

                                        _____
                                        NOTARY

                                        SUZANNE MARIA CAVALLUZZO
                                        NY PUBLIC OF NEW JERSEY
                                        Commission Expires 7/22/2008

US4280

FNMA-USM000000748

## 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

**(A) Late Charge for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of   **Fifteen**   calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be   **5.0000%** of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

**(D) No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 10. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in

---

**MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT**

**ITEM 1646L2 (0609)**
**MFCD3002**

**Form 3200 1/01**
GreatDocs ™
*(Page 2 of 3)*
**3330002345**

FNMA-USM000000749

this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

Borrower has executed and acknowledges receipt of pages 1 through 3 of this Note.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)          _____ (Seal)
DANIEL J. SCHIMPF              -Borrower                                       -Borrower


_____ (Seal)          _____ (Seal)
                              -Borrower                                       -Borrower


_____ (Seal)          _____ (Seal)
                              -Borrower                                       -Borrower

PAY TO THE ORDER OF

_____                 [Sign Original Only]
WITHOUT RECOURSE
U.S. BANK, N.A. CORPORATION
_____
JOHN KISKIN
WAREHOUSE COORDINATOR

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT          Form 3200 1/01
                                                                                            GreatDocs™
ITEM 1644L3 (0009)                                                                          (Page 3 of 3)
MFCD3002                                                                                    3330002345

FNMA-USM000000750