## ALLONGE TO PROMISSORY NOTE

<u>LOAN INFORMATION</u>

Loan Number: 3330002345

Borrower(s)    DANIEL J. SCHIMPF                    :

Property Address: 52 RIDGEDALE AVENUE, Unit F, MORRISTOWN, NJ 07960

Note Amount: 260,000.00

Note Date:    February 23, 2007

Pay to the order of:
U.S. MORTGAGE CORPORATION

_____

Without Recourse

Picatinny Federal Credit Union

Name    MICHAEL J. MCGRATH, JR.

Title    AVP

US4057

FNMA-USM000000751

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

**Recording RequestedBy/ReturnTo:**   MORTGAGE DEPT
                                         19D CHAPIN ROAD, PO BOX 2014, PINE BROOK, NJ 07058

Loan Number:  3330002345

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
**19D Chapin Road, Pine Brook, New Jersey 07058**
does hereby grant, sell, assign, transfer and convey, unto

**Federal National Mortgage Association**
                                                      , a corporation organized and
existing under the laws of                            (herein "Assignee"), whose address is

**3900 Washington Avenue NW, Washington, DC 20016**

a certain Mortgage dated  February 23, 2007          , made and executed by

**DANIEL J. SCHIMPF, UNMARRIED**

to and in favor of  US Mortgage Corp.                                  and given to secure

payment of  , ( 260,000.00          ) Two Hundred Sixty Thousand
                     (include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.     20771          , at page   8102        (or as

No.  2007028176      ) of the                    Records of  MORRIS

County, State of  NJ            , recorded on        03/19/2007      , together with the note(s) and obligations therein
described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage.

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on  November 27, 2007

                                                 US Mortgage Corp.

_____        BY: _____
Witness                                        JOHN KUSKIN

_____                 AVP
Witness

Attest

Seal:

This Instrument Prepared By:
address:  19D Chapin Road, Pine Brook, NJ 07058

STATE OF NEW JERSEY,   COUNTY OF MORRIS

I CERTIFY THAT ON **November 27, 2007**
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)   WAS THE MAKER OF THIS INSTRUMENT
(B)   WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
      AS AVP                      OF    US Mortgage Corp.
(C)   EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT

                                  _____
                                  NOTARY

                            SUZANNE MARIA CAVALLUZZO
US4290                      : TY PUBLIC OF NEW JERSEY
                            _ommission Expires 7/22/2008

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

<u>Recording RequestedBy/ReturnTo:</u>   MORTGAGE DEPT
                                          19D CHAPIN ROAD, PO BOX 2014. PINE BROOK, NJ 07058

Loan Number:  3330002345

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
                                          100 MINERAL SPRINGS ROAD, DOVER, 07801
does hereby grant, sell, assign, transfer and convey, unto   US MORTGAGE CORP.

                                                                      , a corporation organized and
existing under the laws of          **New Jersey**          (herein "Assignee"), whose address is
                                    19D CHAPIN ROAD, PINE BROOK, NJ 07058

a certain Mortgage dated  February 23, 2007          , made and executed by

                         DANIEL J. SCHIMPF, UNMARRIED

to and in favor of   PICATINNY FEDERAL CREDIT UNION                      and given to secure

payment of   , ( 260,000.00         ) Two Hundred Sixty Thousand
                            (Include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.    20771        , at page   0102        (or as

No. 2007026176     ) of the                    Records of  MORRIS

County, State of  NJ              , recorded on      3/19/2007     , together with the note(s) and obligations
therein described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage.

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on  November 27, 2007

                                                   PICATINNY FEDERAL CREDIT UNION
                                                   BY:
_____
Witness                                            MICHAEL J. MCGRATH, JR.

_____
Witness                                            AVP

_____
Attest

Seal:

This Instrument Prepared By:  PICATINNY FEDERAL CREDIT UNION
address:  100 MINERAL SPRINGS ROAD, DOVER, 07801
STATE OF  New Jersey    , COUNTY OF    Morris

                                          Michael J. McGrath
I CERTIFY THAT ON November 27, 2007
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)    WAS THE MAKER OF THIS INSTRUMENT
(B)    WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
       AS ____AVP_____OF   PICATINNY FEDERAL CREDIT UNION

(C)    EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT

                                                   NOTARY

US4289                                             SUZANNE MARIA CAVALLUZZO
                                                   NOTARY PUBLIC OF NEW JERSEY
                                                   Commission Expires 7/22/2008

Region                                                    2

DDF0000007412545

| | |
|---|---|
| Product Type | |
| Seller Name | U. S. MORTGAGE CORP. |
| Seller No. | 23884-000-7 |
| Contract No.- Expiration Date | 352002-12/03/07 |
| Batch ID | 33129352 |
| Payee Code | 055014614 |
| Lender Loan ID | 3330002216 |
| Servicer Name | U. S. MORTGAGE CORP. |
| Servicer No. | 23884-000-7 |
| Address | 247 RIVER ROAD UNIT 4 |
| Property City | PISCATAWAY |
| Property State | NJ |
| Property Zip Code | 08854 |
| Original Ln Amt/Line Amt | 375250.00 |
| Original Note Rate | 5.75 |
| First Paymnt Due | Mar 1, 2007 |
| Loan Term | 360 |
| Loan P&I Amt(monthly) | 2189.86 |
| Submission Type/Lien | Whole/First |
| Amortization Type | Fixed Rate |
| Loan Type | 3 |
| Certification Priority | 080 |
| FNMA Loan No. | 4005661275 |
| Mortgage Type | Other |

CSC FYI Comments:
Delivers notes and assignments separately.  Accept endorsements from subsidiaries: Skyline Mo
rtgage, Datek Mortgage, and DBA Lending Solutions.

Variance:
No Variances



Received: 11/27/2007
Printed : 11/28/2007

FNMA-USM000000740

**ORIGINAL**

# NOTE

January 31, 2007
[Date]

East Brunswick
[City]

New Jersey
[State]

247 RIVER ROAD, Unit 4
PISCATAWAY, NJ 08854

[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $375,250.00          (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is **Picatinny Federal Credit Union, A Federal Credit Union**

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of    **5.7500%**.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3. PAYMENTS

**(A) Time and Place of Payments**

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the   **1st**   day of each month beginning on   **March 01, 2007** . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on **February 01, 2037** , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at **PO Box 682, Pine Brook, NJ 07058**

or at a different place if required by the Note Holder.

**(B) Amount of Monthly Payments**

My monthly payment will be in the amount of U.S. **$2,189.86**

## 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

ITEM 1646L1 (0011)

Form 3200 1/01
GreatDocs™
(Page 1 of 3)

FNMA-USM000000741

**5. LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

**6. BORROWER'S FAILURE TO PAY AS REQUIRED**

**(A) Late Charge for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of **Fifteen** calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **5.0000%** of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

**(D) No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**7. GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**8. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9. WAIVERS**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10. UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

ITEM 1648L2 (0409)
**MFCD3002**

Form 3200 1/01
GreatDocs™
(Page 2 of 3)
**3330002216**

FNMA-USM000000742

this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

Borrower has executed and acknowledges receipt of pages 1 through 3 of this Note.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)
TAREK ABULMAGD                      -Borrower

_____ (Seal)
NANCY M. SAID                       -Borrower

_____ (Seal)
                                    -Borrower

_____ (Seal)
                                    -Borrower

_____ (Seal)
                                    -Borrower

_____ (Seal)
                                    -Borrower

PAY TO THE ORDER OF

*[Sign Original Only]*

WITHOUT RECOURSE
U.S. MORTGAGE CORPORATION

_____
JOHN NISKIN
WAREHOUSE COORDINATOR

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT .

ITEM 1846L3 (0409)
MFCD3002

Form 3200 1/01
GreatDocs™
(Page 3 of 3)
3330002216

FNMA-USM000000743

## ALLONGE TO PROMISSORY NOTE

**LOAN INFORMATION**

Loan Number:  3330002216

Borrower(s)   TAREK ABULMAGD, NANCY M. SAID

Property Address: 247 RIVER ROAD, Unit 4, PISCATAWAY, NJ 08854

Note Amount:  375,250.00

Note Date:    January 31, 2007

Pay to the order of:
U.S. MORTGAGE CORPORATION

_____

Without Recourse

Picatinny Federal Credit Union

Name   MICHAEL J. MCGRATH, JR.

Title ·   AVP

US4057

FNMA-USM000000744

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

Recording Requested By/Return To:   MORTGAGE DEPT
                                     19D CHAPIN ROAD, PO BOX 2014. PINE BROOK, NJ 07058

Loan Number:   3330082216

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
                    19D Chapin Road, Pine Brook, New Jersey 07058
does hereby grant, sell, assign, transfer and convey, unto

### Federal National Mortgage Association
                                                    , a corporation organized and
existing under the laws of                          (herein "Assignee"), whose address is

              3900 Washington Avenue NW, Washington, DC 20016

a certain Mortgage dated  January 31, 2007          , made and executed by

          TAREK ABULMAGD AND NANCY M. SAID, HUSBAND AND WIFE

to and in favor of  US Mortgage Corp.                          and given to secure

payment of  , [ 375,250.00      ] Three Hundred Seventy Five Thousand Two Hundred Fifty
                          (Include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.   12185       , at page   0593        (or as

No.  200702210326       ) of the              Records of  MIDDLESEX

County, State of  NJ              , recorded on    02/21/2007    , together with the note(s) and obligations therein
described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage.

    TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
    IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on  November 27, 2007

                                          US Mortgage Corp.

                                          BY:
_____                        JOHN KUSKIN
Witness

                                               AVP
_____
Witness

_____
Attest

Seal:

This Instrument Prepared By:
address:  19D Chapin Road, Pine Brook, NJ 07058

STATE OF NEW JERSEY,   COUNTY OF MORRIS

I CERTIFY THAT ON November 27, 2007                    JOHN KUSKIN
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)     WAS THE MAKER OF THIS INSTRUMENT
(B)     WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
        AS        AVP            OF    US Mortgage Corp.
(C)     EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT

                                          NOTARY

US4290                                    ANNE MARIA CAVALLUZZO
                                          NOTARY PUBLIC OF NEW JERSEY
                                          Commission Expires 7/22/2008

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

**Recording RequestedBy/ReturnTo:**   MORTGAGE DEPT
19D CHAPIN ROAD, PO BOX 2014. PINE BROOK, NJ 07058

Loan Number:  3330002216

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
**160 MINERAL SPRINGS ROAD, DOVER, 07801**
does hereby grant, sell, assign, transfer and convey, unto   US MORTGAGE CORP.

, a corporation organized and
existing under the laws of                   **New Jersey**                   (herein "Assignee"), whose address is
**19D CHAPIN ROAD, PINE BROOK, NJ 07058**

a certain Mortgage dated  **January 31, 2007**                   , made and executed by

**TAREK ABULMAGD AND NANCY M. SAID, HUSBAND AND WIFE**

to and in favor of   **PICATINNY FEDERAL CREDIT UNION**                   and given to secure

payment of   , ( **375,250.00**          )  Three Hundred Seventy Five Thousand Two Hundred Fifty
(Include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.   **12185**          , at page   **0593**          (or as

No. **200702210326**   ) of the                   Records of   **MIDDLESEX**

County, State of   **NJ**                   , recorded on   **2/21/2007**          , together with the note(s) and obligations
therein described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage.

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on  **November 27, 2007**

PICATINNY FEDERAL CREDIT UNION

BY: _____
**MICHAEL J. MCGRATH, JR.**

**Witness** _____

**AVP**

**Witness** _____

**Attest** _____

**Seal:**

This Instrument Prepared By:  **PICATINNY FEDERAL CREDIT UNION**
address: **160 MINERAL SPRINGS ROAD, DOVER, 07801**
STATE OF _New Jersey_ , COUNTY OF _Morris_

, Michael J. Ward
I CERTIFY THAT ON **November 27, 2007**
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)     WAS THE MAKER OF THIS INSTRUMENT
(B)     WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
        AS   _AVP_                   OF   PICATINNY FEDERAL CREDIT UNION

(C)     EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT.

_____
**NOTARY**

SUZANNE MARIA CAVAL JR.
NOTARY PUBLIC OF NEW JERSEY
Commission Expires ? ?/?/2001

**US4289**

FNMA-USM000000746

Region

· 2 ·

DDF0000007412780

| | |
|---|---|
| Product Type | |
| Seller Name | U. S. MORTGAGE CORP. |
| Seller No. | 23884-000-7 |
| Contract No.- Expiration Date | 352005-12/03/07 |
| Batch ID | 33129353 |
| Payee Code | 055014614 |
| Lender Loan ID | 3330002030 |
| Servicer Name | U. S. MORTGAGE CORP. |
| Servicer No. | 23884-000-7 |
| Address | 705 WEST QUEEN CREEK RD. UNIT 1 |
| Property City | CHANDLER |
| Property State | AZ |
| Property Zip Code | 85248 |
| Original Ln Amt/Line Amt | 218000.00 |
| Original Note Rate | 7 |
| First Paymnt Due | Feb 1, 2007 |
| Loan Term | 360 |
| Loan P&I Amt(monthly) | 1450.36 |
| Submission Type/Lien | Whole/First |
| Amortization Type | Fixed Rate |
| Loan Type | 3 |
| Certification Priority | 080 |
| FNMA Loan No. | 4005661276 |
| Mortgage Type | Other |

CSC FYI Comments:
Delivers notes and assignments separately. Accept endorsements from subsidiaries: Skyline Mo
rtgage, Datek Mortgage, and DBA Lending Solutions.

Variance:
No Variances



Received: 11/27/2007
Printed : 11/28/2007

FNMA-USM000000955

# NOTE

**ORIGINAL**

| December 27, 2006 | MESA | Arizona |
|---|---|---|
| [Date] | [City] | [State] |

705 West Queen Creek Rd., Unit 1203
CHANDLER, AZ 85248

[Property Address]

**1.  BORROWER'S PROMISE TO PAY**

In return for a loan that I have received, I promise to pay U.S. $218,000.00          (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is Picatinny Federal Credit Union, A Federal Credit Union

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

**2.  INTEREST**

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of          7.0000%.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

**3.  PAYMENTS**

(A)  Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the          1st          day of each month beginning on          February 01, 2007 . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on January 01, 2037          , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at PO Box 682, Pine Brook, NJ 07058

or at a different place if required by the Note Holder.

(B)  Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $1,450.36

**4.  BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT          Form 3200 1/01

ITEM 1646L1 (0609)          GreatDocs™

(Page1 of 3)

MFCD3002          3330002030

STATE OF NEW JERSEY,  COUNTY OF MORRIS

I CERTIFY THAT ON **November 27, 2007**                    _John Kasken_
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)     WAS THE MAKER OF THIS INSTRUMENT
(B)     WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
        AS _AVP_                    OF          US Mortgage Corp.
(C)     EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT.

                                          _signature_
                                          NOTARY

US4290                    ..E MARIA CAVALLUZZO
                                          PUBLIC OF NEW JERSEY
                                          .. :sion Expires 7/20/2008

## 5.  LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 6.  BORROWER'S FAILURE TO PAY AS REQUIRED

**(A)  Late Charge for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of **Fifteen** calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **5.0000%** of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

**(B)  Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C)  Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

**(D)  No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E)  Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 7.  GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 8.  OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 9.  WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 10.  UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

Form 3200 1/01
GreatDocs™
(Page1 of3)
3330002030

ITEM 1646L2 (0009)
MFCD3002

FNMA-USM000000957

this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

Borrower has executed and acknowledges receipt of pages 1 through 3 of this Note.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_Mary Ann Hopler_ _____ (Seal)        _____ (Seal)
MARY ANN HOPLER                     -Borrower                                  -Borrower


_____ (Seal)        _____ (Seal)
                                    -Borrower                                  -Borrower


_____ (Seal)        _____ (Seal)
                                    -Borrower                                  -Borrower


PAY TO THE ORDER OF                                    [Sign Original Only]

WITHOUT RECOURSE
U.S. MORTGAGE CORPORATION

JOHN KUSKIN
WAREHOUSE COORDINATOR


MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

ITEM 1846L3 (0409)
MFCD3002

Form 3200 1/01
GreatDocs ™
(Page3 of 3)
3330002030

FNMA-USM000000958

## ALLONGE TO PROMISSORY NOTE

<u>LOAN INFORMATION</u>

Loan Number: 3330002030

Borrower(s)    MARY ANN HOPLER

Property Address: 705 West Queen Creek Rd., Unit 1203, CHANDLER, AZ 85248

Note Amount: 218,000.00

Note Data:    December 27, 2006

Pay to the order of:
U.S. MORTGAGE CORPORATION

_____

Without Recourse

Picatinny Federal Union

Name    MICHAEL J. MCGRATH, JR.

Title    AVP

US4057

FNMA-USM000000959

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

<u>Recording RequestedBy/ReturnTo:</u>   MORTGAGE DEPT
                                         19D CHAPIN ROAD, PO BOX 2014. PINE BROOK, NJ 07058

Loan Number:  3330002036

## ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
**19D Chapin Road, Pine Brook, New Jersey 07058**
does hereby grant, sell, assign, transfer and convey, unto

**Federal National Mortgage Association**
                                                     , a corporation organized and
                                                     (herein "Assignee"), whose address is
existing under the laws of

**3900 Washington Avenue NW, Washington, DC 20016**

a certain Mortgage dated  December 27, 2006      , made and executed by

**MARY ANN HOPLER, UNMARRIED**

                                                     and given to secure
to and in favor of  US Mortgage Corp.

payment of   ,  ( 218,000.00      ) Two Hundred Eighteen Thousand
                                 (include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.   NA          , at page  NA          (or as

No.  20061695853    ) of the              Records of   MARICOPA

County, State of  AZ          , recorded on      12/28/2006    , together with the note(s) and obligations therein
described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage.

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on  November 27, 2007

                                                     US Mortgage Corp.

                                                     BY:

----------------------------                         **JOHN KUSKIN**
Witness
                                                     **AVP**

----------------------------
Witness

Attest

Seal:

This Instrument Prepared By:
address:  19D Chapin Road, Pine Brook, NJ 07058

STATE OF NEW JERSEY,   COUNTY OF MORRIS

I CERTIFY THAT ON **November 27, 2007**
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)   WAS THE MAKER OF THIS INSTRUMENT
(B)   WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
      AS AVP                        OP   US Mortgage Corp.
(C)   EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT

                                                     NOTARY

                                                     MARIA CAVALLUZZO
                                                     PUBLIC OF NEW JERSEY
                                                     ...sion Expires 7/22/2008

US4290

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

**Recording RequestedBy/ReturnTo:**   MORTGAGE DEPT
19D CHAPIN ROAD, PO BOX 2014, PINE BROOK, NJ 07058

Loan Number:  3330002030

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
100 MINERAL SPRINGS ROAD, DOVER, 07801
does hereby grant, sell, assign, transfer and convey, unto   US MORTGAGE CORP.

, a corporation organized and
existing under the laws of               **New Jersey**               (herein "Assignee"), whose address is
19D CHAPIN ROAD, PINE BROOK, NJ 07058

a certain Mortgage dated December 27, 2006          , made and executed by

MARY ANN HOPLER, UNMARRIED

to and in favor of   PICATINNY FEDERAL CREDIT UNION                              and given to secure

payment of   ,  ( 218,000.00        ) Two Hundred Eighteen Thousand
(include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.     NA          , at page  NA          (or as

No. 20061605853    ) of the                    Records of  MARICOPA

County, State of   AZ            , recorded on      12/28/2006      , together with the note(s) and obligations
therein described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage.

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on  November 27, 2007

PICATINNY FEDERAL CREDIT UNION

BY: _____

_____
Witness                                        MICHAEL J. MCGRATH, JR.

_____
Witness                                        AVP

_____
Attest

Seal:

This Instrument Prepared By:  PICATINNY FEDERAL CREDIT UNION
address: 100 MINERAL SPRINGS ROAD, DOVER, 07801
STATE OF   New Jersey , COUNTY OF   Morris

I CERTIFY THAT ON November 27, 2007          , Michael J. McGrath
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)    WAS THE MAKER OF THIS INSTRUMENT
(B)    WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
        AS   AVP                                OF   PICATINNY FEDERAL CREDIT UNION

(C)    EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT

_____
NOTARY

US4289

Region

2

DDF0000007441455

| | |
|---|---|
| Product Type | |
| Seller Name | U. S. MORTGAGE CORP. |
| Seller No. | 23884-000-7 |
| Contract No.- Expiration Date | 361302-01/03/08 |
| Batch ID | 36129204 |
| Payee Code | 055014614 |
| Lender Loan ID | 3330001700 |
| Servicer Name | U. S. MORTGAGE CORP. |
| Servicer No. | 23884-000-7 |
| Address | 31 VERNON STREET |
| Property City | WOODBRIDGE TOWN |
| Property State | NJ |
| Property Zip Code | 07077 |
| Original Ln Amt/Line Amt | 338530.00 |
| Original Note Rate | 7.125 |
| First Paymnt Due | Dec 1, 2006 |
| Loan Term | 360 |
| Loan P&I Amt(monthly) | 2280.74 |
| Submission Type/Lien | Whole/First |
| Amortization Type | Fixed Rate |
| Loan Type | 3 |
| Certification Priority | 080 |
| FNMA Loan No. | 4005756471 |
| Mortgage Type | Other |

CSC FYI Comments:
Delivers notes and assignments separately. Accept endorsements from subsidiaries: Skyline Mortgage, Datek Mortgage, and DBA Lending Solutions.

Variance:
No Variances



Received: 12/27/2007
Printed : 12/28/2007

# NOTE

**ORIGINAL**

October 30, 2006
[Date]

**COLONIA**
[City]

**31 VERNON STREET**
**WOODBRIDGE TOWNSHIP, NJ 07077**

New Jersey
[State]

[Property Address]

## 1.  BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $338,530.00                    (this amount is called
"Principal"), plus interest, to the order of the Lender. The Lender is **Picatinny Federal Credit Union, A Federal Credit**
**Union**
I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is
entitled to receive payments under this Note is called the "Note Holder."

## 2.  INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly
rate of          **7.1250%.**

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section
6(B) of this Note.

## 3.  PAYMENTS

### (A)  Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the     **1st**     day of each month beginning on     **December 01, 2006**    .
I will make these payments every month until I have paid all of the principal and interest and any other charges described
below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied
to interest before Principal. If, on **November 01, 2036**              , I still owe amounts under this Note, I will pay those
amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at **PO Box 682, Pine Brook, NJ 07058**

or at a different place if required by the Note Holder.

### (B)  Amount of Monthly Payments

My monthly payment will be in the amount of U.S. **$2,280.74**

## 4.  BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as
a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a
payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my
Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my
Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the
Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my
monthly payment unless the Note Holder agrees in writing to those changes.

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT          Form 3200 1/01

ITEM 1646L1 (0012)
**MFCD3002**

*(Page 1 of 3 pages)*

GREATLAND ■
To Order Call: 1-800-530-9393 □ Fax 616-791-1131
**3330001700**

FNMA-USM000000871

**5. LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

**6. BORROWER'S FAILURE TO PAY AS REQUIRED**

**(A) Late Charge for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of **Fifteen** calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **5.0000 %** of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

**(D) No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**7. GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**8. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9. WAIVERS**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10. UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

Form 3200 1/01

*(Page 2 of 3 pages)*

GREATLAND ■
To Order Call: 1-800-530-9393 ☐ Fax 616-791-1131

ITEM 1846.3 (0518)
**MFCD3002**

3330001700

FNMA-USM000000872

this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

Borrower has executed and acknowledges receipt of pages 1 through 3 of this Note.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)          _____ (Seal)
RUTHANN CISZEWSKI                   -Borrower      ROBERT W. CISZEWSKI                   -Borrower


_____ (Seal)          _____ (Seal)
                                    -Borrower                                           -Borrower


_____ (Seal)          _____ (Seal)
                                    -Borrower                                           -Borrower


PAY TO THE ORDER OF                              [Sign Original Only]

WITHOUT RECOURSE
U.S. MORTGAGE CORPORATION

JUDY KUSKIN
WAREHOUSE COORDINATOR


MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT          Form 3200 1/01

ITEM 1846L5 (0011)                          (Page 3 of 3 pages)          GREATLAND ■
MFCD3002                                                                 To Order Call: 1-800-530-9393 □ Fax: 616-791-1131
                                                                         3330001700

FNMA-USM000000873

# ALLONGE TO PROMISSORY NOTE

**LOAN INFORMATION**

**Loan Number:** 3330001700

**Borrower(s)**   RUTHANN CISZEWSKI, ROBERT W. CISZEWSKI   :

**Property Address:** 31 VERNON STREET, WOODBRIDGE TOWNSHIP, NJ 07077

**Note Amount:** 338,530.00

**Note Date:**   October 30, 2006

Pay to the order of:
U.S. MORTGAGE CORPORATION

_____

Without Recourse

Picatinny Federal Credit Union

_____

**Name**   MICHAEL J. MCGRATH, JR.

**Title**   AVP

US4057

FNMA-USM000000874

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

**Recording RequestedBy/ReturnTo:**   MORTGAGE DEPT
                                        18D CHAPIN ROAD, PO BOX 2014, PINE BROOK, NJ 07058

Loan Number: **3330001700**

## ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
                                    **100 MINERAL SPRINGS ROAD, DOVER, 07801**
does hereby grant, sell, assign, transfer and convey, unto   US MORTGAGE CORP.

                                                                        , a corporation organized and
existing under the laws of            **New Jersey**          (herein "Assignee"), whose address is
                              **19D CHAPIN ROAD, PINE BROOK, NJ 07058**

a certain Mortgage dated **October 30, 2006**          , made and executed by

            RUTHANN CISZEWSKI AND ROBERT W CISZEWSKI, MARRIED TO EACH OTHER

to and in favor of   **PICATINNY FEDERAL CREDIT UNION**                         and given to secure

payment of  , ( **338,530.00**         )  Three Hundred Thirty Eight Thousand Five Hundred Thirty
                        (include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.    **12134**       , at page   **0233**        (or as

No. **200701260321**   ) of the                  Records of   **MIDDLESEX**

County, State of   **NJ**               , recorded on      **1/26/2007**      , together with the note(s) and obligations
therein described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage.

   TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
   IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on  **December 27, 2007**

                                            PICATINNY FEDERAL CREDIT UNION
                                            BY:
_____               _____
Witness                                      MICHAEL J. MCGRATH, JR.

_____                       AVP
Witness

_____

Attest

Seal:

This Instrument Prepared By:  PICATINNY FEDERAL CREDIT UNION
Address: **100 MINERAL SPRINGS ROAD, DOVER, 07801**

STATE OF  *New Jersey*  , COUNTY OF  *Morris*

I CERTIFY THAT ON **December 27, 2007** ,        *MICHAEL J. McGRATH*
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)     WAS THE MAKER OF THIS INSTRUMENT
(B)     WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
        AS   *AVP*                      OF   PICATINNY FEDERAL CREDIT UNION

(C)     EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT

                                            NOTARY
                                            SUZANNE MARIA CAVALUZZO
                                            NOTARY PUBLIC OF NEW JERSEY
                                            Commission Expires 7/22/2008

**US4289**

FNMA-USM000000875

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

Recording RequestedBy/ReturnTo: MORTGAGE DEPT
                                 19D CHAPIN ROAD, PO BOX 2014, PINE BROOK, NJ 07058

Loan Number: 3330001700

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
                        **19D Chapin Road, Pine Brook, New Jersey 07058**
does hereby grant, sell, assign, transfer and convey, unto

                        **Federal National Mortgage Association**
                                                            , a corporation organized and
                                                            (herein "Assignee"), whose address is
existing under the laws of

                        **3900 Washington Avenue NW, Washington, DC 20016**

a certain Mortgage dated October 30, 2006        , made and executed by

        RUTHANN CISZEWSKI AND ROBERT W CISZEWSKI, MARRIED TO EACH OTHER

                                                            and given to secure
to and in favor of  US Mortgage Corp.

payment of  , ( 338,530.00        ) Three Hundred Thirty Eight Thousand Five Hundred Thirty
                        (Include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.   12134        , at page  0233        (or as

No. 2007012603201        ) of the        Records of   MIDDLESEX

County, State of   NJ        , recorded on        01/26/2007        , together with the note(s) and obligations therein
described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage.

    TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
    IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on  December 27, 2007

                                            US Mortgage Corp.

_____              BY_____
Witness                                   JOHN KUSKIN

                                            AVP
_____
Witness

_____
Attest

Seal:

This Instrument Prepared By:
address: 19D Chapin Road, Pine Brook, NJ 07058

STATE OF NEW JERSEY,   COUNTY OF MORRIS

I CERTIFY THAT ON  December 27, 2007
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)    WAS THE MAKER OF THIS INSTRUMENT
(B)    WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
        AS        AVP        OF   US Mortgage Corp.
(C)    EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT.
                                            NOTARY

                                    SUZANNE MARIA CAVALLUZZO
US4280                              NOTARY PUBLIC OF NEW JERSEY
                                    Commission Expires 7/22/2000

Region                                                2

DDF0000007441456

| | |
|---|---|
| Product Type | |
| Seller Name | U. S. MORTGAGE CORP. |
| Seller No. | 23884-000-7 |
| Contract No.- Expiration Date | 361311- |
| Batch ID | 36129205 |
| Payee Code | 055014614 |
| Lender Loan ID | 3330001410 |
| Servicer Name | U. S. MORTGAGE CORP. |
| Servicer No. | 23884-000-7 |
| Address | 6 CARLA COURT |
| Property City | ROCKAWAY TWP |
| Property State | NJ |
| Property Zip Code | 07866 |
| Original Ln Amt/Line Amt | 360000.00 |
| Original Note Rate | 6.125 |
| First Paymnt Due | Nov 1, 2006 |
| Loan Term | 360 |
| Loan P&I Amt(monthly) | 2187.40 |
| Submission Type/Lien | Whole/First |
| Amortization Type | Fixed Rate |
| Loan Type | 3 |
| Certification Priority | 080 |
| FNMA Loan No. | 4005756472 |
| Mortgage Type | Other |

CSC FYI Comments:
Delivers notes and assignments separately.  Accept endorsements from subsidiaries: Skyline Mortgage, Datek Mortgage, and DBA Lending Solutions.

Variance:
No Variances



Received: 12/27/2007
Printed : 12/28/2007

FNMA-USM000000934



**ORIGINAL**

# NOTE

| September 29, 2006 | **DENVILLE** | **New Jersery** |
|---|---|---|
| [Date] | (City) | [State] |

**6 CARLA COURT**
**ROCKAWAY TWP, NJ 07866**

[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. **$360,000.00** (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is **Picatinny Federal Credit Union, A Federal Credit Union**
I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of **6.1250%**.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3. PAYMENTS

### (A) Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the **1st** day of each month beginning on **November 01, 2006**. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on **October 01, 2036**, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at **PO Box 682, Pine Brook, NJ 07058**

or at a different place if required by the Note Holder.

### (B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. **$2,187.40**

## 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

---

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

ITEM 1846L1 (0312)
**MFCD3002**

*(Page 1 of 3 pages)*

Form 3200 1/01

GREATLAND ■
To Order Call: 1-800-530-9393 ☐ Fax 616-791-1131

**3330001410**

## 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of **Fifteen** calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **5.0000%** of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

### (D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 10. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

Form 3200 1/01

GREATLAND ®
To Order Call: 1-800-530-9393 ☐ Fax 616-791-1131

ITEM 1646L2 (0312)
MFCD3002

*(Page 2 of 3 pages)*

3330001410

FNMA-USM000000936

this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

Borrower has executed and acknowledges receipt of pages 1 through 3 of this Note.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)
JAMES S. LUTZ                   -Borrower

_____ (Seal)
MEREDITH L. LUTZ                -Borrower

_____ (Seal)
ALLEN HANTMAN, ESQ.   WITNESS   -Borrower

_____ (Seal)
                                -Borrower

_____ (Seal)
                                -Borrower

_____ (Seal)
                                -Borrower

PAY TO THE ORDER OF                          [Sign Original Only]

WITHOUT RECOURSE
U.S. MORTGAGE CORPORATION

JOHN RUSKIN
WAREHOUSE COORDINATOR

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

Form 3200 1/01

GREATLAND ■
To Order Call: 1-800-530-9393 □ Fax: 616-791-1131

ITEM 1646L3 (0312)
MFCD3002

(Page 3 of 3 pages)

3330001410

FNMA-USM000000937

# ALLONGE TO PROMISSORY NOTE

## LOAN INFORMATION

Loan Number: 3330001410

Borrower(s)   JAMES S. LUTZ, MEREDITH L. LUTZ

Property Address: 6 CARLA COURT, ROCKAWAY TWP, NJ 07866

Note Amount: 360,000.00

Note Date:   September 29, 2006

Pay to the order of:
U.S. MORTGAGE CORPORATION

Without Recourse

Picatinny Federal Credit Union

Name

MICHAEL J. MCGRATH, JR.

Title   AVP

US4057

FNMA-USM000000938

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

**Recording RequestedBy/ReturnTo:**   MORTGAGE DEPT
19D CHAPIN ROAD, PO BOX 2014. PINE BROOK, NJ 07058

Loan Number:  3336001410

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
100 MINERAL SPRINGS ROAD, DOVER, 07801
does hereby grant, sell, assign, transfer and convey, unto   US MORTGAGE CORP.

, a corporation organized and
existing under the laws of        **New Jersey**            (herein "Assignee"), whose address is
19D CHAPIN ROAD, PINE BROOK, NJ 07058

a certain Mortgage dated  September 29, 2006          , made and executed by

JAMES S. LUTZ AND MEREDITH L. LUTZ, HIS WIFE

to and in favor of   PICATINNY FEDERAL CREDIT UNION                    and given to secure

payment of  ,  (  360,000.00        )  Three Hundred Sixty Thousand
(include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.    20637         , at page   1365          (or as

No.  2006096400   ) of the                       Records of   MORRIS

County, State of   NJ               , recorded on      10/ 5/2006     , together with the note(s) and obligations
therein described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage.

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on  December 27, 2007

PICATINNY FEDERAL CREDIT UNION
BY:

**Witness**                          MICHAEL J. MCGRATH, JR.

**Witness**                          AVP

**Attest**

**Seal:**

This Instrument Prepared By:  PICATINNY FEDERAL CREDIT UNION
address: 100 MINERAL SPRINGS ROAD, DOVER, 07801
STATE OF  New Jersey, COUNTY OF   Morris

I CERTIFY THAT ON December 27, 2007          ,  Michael J. McGrath
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)   WAS THE MAKER OF THIS INSTRUMENT
(B)   WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
AS           AVP           OF   PICATINNY FEDERAL CREDIT UNION

(C)   EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT

NOTARY

US4289                          SUZANNE MARIA CAVALLUZZO
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 7/22/3333

FNMA-USM000000939

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

**Recording RequestedBy/ReturnTo:**  MORTGAGE DEPT
19D CHAPIN ROAD, PO BOX 2014. PINE BROOK, NJ 07058

Loan Number: 3330001410

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
**19D Chapin Road, Pine Brook, New Jersey 07058**
does hereby grant, sell, assign, transfer and convey, unto

**Federal National Mortgage Association**
, a corporation organized and
(herein "Assignee"), whose address is
existing under the laws of

**3900 Washington Avenue NW, Washington, DC 20016**

a certain Mortgage dated September 29, 2006 , made and executed by

JAMES S. LUTZ AND MEREDITH L. LUTZ, HIS WIFE

to and in favor of  US Mortgage Corp. and given to secure

payment of  , ( 360,000.00 ) Three Hundred Sixty Thousand
(Include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.   20837 , at page  1355 (or as

No.  2006096460 ) of the Records of  MORRIS

County, State of  NJ , recorded on  10/23/2006 , together with the note(s) and obligations therein
described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage.

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on  December 27, 2007

US Mortgage Corp.

BY

_____                                          JOHN KUSKIN
Witness                                                                          AVP

_____
Witness

_____

Attest

Seal:

This Instrument Prepared By:
address: 19D Chapin Road, Pine Brook, NJ 07058

STATE OF NEW JERSEY,    COUNTY OF MORRIS

I CERTIFY THAT ON December 27, 2007
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)    WAS THE MAKER OF THIS INSTRUMENT
(B)    WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
       AS                                      OF    US Mortgage Corp.
(C)    EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT

_____
NOTARY

SUZANNE MARIA CAVALLERO
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 7/22/2008

US4290

FNMA-USM000000940

Region                                                                    2

                                        DDF0000007441613

Product Type
Seller Name                          U. S. MORTGAGE CORP.
Seller No.                              23884-000-7
Contract No.- Expiration Date        361263-01/03/08
Batch ID                                 36129291
Payee Code                              055014614
Lender Loan ID                         3330000431
Servicer Name                        U. S. MORTGAGE CORP.
Servicer No.                            23884-000-7
Address                              173 GROVE AVENUE
Property City                            VERONA
Property State                              NJ
Property Zip Code                         07044
Original Ln Amt/Line Amt               410000.00
Original Note Rate                          6.5
First Paymnt Due                      Jun 1, 2006
Loan Term                                   360
Loan P&I Amt(monthly)                    2591.48
Submission Type/Lien                  Whole/First
Amortization Type                      Fixed Rate
Loan Type                                    3
Certification Priority                      080
FNMA Loan No.                          4005756771
Mortgage Type                              Other

CSC FYI Comments:
Delivers notes and assignments seperately.  Accept endorsements from subsidiaries: Skyline Mo
rtgage, Datek Mortgage, and DBA Lending Solutions.

Variance:
No Variances



Received: 12/27/2007
Printed : 12/28/2007

FNMA-USM000000927

# ORIGINAL

# NOTE

**April 28, 2006**
[Date]

**NEWTON**
[City]

**New Jersery**
[State]

**173 GROVE AVENUE**
**VERONA, NJ 07044**

[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. **$410,000.00**         (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is **Picatinny Federal Credit Union, A Federal Credit Union**

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of      **6.5000%**.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3. PAYMENTS

### (A) Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the      **1st**     day of each month beginning on      **June 01, 2006**

I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on **May 01, 2036**           , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at **PO Box 682, Pine Brook, NJ  07058**

or at a different place if required by the Note Holder.

### (B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. **$2,591.48**

## 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

Form 3200 1/01
GREATLAND ■
To Order Call: 1-800-530-9393 ☐ Fax 616-791-1131

ITEM 1846L1 (0312)
MFCD3002

*(Page 1 of 3 pages)*

3330000431

FNMA-USM000000928

## 5.  LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 6.  BORROWER'S FAILURE TO PAY AS REQUIRED

### (A)  Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of **Fifteen** calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **5.0000%** of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

### (B)  Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C)  Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

### (D)  No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E)  Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 7.  GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 8.  OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 9.  WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 10.  UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

Form 3200 1/01

GREATLAND ®
To Order Call: 1-800-530-9393 □ Fax 616-791-1131

ITEM 1646L2 (0312)
MFCD3002

*(Page 2 of 3 pages)*

3330000431

FNMA-USM000000929

this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

Borrower has executed and acknowledges receipt of pages 1 through 3 of this Note.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)
NELSON COLON                         -Borrower

_____ (Seal)
MARIA COLON                          -Borrower

_____ (Seal)
                                     -Borrower

_____ (Seal)
                                     -Borrower

_____ (Seal)
                                     -Borrower

_____ (Seal)
                                     -Borrower

*[Sign Original Only]*

PAY TO THE ORDER OF

WITHOUT RECOURSE
U.S. MORTGAGE CORPORATION

JOHN RUSKIN
WAREHOUSE COORDINATOR

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

Form 3200 1/01

GREATLAND ■
To Order Call: 1-800-530-9393 ☐ Fax 616-791-1131
3330000431

*(Page 3 of 3 pages)*

ITEM 1646L3 (0312)
MFCD3002

FNMA-USM000000930

## ALLONGE TO PROMISSORY NOTE

LOAN INFORMATION

Loan Number: 3330000431

Borrower(s)   NELSON COLON, MARIA COLON

Property Address: 173 GROVE AVENUE, VERONA, NJ 07044

Note Amount: 410,000.00

Note Date:   April 28, 2006

Pay to the order of:
U.S. MORTGAGE CORPORATION

_____

Without Recourse

Picatinny Federal Credit Union

Name     MICHAEL J. MCGRATH, JR.

Title     AVP

US4057

FNMA-USM000000931

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

Recording RequestedBy/ReturnTo:   MORTGAGE DEPT
                                   190 CHAPIN ROAD, PO BOX 2014, PINE BROOK, NJ 07058

Loan Number: 3330050431

## ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
                           100 MINERAL SPRINGS ROAD, DOVER, 07801
does hereby grant, sell, assign, transfer and convey, unto   US MORTGAGE CORP.

                                                          , a corporation organized and
existing under the laws of          New Jersey          (herein "Assignee"), whose address is
                           190 CHAPIN ROAD, PINE BROOK, NJ 07058

a certain Mortgage dated  April 28, 2006          , made and executed by

              NELSON COLON AND MARIA COLON, HUSBAND AND WIFE

to and in favor of   PICATINNY FEDERAL CREDIT UNION                    and given to secure

payment of  , (  410,000.00    ) Four Hundred Ten Thousand
                         (Include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.    11238    , at page  192    (or as

No.  6060334   ) of the                Records of   ESSEX

County, State of   NJ          , recorded on    5/ 8/2006    , together with the note(s) and obligations
therein described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage.

   TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
   IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on  December 27, 2007

                                         PICATINNY FEDERAL CREDIT UNION

                                         BY: _____
_____                       MICHAEL J. MCGRATH, JR.
Witness
                                         AVP

_____
Witness

Attest

Seal:

This Instrument Prepared By:  PICATINNY FEDERAL CREDIT UNION
address  100 MINERAL SPRINGS ROAD, DOVER, 07801

STATE OF  New Jersey  , COUNTY OF  Morris

I CERTIFY THAT ON December 27, 2007                      Matthe J. Mceath
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)   WAS THE MAKER OF THIS INSTRUMENT
(B)   WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
      AS  AVP                    OF  PICATINNY FEDERAL CREDIT UNION
(C)   EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT
                                         NOTARY

US4289                                   SUZANNE MARIA CAVALLUZZO
                                         NOTARY PUBLIC OF NEW JERSEY
                                         Commission Expires 7/22/2008

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

Recording RequestedBy/ReturnTo:   MORTGAGE DEPT
                                   19D CHAPIN ROAD, PO BOX 2014, PINE BROOK, NJ 07058

Loan Number: 3330000431

## ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
**19D Chapin Road, Pine Brook, New Jersey 07058**
does hereby grant, sell, assign, transfer and convey, unto

**Federal National Mortgage Association**
                                                    , a corporation organized and
                                            (herein "Assignee"), whose address is

existing under the laws of

**3900 Washington Avenue NW, Washington, DC 20016**

a certain Mortgage dated  April 28, 2006            , made and executed by

**NELSON COLON AND MARIA COLON, HUSBAND AND WIFE**

                                                          and given to secure

to and in favor of  US Mortgage Corp.

payment of  , ( 410,000.00        ) Four Hundred Ten Thousand
                        (Include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.    11230        , at page   192        '(or as

No.  8069334        ) of the                    Records of   ESSEX

County, State of   NJ              , recorded on      05/09/2006        , together with the note(s) and obligations therein
described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage.

    TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
    IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on   December 27, 2007

                                                    US Mortgage Corp.

                                                    BY:
_____                             _____
Witness                                                     JOHN KUSKIN

                                                              AVP
_____
Witness

Attest

Seal:

This Instrument Prepared By:
address: 19D Chapin Road, Pine Brook, NJ 07058

STATE OF NEW JERSEY,   COUNTY OF MORRIS              Jon Kuskin

I CERTIFY THAT ON December 27, 2007
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)    WAS THE MAKER OF THIS INSTRUMENT
(B)    WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
       AS     AVP               OF   US Mortgage Corp.
(C)    EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT

                                                    NOTARY

US4280                                          SUZANNE MARIA CAVALLUZZO
                                                NOTARY PUBLIC OF NEW JERSEY
                                                Commission Expires 7/22/2008

FNMA-USM000000933

2.

Region

DDF0000007441614

| Product Type | |
| --- | --- |
| Seller Name | U. S. MORTGAGE CORP. |
| Seller No. | 23884-000-7 |
| Contract No.- Expiration Date | 361263-01/03/08 |
| Batch ID | 36129291 |
| Payee Code | 055014614 |
| Lender Loan ID | 3330000819 |
| Servicer Name | U. S. MORTGAGE CORP. |
| Servicer No. | 23884-000-7 |
| Address | 141 KINNELON ROAD |
| Property City | KINNELON |
| Property State | NJ |
| Property Zip Code | 07405 |
| Original Ln Amt/Line Amt | 415000.00 |
| Original Note Rate | 6.75 |
| First Paymnt Due | Jul 1, 2006 |
| Loan Term | 360 |
| Loan P&I Amt(monthly) | 2691.69 |
| Submission Type/Lien | Whole/First |
| Amortization Type | Fixed Rate |
| Loan Type | 3 |
| Certification Priority | 080 |
| FNMA Loan No. | 4005756772 |
| Mortgage Type | Other |

CSC FYI Comments:
Delivers notes and assignments separately.  Accept endorsements from subsidiaries: Skyline Mo
rtgage, Datek Mortgage, and DBA Lending Solutions.

Variance:
No Variances



Received: 12/27/2007
Printed : 12/28/2007

ORIGINAL

# NOTE

| | | |
|---|---|---|
| May 31, 2006<br>[Date] | PINE BROOK<br>[City] | New Jersey<br>[State] |

141 KINNELON ROAD
KINNELON, NJ 07405

[Property Address]

**1.  BORROWER'S PROMISE TO PAY**
In return for a loan that I have received, I promise to pay U.S. $415,000.00                (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is Picatinny Federal Credit Union, A Federal Credit Union.

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

**2.  INTEREST**
Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of        6.7500%.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

**3.  PAYMENTS**
   (A)  Time and Place of Payments
   I will pay principal and interest by making a payment every month.

I will make my monthly payment on the      1st      day of each month beginning on        July 01, 2006
I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on June 01, 2036                , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at PO Box 682, Pine Brook, NJ 07058

or at a different place if required by the Note Holder.

   (B)  Amount of Monthly Payments
   My monthly payment will be in the amount of U.S. $2,691.69

**4.  BORROWER'S RIGHT TO PREPAY**
I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

---

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT                Form 3200 1/01

ITEM 1848L1 (0312)                    (Page 1 of 3 pages)                GREATLAND ■<br>To Order Call: 1-800-530-9393 □ Fax: 616-791-1131
MFCD3002                                                    3330000819

**5. LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

**6. BORROWER'S FAILURE TO PAY AS REQUIRED**

(A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of **Fifteen** calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **5.0000%** of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

(B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

(C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

(D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

(E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**7. GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**8. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9. WAIVERS**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10. UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

**Form 3200 1/01**

ITEM 1846L2 (0012)                              *(Page 2 of 3 pages)*

GREATLAND ®
To Order Call: 1-800-530-9393 □ Fax 616-791-1131

MFCD3002                                                        3330000819

FNMA-USM000000922

this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

Borrower has executed and acknowledges receipt of pages 1 through 3 of this Note.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)
ROBERT M. ALESANDRO                -Borrower

_____ (Seal)
CYNTHIA A. ALESANDRO               -Borrower

_____ (Seal)
                                   -Borrower

_____ (Seal)
                                   -Borrower

_____ (Seal)
                                   -Borrower

_____ (Seal)
                                   -Borrower

PAY TO THE ORDER OF                          [Sign Original Only]

WITHOUT RECOURSE
U.S. MORTGAGE CORPORATION

JOHN KISKIN
WAREHOUSE COORDINATOR

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

Form 3200 1/01

GREATLAND ▪
To Order Call: 1-800-530-9393 ☐ Fax: 616-791-1131

ITEM 1844L3 (0012)
MFCD3002

(Page 3 of 3 pages)

3330000819

FNMA-USM000000923

## ALLONGE TO PROMISSORY NOTE

**LOAN INFORMATION**

Loan Number: 3330000819

Borrower(s)    ROBERT M. ALESANDRO, CYNTHIA A. ALESANDRO

Property Address: 141 KINNELON ROAD, KINNELON, NJ  07405

Note Amount: 415,000.00

Note Date:    May 31, 2006

Pay to the order of:
U.S. MORTGAGE CORPORATION

Without Recourse

Picatinny Federal Credit Union

Name     MICHAEL J. MCGRATH, JR.

Title     AVP

US4057

FNMA-USM000000924

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

Recording RequestedBy/ReturnTo:   MORTGAGE DEPT
                                  19D CHAPIN ROAD, PO BOX 2014. PINE BROOK, NJ 07058

Loan Number:  3339000819

## ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
100 MINERAL SPRINGS ROAD, DOVER, 07801
does hereby grant, sell, assign, transfer and convey, unto   US MORTGAGE CORP.

                                                             , a corporation organized and
existing under the laws of           New Jersey          (herein "Assignee"), whose address is
                                  19D CHAPIN ROAD, PINE BROOK, NJ 07058

a certain Mortgage dated  May 31, 2006           , made and executed by

ROBERT ALESANDRO AND CYNTHIA ALESANDRO, HUSBAND AND WIFE

to and in favor of   PICATINNY FEDERAL CREDIT UNION                   and given to secure

payment of   , ( 415,000.00         ) Four Hundred Fifteen Thousand
                        (Include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.   33566      , at page   0939      (or as

No.  20060696039    ) of the           Records of   MORRIS

County, State of   NJ              , recorded on     6/26/2006      , together with the note(s) and obligations
therein described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage.

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on  December 27, 2007

                                            PICATINNY FEDERAL CREDIT UNION

                                            BY:
_____
Witness                                     MICHAEL J. MCGRATH, JR.

_____                   AVP
Witness

_____
Attest

Seal:

This Instrument Prepared By:  PICATINNY FEDERAL CREDIT UNION
address:  100 MINERAL SPRINGS ROAD, DOVER, 07801
STATE OF _New Jersey_, COUNTY OF _____ Morris

                                    Michael J. McGrath
I CERTIFY THAT ON December 27, 2007
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)    WAS THE MAKER OF THIS INSTRUMENT
(B)    WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
       AS _____ AVP _____ OF   PICATINNY FEDERAL CREDIT UNION
(C)    EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT

                                            NOTARY

                                    NOTARY PUBLIC OF NEW JERSEY
US4289                              Commission Expires 7/22/2008

FNMA-USM000000925

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

**Recording RequestedBy/ReturnTo:**   MORTGAGE DEPT
19D CHAPIN ROAD, PO BOX 2014. PINE BROOK, NJ 07058

Loan Number:  3330000818

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
**19D Chapin Road, Pine Brook, New Jersey 07058**
does hereby grant, sell, assign, transfer and convey, unto

**Federal National Mortgage Association**
, a corporation organized and
(herein "Assignee"), whose address is
existing under the laws of

**3900 Washington Avenue NW, Washington, DC 20016**

a certain Mortgage dated **May 31, 2006**            , made and executed by

ROBERT ALESANDRO AND CYNTHIA ALESANDRO, HUSBAND AND WIFE

to and in favor of  US Mortgage Corp.                                            and given to secure

payment of  , ( 415,000.00       ) Four Hundred Fifteen Thousand
(Include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.    33586       , at page    8939        (or as

No. 20060606039   ) of the                    Records of  MORRIS

County, State of  NJ              , recorded on    06/26/2006    , together with the note(s) and obligations therein
described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage.

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on  December 27, 2007

                                                              US Mortgage Corp.

_____                          By _____
Witness                                                          JOHN KUSKIN
                                                                        AVP

_____
Witness

_____
Attest

Seal

This Instrument Prepared By:
address: 19D Chapin Road, Pine Brook, NJ 07058

STATE OF NEW JERSEY,   COUNTY OF MORRIS

I CERTIFY THAT ON December 27, 2007              John Kuskin
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)    WAS THE MAKER OF THIS INSTRUMENT
(B)    WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
       AS   AVP                       OF    US Mortgage Corp.
(C)    EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT

                                                   _____
                                                   NOTARY
                                                   SUZANNE MARIA CAVALLUZZO
                                                   NOTARY PUBLIC OF NEW J...
                                                   Commission Expires

US4290

FNMA-USM000000926

2

Region

DDF0000007441647

| | |
|---|---|
| Product Type | |
| Seller Name | U. S. MORTGAGE CORP. |
| Seller No. | 23884-000-7 |
| Contract No.- Expiration Date | 361263-01/03/08 |
| Batch ID | 36129291 |
| Payee Code | 055014614 |
| Lender Loan ID | 3330000877 |
| Servicer Name | U. S. MORTGAGE CORP. |
| Servicer No. | 23884-000-7 |
| Address | 10 LOYOLA COURT |
| Property City | HOPATCONG |
| Property State | NJ |
| Property Zip Code | 07843 |
| Original Ln Amt/Line Amt | 207000.00 |
| Original Note Rate | 6.5 |
| First Paymnt Due | Aug 1, 2006 |
| Loan Term | 360 |
| Loan P&I Amt(monthly) | 1308.39 |
| Submission Type/Lien | Whole/First |
| Amortization Type | Fixed Rate |
| Loan Type | 3 |
| Certification Priority | 080 |
| FNMA Loan No. | 4005756773 |
| Mortgage Type | Other |

CSC FYI Comments:
Delivers notes and assignments separately.  Accept endorsements from subsidiaries: Skyline Mo
rtgage, Datek Mortgage, and DBA Lending Solutions.

Variance:
No Variances



Received: 12/27/2007
Printed : 12/28/2007

FNMA-USM000000899

●          ●     **ORIGINAL**

# NOTE

**June 08, 2006**          **ELIZABETH**          **New Jersey**
[Date]                    [City]                   [State]

**10 LOYOLA COURT
HOPATCONG, NJ 07843**

[Property Address]

## 1.   BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. **$207,000.00**          (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is **Picatinny Federal Credit Union, A Federal Credit Union**

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2.   INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of          **6.5000%**.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3.   PAYMENTS

### (A)   Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the      **1st**      day of each month beginning on      **August 01, 2006**.
I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on **July 01, 2036**          , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at **PO Box 682, Pine Brook, NJ 07058**

or at a different place if required by the Note Holder.

### (B)   Amount of Monthly Payments

My monthly payment will be in the amount of U.S. **$1,308.39**

## 4.   BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT      Form 3200 1/01

GREATLAND ■
To Order Call: 1-800-530-9393 ☐ Fax 616-791-1131

ITEM 1846L1 (0312)          *(Page 1 of 3 pages)*
**MFCD3002**          **3330000877**

FNMA-USM000000900

**5. LOAN CHARGES**

   If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

**6. BORROWER'S FAILURE TO PAY AS REQUIRED**

   **(A) Late Charge for Overdue Payments**

   If the Note Holder has not received the full amount of any monthly payment by the end of **Fifteen** calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **5.0000%** of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

   **(B) Default**

   If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

   **(C) Notice of Default**

   If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

   **(D) No Waiver By Note Holder**

   Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

   **(E) Payment of Note Holder's Costs and Expenses**

   If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**7. GIVING OF NOTICES**

   Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

   Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**8. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

   If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9. WAIVERS**

   I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10. UNIFORM SECURED NOTE**

   This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

Form 3200 1/01

GREATLAND ■
To Order Call: 1-800-530-9393 □ Fax 616-791-1131

ITEM 1646L2 (0812)
MFCD3002

*(Page 2 of 3 pages)*

3330000877

FNMA-USM000000901

this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

Borrower has executed and acknowledges receipt of pages 1 through 3 of this Note.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)
MICHAEL J. CAULFIELD, JR         -Borrower

_____ (Seal)
                                 -Borrower

_____ (Seal)
                                 -Borrower

_____ (Seal)
                                 -Borrower

_____ (Seal)
                                 -Borrower

_____ (Seal)
                                 -Borrower

PAY TO THE ORDER OF                            {Sign Original Only}

WITHOUT RECOURSE
U.S. MORTGAGE CORPORATION

JOHN LARKIN
WAREHOUSE COORDINATOR

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT     Form 3200 1/01

ITEM 1846L3 (0312)          {Page 3 of 3 pages}              GREATLAND ■
MFCD3002                                     To Order Call: 1-800-530-9393 ☐ Fax 616-791-1131
                                                            3330000877

FNMA-USM000000902

## ALLONGE TO PROMISSORY NOTE

<u>LOAN INFORMATION</u>

Loan Number: 3330000877

Borrower(s)    MICHAEL J. CAULFIELD, JR

Property Address: 10 LOYOLA COURT, HOPATCONG, NJ 07843

Note Amount: 207,000.00

Note Date:    June 8, 2006

Pay to the order of:
U.S. MORTGAGE CORPORATION

_____

Without Recourse

Picatinny Federal Credit Union

_____

Name    MICHAEL J. MCGRATH, JR.

Title    AVP

US4057

FNMA-USM000000903

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

**Recording RequestedBy/ReturnTo:**   MORTGAGE DEPT
                                        19D CHAPIN ROAD, PO BOX 2014. PINE BROOK, NJ 07058

Loan Number: 3330000877

## ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
                        100 MINERAL SPRINGS ROAD, DOVER, 07801
does hereby grant, sell, assign, transfer and convey, unto   US MORTGAGE CORP.

                                                                , a corporation organized and
existing under the laws of        New Jersey               (herein "Assignee"), whose address is
                        19D CHAPIN ROAD, PINE BROOK, NJ 07058

a certain Mortgage dated June 8, 2006            , made and executed by

                        MICHAEL J CAULFIELD, JR, A SINGLE MAN

to and in favor of   PICATINNY FEDERAL CREDIT UNION                     and given to secure

payment of  , ( 207,000.00      ) Two Hundred Seven Thousand
                                (include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.   7814        , at page  1433        (or as

No. 00067238      ) of the              Records of  SUSSEX

County, State of  NJ              , recorded on     8/20/2006       , together with the note(s) and obligations
therein described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage.

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on   December 27, 2007

                                        PICATINNY FEDERAL UNION

                                        BY:
_____                    MICHAEL T. MCGRATH, JR.
Witness

                                        AVP

_____
Witness

_____
Attest

Seal:

This Instrument Prepared By:  PICATINNY FEDERAL CREDIT UNION
address: 100 MINERAL SPRINGS ROAD, DOVER, 07801
STATE OF   New Jersey   , COUNTY OF   Morris

I CERTIFY THAT ON December 27, 2007       ,  Michael T. McGrath
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)    WAS THE MAKER OF THIS INSTRUMENT
(B)    WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
       AS   AVP   OF  PICATINNY FEDERAL CREDIT UNION

(C)    EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT.

                                        NOTARY

US4289                                  SUZANNE MARIA CAVALLUZZO
                                        NOTARY PUBLIC OF NEW JERSEY
                                        Commission Expires 7/22/2008

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

<u>Recording RequestedBy/ReturnTo:</u>   MORTGAGE DEPT
                                          19D CHAPIN ROAD, PO BOX 2014, PINE BROOK, NJ 07058

Loan Number:  3336000877

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
**19D Chapin Road, Pine Brook, New Jersey 07058**
does hereby grant, sell, assign, transfer and convey, unto

**Federal National Mortgage Association**
, a corporation organized and
(herein "Assignee"), whose address is

existing under the laws of

**3900 Washington Avenue NW, Washington, DC 20016**

a certain Mortgage dated  June  8, 2006            , made and executed by

**MICHAEL J CAULFIELD, JR, A SINGLE MAN**

and given to secure

to and in favor of  US Mortgage Corp.

payment of  , ( 207,000.00      ) Two Hundred Seven Thousand
                              (Include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.   7614       , at page   1433       (or as

No.  00067238       ) of the              Records of   SUSSEX

County, State of   NJ              , recorded on       08/20/2006     , together with the note(s) and obligations therein
described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage.

   TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
   IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on  December 27, 2007

                                                          US Mortgage Corp.

_____                           BY:_____
Witness                                        JOHN KUSKIN

                                               AVP
_____
Witness

Attest

Seal:

This Instrument Prepared By:
address: 19D Chapin Road, Pine Brook, NJ 07058

STATE OF NEW JERSEY,  COUNTY OF MORRIS

I CERTIFY THAT ON  December 27, 2007
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)     WAS THE MAKER OF THIS INSTRUMENT
(B)     WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
        AS  AVP                     OF   US Mortgage Corp.
(C)     EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT.

                                          NOTARY
                                          SUZANNE MARIA CAVALLUZZO
                                          NOTARY PUBLIC OF NEW JERSEY
                                          Commission Expires 7/22/2008

US4290

FNMA-USM000000905

Region

2

DDF0000007441615

Product Type
Seller Name                          U. S. MORTGAGE CORP.
Seller No.                                23884-000-7
Contract No.- Expiration Date    361263-01/03/08
Batch ID                                   36129291
Payee Code                               055014614
Lender Loan ID                          3330000887
Servicer Name                       U. S. MORTGAGE CORP.
Servicer No.                              23884-000-7
Address                             68 KIRKWOOD AVENUE
Property City                              HAMBURG
Property State                                 NJ
Property Zip Code                           07419
Original Ln Amt/Line Amt              301500.00
Original Note Rate                           6.75
First Paymnt Due                      Aug 1, 2006
Loan Term                                     360
Loan P&I Amt(monthly)                     1955.53
Submission Type/Lien                 Whole/First
Amortization Type                     Fixed Rate
Loan Type                                       3
Certification Priority                       080
NMA Loan No.                           4005756774
Mortgage Type                               Other

CSC FYI Comments:
Delivers notes and assignments separately.  Accept endorsements from subsidiaries: Skyline Mo
rtgage, Datek Mortgage, and DBA Lending Solutions.

Variance:
No Variances



Received: 12/27/2007
Printed : 12/28/2007

FNMA-USM000000913

**ORIGINAL**

# NOTE

| | | |
|---|---|---|
| **June 15, 2006**<br>[Date] | **PINE BROOK**<br>[City] | **New Jersery**<br>[State] |

**68 KIRKWOOD AVENUE**
**HAMBURG, NJ 07419**

[Property Address]

### 1.  BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. **$301,500.00**                    (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is **Picatinny Federal Credit Union, A Federal Credit Union**
I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

### 2.  INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of       **6.7500%**.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

### 3.  PAYMENTS

#### (A)  Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the       **1st**       day of each month beginning on       **August 01, 2006**       . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on **July 01, 2036**                    , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at **PO Box 682, Pine Brook, NJ 07058**

or at a different place if required by the Note Holder.

#### (B)  Amount of Monthly Payments

My monthly payment will be in the amount of U.S. **$1,955.53**

### 4.  BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

---

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT                    **Form 3200 1/01**

ITEM 1646L1 (0312)                    *(Page 1 of 3 pages)*                    GREATLAND ■<br>To Order Call: 1-800-530-9393 ☐ Fax 616-791-1131
**MFCD3002**                                        **3330000887**

**MFCD3002**                                                            **3330000887**

FNMA-USM000000914

**5. LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

**6. BORROWER'S FAILURE TO PAY AS REQUIRED**

**(A) Late Charge for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of    **Fifteen**   calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be    **5.0000%** of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

**(D) No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**7. GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**8. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9. WAIVERS**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10. UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT     Form 3200 1/01

ITEM 1846L2 (0312)
MFCD3002

*(Page 2 of 3 pages)*

GREATLAND ■
To Order Call: 1-800-530-9393 □ Fax 616-791-1131
3330000887

this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

Borrower has executed and acknowledges receipt of pages 1 through 3 of this Note.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)
MICHAEL FRIEDMAN                -Borrower

_____ (Seal)
MELISSA N. FRIEDMAN             -Borrower

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

PAY TO THE ORDER OF

_____
WITHOUT RECOURSE
U.S. MORTGAGE CORPORATION

_____
JOHN KUSKIN
WAREHOUSE COORDINATOR

[Sign Original Only]

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

Form 3200 1/01

GREATLAND ■
To Order Call: 1-800-530-9393 □ Fax: 616-791-1131

ITEM 1846L3 (0012)
MFCD3002

(Page 3 of 3 pages)

3330000887

FNMA-USM000000916

# ALLONGE TO PROMISSORY NOTE

**LOAN INFORMATION**

Loan Number: 3330000887

Borrower(s)    MICHAEL FRIEDMAN, MELISSA N. FRIEDMAN

Property Address: 68 KIRKWOOD AVENUE, HAMBURG, NJ  07419

Note Amount: 301,500.00

Note Date:    June 15, 2006

Pay to the order of:
U.S. MORTGAGE CORPORATION

Without Recourse

Picatinny Federal Credit Union

Name
          MICHAEL J. MCGRATH, JR.

Title
          AVP

US4057

FNMA-USM000000917

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

**Recording RequestedBy/ReturnTo:** MORTGAGE DEPT
19D CHAPIN ROAD, PO BOX 2014, PINE BROOK, NJ 07058

Loan Number: 3338000887

## ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is

100 MINERAL SPRINGS ROAD, DOVER, 07801
does hereby grant, sell, assign, transfer and convey, unto   US MORTGAGE CORP.

, a corporation organized and
(herein "Assignee"), whose address is

existing under the laws of          **New Jersey**

19D CHAPIN ROAD, PINE BROOK, NJ 07058

a certain Mortgage dated June 15, 2006                , made and executed by

MICHAEL FRIEDMAN AND MELISSA N FRIEDMAN, HUSBAND AND WIFE

to and in favor of   PICATINNY FEDERAL CREDIT UNION                     and given to secure

payment of   , (  301,500.00     ) Three Hundred One Thousand Five Hundred
(Include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.      7829          , at page   307          (or as

No. 00068354     ) of the                     Records of   SUSSEX

County, State of   NJ                , recorded on        8/29/2006        , together with the note(s) and obligations
therein described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage.

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on   December 27, 2007

PICATINNY FEDERAL CREDIT UNION

BY:

_____       MICHAEL J. MCGRATH, JR.
Witness

AVP

_____
Witness

Attest

Seal:

This Instrument Prepared By:   PICATINNY FEDERAL CREDIT UNION
address: 100 MINERAL SPRINGS ROAD, DOVER, 07801

STATE OF   New Jersey   , COUNTY OF   Morris

I CERTIFY THAT ON December 27, 2007             , Michael J. McGrath
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)      WAS THE MAKER OF THIS INSTRUMENT
(B)      WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
AS      AVP      OF   PICATINNY FEDERAL CREDIT UNION

(C)      EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT.

NOTARY

SUZANNE MARIA CAVALLUZZO
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 7/22/2008

US4289

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

**Recording RequestedBy/ReturnTo:** MORTGAGE DEPT
19D CHAPIN ROAD, PO BOX 2014, PINE BROOK, NJ 07058

Loan Number: 3338000887

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
**19D Chapin Road, Pine Brook, New Jersey 07058**
does hereby grant, sell, assign, transfer and convey, unto

**Federal National Mortgage Association**

, a corporation organized and
(herein "Assignee"), whose address is

existing under the laws of

**3900 Washington Avenue NW, Washington, DC 20016**

a certain Mortgage dated June 15, 2006 , made and executed by

**MICHAEL FRIEDMAN AND MELISSA N FRIEDMAN, HUSBAND AND WIFE**

to and in favor of US Mortgage Corp. and given to secure

payment of , ( 301,500.00 ) Three Hundred One Thousand Five Hundred
(include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No. 7829 , at page 307 (or as

No. 00068354 ) of the Records of SUSSEX

County, State of NJ , recorded on 08/29/2006 , together with the note(s) and obligations therein
described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage.

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on December 27, 2007

Witness

US Mortgage Corp.

BY

JOHN KUSKIN

AVP

Witness

Attest

Seal:

This Instrument Prepared By:
address: 19D Chapin Road, Pine Brook, NJ 07058

STATE OF NEW JERSEY, COUNTY OF MORRIS

I CERTIFY THAT ON December 27, 2007
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)   WAS THE MAKER OF THIS INSTRUMENT
(B)   WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
      AS AVP OF US Mortgage Corp.
(C)   EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT

NOTARY

MARIA CAVALUZZO
PUBLIC OF NEW JERSEY
Commission Expires 7/22/2008

US4290

FNMA-USM000000919

Region

2

DDF0000007441648

Product Type

| | |
|---|---|
| Seller Name | U. S. MORTGAGE CORP. |
| Seller No. | 23884-000-7 |
| Contract No.- Expiration Date | 361274-01/03/08 |
| Batch ID | 36129292 |
| Payee Code | 055014614 |
| Lender Loan ID | 3330000898 |
| Servicer Name | U. S. MORTGAGE CORP. |
| Servicer No. | 23884-000-7 |
| Address | 17 NEW ROW ROAD |
| Property City | ROCKAWAY TWP AK |
| Property State | NJ |
| Property Zip Code | 07842 |
| Original Ln Amt/Line Amt | 387000.00 |
| Original Note Rate | 8.125 |
| First Paymnt Due | Aug 1, 2006 |
| Loan Term | 360 |
| Loan P&I Amt(monthly) | 2873.47 |
| Submission Type/Lien | Whole/First |
| Amortization Type | Fixed Rate |
| Loan Type | 3 |
| Certification Priority | 080 |
| FNMA Loan No. | 4005756775 |
| Mortgage Type | Other |

CSC FYI Comments:
Delivers notes and assignments separately. Accept endorsements from subsidiaries: Skyline Mo
rtgage, Datek Mortgage, and DBA Lending Solutions.

Variance:
No Variances



Received: 12/27/2007
Printed : 12/28/2007

FNMA-USM000000969

● **ORIGINAL**

# NOTE

| | | |
|---|---|---|
| **June 15, 2006**<br>[Date] | **PINE BROOK**<br>{City} | **New Jersey**<br>[State] |

**17 NEW ROW ROAD**
**ROCKAWAY TWP AKA HIBERNIA, NJ 07842**

[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. **$387,000.00**                    (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is **Picatinny Federal Credit Union, A Federal Credit Union**

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of        **8.1250%**.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3. PAYMENTS

### (A) Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the      **1st**      day of each month beginning on      **August 01, 2006**      . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on **July 01, 2036**                , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at **PO Box 682, Pine Brook, NJ 07058**

or at a different place if required by the Note Holder.

### (B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. **$2,873.47**

## 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

---

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT                    **Form 3200 1/01**

GREATLAND ■
To Order Call: 1-800-530-9393 □ Fax: 616-791-1131

ITEM 1848L1 (0312)                    *(Page 1 of 3 pages)*

**MFCD3002**

**3330000898**

**5. LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

**6. BORROWER'S FAILURE TO PAY AS REQUIRED**

**(A) Late Charge for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of **Fifteen** calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **5.0000%** of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

**(D) No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**7. GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**8. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9. WAIVERS**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10. UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT    Form 3200 1/01

ITEM 1646L2 (0312)    *(Page 2 of 3 pages)*
MFCD3002

GREATLAND ■
To Order Call: 1-800-530-9393 ☐ Fax: 616-791-1131
3330000898

FNMA-USM000000971

this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

Borrower has executed and acknowledges receipt of pages 1 through 3 of this Note.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____(Seal)   _____(Seal)
DONNA LYNN MCALISTER          -Borrower   NORMAN D. MCALISTER, III       -Borrower

_____(Seal)   _____(Seal)
                              -Borrower                                  -Borrower

_____(Seal)   _____(Seal)
                              -Borrower                                  -Borrower

PAY TO THE ORDER OF                        *[Sign Original Only]*

WITHOUT RECOURSE
U.S. MORTGAGE CORPORATION

JOHN RUSKIN
WAREHOUSE COORDINATOR

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

Form 3200 1/01

GREATLAND ■
To Order Call: 1-800-530-9393 □ Fax 616-791-1131

ITEM 1648L3 (0312)
MFCD3002

*(Page 3 of 3 pages)*

3330000898

FNMA-USM000000972

# ALLONGE TO PROMISSORY NOTE

## LOAN INFORMATION

Loan Number: 3330000898

Borrower(s)    DONNA LYNN MCALISTER, NORMAN D. MCALISTER, III    :

Property Address: 17 NEW ROW ROAD, ROCKAWAY TWP AKA HIBERNIA, NJ 07842

Note Amount: 387,000.00

Note Date:    June 15, 2006

Pay to the order of:
U.S. MORTGAGE CORPORATION

Without Recourse

Picatinny Federal Credit Union

Name    MICHAEL J. MCGRATH, JR.

Title    AVP

US4057

FNMA-USM000000973

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

**Recording RequestedBy/ReturnTo:**   MORTGAGE DEPT
19D CHAPIN ROAD, PO BOX 2014, PINE BROOK, NJ 07058

Loan Number:  3330000898

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
**100 MINERAL SPRINGS ROAD, DOVER, 07801**
does hereby grant, sell, assign, transfer and convey, unto   US MORTGAGE CORP.

, a corporation organized and
existing under the laws of          **New Jersey**          (herein "Assignee"), whose address is
**19D CHAPIN ROAD, PINE BROOK, NJ 07058**

a certain Mortgage dated  June 15, 2006          , made and executed by

**NORMAN D. MCALISTER, III AND DONNA LYNN MCALISTER, HUSBAND AND WIFE**

to and in favor of   **PICATINNY FEDERAL CREDIT UNION**                          and given to secure

payment of  , (  387,000.00          )  Three Hundred Eighty Seven Thousand
(include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.      33542          , at page   6906          (or as

No.  2006080829     ) of the                          Records of   MORRIS

County, State of   NJ          , recorded on      6/26/2006      , together with the note(s) and obligations
therein described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage.

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on   December 27, 2007

PICATINNY FEDERAL CREDIT UNION

BY: _____

_____          MICHAEL J. MCGRATH, JR.
Witness

AVP
_____
Witness

Attest

Seal:

This Instrument Prepared By:  PICATINNY FEDERAL CREDIT UNION
address:  100 MINERAL SPRINGS ROAD, DOVER, 07801
STATE OF _____, COUNTY OF _____

I CERTIFY THAT ON December 27, 2007          ,   Michael J. Mcgrath
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)   WAS THE MAKER OF THIS INSTRUMENT
(B)   WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
AS _____ OF  PICATINNY FEDERAL CREDIT UNION

(C)   EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT

NOTARY

ELAINE MARIA CAVALIUZZO
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 7/22/2008

US4289

FNMA-USM000000974

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

**Recording RequestedBy/ReturnTo:**   MORTGAGE DEPT
19D CHAPIN ROAD, PO BOX 2014. PINE BROOK, NJ 07058

Loan Number: 3338000586

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
**19D Chapin Road, Pine Brook, New Jersey 07058**
does hereby grant, sell, assign, transfer and convey, unto

**Federal National Mortgage Association**
, a corporation organized and
(herein "Assignee"), whose address is

existing under the laws of

**3900 Washington Avenue NW, Washington, DC 20016**

a certain Mortgage dated June 15, 2008                    , made and executed by

NORMAN D. MCALISTER, III AND DONNA LYNN MCALISTER, HUSBAND AND WIFE

to and in favor of  US Mortgage Corp.                                                          and given to secure

payment of  , ( 387,000.00           ) Three Hundred Eighty Seven Thousand
(include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.   33842        , at page   0905        (or as

No. 2008040629        ) of the                    Records of   MORRIS

County, State of  NJ              , recorded on        08/26/2008        , together with the note(s) and obligations therein
described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage.

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on   December 27, 2007

US Mortgage Corp.

BY

Witness                                                        JOHN KUSKIN

AVP

Witness

Attest

Seal:

This Instrument Prepared By:
address: 19D Chapin Road, Pine Brook, NJ 07058

STATE OF NEW JERSEY,   COUNTY OF MORRIS

I CERTIFY THAT ON December 27, 2007
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)    WAS THE MAKER OF THIS INSTRUMENT
(B)    WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
        AS        AVP        OF    US Mortgage Corp.
(C)    EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT

NOTARY

SUZANNE MARIA CAVALLUZZO
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 7/22/2008

US4290

Region                              **2**

DDF0000007441649

| | |
|---|---|
| Product Type | |
| Seller Name | U. S. MORTGAGE CORP. |
| Seller No. | 23884-000-7 |
| Contract No.- Expiration Date | 361274-01/03/08 |
| Batch ID | 36129292 |
| Payee Code | 055014614 |
| Lender Loan ID | 3330001233 |
| Servicer Name | U. S. MORTGAGE CORP. |
| Servicer No. | 23884-000-7 |
| Address | RR2 BOX 20150 TANITE ROAD |
| Property City | STROUDSBURG |
| Property State | PA |
| Property Zip Code | 18360 |
| Original Ln Amt/Line Amt | 226400.00 |
| Original Note Rate | 8.5 |
| First Paymnt Due | Oct 1, 2006 |
| Loan Term | 360 |
| Loan P&I Amt(monthly) | 1740.83 |
| Submission Type/Lien | Whole/First |
| Amortization Type | Fixed Rate |
| Loan Type | 3 |
| Certification Priority | 080 |
| FNMA Loan No. | 4005756776 |
| Mortgage Type | Other |

CSC FYI Comments:
Delivers notes and assignments separately. Accept endorsements from subsidiaries: Skyline Mortgage, Datek Mortgage, and DBA Lending Solutions.

Variance:
No Variances



Received: 12/27/2007
Printed : 12/28/2007

FNMA-USM000000892

**ORIGINAL**

# NOTE

| | | |
|---|---|---|
| **August 28, 2006**<br>[Date] | **STROUDSBERG**<br>[City] | **Pennnsylvania**<br>[State] |

**RR2 BOX 20150 TANITE ROAD**
**STROUDSBURG, PA 18360**

[Property Address]

### 1.  BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. **$226,400.00**                        (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is **Picatinny Federal Credit Union, A Federal Credit Union**

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

### 2.  INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of          **8.5000%**.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

### 3.  PAYMENTS

(A)  **Time and Place of Payments**

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the      **1st**      day of each month beginning on      **October 01, 2006**          . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on **September 01, 2036**          , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at **PO Box 682, Pine Brook, NJ  07058**

or at a different place if required by the Note Holder.

(B)  **Amount of Monthly Payments**

My monthly payment will be in the amount of U.S. **$1,740.83**

### 4.  BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

---

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

**Form 3200 1/01**

GREATLAND ■
To Order Call: 1-800-530-9393 ☐ Fax 616-791-1131

ITEM 1848L1 (0312)
**MFCD3002**

*(Page 1 of 3 pages)*

**3330001233**

FNMA-USM000000893

## 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of **Fifteen** calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **5.0000%** of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

### (D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 10. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

**Form 3200 1/01**

GREATLAND ®
To Order Call: 1-800-530-9393 ☐ Fax: 616-791-1131

ITEM 1646L2 (0012)
**MFCD3002**

*(Page 2 of 3 pages)*

**3330001233**

this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

Borrower has executed and acknowledges receipt of pages 1 through 3 of this Note.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)      _____ (Seal)
JOSE M. PASTRANA    -Borrower                     -Borrower

_____ (Seal)      _____ (Seal)
                -Borrower                     -Borrower

_____ (Seal)      _____ (Seal)
                -Borrower                     -Borrower

PAY TO THE ORDER OF

*[Sign Original Only]*

WITHOUT RECOURSE
U.S. MORTGAGE CORPORATION

JOHN KUSKIN
WAREHOUSE COORDINATOR

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

Form 3200 1/01

GREATLAND ®
To Order Call: 1-800-530-9393 □ Fax 616-791-1131

ITEM 1846L3 (0312)
MFCD3002

*(Page 3 of 3 pages)*

3330001233

FNMA-USM000000895

# ALLONGE TO PROMISSORY NOTE

**LOAN INFORMATION**

Loan Number:  3330001233

Borrower(s)    JOSE M. PASTRANA

Property Address: RR2 BOX 20150 TANITE ROAD, STROUDSBURG, PA  18360

Note Amount:  226,400.00

Note Date:    August 28, 2006

Pay to the order of:
U.S. MORTGAGE CORPORATION

_____

Without Recourse

Picatinny Federal Credit Union

_____

Name
MICHAEL J. MCGRATH, JR.

Title    AVP

US4057

FNMA-USM000000896

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

Recording RequestedBy/ReturnTo:   MORTGAGE DEPT
                                  19D CHAPIN ROAD, PO BOX 2014, PINE BROOK, NJ 07058

Loan Number: 3330001233

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is

                    100 MINERAL SPRINGS ROAD, DOVER, 07801
does hereby grant, sell, assign, transfer and convey, unto   US MORTGAGE CORP.

                                              , a corporation organized and
                                              (herein "Assignee"), whose address is
existing under the laws of     New Jersey

                    19D CHAPIN ROAD, PINE BROOK, NJ 07058

a certain Mortgage dated  August 28, 2006          , made and executed by

                    JOSE M. PASTRANA, A MARRIED MAN

to and in favor of  PICATINNY FEDERAL CREDIT UNION           and given to secure

payment of  , ( 226,400.00      ) Two Hundred Twenty Six Thousand Four Hundred
                    (include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.   2279        , at page  7491       (or as

No. 200637776    ) of the              Records of  MONROE

County, State of  PA           , recorded on    9/ 8/2006    , together with the note(s) and obligations
therein described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage.

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on  December 27, 2007

                                      PICATINNY FEDERAL CREDIT UNION
                                      BY:
_____               _____
Witness                                MICHAEL J. MCGRATH, JR.

                                       AVP
_____
Witness

_____
Attest

Seal:

This Instrument Prepared By:  PICATINNY FEDERAL CREDIT UNION
address: 100 MINERAL SPRINGS ROAD, DOVER, 07801
STATE OF  New Jersey  , COUNTY OF  Morris

I CERTIFY THAT ON December 27, 2007        Michael J. McGrath
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)    WAS THE MAKER OF THIS INSTRUMENT
(B)    WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
       AS           AVP              OF   PICATINNY FEDERAL CREDIT UNION
(C)    EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT
                              _____
                              NOTARY

US4289                              ROSIE MARIA CAVALLUZZO
                                    NOTARY PUBLIC OF NEW JERSEY
                                    Commission Expires 7/22/2008

FNMA-USM000000897

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

**Recording RequestedBy/ReturnTo:**    MORTGAGE DEPT
                                       19D CHAPIN ROAD, PO BOX 2014, PINE BROOK, NJ 07058

Loan Number:  3130001233

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
**19D Chapin Road, Pine Brook, New Jersey 07058**
does hereby grant, sell, assign, transfer and convey, unto

### Federal National Mortgage Association
                                                          , a corporation organized and
existing under the laws of                      (herein "Assignee"), whose address is

### 3900 Washington Avenue NW, Washington, DC 20016

a certain Mortgage dated **August 28, 2006**          , made and executed by

### JOSE M. PASTRANA, A MARRIED MAN

to and in favor of  US Mortgage Corp.                                       and given to secure

payment of   ,  ( **226,400.00**       ) Two Hundred Twenty Six Thousand Four Hundred
                    (Include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.    **2278**        , at page  **7401**        (or as

No.  **200637776**     ) of the              Records of  **MONROE**

County, State of  **PA**           , recorded on    **09/05/2006**     , together with the note(s) and obligations therein
described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage.

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on  **December 27, 2007**

_____                     US Mortgage Corp.
Witness                                      By: _____
                                                 **JOHN KUSKIN**
_____                          AVP
Witness

Attest

Seal:

This Instrument Prepared By:
address:  19D Chapin Road, Pine Brook, NJ 07058

STATE OF NEW JERSEY,  COUNTY OF MORRIS

I CERTIFY THAT ON **December 27, 2007**
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)    WAS THE MAKER OF THIS INSTRUMENT
(B)    WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
       AS    AVP              OF    US Mortgage Corp.
(C)    EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT
                                                              _____
                                                              NOTARY

US4290                                       SUZANNE MARIA CAVALLO
                                             NOTARY PUBLIC OF NEW JERSEY
                                             Commission Expires 7/22/2008

FNMA-USM000000898

**Region**

DDF0000007441616

| Product Type | |
|---|---|
| Seller Name | U. S. MORTGAGE CORP. |
| Seller No. | 23884-000-7 |
| Contract No.- Expiration Date | 361306-01/03/08 |
| Batch ID | 36129293 |
| Payee Code | 055014614 |
| Lender Loan ID | 301308649 |
| Servicer Name | U. S. MORTGAGE CORP. |
| Servicer No. | 23884-000-7 |
| Address | 25 CROWNVIEW COURT |
| Property City | SPART |
| Property State | NJ |
| Property Zip Code | 07871 |
| Original Ln Amt/Line Amt | 250000.00 |
| Original Note Rate | 6.375 |
| First Paymnt Due | Dec 1, 2006 |
| Loan Term | 360 |
| Loan P&I Amt(monthly) | 1559.67 |
| Submission Type/Lien | Whole/First |
| Amortization Type | Fixed Rate |
| Loan Type | 3 |
| Certification Priority | 080 |
| FNMA Loan No. | 4005756777 |
| Mortgage Type | Other |

CSC FYI Comments:
Delivers notes and assignments separately. Accept endorsements from subsidiaries: Skyline Mortgage, Datek Mortgage, and DBA Lending Solutions.

Variance:
No Variances



Received: 12/27/2007
Printed : 12/28/2007

FNMA-USM000000976

**ORIGINAL**

# NOTE

October 12, 2006
[Date]

**SPARTA**
[City]
**25 CROWNVIEW COURT**
**SPARTA, NJ 07871**

**New Jersey**
[State]

[Property Address]

**1. BORROWER'S PROMISE TO PAY**

In return for a loan that I have received, I promise to pay U.S. $ 250,000.00         (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is **Picatinny Federal Credit Union, A Federal Credit Union**

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

**2. INTEREST**

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of      6.3750%.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

**3. PAYMENTS**

**(A) Time and Place of Payments**

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the      **1st**     day of each month beginning on      **December 01, 2006**

I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on **November 01, 2036**      , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at **Picatinny Federal Credit Union, P.O. Box 682, Pine Brook, NJ 07058**

or at a different place if required by the Note Holder.

**(B) Amount of Monthly Payments**

My monthly payment will be in the amount of U.S. $ 1,559.57

**4. BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

ITEM 1444L1 (0011)

*(Page 1 of 3 pages)*

Form 3200 1/01
GREATLAND ®
To Order Call: 1-800-530-9383 □ Fax 616-791-1131

FNMA-USM000000977

**5. LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

**6. BORROWER'S FAILURE TO PAY AS REQUIRED**

**(A) Late Charge for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of.   **Fifteen**   calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be   **5.0000%** of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

**(D) No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**7. GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**8. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9. WAIVERS**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10. UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT   Form 3200 1/01

ITEM 1846.2 (0011)   *(Page 2 of 3 pages)*   GREATLAND ®
To Order Call: 1-800-530-9393 □ Fax: 616-791-1131

FNMA-USM000000978

this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

Borrower has executed and acknowledges receipt of pages 1 through 3 of this Note.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED

_Jeanne M. Donnelly_ _____ (Seal)          _Rober F. D___l____ _____ (Seal)
JEANNE M. DONNELLY              -Borrower          ROBERT F. DONNELLY              -Borrower

_____ (Seal)          _____ (Seal)
                               -Borrower                                         -Borrower

_____ (Seal)          _____ (Seal)
                               -Borrower                                         -Borrower

PAY TO THE ORDER OF                                        [Sign Original Only]

WITHOUT RECOURSE
U.S. MORTGAGE CORPORATION

JOHN KUAKINI
WAREHOUSE COORDINATOR

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT          Form 3200 1/01
ITEM 1844L5 (0011)                          (Page 3 of 3 pages)                            GREATLAND ■
                                                                  To Order Call: 1-800-530-9393 □ Fax 616-791-1131

FNMA-USM000000979

Picatinny Federal Credit Union

## ALLONGE TO PROMISSORY NOTE

**LOAN INFORMATION**

Loan Number: 301308849
Borrower(s):
JEANNE M. DONNELLY
ROBERT F. DONNELLY

Address: 25 CROWNVIEW COURT
SPARTA, NJ 07871

Note Amount: 250,000.00
Note Date: 10/12/2006

Pay to the order of:

U.S. MORTGAGE CORPORATION

_____

Without Recourse

Name        MICHAEL J. MCGRATH, JR.

Title        AVP
Picatinny Federal Credit Union

FNMA-USM000000980

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation
Recording RequestedBy/ReturnTo:  MORTGAGE DEPT
                                  19D CHAPIN ROAD, PINE BROOK, NJ 07058
Loan Number: 301308649

## ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
100 Mineral Springs Road , Dover, NJ , 07801
does hereby grant, sell, assign, transfer and convey, unto  U. S. Mortgage Corporation
                                                                    , a corporation organized and
existing under the laws of New Jersey (herein "Assignee"), whose address is  19D Chapin Road, Pine Brook, NJ  07058

a certain Mortgage dated 10/12/2006, made and executed by JEANNE M. DONNELLY and ROBERT F.
DONNELLY, MARRIED TO EACH OTHER

to and in favor of Picatinny Federal Credit Union                      and given to secure
payment of  250,000.00,
                    (Include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No. 7828          , at page 116          (or as
No.  00082514        ) of the                 Records of SUSSEX
County, State of  NJ , together with the note(s) and obligations therein
described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage.

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
IN WITNESS, WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on

_____              MICHAEL J. MCGRATH, JR.
Witness                                Picatinny Federal Credit Union
                                              AVP      (Assignor)
                                    By: _____
_____                     (Signature)
Witness

Attest
Seal:

This Instrument Prepared By: Terry Gorman            , address:
100 Mineral Springs Road , Dover, NJ , 07801, tel. no.: 877-885-4041

STATE OF New Jersey COUNTY OF Morris
I CERTIFY THAT ON December 27, 2007       , Michael J. McGrath
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)   WAS THE MAKER OF THIS INSTRUMENT
(B)   WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT AS
      OF Picatinny Federal Credit Union, A NJ CORPORATION,
(C)   EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS
      INSTRUMENT.

NOTARY
                    SUZANNE MARIA CAVALLUZZO
                    NOTARY PUBLIC OF NEW JERSEY
                    Commission Expires 7/22/2008

FNMA-USM000000981

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation
Recording RequestedBy/ReturnTo:  MORTGAGE DEPT
                                  19D CHAPIN ROAD, PINE BROOK, NJ 07058

Loan Number: 301308649

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
19D Chapin Road, Pine Brook, NJ  07058
does hereby grant, sell, assign, transfer and convey, unto  Federal National Mortgage Association
                                                                        , a corporation organized and

existing under the laws of   (herein "Assignee"), whose address is 3900 Washington Avenue, NW, , Washington, DC
20016    a certain Mortgage dated  10/12/2006, made and executed by JEANNE M. DONNELLY and ROBERT F.
DONNELLY, MARRIED TO EACH OTHER

to and in favor of  US Mortgage Corporation                                        and given to secure
payment of  250,000.00,
                              (Include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No. 7828      , at page  116          (or as
No.  00082514      ) of the             Records of  SUSSEX
County, State of NJ                      , together with the note(s) and obligations therein
described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such
Mortgage.
     TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and
conditions of the above-described Mortgage.
     IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on
                                                                        JOHN RUSKIN

                                                     AVP
_____                     U.S. Mortgage Corporation
Witness                                                   (Assignor)

                                                     By_____
_____                              (Signature)
Witness

Attest
Seal:

This Instrument Prepared By:    , address:
19D Chapin Road, Pine Brook, NJ  07058, tel. no.: (973) 244-7100
STATE OF  New Jersey  COUNTY OF  Morris
I CERTIFY THAT ON  December 27  2007    ,     John Ruskin
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON

(A)     WAS THE MAKER OF THIS INSTRUMENT
(B),    WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT AS
        OF U.S. Mortgage Corporation, A NEW JERSEY CORPORATION,
(C)     EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT.

_____
NOTARY

                    SUZANNE MARIA CAVALLUZZO
                    NOTARY PUBLIC OF NEW JERSEY
                    Commission Expires 7/22/2013

FNMA-USM000000982

Region

DDF0000007441617

| | |
|---|---|
| Product Type | |
| Seller Name | U. S. MORTGAGE CORP. |
| Seller No. | 23884-000-7 |
| Contract No.- Expiration Date | 361306-01/03/08 |
| Batch ID | 36129293 |
| Payee Code | 055014614 |
| Lender Loan ID | 301310876 |
| Servicer Name | U. S. MORTGAGE CORP. |
| Servicer No. | 23884-000-7 |
| Address | 806 EAST BALDWIN |
| Property City | HACKETTSTOWN |
| Property State | NJ |
| Property Zip Code | 07840 |
| Original Ln Amt/Line Amt | 279200.00 |
| Original Note Rate | 6.375 |
| First Paymnt Due | Mar 1, 2006 |
| Loan Term | 360 |
| Loan P&I Amt(monthly) | 1741.84 |
| Submission Type/Lien | Whole/First |
| Amortization Type | Fixed Rate |
| Loan Type | 3 |
| Certification Priority | 080 |
| FNMA Loan No. | 4005756778 |
| Mortgage Type | Other |

CSC FYI Comments:
Delivers notes and assignments seperately.  Accept endorsements from subsidiaries: Skyline Mortgage, Datek Mortgage, and DBA Lending Solutions.

Variance:
No Variances



Received: 12/27/2007
Printed : 12/28/2007

**ORIGINAL**

# NOTE

| | | |
|---|---|---|
| **January 17, 2006**<br>[Date] | **HACKETTSTOWN**<br>[City]<br>**806 EAST BALDWIN STREET**<br>**HACKETTSTOWN, NJ 07840** | **New Jersey**<br>[State] |

[Property Address]

**1. BORROWER'S PROMISE TO PAY**

In return for a loan that I have received, I promise to pay U.S. $ 279,200.00                      (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is **Picatinny Federal Credit Union, A Federal Credit Union**

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

**2. INTEREST**

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of          6.3750%.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

**3. PAYMENTS**

**(A) Time and Place of Payments**

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the     1st     day of each month beginning on          **March 01, 2006** I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on **February 01, 2036**             , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at **Picatinny Federal Credit Union, P.O. Box 682, Pine Brook, NJ  07058**

or at a different place if required by the Note Holder.

**(B) Amount of Monthly Payments**

My monthly payment will be in the amount of U.S. $1,741.84

**4. BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

ITEM 1846L1 (0011)                    *(Page 1 of 3 pages)*

Form 3200 1/01
GREATLAND ■
To Order Call: 1-800-530-9393 □ Fax: 616-791-1131

FNMA-USM000000907

## 5.  LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 6.  BORROWER'S FAILURE TO PAY AS REQUIRED

### (A)  Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of          **Fifteen**          calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be          **5.0000%** of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

### (B)  Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C)  Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

### (D)  No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E)  Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 7.  GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 8.  OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 9.  WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 10.  UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

ITEM 9844L2 (0011)

*(Page 2 of 3 pages)*

Form 3200 1/01

GREATLAND ■

To Order Call: 1-800-530-9393 □ Fax 616-791-1131

FNMA-USM000000908

this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

Borrower has executed and acknowledges receipt of pages 1 through 3 of this Note.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED

_____ (Seal)       _____ (Seal)
JOSE COSME                  -Borrower                                -Borrower

_____ (Seal)       _____ (Seal)
                            -Borrower                                -Borrower

_____ (Seal)       _____ (Seal)
                            -Borrower                                -Borrower

PAY TO THE ORDER OF                              *[Sign Original Only]*

WITHOUT RECOURSE
U.S. MORTGAGE CORPORATION

JOHN KUSKY
WAREHOUSE COORDINATOR

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT          Form 3200 1/01
                                                                                            GREATLAND ■
ITEM 1844L3 (0011)                          *(Page 3 of 3 pages)*          To Order Call: 1-800-530-9393 □ Fax: 616-791-1131

FNMA-USM000000909

Picatinny Federal Credit Union

## ALLONGE TO PROMISSORY NOTE

LOAN INFORMATION

Loan Number: 301310876

Borrower(s):

JOSE COSME

Address: 806 EAST BALDWIN STREET

HACKETTSTOWN, NJ 07840

Note Amount: 279,200.00

Note Date: 1/17/2006

Pay to the order of:

U.S. MORTGAGE CORPORATION

Without Recourse

Name   MICHAEL J. MCGRATH, JR.

Title   AVP

Picatinny Federal Credit Union

FNMA-USM000000910

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation
Recording RequestedBy/ReturnTo:  MORTGAGE DEPT
                                 19D CHAPIN ROAD, PINE BROOK, NJ 07058

Loan Number: 301310876

## ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
100 Mineral Springs Road , Dover, NJ , 07801
does hereby grant, sell, assign, transfer and convey, unto U. S. Mortgage Corporation
                                                    , a corporation organized and
existing under the laws of New Jersey (herein "Assignee"), whose address is 19D Chapin Road, Pine Brook, NJ 07058

a certain Mortgage dated 1/17/2006, made and executed by JOSE COSME, An Unmarried Man

to and in favor of Picatinny Federal Credit Union                           and given to secure
payment of  279,200.00,
                     (Include the Original Principal Account and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No. 4294      , at page 199      (or as
No. 200600272064      ) of the                 Records of Warren
County, State of  NJ , together with the note(s) and obligations therein
described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage.

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on

                                          MICHAEL J. MCGRATH, JR.
                                          Picatinny Federal Credit Union
_____                              (Assignor)
Witness                              AVP
                                   By: _____
_____                          (Signature)
Witness

Attest
Seal:·

This Instrument Prepared By: Terry Gorman         , address:
100 Mineral Springs Road , Dover, NJ , 07801, tel. no.: 877-885-4041

STATE OF New Jersey   COUNTY OF Morris
I CERTIFY THAT ON December 27, 2007   , Michael J. McGrath
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)   WAS THE MAKER OF THIS INSTRUMENT
(B)   WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT AS
      OF Picatinny Federal Credit Union, A NJ CORPORATION,
(C)   EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS
      INSTRUMENT.

                                   _____
NOTARY
                   SUZANNE MARIA CAVALUZZO
                   NOTARY PUBLIC OF NEW JERSEY
                   Commission Expires 7/22/2008

FNMA-USM000000911

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation
Recording RequestedBy/ReturnTo:   MORTGAGE DEPT
                    19D CHAPIN ROAD, PINE BROOK, NJ 07058

Loan Number: 301310876

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
19D Chapin Road, Pine Brook, NJ 07058
does hereby grant, sell, assign, transfer and convey, unto   Federal National Mortgage Association
                                                                                      , a corporation organized and
existing under the laws of   (herein "Assignee"), whose address is  3900 Washington Avenue, NW, , Washington, DC
20016     a certain Mortgage dated  1/17/2006, made and executed by JOSE COSME, An Unmarried Man

to and in favor of  US Mortgage Corporation                                      and given to secure
payment of  279,200.00,
                              (Include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.  4294          , at page  199            (or as
No.  200600272064   ) of the                          Records of Warren
County, State of NJ                                    , together with the note(s) and obligations therein
described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such
Mortgage.
        TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and
conditions of the above-described Mortgage.
        IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on
                                                                   JOHN KUSKIN

_____                                _____
Witness                                                   U.S. Mortgage Corporation
                                                                 (Assignor)

                                                   By: _____
_____                                              (Signature)
Witness

Attest
Seal:

    This Instrument Prepared By: Cinthia Ba , address:
19D Chapin Road, Pine Brook, NJ  07058, tel. no.: (973) 244-7100
STATE OF  New Jersey     COUNTY OF  Morris
I CERTIFY THAT ON  December 27, 2007          John Kuskin
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON

(A)        WAS THE MAKER OF THIS INSTRUMENT
(B)        WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT AS
           OF U.S. Mortgage Corporation, A NEW JERSEY CORPORATION,
(C)        EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT.

                                        _____
                                        NOTARY

                                   SUZANNE MARIA CAVALLUZZO
                                   NOTARY PUBLIC OF NEW JERSEY
                                   Commission Expires 7/22/2008

FNMA-USM000000912

Region

                                              2

DDF0000007441650

| | |
|---|---|
| Product Type | |
| Seller Name | U. S. MORTGAGE CORP. |
| Seller No. | 23884-000-7 |
| Contract No.- Expiration Date | 361306-01/03/08 |
| Batch ID | 36129293 |
| Payee Code | 055014614 |
| Lender Loan ID | 3330000341 |
| Servicer Name | U. S. MORTGAGE CORP. |
| Servicer No. | 23884-000-7 |
| Address | 15 ORCHARD ST. |
| Property City | ROCKAWAY |
| Property State | NJ |
| Property Zip Code | 07866 |
| Original Ln Amt/Line Amt | 250000.00 |
| Original Note Rate | 6.5 |
| First Paymnt Due | May 1, 2006 |
| Loan Term | 360 |
| Loan P&I Amt (monthly) | 1580.17 |
| Submission Type/Lien | Whole/First |
| Amortization Type | Fixed Rate |
| Loan Type | 3 |
| Certification Priority | 080 |
| FNMA Loan No. | 4005756780 |
| Mortgage ID Number | 100059733300003419 |
| Mortgage Type | Other |

CSC FYI Comments:
Delivers notes and assignments separately.  Accept endorsements from subsidiaries: Skyline Mo
rtgage, Datek Mortgage, and DBA Lending Solutions.

Variance:
No Variances



Received: 12/27/2007
Printed : 12/28/2007

FNMA-USM000000885

**ORIGINAL**

# NOTE

| | | |
|---|---|---|
| **March 10, 2006**<br>[Date] | **PARSIPPANY**<br>[City] | **New Jersey**<br>[State] |

**15 ORCHARD ST.**
**ROCKAWAY, NJ 07866**

[Property Address]

## 1.  BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $250,000.00                    (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is **Picatinny Federal Credit Union, A Federal Credit Union**

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2.  INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of         **6.5000%**.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3.  PAYMENTS

### (A)  Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the     **1st**     day of each month beginning on        **May 01, 2006**         . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on **April 01, 2036**             , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at **PO Box 682, Pine Brook, NJ 07058**

                                                 or at a different place if required by the Note Holder.

### (B)  Amount of Monthly Payments

My monthly payment will be in the amount of U.S. **$1,580.17**

## 4.  BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

---

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

ITEM 1646L1 (0312)

**MFCD3002**

*(Page 1 of 3 pages)*

Form 3200 1/01

GREATLAND ®
To Order Call: 1-800-530-9393 ☐ Fax 616-791-1131

**3330000341**

FNMA-USM000000886

## 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of **Fifteen** calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **5.0000%** of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

### (D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 10. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT   Form 3200 1/01

ITEM 1846L2 (0312)
MFCD3002   *(Page 2 of 3 pages)*   GREATLAND ■
To Order Call: 1-800-530-9393 □ Fax 616-791-1131
3330000341

FNMA-USM000000887

this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

Borrower has executed and acknowledges receipt of pages 1 through 3 of this Note.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)
HELEN L. SHASA-ROTILE      -Borrower

_____ (Seal)
BRIAN J. ROTILE            -Borrower

_____ (Seal)
                           -Borrower

_____ (Seal)
                           -Borrower

_____ (Seal)
                           -Borrower

_____ (Seal)
                           -Borrower

PAY TO THE ORDER OF

WITHOUT RECOURSE
U.S. MORTGAGE CORPORATION

JOHN RUTLIN
WAREHOUSE COORDINATOR

[Sign Original Only]

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT          Form 3200 1/01

ITEM 1648L3 (0312)                                                    GREATLAND ■
MFCD3002                          (Page 3 of 3 pages)          To Order Call: 1-800-530-9393 □ Fax 616-791-1131
                                                                      3330000341

FNMA-USM000000888

# ALLONGE TO PROMISSORY NOTE

**LOAN INFORMATION**

Loan Number:  3330000341

Borrower(s)    HELEN L. SHASA-ROTILE, BRIAN J. ROTILE

Property Address: 15 ORCHARD ST., ROCKAWAY, NJ  07866

Note Amount: 250,000.00

Note Date:    March 10, 2006

Pay to the order of:
U.S. MORTGAGE CORPORATION

_____

Without Recourse

Picatinny Federal Credit Union

MICHAEL J. MCGRATH, JR.

Name

Title     AVP

US4057

FNMA-USM000000889