RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

Recording RequestedBy/ReturnTo:   MORTGAGE DEPT
                                  19D CHAPIN ROAD, PO BOX 2014, PINE BROOK, NJ 07058

Loan Number:  3330000341

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
100 MINERAL SPRINGS ROAD, DOVER, 07801
does hereby grant, sell, assign, transfer and convey, unto   US MORTGAGE CORP.

                                                           , a corporation organized and
existing under the laws of        New Jersey         (herein "Assignee", whose address is
                             19D CHAPIN ROAD, PINE BROOK, NJ 07058

a certain Mortgage dated  March 10, 2006       , made and executed by

               HELEN L SHASA-ROTILE AND BRIAN J ROTILE, WIFE AND HUSBAND

to and in favor of   PICATINNY FEDERAL CREDIT UNION                    and given to secure

payment of   , ( 250,000.00       ) Two Hundred Fifty Thousand
                        (include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.   MB20372     , at page   156       (or as

No. 2006028425    ) of the            Records of  MORRIS

County, State of  NJ          , recorded on   3/20/2006      , together with the note(s) and obligations
therein described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage.

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on  December 27, 2007

                                            PICATINNY FEDERAL CREDIT UNION

                                            BY:

_____                  MICHAEL J. MCGRATH, JR.
Witness

_____                  AVP
Witness

_____
Attest

Seal:

This Instrument Prepared By:  PICATINNY FEDERAL CREDIT UNION
address: 100 MINERAL SPRINGS ROAD, DOVER, 07801
STATE OF  New Jersey    , COUNTY OF   Morris

I CERTIFY THAT ON December 27, 2007         , Michael J. McGrath
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)   WAS THE MAKER OF THIS INSTRUMENT
(B)   WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
      AS _____ OF  PICATINNY FEDERAL CREDIT UNION
(C)   EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT

                                            NOTARY

                                            SUZANNE MARIA CAVALLUZZO
                                            NOTARY PUBLIC OF NEW JERSEY
                                            Commission Expires 7/22/2008
US4280

FNMA-USM000000890

RPL 275- ASSIGNMENT OF MORTGAGE-CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

**Recording RequestedBy/ReturnTo:**   MORTGAGE DEPT
                                        19D CHAPIN ROAD, PO BOX 2014, PINE BROOK, NJ 07058

Loan Number:  3330000341

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
**19D Chapin Road, Pine Brook, New Jersey 07058**
does hereby grant, sell, assign, transfer and convey, unto

**Federal National Mortgage Association**

                                                              , a corporation organized and
existing under the laws of                            (herein "Assignee"), whose address is

**3900 Washington Avenue NW, Washington, DC 20016**

a certain Mortgage dated March 10, 2006            , made and executed by

               HELEN L SHASA-ROTILE AND BRIAN J ROTILE, WIFE AND HUSBAND

to and in favor of  US Mortgage Corp.                                      and given to secure

payment of   , ( 250,000.00     ) Two Hundred Fifty Thousand
                    (Include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.    MB20372      , at page    156      (or as

No.  2006026428    ) of the                          Records of    MORRIS

County, State of   NJ             , recorded on      03/20/2006      , together with the note(s) and obligations therein
described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage.

    TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
    IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on   December 27, 2007

                                                          US Mortgage Corp.,
_____                                   By: _____
Witness                                                        JOHN KUSKIN

                                                              AVP
_____
Witness

Attest:

Seal:

This Instrument Prepared By:
address: 19D Chapin Road, Pine Brook, NJ 07058

STATE OF NEW JERSEY,   COUNTY OF MORRIS

I CERTIFY THAT ON December 27, 2007          , John Kuskin
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)   WAS THE MAKER OF THIS INSTRUMENT
(B)   WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
      AS        AVP          OF   US Mortgage Corp.
(C)   EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT

                                          NOTARY

US4280                                    SUZANNE MARIA CAVALLUZZO
                                          NOTARY PUBLIC OF NEW JERSEY
                                          Commission Expires 7/22/2008

FNMA-USM000000891

Region
DDF0000007441973

Product Type
Seller Name                         U. S. MORTGAGE CORP.
Seller No.                              23884-000-7
Contract No.- Expiration Date       361480-01/03/08
Batch ID                                   36129403
Payee Code                                055014614
Lender Loan ID                           3330002748
Servicer Name                       U. S. MORTGAGE CORP.
Servicer No.                            23884-000-7
Address                           167 BLOOMINGDALE ROAD
Property City                           SHICKSHINNY
Property State                                   PA
Property Zip Code                             18655
Original Ln Amt/Line Amt                 195000.00
Original Note Rate                             6.25
First Paymnt Due                        Jul 1, 2007
Loan Term                                       360
Loan P&I Amt(monthly)                       1200.65
Submission Type/Lien                   Whole/First
Amortization Type                       Fixed Rate
Loan Type                                         3
Certification Priority                         080
FNMA Loan No.                            4005757011
Mortgage Type                                 Other

CSC FYI Comments:
Delivers notes and assignments separately.  Accept endorsements from subsidiaries: Skyline Mo
rtgage, Datek Mortgage, and DBA Lending Solutions.

Variance:
No Variances



Received: 12/27/2007
Printed : 12/28/2007

FNMA-USM000000863

ORIGINAL

# NOTE

May 11, 2007         **HAZLETON**          **Pennnsylvania**
[Date]               [City]                [State]

**167 BLOOMINGDALE ROAD**
**SHICKSHINNY, PA  18655**

[Property Address]

**1. BORROWER'S PROMISE TO PAY**

In return for a loan that I have received, I promise to pay U.S. $195,000.00            (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is **Picatinny Federal Credit Union, A Federal Credit Union**

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

**2. INTEREST**

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of    **6.2500%.**

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

**3. PAYMENTS**

(A)  Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the    **1st**    day of each month beginning on      **July 01, 2007**
I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on **June 01, 2037**          , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at **PO Box 682, Pine Brook, NJ  07058**

                                                                or at a different place if required by the Note Holder.

(B)  Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $1,200.65

**4. BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

**MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT**          **Form 3200 1/01**

ITEM 1848L1 (0608)                                                                            GreatDocs™
                                                                                             (Page 1 of 3)

**MFCD3002**                                                                          **3330002748**

FNMA-USM000000864

## 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of **Fifteen** calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **5.0000%** of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

### (D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 10. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in

---

**MULTISTATE FIXED RATE NOTE--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT**

ITEM 1844L2 (0609)
MFCD3002

Form 3200 1/01
GreatDocs™
(Page 2 of 3)
3330002748

FNMA-USM000000865

this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

Borrower has executed and acknowledges receipt of pages 1 through 3 of this Note.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)   _____ (Seal)
JOHN KUKEL            -Borrower   CHRISTINE KUKEL       -Borrower

_____ (Seal)   _____ (Seal)
                     -Borrower                         -Borrower

_____ (Seal)   _____ (Seal)
                     -Borrower                         -Borrower

[Sign Original Only]

PAY TO THE ORDER OF

WITHOUT RECOURSE
U.S. MORTGAGE CORPORATION

JOHN MARIN
WAREHOUSE COORDINATOR

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT          Form 3200 1/01
                                                                                           GreatDocs™
ITEM 1846L3 (0409)                                                                          (Page 3 of 3)
MFCD3002                                                                                    3330002748

FNMA-USM000000866

## ALLONGE TO PROMISSORY NOTE

**LOAN INFORMATION**

Loan Number: 3330002748

Borrower(s)   JOHN KUKEL, CHRISTINE KUKEL

Property Address: 167 BLOOMINGDALE ROAD, SHICKSHINNY, PA 18655

Note Amount: 195,000.00

Note Date:   May 11, 2007

Pay to the order of:
U.S. MORTGAGE CORPORATION

Without Recourse

Picatinny Federal Credit Union

Name

    MICHAEL J. MCGRATH, JR.

Title    AVP

US4057

FNMA-USM000000867

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

**Recording RequestedBy/ReturnTo:**   MORTGAGE DEPT
                                        19D CHAPIN ROAD, PO BOX 2014. PINE BROOK, NJ 07058

Loan Number:  3330602748

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
**19D Chapin Road, Pine Brook, New Jersey 07058**
does hereby grant, sell, assign, transfer and convey, unto

**Federal National Mortgage Association**
                                                                    , a corporation organized and
existing under the laws of                                          (herein "Assignee"), whose address is

**3900 Washington Avenue NW, Washington, DC 20016**

a certain Mortgage dated  May 11, 2007            , made and executed by

**JOHN KUKEL AND CHRISTINE KUKEL, HIS WIFE**

to and in favor of  US Mortgage Corp.                                        and given to secure

payment of  , (  195,000.00      ) One Hundred Ninety Five Thousand
                        (Include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.   3607        , at page  133812        (or as

No.  5765907      ) of the                        Records of  LUZERNE

County, State of  PA            , recorded on    05/22/2007         , together with the note(s) and obligations therein
described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage.

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on   December 27, 2007

                                                    US Mortgage Corp.

                                                    BY:
_____                                  JOHN KUSKIN
Witness
                                                        AVP

_____
Witness

Attest:

Seal:

This Instrument Prepared By:
address:  19D Chapin Road, Pine Brook, NJ 07058

STATE OF NEW JERSEY,   COUNTY OF MORRIS

I CERTIFY THAT ON December 27, 2007
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)     WAS THE MAKER OF THIS INSTRUMENT
(B)     WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
        AS      AVP           OF     US Mortgage Corp.
(C)     EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT

                                                    NOTARY

US4290                                       . . . MARIA CAVALLUZZO
                                             NOTARY PUBLIC OF NEW JERSEY
                                             Commission Expires 7/22/2008

FNMA-USM000000868

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

Recording RequestedBy/ReturnTo:    MORTGAGE DEPT
                                    19D CHAPIN ROAD, PO BOX 2014, PINE BROOK, NJ 07058

Loan Number: 3336002748

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
100 MINERAL SPRINGS ROAD, DOVER, 07801
does hereby grant, sell, assign, transfer and convey, unto    US MORTGAGE CORP.

                                                            , a corporation organized and
                                                            (herein "Assignee"), whose address is
existing under the laws of              New Jersey
                                        19D CHAPIN ROAD, PINE BROOK, NJ 07058

a certain Mortgage dated May 11, 2007                , made and executed by

                JOHN KUKEL AND CHRISTINE KUKEL, HIS WIFE

to and in favor of    PICATINNY FEDERAL CREDIT UNION                    and given to secure

payment of   , ( 195,000.08      ) One Hundred Ninety Five Thousand
                                (include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.    3007        , at page   133912       (or as

No. 5765807       ) of the            Records of  LUZERNE

County, State of  PA             , recorded on      5/22/2007       , together with the note(s) and obligations
therein described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage.

    TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
    IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on  December 27, 2007

                                        PICATINNY FEDERAL CREDIT UNION

                                        BY:
_____
Witness                                 MICHAEL J. MCGRATH, JR.

_____
Witness                                 AVP

_____
Attest:

Seal:

This Instrument Prepared By:  PICATINNY FEDERAL CREDIT UNION
address: 100 MINERAL SPRINGS ROAD, DOVER, 07801
STATE OF  New Jersey , COUNTY OF _____

I CERTIFY THAT ON December 27, 2007
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)    WAS THE MAKER OF THIS INSTRUMENT
(B)    WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
        AS      AVP            OF   PICATINNY FEDERAL CREDIT UNION

(C)    EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT

                                        NOTARY

                                    ANNE MARIA CAVALLUZZO
US4289                              NOTARY PUBLIC OF NEW JERSEY
                                    Commission Expires 7/22/2008

FNMA-USM000000869

Region

2

DDF0000007441974

| | |
|---|---|
| Product Type | |
| Seller Name | U. S. MORTGAGE CORP. |
| Seller No. | 23884-000-7 |
| Contract No.- Expiration Date | 361480-01/03/08 |
| Batch ID | 36129403 |
| Payee Code | 055014614 |
| Lender Loan ID | 3330003642 |
| Servicer Name | U. S. MORTGAGE CORP. |
| Servicer No. | 23884-000-7 |
| Address | 324 W. DEWEY AVENUE |
| Property City | JEFFERSON TWP A |
| Property State | NJ |
| Property Zip Code | 07885 |
| Original Ln Amt/Line Amt | 233000.00 |
| Original Note Rate | 6.375 |
| First Paymnt Due | Jan 1, 2008 |
| Loan Term | 360 |
| Loan P&I Amt(monthly) | 1453.62 |
| Submission Type/Lien | Whole/First |
| Amortization Type | Fixed Rate |
| Loan Type | 3 |
| Certification Priority | 080 |
| FNMA Loan No. | 4005757012 |
| Mortgage Type | Other |

CSC FYI Comments:
Delivers notes and assignments separately.  Accept endorsements from subsidiaries: Skyline Mo
rtgage, Datek Mortgage, and DBA Lending Solutions.

Variance:
No Variances



Received: 12/27/2007
Printed : 12/28/2007

FNMA-USM000000962

**ORIGINAL**

# NOTE

November 26, 2007          **ROCKAWAY**                    New Jersery
[Date]                            [City]                             [State]

**324 W. DEWEY AVENUE
JEFFERSON TWP AKA WHARTON, NJ 07885**

[Property Address]

**1.   BORROWER'S PROMISE TO PAY**
In return for a loan that I have received, I promise to pay U.S. $233,000.00          (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is **Picatinny Federal Credit Union, A Federal Credit Union**
I will make all payments under this Note in the form of cash, check or money order.
I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

**2.   INTEREST**
Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of          **6.3750%**.
The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

**3.   PAYMENTS**
**(A)  Time and Place of Payments**
I will pay principal and interest by making a payment every month.
I will make my monthly payment on the     **1st**     day of each month beginning on     **January 01, 2008**
I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on **December 01, 2037**          , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."
I will make my monthly payments at **PO Box 682, Pine Brook, NJ 07058**

or at a different place if required by the Note Holder.

**(B)  Amount of Monthly Payments**
My monthly payment will be in the amount of U.S. $1,453.62

**4.   BORROWER'S RIGHT TO PREPAY**
I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.
I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT          Form 3200 1/01
                                                                                   GreatDocs ™
ITEM 1646L1 (0409)                                                                  (Page 1 of 3)

MFCD3002                                                              3330003642

FNMA-USM000000963

## 5.  LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 6.  BORROWER'S FAILURE TO PAY AS REQUIRED

### (A)  Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of **Fifteen** calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **5.0000%** of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

### (B)  Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C)  Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

### (D)  No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E)  Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 7.  GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 8.  OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 9.  WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 10.  UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in

---

**MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT**

ITEM 1844L2 (0008)
**MFCD3002**

Form 3200 1/01
GreatDocs ™
(Page 2 of 3)
3330003642

FNMA-USM000000964

this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

Borrower has executed and acknowledges receipt of pages 1 through 3 of this Note.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)
MARY A. MANSER        -Borrower

_____ (Seal)
                      -Borrower

_____ (Seal)
                      -Borrower

_____ (Seal)
                      -Borrower

_____ (Seal)
                      -Borrower

_____ (Seal)
                      -Borrower

PAY TO THE ORDER OF                                    [Sign Original Only]

WITHOUT RECOURSE
U.S. MORTGAGE CORPORATION

JOHN RUSKIN
WAREHOUSE COORDINATOR

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

ITEM 8483.3 (0607)
MFCD3002

Form 3200 1/01
GreatDocs™
(Page 3 of 3)
3330003642

FNMA-USM000000965

**ALLONGE TO PROMISSORY NOTE**

<u>LOAN INFORMATION</u>

Loan Number: 3330003642

Borrower(s)    MARY A. MANSER

Property Address: 324 W. DEWEY AVENUE, JEFFERSON TWP AKA WHARTON, NJ 07885

Note Amount: 233,000.00

Note Date:    November 26, 2007

Pay to the order of:
U.S. MORTGAGE CORPORATION

_____

Without Recourse

Picatinny Federal Credit Union

_____
Name
        MICHAEL J. MCGRATH, JR.

Title      AVP

US4057

FNMA-USM000000966

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

Recording RequestedBy/ReturnTo:   MORTGAGE DEPT
                                   19D CHAPIN ROAD, PO BOX 2014. PINE BROOK, NJ 07058

Loan Number:  3330003642

## ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
                        100 MINERAL SPRINGS ROAD, DOVER, 07801
does hereby grant, sell, assign, transfer and convey, unto   US MORTGAGE CORP.

                                                              , a corporation organized and
                                                              (herein "Assignee"), whose address is
existing under the laws of          New Jersey
                        19D CHAPIN ROAD, PINE BROOK, NJ 07058

a certain Mortgage dated November 26, 2007          , made and executed by

                        Mary A Manser

to and in favor of   PICATINNY FEDERAL CREDIT UNION                    and given to secure

payment of  , [ 233,000.00        ] Two Hundred Thirty Three Thousand
                            (include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.       20973        , at page  1162        (or as

No. 2007105202     ) of the                    Records of  MORRIS

County, State of   NJ                    , recorded on        12/ 5/2007        , together with the note(s) and obligations
therein described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage.

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on   December 27, 2007

                                                    PICATINNY FEDERAL CREDIT UNION

                                                    BY: _____
Witness                                                 MICHAEL J. MCGRATH, JR.

                                                        AVP
Witness

Attest

Seal:

This Instrument Prepared By:  PICATINNY FEDERAL CREDIT UNION
address:  100 MINERAL SPRINGS ROAD, DOVER, 07801

STATE OF   New Jersey  , COUNTY OF   Morris

I CERTIFY THAT ON December 27, 2007
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)      WAS THE MAKER OF THIS INSTRUMENT
(B)      WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
         AS       AVP           OF   PICATINNY FEDERAL CREDIT UNION

(C)      EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT

                        NOTARY
                        Commission Expires 7/22/2008
                        NOTARY PUBLIC OF NEW JERSEY
                        SUZANNE MARA CANN

US4280

FNMA-USM000000967

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

**Recording RequestedBy/ReturnTo:** MORTGAGE DEPT
19D CHAPIN ROAD, PO BOX 2014. PINE BROOK, NJ 07058

Loan Number: 3330003842

## ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
**19D Chapin Road, Pine Brook, New Jersey 07058**
does hereby grant, sell, assign, transfer and convey, unto

**Federal National Mortgage Association**
, a corporation organized and
(herein "Assignee"), whose address is
existing under the laws of

**3900 Washington Avenue NW, Washington, DC 20016**

a certain Mortgage dated **November 28, 2007**     , made and executed by

**Mary A Manser**

to and in favor of  US Mortgage Corp.                                    and given to secure

payment of   ,  ( 233,000.00       ) Two Hundred Thirty Three Thousand
(include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.    20973        , at page  1162       (or as

No. 2007105202      ) of the                    Records of  MORRIS

County, State of  NJ              , recorded on     12/06/2007     , together with the note(s) and obligations therein
described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage.

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on   December 27, 2007

                                                    US Mortgage Corp.

Witness                                            BY
                                                    JOHN KUSKIN
                                                    AVP
Witness

Attest

Seal:

This Instrument Prepared By:
address: 19D Chapin Road, Pine Brook, NJ 07058

STATE OF NEW JERSEY,  COUNTY OF MORRIS

I CERTIFY THAT ON  December 27, 2007
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)    WAS THE MAKER OF THIS INSTRUMENT
(B)    WAS AUTHORIZED TO, AND DID EXECUTE THIS INSTRUMENT
        AS               AVP        OF    US Mortgage Corp.
(C)    EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT.

                                                    NOTARY

US4290                                              CATHERINE MARIA CAVALLUZZO
                                                    NOTARY PUBLIC OF NEW JERSEY
                                                    Commission Expires 7/22/2008

FNMA-USM000000968

Region

**2**

DDF0000007441975

| | |
|---|---|
| Product Type | |
| Seller Name | U. S. MORTGAGE CORP. |
| Seller No. | 23884-000-7 |
| Contract No.- Expiration Date | 361480-01/03/08 |
| Batch ID | 36129403 |
| Payee Code | 055014614 |
| Lender Loan ID | 3330003754 |
| Servicer Name | U. S. MORTGAGE CORP. |
| Servicer No. | 23884-000-7 |
| Address | 20 SIGNAL HILL TRAIL |
| Property City | SPARTA |
| Property State | NJ |
| Property Zip Code | 07871 |
| Original Ln Amt/Line Amt | 367900.00 |
| Original Note Rate | 6.25 |
| First Paymnt Due | Jan 1, 2008 |
| Loan Term | 360 |
| Loan P&I Amt (monthly) | 2265.23 |
| Submission Type/Lien | Whole/First |
| Amortization Type | Fixed Rate |
| Loan Type | 3 |
| Certification Priority | 080 |
| FNMA Loan No. | 4005757014 |
| Mortgage Type | Other |

CSC FYI Comments:
Delivers notes and assignments separately.  Accept endorsements from subsidiaries: Skyline Mortgage, Datek Mortgage, and DBA Lending Solutions.

Variance:
No Variances



Received: 12/27/2007
Printed : 12/28/2007

FNMA-USM000000856

ORIGINAL

# NOTE

November 28, 2007          PINE BROOK          New Jersey
[Date]                    [City]               [State]
                    20 SIGNAL HILL TRAIL
                    SPARTA, NJ  07871

[Property Address]

## 1.  BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $367,900.00          (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is **Picatinny Federal Credit Union, A Federal Credit Union**

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2.  INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of          6.2500%.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3.  PAYMENTS

(A)  Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the     1st     day of each month beginning on     **January 01, 2008**    . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on **December 01, 2037**          , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at **PO Box 682, Pine Brook, NJ  07058**

or at a different place if required by the Note Holder.

(B)  Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $2,265.23

## 4.  BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT          Form 3200 1/01
                                                                                    GreatDocs ™
(ITEM 1646L1 (0609))                                                                 (Page 1 of 3)

MFCD3802                                                                    3330003754

**5.   LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

**6.   BORROWER'S FAILURE TO PAY AS REQUIRED**

(A)   Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of **Fifteen**   calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be   **5.0000%** of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

(B)   Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

(C)   Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

(D)   No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

(E)   Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**7.   GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**8.   OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9.   WAIVERS**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10.   UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

Form 3200 1/01
GreatDocs ™
(Page 2 of 3)

ITEM 1846L2 (0009)
MFCD3002

3330003754

FNMA-USM000000858

this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

Borrower has executed and acknowledges receipt of pages 1 through 3 of this Note.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)        _____ (Seal)
PHILIP T. GORMAN                   -Borrower    SHARON L. GORMAN                 -Borrower

_____ (Seal)        _____ (Seal)
                                   -Borrower                                     -Borrower

_____ (Seal)        _____ (Seal)
                                   -Borrower                                     -Borrower

PAY TO THE ORDER OF                                    [Sign Original Only]

WITHOUT RECOURSE
U.S. MORTGAGE CORPORATION

_____
JOHN KORYAN
WAREHOUSE COORDINATOR

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

ITEM 1844L3 (0609)
MFCD3002

Form 3200 1/01
GreatDocs ™
(Page 3 of 3)
3330003754

FNMA-USM000000859

## ALLONGE TO PROMISSORY NOTE

LOAN INFORMATION

Loan Number: 3330003754

Borrower(s)   PHILIP T. GORMAN, SHARON L. GORMAN

Property Address: 20 SIGNAL HILL TRAIL , SPARTA, NJ 07871

Note Amount: 367,900.00

Note Date:   November 28, 2007

Pay to the order of:
U.S. MORTGAGE CORPORATION

_____

Without Recourse

Picatinny Federal Credit Union

Name
      MICHAEL J. MCGRATH, JR.

Title      AVP

US4057

FNMA-USM000000860

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

Recording RequestedBy/ReturnTo:   MORTGAGE DEPT
19D CHAPIN ROAD, PO BOX 2014. PINE BROOK, NJ 07058

Loan Number:  2330063754

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
**19D Chapin Road, Pine Brook, New Jersey 07058**
does hereby grant, sell, assign, transfer and convey, unto

**Federal National Mortgage Association**
, a corporation organized and
(herein "Assignee"), whose address is
existing under the laws of

**3900 Washington Avenue NW, Washington, DC 20016**

a certain Mortgage dated  November 28, 2007      , made and executed by

**PHILIP T GORMAN AND SHARON L GORMAN, HIS WIFE**

to and in favor of  US Mortgage Corp.                                        and given to secure

payment of   , ( 367,900.00        ) Three Hundred Sixty Seven Thousand Nine Hundred
(Include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.     8400         , at page   199        (or as

No.  2007120501002050X ) of the                      Records of   SUSSEX

County, State of  NJ                , recorded on        12/05/2007      , together with the note(s) and obligations therein
described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage.

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on  December 27, 2007

                                                              US Mortgage Corp.
                                                      BY:
Witness                                                     JOHN KUSKIN

                                                              AVP
Witness


Atest

Seal:

This Instrument Prepared By:
address: 19D Chapin Road, Pine Brook, NJ 07058

STATE OF NEW JERSEY,   COUNTY OF MORRIS

I CERTIFY THAT ON  December 27, 2007
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)     WAS THE MAKER OF THIS INSTRUMENT
(B)     WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
        AS     AVP         OF     US Mortgage Corp.
(C)     EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT

                                              NOTARY

US4290
                                              ... A CAVALLUZZO
                                              ... .... OF NEW JERSEY
                                              Commission Expires 7/22/2008

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

**Recording Requested By/Return To:**   MORTGAGE DEPT
19D CHAPIN ROAD, PO BOX 2014, PINE BROOK, NJ 07058

Loan Number: 3338003754

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
100 MINERAL SPRINGS ROAD, DOVER, 07801

does hereby grant, sell, assign, transfer and convey, unto   US MORTGAGE CORP.

, a corporation organized and
existing under the laws of              **New Jersey**                  (herein "Assignee"), whose address is
19D CHAPIN ROAD, PINE BROOK, NJ 07058

a certain Mortgage dated  November 28, 2007          , made and executed by

PHILIP T GORMAN AND SHARON L GORMAN, HIS WIFE

to and in favor of  PICATINNY FEDERAL CREDIT UNION                        and given to secure

payment of  , ( 367,900.00        ) Three Hundred Sixty Seven Thousand Nine Hundred
(include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.      8400          , at page  199        (or as

No. 200712850100200SN ) of the                       Records of  SUSSEX

County, State of   NJ            , recorded on       12/ 5/2007       , together with the note(s) and obligations
therein described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage.

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on   December 27, 2007

_____                    PICATINNY FEDERAL CREDIT UNION
Witness                                       BY:
                                              MICHAEL J. MCGRATH, JR.

_____
Witness                                       AVP

Attest:

Seal:

This Instrument Prepared By:  PICATINNY FEDERAL CREDIT UNION
address 100 MINERAL SPRINGS ROAD, DOVER, 07801

STATE OF  New Jersey  , COUNTY OF  Morris

I CERTIFY THAT ON December 27, 2007                    Michael J. McGrath
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)    WAS THE MAKER OF THIS INSTRUMENT
(B)    WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
       AS     AVP          OF  PICATINNY FEDERAL CREDIT UNION

(C)    EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT.

                                              NOTARY

                                   MARIA CAVALLUZZO
                                   PUBLIC OF NEW JERSEY
                                   Commission Expires 7/22/2008

US4289

FNMA-USM000000862

Region

5

DDF0000007666704

| | |
|---|---|
| Product Type | |
| Seller Name | U. S. MORTGAGE CORP. |
| Seller No. | 23884-000-7 |
| Contract No.- Expiration Date | 441877-08/19/08 |
| Batch ID | 22759030 |
| Payee Code | 055014614 |
| Lender Loan ID | 3330001896 |
| Servicer Name | U. S. MORTGAGE CORP. |
| Servicer No. | 23884-000-7 |
| Address | 2308 FRANKLIN LANE |
| Property City | ROCKAWAY TOWNSH |
| Property State | NJ |
| Property Zip Code | 07866 |
| Original Ln Amt/Line Amt | 128800.00 |
| Original Note Rate | 6.125 |
| First Paymnt Due | Jan 1, 2007 |
| Loan Term | 360 |
| Loan P&I Amt(monthly) | 782.61 |
| Submission Type/Lien | Whole/First |
| Amortization Type | Fixed Rate |
| Loan Type | 3 |
| Certification Priority | 080 |
| FNMA Loan No. | 4006016265 |
| Mortgage Type | Other |

CSC FYI Comments:
Delivers notes and assignments separately. Accept endorsements from subsidiaries: Skyline Mo
rtgage, Datek Mortgage, and DBA Lending Solutions.

Variance:
No Variances



Received: 08/14/2008
Printed : 08/15/2008

FNMA-USM000000848

**ORIGINAL**

# NOTE

November 17, 2006                    PINE BRROK                    New Jersery
[Date]                               [City]                        [State]

2308 FRANKLIN LANE
ROCKAWAY TOWNSHIP, NJ 07866

[Property Address]

**1.  BORROWER'S PROMISE TO PAY**

In return for a loan that I have received, I promise to pay U.S. $128,800.00                    (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is Picatinny Federal Credit Union, A Federal Credit Union

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

**2.  INTEREST**

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of        6.1250%.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

**3.  PAYMENTS**

(A)  Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the    1st    day of each month beginning on    January 01, 2007 . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on December 01, 2036        , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at PO Box 682, Pine Brook, NJ 07058

or at a different place if required by the Note Holder.

(B)  Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $782.61

**4.  BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT        Form 3200 1/01

ITEM 1846L1 (0311B)                    (Page 1 of 3 pages)                    GREATLAND ■
MFCD3002                                                           To Order Call: 1-800-530-9393 □ Fax: 616-791-1131
                                                                   3330001896

FNMA-USM000000849

## 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of     **Fifteen**     calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be     **5.0000%** of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

### (D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 10. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

**Form 3200 1/01**

GREATLAND ®
To Order Call: 1-800-530-9393 □ Fax: 616-791-1131

ITEM 1844L2 (0012) (Page 2 of 3 pages)
MFCD3002

3330001896

FNMA-USM000000850

this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

    If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

    If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

Borrower has executed and acknowledges receipt of pages 1 through 3 of this Note.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)      _____ (Seal)
MICHAEL MARKSON        -Borrower     MARGARET D. MARKSON      -Borrower

_____ (Seal)      _____ (Seal)
              -Borrower                 -Borrower

_____ (Seal)      _____ (Seal)
              -Borrower                 -Borrower

PAY TO THE ORDER OF                      [Sign Original Only]

WITHOUT RECOURSE
U.S. MORTGAGE CORPORATION

BRENDA WILLIAMS
WAREHOUSE COORDINATOR

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT     Form 3200 1/01
ITEM 1844L3 (0012)               (Page 3 of 3 pages)         GREATLAND ■
MFCD3002                          To Order Call: 1-800-530-9393 □ Fax 616-791-1131
                                                         3330001896

FNMA-USM000000851

ALLONGE TO PROMISSORY NOTE

LOAN INFORMATION

Loan Number: 3330001896

Borrower(s)   MICHAEL MARKSON, MARGARET D. MARKSON

Property Address: 2308 FRANKLIN LANE, ROCKAWAY TOWNSHIP, NJ 07866

Note Amount: 128,800.00

Note Date:   November 17, 2006

Pay to the order of:
U.S. MORTGAGE CORPORATION

_____

Without Recourse

Picatinny Federal Credit Union

Name

   MICHAEL J. MCGRATH, JR.
Title
      AVP

US4057

FNMA-USM000000852

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

**Recording RequestedBy/ReturnTo:**   MORTGAGE DEPT
19D CHAPIN ROAD, PO BOX 2014, PINE BROOK, NJ 07058

Loan Number:  3330001806

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
19D MINERAL SPRINGS ROAD, DOVER, 07801
does hereby grant, sell, assign, transfer and convey, unto   US MORTGAGE CORP.

, a corporation organized and
existing under the laws of          **New Jersey**          (herein "Assignee"), whose address is
19D CHAPIN ROAD, PINE BROOK, NJ 07058

a certain Mortgage dated November 17, 2006          , made and executed by

**MICHAEL MARKSON AND MARGARET D MARKSON, HUSBAND AND WIFE**

to and in favor of   PICATINNY FEDERAL CREDIT UNION                          and given to secure

payment of   , ( 128,800.00          ) One Hundred Twenty Eight Thousand Eight Hundred
(Include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.     20680          , at page   0590          (or as

No. 2006112957     ) of the                          Records of  MORRIS

County, State of   NJ          , recorded on          11/29/2006          , together with the note(s) and obligations
therein described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on August 13, 2008

PICATINNY FEDERAL CREDIT UNION
BY:

_____
Witness

_____        **MICHAEL J. MCGRATH, JR.**
Witness
                                  **AVP**

_____
Attest

Seal:

This Instrument Prepared By:  PICATINNY FEDERAL CREDIT UNION
address: 19D MINERAL SPRINGS ROAD, DOVER, 07801

STATE OF   New Jersey   , COUNTY OF _____

I CERTIFY THAT ON August 13, 2008          Michael J. McGrath
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)     WAS THE MAKER OF THIS INSTRUMENT
(B)     WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
        AS   AVP          OF   PICATINNY FEDERAL CREDIT UNION

(C)     EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT
NOTARY

US4289                          SUZANNE MARIA CAVALLUZZO
                                NOTARY PUBLIC OF NEW JERSEY
                                Commission Expires 7-22-2013

FNMA-USM000000853

## ALLONGE TO PROMISSORY NOTE

**LOAN INFORMATION**

Loan Number: 3330001896
Borrower(s):   MICHAEL MARKSON, MARGARET D. MARKSON

Property Address: 2308 FRANKLIN LANE, ROCKAWAY TOWNSHIP, NJ  07866

Note Amount:   128,800.00
Note Date:      November 17, 2006

Pay to the order of:

Without Recourse
US MORTGAGE CORP.

BY _____
   KIMBERLEE COLAIACOVO
   VICE PRESIDENT

Loan Number

US4056

        3330001896

FNMA-USM000000854

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

**Recording RequestedBy/ReturnTo:** MORTGAGE DEPT
19D CHAPIN ROAD, PO BOX 2014. PINE BROOK, NJ 07058

Loan Number: 3338001896

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
**19D Chapin Road, Pine Brook, New Jersey 07058**
does hereby grant, sell, assign, transfer and convey, unto

**Federal National Mortgage Association**

, a corporation organized and
existing under the laws of                                         (herein "Assignee"), whose address is

**3900 Washington Avenue NW, Washington, DC 20016**

a certain Mortgage dated November 17, 2008          , made and executed by

**MICHAEL MARKSON AND MARGARET D MARKSON, HUSBAND AND WIFE**

to and in favor of  US Mortgage Corp.                                            and given to secure

payment of  , ( 128,800.00        ) One Hundred Twenty Eight Thousand Eight Hundred
(include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.    20680          , at page   0590          (or as

No. 2008112957       ) of the                                Records of   MORRIS

County, State of  NJ               , recorded on      11/29/2008     , together with the note(s) and obligations therein
described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on August 13, 2008

US Mortgage Corp.

BY:

Witness     LORA BRINK                              KIMBERLEE COLAIACOVO
VICE PRESIDENT

Witness

Attest

Seal:

This Instrument Prepared By:
address:  19D Chapin Road, Pine Brook, NJ 07058       essex

STATE OF NEW JERSEY,   COUNTY OF MORRIS

I CERTIFY THAT ON August 13, 2008          , KIMBERLEE COLAIACOVO
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)   WAS THE MAKER OF THIS INSTRUMENT
(B)   WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
AS VICE PRESIDENT        OF   US Mortgage Corp.
(C)   EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT.

NOTARY

US4290

DIANNA CORTES
NOTARY PUBLIC OF NEW JERSEY
COMMISSION EXPIRES 04/27/2010

FNMA-USM000000855

Region

5

DDF0000007666705

| | |
|---|---|
| Product Type | |
| Seller Name | U. S. MORTGAGE CORP. |
| Seller No. | 23884-000-7 |
| Contract No.- Expiration Date | 441877-08/19/08 |
| Batch ID | 22759030 |
| Payee Code | 055014614 |
| Lender Loan ID | 3330002397 |
| Servicer Name | U. S. MORTGAGE CORP. |
| Servicer No. | 23884-000-7 |
| Address | 55 UPPER RAINBOW TRAIL |
| Property City | PARSIPPANY AKA |
| Property State | NJ |
| Property Zip Code | 07834 |
| Original Ln Amt/Line Amt | 156000.00 |
| Original Note Rate | 5.875 |
| First Paymnt Due | Apr 1, 2007 |
| Loan Term | 360 |
| Loan P&I Amt(monthly) | 922.80 |
| Submission Type/Lien | Whole/First |
| Amortization Type | Fixed Rate |
| Loan Type | 3 |
| Certification Priority | 080 |
| FNMA Loan No. | 4006016266 |
| Mortgage Type | Other |

CSC FYI Comments:
Delivers notes and assignments separately.  Accept endorsements from subsidiaries: Skyline Mo
rtgage, Datek Mortgage, and DBA Lending Solutions.

Variance:
No Variances



Received: 08/14/2008
Printed : 08/15/2008

FNMA-USM000000840

## NOTE

ORIGINAL

February 28, 2007          PINE BROOK          New Jersey
[Date]                        [City]                [State]

55 UPPER RAINBOW TRAIL
PARSIPPANY AKA DENVILLE , NJ  07834

[Property Address]

**1.  BORROWER'S PROMISE TO PAY**
    In return for a loan that I have received, I promise to pay U.S. $ 156,000.00          (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is **Picatinny Federal Credit Union, A Federal Credit Union**
I will make all payments under this Note in the form of cash, check or money order.
    I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

**2.  INTEREST**
    Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of        **5.8750%**.
    The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

**3.  PAYMENTS**
    **(A)  Time and Place of Payments**
    I will pay principal and interest by making a payment every month.
    I will make my monthly payment on the     **1st**     day of each month beginning on        **April 01, 2007**
I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on **March 01, 2037**     , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."
    I will make my monthly payments at **PO Box 582, Pine Brook, NJ  07058**

                                                          or at a different place if required by the Note Holder.

    **(B)  Amount of Monthly Payments**
    My monthly payment will be in the amount of U.S. **$922.80**

**4.  BORROWER'S RIGHT TO PREPAY**
    I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.
    I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

**MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT**          Form 3200 1/01
                                                                              GreatDocs™
ITEM 1846L1 (0009)                                                            (Page 1 of 3)

MFCD3002                                                           3330002397

FNMA-USM000000841

**5.   LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

**6.   BORROWER'S FAILURE TO PAY AS REQUIRED**

(A)   Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of         **Fifteen**         calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be         **5.0000%** of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

(B)   Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

(C)   Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

(D)   No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

(E)   Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**7.   GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**8.   OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9.   WAIVERS**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10.   UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

ITEM 1848.2 (0008)
**MFCD3002**

Form 3200 1/01
GreatDocs™
(Page 2 of 3)
3330002397

FNMA-USM000000842

this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

Borrower has executed and acknowledges receipt of pages 1 through 3 of this Note.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_Nan H. Mutnick_____ (Seal)          _____ (Seal)
NAN H. MUTNICK                -Borrower                                -Borrower


_____ (Seal)          _____ (Seal)
                       -Borrower                                -Borrower


_____ (Seal)          _____ (Seal)
                       -Borrower                                -Borrower


*[Sign Original Only]*

MULTISTATE FIXED RATE NOTE—Single Family –Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

ITEM 1844L3 (0909)
MFCD3002

Form 3200 1/01
GreatDocs™
(Page 3 of 3)
3330002397

FNMA-USM000000843

**ALLONGE TO PROMISSORY NOTE**

<u>LOAN INFORMATION</u>

Loan Number: 3330002397

Borrower(s)   NAN H. MUTNICK

Property Address: 55 UPPER RAINBOW TRAIL, PARSIPPANY AKA DENVILLE , NJ  07834

Note Amount: 156,000.00

Note Date:    February 28, 2007

Pay to the order of:
U.S. MORTGAGE CORPORATION

_____

Without Recourse

Picatinny Federal Credit Union

Name

Title    MICHAEL J. MCGRATH, JR.
         AVP
US4057

FNMA-USM000000844

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

**Recording RequestedBy/ReturnTo:** MORTGAGE DEPT
19D CHAPIN ROAD, PO BOX 2014, PINE BROOK, NJ 07058

Loan Number: 3330002387

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
100 MINERAL SPRINGS ROAD, DOVER, 07801
does hereby grant, sell, assign, transfer and convey, unto   US MORTGAGE CORP.

, a corporation organized and
existing under the laws of          **New Jersey**          (herein "Assignee"), whose address is
19D CHAPIN ROAD, PINE BROOK, NJ 07058

a certain Mortgage dated February 28, 2007          , made and executed by

NAN H. MUTNICK, A SINGLE WOMAN

to and in favor of   PICATINNY FEDERAL CREDIT UNION                          and given to secure

payment of   , ( 156,000.00          )  One Hundred Fifty Six Thousand
(Include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.   20783          , at page   1175          (or as

No. 2007023274          ) of the                    Records of  MORRIS

County, State of  NJ          , recorded on   3/ 8/2007          , together with the note(s) and obligations
therein described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on   August 13, 2008

PICATINNY FEDERAL CREDIT UNION
BY

Witness

Witness                                MICHAEL J. MCGRATH, JR.

                                       AVP

Attest

Seal:

This Instrument Prepared By: PICATINNY FEDERAL CREDIT UNION
address: 100 MINERAL SPRINGS ROAD, DOVER, 07801
STATE OF  New Jersey  , COUNTY OF  Morris

I CERTIFY THAT ON August 13, 2008      , Michael J. McGrath
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)   WAS THE MAKER OF THIS INSTRUMENT
(B)   WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
      AS  AVP          OF  PICATINNY FEDERAL CREDIT UNION

(C)   EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT.

NOTARY

SUZANNE MARIA CAVALLUZZI
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 7-23-2010

US4289

FNMA-USM000000845

**ALLONGE TO PROMISSORY NOTE**

<u>LOAN INFORMATION</u>

**Loan Number:**  3330002397
**Borrower(s):**  NAN H. MUTNICK

**Property Address:** 55 UPPER RAINBOW TRAIL, PARSIPPANY AKA DENVILLE , NJ 07834

**Note Amount:**  156,000.00
**Note Date:**  February 28, 2007

Pay to the order of:

Without Recourse
US MORTGAGE CORP.

BY: _____
KIMBERLEE COLAIACOVO
VICE PRESIDENT

Loan Number

US4056

3330002397

FNMA-USM000000846

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

**Recording RequestedBy/ReturnTo:**   MORTGAGE DEPT
                                       19D CHAPIN ROAD, PO BOX 2014. PINE BROOK, NJ 07058

Loan Number:  3330062387

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
**19D Chapin Road, Pine Brook, New Jersey 07058**
does hereby grant, sell, assign, transfer and convey, unto

**Federal National Mortgage Association**
                                            , a corporation organized and
                                            (herein "Assignee"), whose address is
existing under the laws of

**3900 Washington Avenue NW, Washington, DC 20016**

a certain Mortgage dated February 28, 2007          , made and executed by

**NAN H. MUTNICK, A SINGLE WOMAN**

to and in favor of  US Mortgage Corp.                                    and given to secure

payment of  , ( 156,000.00     ) One Hundred Fifty Six Thousand
                              (Include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.    20763       , at page   1175      ( or as

No. 2007023274    ) of the                          Records of  MORRIS

County, State of  NJ          , recorded on    03/06/2007    , together with the note(s) and obligations therein
described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage

  TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
  IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on  August 13, 2008

                                               US Mortgage Corp.

Witness   LORA BRINK                           BY:  KIMBERLEE COLAIACOVO
                                                    VICE PRESIDENT

Witness

Attest

Seal:

This Instrument Prepared By:
address: 19D Chapin Road, Pine Brook, NJ 07058

STATE OF NEW JERSEY,  COUNTY OF MORRIS

I CERTIFY THAT ON August 13, 2008          , KIMBERLEE COLAIACOVO
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)   WAS THE MAKER OF THIS INSTRUMENT
(B)   WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
      AS VICE PRESIDENT     OF   US Mortgage Corp.
(C)   EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT.

                                        NOTARY

US4290

DIANNA CORTES
NOTARY PUBLIC OF NEW JERSEY
COMMISSION EXPIRES 04/27/2010

FNMA-USM000000847

Region                            5

DDF0000007666706

| Product Type | |
|---|---|
| Seller Name | U. S. MORTGAGE CORP. |
| Seller No. | 23884-000-7 |
| Contract No.- Expiration Date | 441877-08/19/08 |
| Batch ID | 22759030 |
| Payee Code | 055014614 |
| Lender Loan ID | 3330004404 |
| Servicer Name | U. S. MORTGAGE CORP. |
| Servicer No. | 23884-000-7 |
| Address | 25B ROBYN LANE |
| Property City | TOBYHANNA TOWNS |
| Property State | PA |
| Property Zip Code | 18347 |
| Original Ln Amt/Line Amt | 165050.00 |
| Original Note Rate | 6.125 |
| First Paymnt Due | Jun 1, 2008 |
| Loan Term | 360 |
| Loan P&I Amt(monthly) | 1002.87 |
| Submission Type/Lien | Whole/First |
| Amortization Type | Fixed Rate |
| Loan Type | 3 |
| Certification Priority | 080 |
| FNMA Loan No. | 4006016267 |
| Mortgage Type | Other |

CSC FYI Comments:
Delivers notes and assignments separately. Accept endorsements from subsidiaries: Skyline Mortgage, Datek Mortgage, and DBA Lending Solutions.

Variance:
No Variances



Received: 08/14/2008
Printed : 08/15/2008

FNMA-USM000000732

# NOTE

April 22, 2008                                 Stroudsburg                              Pennsylvania
[Date]                                           [City]                                    [State]

25B ROBYN LANE
TOBYHANNA TOWNSHIP, PA 18347

[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $165,050.00                    (this amount is called
"Principal"), plus interest, to the order of the Lender. The Lender is Picatinny Federal Credit Union, A Federal Credit
Union
I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is
entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly
rate of        6.1250%.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section
6(B) of this Note.

## 3. PAYMENTS

### (A) Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the        1st        day of each month beginning on        June 01, 2008        .
I will make these payments every month until I have paid all of the principal and interest and any other charges described
below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied
to interest before Principal. If, on May 01, 2038                  , I still owe amounts under this Note, I will pay those
amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at PO Box 682, Pine Brook, NJ 07058

or at a different place if required by the Note Holder.

### (B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $1,002.87

## 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as
a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a
payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my
Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my
Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the
Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my
monthly payment unless the Note Holder agrees in writing to those changes.

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT          Form 3200 1/01
                                                                                              GreatDocs ™
ITEM 1848L1 (0608)                                                                           (Page 1 of 3)

MFCD3002                                                            3330004404

FNMA-USM000000733

## 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of **Fifteen** calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **5.0000%** of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

### (D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 10. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

ITEM 1848.2 (0008)
MFCD3002

Form 3200 1/01
GreatDocs™
(Page 2 of 3)
3330004404

FNMA-USM000000734

this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

Borrower has executed and acknowledges receipt of pages 1 through 3 of this Note.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_Deborah Horning_ _____ (Seal)    _Bruce Horning_ _____ (Seal)
DEBORAH HORNING                 -Borrower   BRUCE HORNING                  -Borrower

_____ (Seal)    _____ (Seal)
                          -Borrower                              -Borrower

_____ (Seal)    _____ (Seal)
                          -Borrower                              -Borrower

*[Sign Original Only]*

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT           Form 3200 1/01
                                                                                             GreatDocs™
ITEM 1846L3 (0009)                                                                           (Page 3 of 3)
MFCD3002                                                                                     3330004404

FNMA-USM000000735

## ALLONGE TO PROMISSORY NOTE

**LOAN INFORMATION**

**Loan Number:** 3330004404

**Borrower(s)**   DEBORAH HORNING, BRUCE HORNING

**Property Address:** 25B ROBYN LANE, TOBYHANNA TOWNSHIP, PA 18347

**Note Amount:** 165,050.00

**Note Date:**   April 22, 2008

Pay to the order of:
U.S. MORTGAGE CORPORATION

_____

Without Recourse

Picatinny Federal Credit Union

Name

**Title**   MICHAEL J MCGRATH, JR.
            AVP

US4057

FNMA-USM000000736

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

**Recording RequestedBy/ReturnTo:** MORTGAGE DEPT
19D CHAPIN ROAD, PO BOX 2014, PINE BROOK, NJ 07058

Loan Number: 3330004404

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
100 MINERAL SPRINGS ROAD, DOVER, 07801
does hereby grant, sell, assign, transfer and convey, unto   US MORTGAGE CORP.

, a corporation organized and
existing under the laws of          **New Jersey**          (herein "Assignee"), whose address is
19D CHAPIN ROAD, PINE BROOK, NJ 07058

a certain Mortgage dated April 22, 2008          , made and executed by

DEBORAH HORNING AND BRUCE HORNING, WIFE AND HUSBAND,

to and in favor of   PICATINNY FEDERAL CREDIT UNION          and given to secure

payment of   , ( 165,050.00          ) One Hundred Sixty Five Thousand Fifty
(Include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.          , at page          (or as

No.          ) of the          Records of   MONROE

County, State of   PA          , recorded on          , together with the note(s) and obligations
therein described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on August 13, 2008

PICATINNY FEDERAL CREDIT UNION

BY:

Witness

MICHAEL J. MCGRATH, JR.

Witness

AVP

Attest

Seal:

This Instrument Prepared By: PICATINNY FEDERAL CREDIT UNION
address: 100 MINERAL SPRINGS ROAD, DOVER, 07801

STATE OF   New Jersey   , COUNTY OF          Morris

I CERTIFY THAT ON August 13, 2008          Michael J. McGrath
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)    WAS THE MAKER OF THIS INSTRUMENT
(B)    WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
       AS   AVP          OF   PICATINNY FEDERAL CREDIT UNION

(C)    EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT

NOTARY

SUZANNE
NOTARY PUBLIC NEW JERSEY
Commission Expires 7-22-2013

US4289

FNMA-USM000000737

## ALLONGE TO PROMISSORY NOTE

**LOAN INFORMATION**

**Loan Number:** 3330004404
**Borrower(s):** DEBORAH HORNING, BRUCE HORNING

**Property Address:** 258 ROBYN LANE, TOBYHANNA TOWNSHIP, PA  18347

**Note Amount:** 165,050.00
**Note Date:** April 22, 2008

Pay to the order of:

Without Recourse
US MORTGAGE CORP.

BY _____
KIMBERLEE COLAIACOVO
VICE PRESIDENT

Loan Number

US4056

3330004404

FNMA-USM000000738

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

Recording RequestedBy/ReturnTo:   MORTGAGE DEPT
                                  19D CHAPIN ROAD, PO BOX 2014, PINE BROOK, NJ 07058

Loan Number:  3320804484

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
**19D Chapin Road, Pine Brook, New Jersey 07058**
does hereby grant, sell, assign, transfer and convey, unto

**Federal National Mortgage Association**
                                        , a corporation organized and
existing under the laws of                     (herein "Assignee"), whose address is

**3900 Washington Avenue NW, Washington, DC 20016**

a certain Mortgage dated  April 22, 2008          , made and executed by

              DEBORAH HORNING AND BRUCE HORNING, WIFE AND HUSBAND.

to and in favor of  US Mortgage Corp.                                and given to secure

payment of  , ( 165,050.00        ) One Hundred Sixty Five Thousand Fifty
                         (Include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.          , at page          ' (or as

No.          ) of the                Records of  MONROE

County, State of  PA          , recorded on                , together with the note(s) and obligations therein
described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage

    TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
    IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on  August 13, 2008

Witness  LORA BRINK                      US Mortgage Corp.
                                         BY:
                                         KIMBERLEE COLAIACOVO
                                         VICE PRESIDENT

Witness

Attest

Seal:

This Instrument Prepared By:
address:  19D Chapin Road, Pine Brook, NJ 07058
STATE OF NEW JERSEY,   COUNTY OF MORRIS

                                         KIMBERLEE COLAIACOVO
I CERTIFY THAT ON  August 13, 2008
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)    WAS THE MAKER OF THIS INSTRUMENT
(B)    WAS AUTHORIZED TO AND, DID EXECUTE THIS INSTRUMENT
       AS VICE PRESIDENT        OF    US Mortgage Corp.
(C)    EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT.

                                         NOTARY

US4280

                                 DIANNA CORTES
                           NOTARY PUBLIC OF NEW JERSEY
                           COMMISSION EXPIRES 04/27/2010

FNMA-USM000000739

Region                                              5
                                    DDF0000007666707

Product Type
Seller Name                         U. S. MORTGAGE CORP.
Seller No.                                   23884-000-7
Contract No.- Expiration Date        441877-08/19/08
Batch ID                                        22759030
Payee Code                                     055014614
Lender Loan ID                             3330004513
Servicer Name                       U. S. MORTGAGE CORP.
Servicer No.                                 23884-000-7
Address                              86 STOCKTON COURT
Property City                        PARSIPPANY TROY
Property State                                         NJ
Property Zip Code                                 07950
Original Ln Amt/Line Amt                    216900.00
Original Note Rate                                 5.875
First Paymnt Due                          Jun 1, 2008
Loan Term                                            360
Loan P&I Amt(monthly)                          1283.05
Submission Type/Lien                     Whole/First
Amortization Type                          Fixed Rate
Loan Type                                              3
Certification Priority                              080
FNMA Loan No.                               4006016268
Mortgage Type                                      Other

CSC FYI Comments:
Delivers notes and assignments separately.  Accept endorsements from subsidiaries: Skyline Mo
rtgage, Datek Mortgage, and DBA Lending Solutions.

Variance:
No Variances



Received: 08/14/2008
Printed : 08/15/2008

FNMA-USM000000716

# NOTE

April 22, 2008          PINE BROOK          New Jersey
[Date]                      [City]                  [State]

86 STOCKTON COURT
PARSIPPANY TROYHILLS, NJ 07950

[Property Address]

**1. BORROWER'S PROMISE TO PAY**
    In return for a loan that I have received, I promise to pay U.S. **$216,900.00**          (this amount is called
"Principal"), plus interest, to the order of the Lender. The Lender is **Picatinny Federal Credit Union, A Federal Credit
Union**
I will make all payments under this Note in the form of cash, check or money order.
    I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is
entitled to receive payments under this Note is called the "Note Holder."

**2. INTEREST**
    Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly
rate of       **5.8750%**.
    The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section
6(B) of this Note.

**3. PAYMENTS**
    **(A) Time and Place of Payments**
    I will pay principal and interest by making a payment every month.
    I will make my monthly payment on the       **1st**      day of each month beginning on       **June 01, 2008**      .
I will make these payments every month until I have paid all of the principal and interest and any other charges described
below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied
to interest before Principal. If, on **May 01, 2038**       , I will owe amounts under this Note, I will pay those
amounts in full on that date, which is called the "Maturity Date."
    I will make my monthly payments at **PO Box 682, Pine Brook, NJ 07058**

                                                    or at a different place if required by the Note Holder.

    **(B)  Amount of Monthly Payments**
    My monthly payment will be in the amount of U.S. **$1,283.05**

**4. BORROWER'S RIGHT TO PREPAY**
    I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as
a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a
payment as a Prepayment if I have not made all the monthly payments due under the Note.
    I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my
Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my
Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the
Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my
monthly payment unless the Note Holder agrees in writing to those changes.

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT          Form 3200 1/01
ITEM 1846L1 (0409)                                                                                                        GreatDocs™
                                                                                                                         (Page 1 of 3)

**MFCD3002**                                                                                    3330004513

FNMA-USM000000717

## 5.  LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 6.  BORROWER'S FAILURE TO PAY AS REQUIRED

   (A)  Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of     **Fifteen**     calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be     **5.0000%** of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

   (B)  Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

   (C)  Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

   (D)  No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

   (E)  Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 7.  GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 8.  OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 9.  WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 10.  UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

ITEM 1644L2 (0009)
MFCD3002

Form 3200 1/01
GreatDocs™
(Page 2 of 3)
3330004513

FNMA-USM000000718

this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

Borrower has executed and acknowledges receipt of pages 1 through 3 of this Note.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_Julie R. Stover_____ (Seal)
JULIE R. STOVER            -Borrower

_____ (Seal)
                          -Borrower

_____ (Seal)
                          -Borrower

_____ (Seal)
                          -Borrower

_____ (Seal)
                          -Borrower

_____ (Seal)
                          -Borrower

[Sign Original Only]

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

ITEM 1646L3 (0009)
MFCD3002

Form 3200 1/01
GreatDocs ™
(Page 3 of 3)
3330004513

FNMA-USM0000007159

## ALLONGE TO PROMISSORY NOTE

<u>LOAN INFORMATION</u>

Loan Number: 3330004513

Borrower(s)     JULIE R. STOVER

Property Address: 86 STOCKTON COURT, PARSIPPANY TROYHILLS, NJ 07950

Note Amount: 216,900.00

Note Date:     April 22, 2008

Pay to the order of:
U.S. MORTGAGE CORPORATION

Without Recourse

Picatinny Federal Credit Union

Name

Title

MICHAEL J MCGRATH, JR.

AVP

US4057

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

Recording RequestedBy/ReturnTo:   MORTGAGE DEPT
                                   19D CHAPIN ROAD, PO BOX 2014, PINE BROOK, NJ 07058

Loan Number:  3330004813

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
                    100 MINERAL SPRINGS ROAD, DOVER, 07801
does hereby grant, sell, assign, transfer and convey, unto   US MORTGAGE CORP.

                                                      , a corporation organized and
                                               (herein "Assignee"), whose address is
existing under the laws of   **New Jersey**
                    19D CHAPIN ROAD, PINE BROOK, NJ 07058

a certain Mortgage dated  April 22, 2008          , made and executed by

                    JULIE R STOVER, UNMARRIED

to and in favor of   PICATINNY FEDERAL CREDIT UNION                    and given to secure

payment of   , ( 216,900.00        ) Two Hundred Sixteen Thousand Nine Hundred
                    (Include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.    21072      , at page  0804      (or as

No.  2008032817     ) of the                   Records of   MORRIS

County, State of  NJ            , recorded on        4/30/2008      , together with the note(s) and obligations
therein described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on  August 13, 2008

                                   PICATINNY FEDERAL CREDIT UNION

                                   BY:

Witness

Witness                            MICHAEL J. MCGRATH, JR.

                                   AVP

Attest

Seal:

This Instrument Prepared By:  PICATINNY FEDERAL CREDIT UNION
address: 100 MINERAL SPRINGS ROAD, DOVER, 07801

STATE OF  New Jersey , COUNTY OF _____  Morris

I CERTIFY THAT ON August 13, 2008
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
                              MICHAEL J. MCGRATH
(A)   WAS THE MAKER OF THIS INSTRUMENT
(B)   WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
      AS      AVP          OF   PICATINNY FEDERAL CREDIT UNION

(C)   EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT

                                   NOTARY

US4289                             SUZANNE MARIA CAVALLUZZO
                                   NOTARY PUBLIC OF NEW JERSEY
                                   Commission Expires 7-22-2010

FNMA-USM000000721

## ALLONGE TO PROMISSORY NOTE

<u>LOAN INFORMATION</u>

Loan Number: 3330004513
Borrower(s):   JULIE R. STOVER

Property Address: 86 STOCKTON COURT, PARSIPPANY TROYHILLS, NJ  07950

Note Amount:   216,900.00
Note Date:      April 22, 2008

Pay to the order of:

Without Recourse
US MORTGAGE CORP.

BY: _____
    KIMBERLEE COLAIACOVO
       VICE PRESIDENT

Loan Number

US4056

          3330004513

FNMA-USM000000722

RFL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

Recording RequestedBy/ReturnTo:   MORTGAGE DEPT
                                  19D CHAPIN ROAD, PO BOX 2014. PINE BROOK, NJ 07058

Loan Number:  3330804613

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
                          19D Chapin Road, Pine Brook, New Jersey 07058
does hereby grant, sell, assign, transfer and convey, unto

### Federal National Mortgage Association
                                                    , a corporation organized and
                                                    (herein "Assignee"), whose address is
existing under the laws of

                3900 Washington Avenue NW, Washington, DC 20016

a certain Mortgage dated  April 22, 2008        , made and executed by

                JULIE R STOVER, UNMARRIED

                                                    and given to secure
to and in favor of  US Mortgage Corp.

payment of   ,  ( 216,900.00       ) Two Hundred Sixteen Thousand Nine Hundred
                          (include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.    21072        , at page   0804        (or as

No. 2008032817     ) of the              Records of  MORRIS

County, State of   NJ        , recorded on        04/30/2008       , together with the note(s) and obligations therein
described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage

    TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
    IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on August 13, 2008

                                              US Mortgage Corp.

                                              BY:
Witness      LORA BRINK                          KIMBERLEE COLAIACOVO
                                                 VICE PRESIDENT

Witness

Attest

Seal:

This Instrument Prepared By:
address: 19D Chapin Road, Pine Brook, NJ 07058     Essex

STATE OF NEW JERSEY,   COUNTY OF ~~MORRIS~~

I CERTIFY THAT ON August 13, 2008          KIMBERLEE COLAIACOVO
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)    WAS THE MAKER OF THIS INSTRUMENT
(B)    WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
       AS  VICE  PRESIDENT        OF   US Mortgage Corp.
(C)    EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT.

                                          NOTARY
                              DIANNA CORTES
                         NOTARY PUBLIC OF NEW JERSEY
US4290                   COMMISSION EXPIRES 04/27/2010

Region
.5

DDF0000007666708

| | |
|---|---|
| Product Type | |
| Seller Name | U. S. MORTGAGE CORP. |
| Seller No. | 23884-000-7 |
| Contract No.- Expiration Date | 441877-08/19/08 |
| Batch ID | 22759030 |
| Payee Code | 055014614 |
| Lender Loan ID | 3330004602 |
| Servicer Name | U. S. MORTGAGE CORP. |
| Servicer No. | 23884-000-7 |
| Address | 43 SAMMIS AVENUE |
| Property City | DOVER |
| Property State | NJ |
| Property Zip Code | 07801 |
| Original Ln Amt/Line Amt | 175000.00 |
| Original Note Rate | 5.875 |
| First Paymnt Due | Jul 1, 2008 |
| Loan Term | 360 |
| Loan P&I Amt(monthly) | 1035.20 |
| Submission Type/Lien | Whole/First |
| Amortization Type | Fixed Rate |
| Loan Type | 3 |
| Certification Priority | 080 |
| FNMA Loan No. | 4006016269 |
| Mortgage Type | Other |

CSC FYI Comments:
Delivers notes and assignments separately. Accept endorsements from subsidiaries: Skyline Mortgage, Datek Mortgage, and DBA Lending Solutions.

Variance:
No Variances



Received: 08/14/2008
Printed : 08/15/2008

FNMA-USM000000724

## NOTE

# ORIGINAL

May 29, 2008          Morristown          New Jersey
[Date]                [City]               [State]

43 SAMMIS AVENUE
DOVER, NJ 07801

[Property Address]

**1. BORROWER'S PROMISE TO PAY**

In return for a loan that I have received, I promise to pay U.S. **$175,000.00**          (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is **Picatinny Federal Credit Union, A Federal Credit Union**

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

**2. INTEREST**

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of     **5.8750%.**

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

**3. PAYMENTS**

(A) Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the     **1st**     day of each month beginning on          **July 01, 2008**     . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on **June 01, 2038**          , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at **PO Box 682, Pine Brook, NJ 07058**

or at a different place if required by the Note Holder.

(B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. **$1,035.20**

**4. BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT          Form 3200 1/01

ITEM 1848.1 (0009)          GreatDocs™
(Page 1 of 3)

MFCD3002          3330004602

FNMA-USM000000725

## 5.  LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 6.  BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of **Fifteen** calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **5.0000%** of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

### (D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 7.  GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 8.  OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 9.  WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 10.  UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

ITEM 1845L2 (0009)
MFCD3002

Form 3200 1/01
GreatDocs™
(Page 2 of 3)
3330004602

FNMA-USM000000726

this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment, in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

Borrower has executed and acknowledges receipt of pages 1 through 3 of this Note.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)
PHILLIP S. BERTA          -Borrower

_____ (Seal)
DAWN M. BERTA             -Borrower

_____ (Seal)
                          -Borrower

_____ (Seal)
                          -Borrower

_____ (Seal)
                          -Borrower

_____ (Seal)
                          -Borrower

*[Sign Original Only]*

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

Form 3200 1/01
GreatDocs™
(Page 3 of 3)
3330004602

ITEM 1846L3 (9809)
MFCD3002

FNMA-USM000000727

## ALLONGE TO PROMISSORY NOTE

**LOAN INFORMATION**

Loan Number: 3330004602

Borrower(s)    PHILLIP S. BERTA, DAWN M. BERTA

Property Address: 43 SAMMIS AVENUE, DOVER, NJ  07801

Note Amount: 175,000.00

Note Date:    May 29, 2008

Pay to the order of:
U.S. MORTGAGE CORPORATION

_____

Without Recourse

Picatinny Federal Credit Union

Name

Title         MICHAEL J. MCGRATH, JR.

              AVP

US4057

FNMA-USM000000728

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

Recording RequestedBy/ReturnTo: MORTGAGE DEPT
19D CHAPIN ROAD, PO BOX 2014, PINE BROOK, NJ 07058

Loan Number: 3330004602

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
100 MINERAL SPRINGS ROAD, DOVER, 07801
does hereby grant, sell, assign, transfer and convey, unto    US MORTGAGE CORP.

, a corporation organized and
existing under the laws of        New Jersey        (herein "Assignee"), whose address is
19D CHAPIN ROAD, PINE BROOK, NJ 07058

a certain Mortgage dated May 22, 2008        , made and executed by

PHILLIP S. BERTA AND DAWN M. BERTA, HUSBAND AND WIFE

to and in favor of    PICATINNY FEDERAL CREDIT UNION                    and given to secure

payment of  , ( 175,000.00      ) One Hundred Seventy Five Thousand
(Include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.      21102        , at page   1745        (or as

No. 2008045085        ) of the                    Records of  MORRIS

County, State of  NJ                , recorded on      6/16/2008        , together with the note(s) and obligations
therein described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage.

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on August 13, 2008

PICATINNY FEDERAL CREDIT UNION
BY:

Witness

Witness                                MICHAEL J. MCGRATH, JR.

Attest                                AVP

Seal:

This Instrument Prepared By:  PICATINNY FEDERAL CREDIT UNION
address: 100 MINERAL SPRINGS ROAD, DOVER, 07801
STATE OF  New Jersey  , COUNTY OF      Morris

I CERTIFY THAT ON August 13, 2008
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)    WAS THE MAKER OF THIS INSTRUMENT
(B)    WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
AS      AVP      OF    PICATINNY FEDERAL CREDIT UNION

(C)    EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT

NOTARY

SUZANNE MARIA CAVALLUZZO
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 7-22-2013

US4289

FNMA-USM000000729

## ALLONGE TO PROMISSORY NOTE

<u>**LOAN INFORMATION**</u>

**Loan Number:** 3330004602
**Borrower(s):** PHILLIP S. BERTA, DAWN M. BERTA

**Property Address:** 43 SAMMIS AVENUE, DOVER, NJ 07801

**Note Amount:** 175,000.00
**Note Date:** May 29, 2008

Pay to the order of:

Without Recourse
US MORTGAGE CORP.

BY: _____
KIMBERLEE COLAIACOVO
VICE PRESIDENT

Loan Number

US4056

3330004602.

FNMA-USM000000730

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

Recording RequestedBy/ReturnTo:   MORTGAGE DEPT
                                   19D CHAPIN ROAD, PO BOX 2014, PINE BROOK, NJ 07058

Loan Number: 1330604692

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
                    **19D Chapin Road, Pine Brook, New Jersey 07058**
does hereby grant, sell, assign, transfer and convey, unto

                    **Federal National Mortgage Association**
                                                        , a corporation organized and
                                                    (herein "Assignee"), whose address is
existing under the laws of

                    **3900 Washington Avenue NW, Washington, DC 20016**

a certain Mortgage dated  May 29, 2008           , made and executed by

        PHILLIP S. BERTA AND DAWN M. BERTA, HUSBAND AND WIFE

                                                            and given to secure
to and in favor of  US Mortgage Corp.

payment of   ,  ( 175,000.00          ) One Hundred Seventy Five Thousand
                            (include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.    21102           , at page   1745          (or as

No.  2008045065       ) of the                    Records of  MORRIS

County, State of   NJ              , recorded on      08/18/2008      , together with the note(s) and obligations therein
described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on  August 13, 2008

                                            US Mortgage Corp.

                                            BY
Witness  LORA BRINK                            KIMBERLEE COLAIACOVO
                                               VICE PRESIDENT

Witness

Attest

Seal:

This Instrument Prepared By:
address: 19D Chapin Road, Pine Brook, NJ 07058   ESSEX

STATE OF NEW JERSEY,   COUNTY OF MORRIS

I CERTIFY THAT ON  August 13, 2008          , KIMBERLEE COLAIACOVO
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)   WAS THE MAKER OF THIS INSTRUMENT
(B)   WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
      AS   VICE PRESIDENT       OF    US Mortgage Corp.
(C)   EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT.

                                            NOTARY

US4290

                        DIANNA CORTES
                NOTARY PUBLIC OF NEW JERSEY
                COMMISSION EXPIRES 04/27/2010

FNMA-USM000000731

Region

5

DDF0000007666709

| | |
|---|---|
| Product Type | |
| Seller Name | U. S. MORTGAGE CORP. |
| Seller No. | 23884-000-7 |
| Contract No.- Expiration Date | 441877-08/19/08 |
| Batch ID | 22759030 |
| Payee Code | 055014614 |
| Lender Loan ID | 3330004650 |
| Servicer Name | U. S. MORTGAGE CORP. |
| Servicer No. | 23884-000-7 |
| Address | 20 EAST STERLING STREET |
| Property City | WHARTON |
| Property State | NJ |
| Property Zip Code | 07885 |
| Original Ln Amt/Line Amt | 194650.00 |
| Original Note Rate | 5.875 |
| First Paymnt Due | Jul 1, 2008 |
| Loan Term | 360 |
| Loan P&I Amt(monthly) | 1151.43 |
| Submission Type/Lien | Whole/First |
| Amortization Type | Fixed Rate |
| Loan Type | 3 |
| Certification Priority | 080 |
| FNMA Loan No. | 4006016270 |
| Mortgage Type | Other |

CSC FYI Comments:
Delivers notes and assignments separately.  Accept endorsements from subsidiaries: Skyline Mo
rtgage, Datek Mortgage, and DBA Lending Solutions.

Variance:
No Variances



Received: 08/14/2008
Printed : 08/15/2008

FNMA-USM000000708

ORIGINAL

# NOTE

May 20, 2008            Pine Brook                    New Jersey
[Date]                  [City]                        [State]

20 EAST STERLING STREET
WHARTON, NJ 07885

[Property Address]

1.  **BORROWER'S PROMISE TO PAY**
    In return for a loan that I have received, I promise to pay U.S. $194,650.00                    (this amount is called
"Principal"), plus interest, to the order of the Lender. The Lender is Picatinny Federal Credit Union, A Federal Credit
Union
I will make all payments under this Note in the form of cash, check or money order.
    I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is
entitled to receive payments under this Note is called the "Note Holder."

2.  **INTEREST**
    Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly
rate of       5.8750%.
    The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section
6(B) of this Note.

3.  **PAYMENTS**
    (A) Time and Place of Payments
    I will pay principal and interest by making a payment every month.
    I will make my monthly payment on the     1st     day of each month beginning on        July 01, 2008        .
I will make these payments every month until I have paid all of the principal and interest and any other charges described
below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied
to interest before Principal. If, on June 01, 2038             , I still owe amounts under this Note, I will pay those
amounts in full on that date, which is called the "Maturity Date."
    I will make my monthly payments at PO Box 682, Pine Brook, NJ 07058

                                                       or at a different place if required by the Note Holder.

    (B) Amount of Monthly Payments
    My monthly payment will be in the amount of U.S. $1,151.43

4.  **BORROWER'S RIGHT TO PREPAY**
    I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as
a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a
payment as a Prepayment if I have not made all the monthly payments due under the Note.
    I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my
Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my
Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the
Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my
monthly payment unless the Note Holder agrees in writing to those changes.

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT          Form 3200 1/01
                                                                                           GreatDocs™
ITEM 1644L1 (0409)                                                                          (Page 1 of 3)

MFCD3002                                                             3330004650

FNMA-USM000000709

**5. LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

**6. BORROWER'S FAILURE TO PAY AS REQUIRED**

**(A) Late Charge for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of **Fifteen** calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **5.0000%** of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

**(D) No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**7. GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**8. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9. WAIVERS**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10. UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

ITEM 1646L2 (0609)
MFCD3002

Form 3200 1/01
GreatDocs™
(Page 2 of 3)
3330004650

this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

Borrower has executed and acknowledges receipt of pages 1 through 3 of this Note.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_Magdalena Carrero_____ (Seal)          _____ (Seal)
MAGDALENA CARRERO              -Borrower                                      -Borrower


_____ (Seal)          _____ (Seal)
                       -Borrower                                      -Borrower


_____ (Seal)          _____ (Seal)
                       -Borrower                                      -Borrower


*[Sign Original Only]*

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT          Form 3200 1/01
                                                                                            GreatDocs ™
ITEM 1648L3 (0409)                                                                           (Page 3 of 3)
MFCD3002                                                                                     3330004650

## ALLONGE TO PROMISSORY NOTE

<u>LOAN INFORMATION</u>

Loan Number: 3330004650

Borrower(s)    MAGDALENA CARRERO

Property Address: 20 EAST STERLING STREET, WHARTON, NJ 07885

Note Amount: 194,650.00

Note Date:    May 20, 2008

Pay to the order of:
U.S. MORTGAGE CORPORATION

_____

Without Recourse

Picatinny Federal Credit Union

Name

Title      MICHAEL J. MCGRATH, JR.
             AVP

US4057

FNMA-USM000000712

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

**Recording RequestedBy/ReturnTo:** MORTGAGE DEPT
19D CHAPIN ROAD, PO BOX 2014, PINE BROOK, NJ 07058

Loan Number: 3330004650

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
100 MINERAL SPRINGS ROAD, DOVER, 07801
does hereby grant, sell, assign, transfer and convey, unto   US MORTGAGE CORP.

, a corporation organized and
existing under the laws of      **New Jersey**      (herein "Assignee"), whose address is
19D CHAPIN ROAD, PINE BROOK, NJ 07058

a certain Mortgage dated May 20, 2008      , made and executed by

MAGDALENA CARRERO, A SINGLE WOMAN

to and in favor of   PICATINNY FEDERAL CREDIT UNION      and given to secure

payment of  , ( 194,650.00      ) One Hundred Ninety Four Thousand Six Hundred Fifty
(Include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.      21095      , at page   0849      (or as

No.  284343      ) of the                         Records of  MORRIS

County, State of   NJ      , recorded on      6/ 3/2008      , together with the note(s) and obligations
therein described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on  August 13, 2008

PICATINNY FEDERAL CREDIT UNION
BY:

Witness

Witness                                    MICHAEL J. MCGRATH, JR.

                                           AVP

Attest

Seal:

This Instrument Prepared By:  PICATINNY FEDERAL CREDIT UNION
address: 100 MINERAL SPRINGS ROAD, DOVER, 07801

STATE OF  New Jersey  , COUNTY OF  Morris

I CERTIFY THAT ON August 13, 2008      , Michael J. McGrath
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)      WAS THE MAKER OF THIS INSTRUMENT
(B)      WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
         AS  AVP      OF   PICATINNY FEDERAL CREDIT UNION

(C)      EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT

                                           NOTARY

US4269                                     SUZANNE MARIA CAVALLUZZO
                                           NOTARY PUBLIC OF NEW JERSEY
                                           Commission Expires 7-23-2013

FNMA-USM000000713

**ALLONGE TO PROMISSORY NOTE**

<u>LOAN INFORMATION</u>

Loan Number: 3330004650
Borrower(s):   MAGDALENA CARRERO

Property Address: 20 EAST STERLING STREET, WHARTON, NJ  07885

Note Amount:   194,650.00
Note Date:     May 20, 2008

Pay to the order of:

Without Recourse
US MORTGAGE CORP.

BY: _____
     KIMBERLEE  COLAIACOVO
        VICE PRESIDENT

Loan Number

US4056

3330004650

FNMA-USM000000714

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

<u>Recording RequestedBy/ReturnTo:</u>   MORTGAGE DEPT
19D CHAPIN ROAD, PO BOX 2014. PINE BROOK, NJ 07058

Loan Number: 3330004650

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
19D Chapin Road, Pine Brook, New Jersey 07058
does hereby grant, sell, assign, transfer and convey, unto

**Federal National Mortgage Association**
, a corporation organized and
(herein "Assignee"), whose address is
existing under the laws of

**3900 Washington Avenue NW, Washington, DC 20016**

a certain Mortgage dated May 20, 2008          , made and executed by

MAGDALENA CARRERO, A SINGLE WOMAN

to and in favor of  US Mortgage Corp.                                             and given to secure

payment of  , (  194,650.00          ) One Hundred Ninety Four Thousand Six Hundred Fifty
(Include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.   21096          , at page  0848          (or as

No. 264343          ) of the                                    Records of  MORRIS

County, State of  NJ          , recorded on    08/03/2008          , together with the note(s) and obligations therein
described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage.

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on  August 13, 2008

Witness  LORA BRINK

Witness

US Mortgage Corp.
BY:
KIMBERLEE COLAIACOVO
VICE PRESIDENT

Attest

Seal:

This Instrument Prepared By:
address: 19D Chapin Road, Pine Brook, NJ 07058

STATE OF NEW JERSEY,   COUNTY OF MORRIS  Essex

I CERTIFY THAT ON  August 13, 2008          , KIMBERLEE COLAIACOVO
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)   WAS THE MAKER OF THIS INSTRUMENT
(B)   WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
AS  VICE PRESIDENT          OF   US Mortgage Corp.
(C)   EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT.

NOTARY

US4290

DIANNA CORTES
NOTARY PUBLIC OF NEW JERSEY
COMMISSION EXPIRES 04/27/2010

FNMA-USM000000715

Region

DDF0000007666710

Product Type
Seller Name                              U. S. MORTGAGE CORP.
Seller No.                                      23884-000-7
Contract No.- Expiration Date        441877-08/19/08
Batch ID                                       22759030
Payee Code                                    055014614
Lender Loan ID                              3330004771
Servicer Name                        U. S. MORTGAGE CORP.
Servicer No.                                  23884-000-7
Address                                 19 MIRROR PLACE
Property City                          JEFFERSON TOWNS
Property State                                        NJ
Property Zip Code                                 07438
Original Ln Amt/Line Amt                   306850.00
Original Note Rate                              5.875
First Paymnt Due                         Aug 1, 2008
Loan Term                                          360
Loan P&I Amt(monthly)                         1815.14
Submission Type/Lien                    Whole/First
Amortization Type                        Fixed Rate
Loan Type                                            3
Certification Priority                           080
FNMA Loan No.                              4006016271
Mortgage Type                                    Other

CBC FYI Comments:
Delivers notes and assignments separately.  Accept endorsements from subsidiaries: Skyline Mortgage, Datek Mortgage, and DBA Lending Solutions.

Variance:
No Variances



Received: 08/14/2008
Printed : 08/15/2008

FNMA-USM000000700

# NOTE

June 19, 2008                    Rockaway                    New Jersey
  [Date]                          [City]                      [State]

19 MIRROR PLACE
JEFFERSON TOWNSHIP, NJ 07438

[Property Address]

**ORIGINAL**

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $306,850.00      (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is **Picatinny Federal Credit Union, A Federal Credit Union**

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of **5.8750%**.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3. PAYMENTS

(A) Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the   1st   day of each month beginning on   **August 01, 2008**   . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on   **July 01, 2038**   , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at PO Box 682, Pine Brook, NJ 07058

or at a different place if required by the Note Holder.

(B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $1,815.14

## 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

MULTISTATE
ITEM 1846.1 (0030008)

Form 3200 1/01

GreatDocs™
(Page 1 of 3)

MFCD3002

3330004771

FNMA-USM000000701

**5.  LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

**6.  BORROWER'S FAILURE TO PAY AS REQUIRED**

    **(A)  Late Charge for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of    **15**    calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be   **5.0000** % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

    **(B)  Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

    **(C)  Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

    **(D)  No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

    **(E)  Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**7.  GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**8.  OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9.  WAIVERS**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10.  UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT     **Form 3200 1/01**

MULTISTATE
ITEM 1846L2 (0000)
**MFCD3002**

GreatDocs®
(Page 2 of 3)
**3330004771**

FNMA-USM000000702

this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

Borrower has executed and acknowledges receipt of pages 1 through 3 of this Note.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)
Owen  Kimball          -Borrower

_____ (Seal)
                       -Borrower

_____ (Seal)
                       -Borrower

_____ (Seal)
                       -Borrower

_____ (Seal)
                       -Borrower

_____ (Seal)
                       -Borrower

*[Sign Original Only]*

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

Form 3200 1/01

MULTISTATE
ITEM 1648L3 (0506066)
**MFCD3002**

GreatDocs®
(Page 3 of 3)
3330004771

FNMA-USM000000703

## ALLONGE TO PROMISSORY NOTE

**LOAN INFORMATION**

Loan Number: 3330004771

Borrower(s)    DUSTIN KIMBALL

Property Address: 19 MIRROR PLACE, JEFFERSON TOWNSHIP, NJ 07438

Note Amount: 306,850.00

Note Date:    June 12, 2008

Pay to the order of:
U.S. MORTGAGE CORPORATION

_____

Without Recourse

Picatinny Federal Credit Union

_____
Name

Title    MICHAEL J. MCGRATH, JR.
         AVP

US4057

FNMA-USM000000704

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

Recording RequestedBy/ReturnTo:   MORTGAGE DEPT
19D CHAPIN ROAD, PO BOX 2014, PINE BROOK, NJ 07058

Loan Number:  3330004771

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
100 MINERAL SPRINGS ROAD, DOVER, 07801
does hereby grant, sell, assign, transfer and convey, unto   US MORTGAGE CORP.

, a corporation organized and
existing under the laws of            New Jersey            (herein "Assignee"), whose address is
19D CHAPIN ROAD, PINE BROOK, NJ 07058

a certain Mortgage dated  June 12, 2008            , made and executed by
DUSTIN KIMBALL, A SINGLE MAN

to and in favor of   PICATINNY FEDERAL CREDIT UNION                      and given to secure

payment of  , (  306,850.00       ) Three Hundred Six Thousand Eight Hundred Fifty
(include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.            , at page            (or as

No.        ) of the                      Records of  PASSAIC

County, State of   NJ              , recorded on              , together with the note(s) and obligations
therein described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on  August 13, 2008

PICATINNY FEDERAL CREDIT UNION

BY:

Witness

MICHAEL J. MCGRATH, JR.

Witness

AVP

Attest

Seal:

This Instrument Prepared By:  PICATINNY FEDERAL CREDIT UNION
address: 100 MINERAL SPRINGS ROAD, DOVER, 07801

STATE OF  New Jersey  , COUNTY OF  Morris

I CERTIFY THAT ON August 13, 2008
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)    WAS THE MAKER OF THIS INSTRUMENT
(B)    WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
       AS    AVP        OF   PICATINNY FEDERAL CREDIT UNION

(C)    EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT

NOTARY

SUZANNE MARIA CAVALLUZZO
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 7-22-2013

US4269

## ALLONGE TO PROMISSORY NOTE

__LOAN INFORMATION__

Loan Number:  3330004771
Borrower(s):   DUSTIN KIMBALL

Property Address: 19 MIRROR PLACE, JEFFERSON TOWNSHIP, NJ 07438

Note Amount:   306,850.00
Note Date:      June 12, 2008

Pay to the order of:

Without Recourse
US MORTGAGE CORP.

BY: KIMBERLEE COLAIACOVO
VICE PRESIDENT

Loan Number

US4056

3330004771

FNMA-USM000000706

RFL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

Recording RequestedBy/ReturnTo:   MORTGAGE DEPT
                                  19D CHAPIN ROAD, PO BOX 2014. PINE BROOK, NJ 07058

Loan Number:  3330004771

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
**19D Chapin Road, Pine Brook, New Jersey 07058**
does hereby grant, sell, assign, transfer and convey, unto

**Federal National Mortgage Association**
                                                         , a corporation organized and
existing under the laws of                                (herein "Assignee"), whose address is

**3900 Washington Avenue NW, Washington, DC 20016**

a certain Mortgage dated  June 12, 2008          , made and executed by

**DUSTIN KIMBALL, A SINGLE MAN**

                                                              and given to secure
to and in favor of  US Mortgage Corp.

payment of  ,  ( 306,850.00        )  Three Hundred Six Thousand Eight Hundred Fifty
                         (Include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.              , at page             [or as

No.            ) of the                        Records of  PASSAIC

County, State of  NJ              , recorded on                  , together with the note(s) and obligations therein
described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on  August 13, 2008

                                                     US Mortgage Corp.

                                                     BY:
Witness    LORA BRINK                                KIMBERLEE COLAIACOVO
                                                     VICE PRESIDENT

Witness

Attest

Seal:

This Instrument Prepared By:
address: 19D Chapin Road, Pine Brook, NJ 07058      Essex

STATE OF NEW JERSEY,   COUNTY OF MORRIS

I CERTIFY THAT ON **August 13, 2008**          KIMBERLEE COLAIACOVO
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)   WAS THE MAKER OF THIS INSTRUMENT
(B)   WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
      AS VICE PRESIDENT         OF   US Mortgage Corp.
(C)   EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT.

                                      NOTARY

US4290

                    **DIANNA CORTES**
             NOTARY PUBLIC OF NEW JERSEY
           COMMISSION EXPIRES 04/27/2010

FNMA-USM000000707

Region

DDF0000007666711

| | |
|---|---|
| Product Type | |
| Seller Name | U. S. MORTGAGE CORP. |
| Seller No. | 23884-000-7 |
| Contract No.- Expiration Date | 441877-08/19/08 |
| Batch ID | 22759030 |
| Payee Code | 055014614 |
| Lender Loan ID | 3330004845 |
| Servicer Name | U. S. MORTGAGE CORP. |
| Servicer No. | 23884-000-7 |
| Address | 5397 BUCK SETTLEMENT ROAD |
| Property City | BATH |
| Property State | NY |
| Property Zip Code | 14810 |
| Original Ln Amt/Line Amt | 176300.00 |
| Original Note Rate | 5.875 |
| First Paymnt Due | Aug 1, 2008 |
| Loan Term | 360 |
| Loan P&I Amt(monthly) | 1042.89 |
| Submission Type/Lien | Whole/First |
| Amortization Type | Fixed Rate |
| Loan Type | 3 |
| Certification Priority | 080 |
| FNMA Loan No. | 4006016272 |
| Mortgage Type | Other |

CSC FYI Comments:
Delivers notes and assignments separately.  Accept endorsements from subsidiaries: Skyline Mortgage, Datek Mortgage, and DBA Lending Solutions.

Variance:
No Variances



Received: 08/14/2008
Printed : 08/15/2008

FNMA-USM000000686



# NOTE

| June 30, 2008 | VOORHEESVILLE | New York |
|---|---|---|
| [Date] | [City] | [State] |

5397 BUCK SETTLEMENT ROAD
BATH, NY 14810

[Property Address]

**1. BORROWER'S PROMISE TO PAY**

In return for a loan that I have received, I promise to pay U.S. $176,300.00            (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is **Picatinny Federal Credit Union, A Federal Credit Union**

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

**2. INTEREST**

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of     **5.8750%**.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

**3. PAYMENTS**

**(A) Time and Place of Payments**

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the     **1st**     day of each month beginning on     **August 01, 2008**     I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on July 01, 2038          , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at **PO Box 682, Pine Brook, NJ 07058**

or at a different place if required by the Note Holder.

**(B) Amount of Monthly Payments**

My monthly payment will be in the amount of U.S. **$1,042.89**

**4. BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

**NEW YORK FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT**     Form 3233 1/01

GREATLAND
To Order Call: 1-800-530-9393 ☐ Fax: 616-791-1131

ITEM 7927L1 (0012)     *(Page 1 of 3 pages)*
MFNY3120     3330004845

FNMA-USM000000687

## 5.   LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 6.   BORROWER'S FAILURE TO PAY AS REQUIRED

**(A)   Late Charge for Overdue Payments**
If the Note Holder has not received the full amount of any monthly payment by the end of **Fifteen**   calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be   **2.0000%** of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

**(B)   Default**
If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C)   Notice of Default**
If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

**(D)   No Waiver By Note Holder**
Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E)   Payment of Note Holder's Costs and Expenses**
If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 7.   GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 8.   OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 9.   WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 10.   UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in

NEW YORK FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

ITEM 7909L2 (0012)
**MFNY3120**

*(Page 2 of 3 pages)*

Form 3233 1/01
GREATLAND
To Order Call: 1-800-530-9393 ☐ Fax: 616-791-1131
**3330004845**

FNMA-USM000000688

this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

> Lender may require immediate payment in full of all Sums Secured by this Security Instrument if all or any part of the Property, or if any right in the Property, is sold or transferred without Lender's prior written permission. If Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred without Lender's prior written permission, Lender also may require immediate payment in full. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

> If Lender requires immediate payment in full under this Section 18, Lender will give me a notice which states this requirement. The notice will give me at least 30 days to make the required payment. The 30-day period will begin on the date the notice is given to me in the manner required by Section 15 of this Security Instrument. If I do not make the required payment during that period, Lender may act to enforce its rights under this Security Instrument without giving me any further notice or demand for payment.

Borrower has executed and acknowledges receipt of pages 1 through 3 of this Note.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)
TIM S. JOENS THROUGH HIS ATTORNEY        -Borrower
IN FACT, AIMEE R. CHURCHILL, ESQ

_____ (Seal)
LISA A. JOENS THROUGH HER ATTORNEY        -Borrower
IN FACT, AIMEE R. CHURCHILL, ESQ

_____ (Seal)        _____ (Seal)
                              -Borrower                                      -Borrower

_____ (Seal)        _____ (Seal)
                              -Borrower                                      -Borrower

*[Sign Original Only]*

NEW YORK FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT        **Form 3233 1/01**

ITEM 7FDVL3 (0311)                                                                GREATLAND
MFNY3120                          *(Page 3 of 3 pages)*        To Order Call: 1-800-530-9393 □ Fax: 616-791-1131
                                                                                 3330004845

FNMA-USM000000689

ALLONGE TO PROMISSORY NOTE

<u>LOAN INFORMATION</u>

Loan Number: 3330004845

Borrower(s)   TIM S. JOENS, LISA A. JOENS

Property Address: 5397 BUCK SETTLEMENT ROAD , BATH, NY  14810

Note Amount: 176,300.00

Note Date:   June 30, 2008

Pay to the order of:
U.S. MORTGAGE CORPORATION

_____

Without Recourse

Picatinny Federal Credit Union

_____
Name

Title   MICHAEL J. MCGRATH, JR.
        AVP

US4057

FNMA-USM000000690

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

**Recording RequestedBy/ReturnTo:**   MORTGAGE DEPT
19D CHAPIN ROAD, PO BOX 2014, PINE BROOK, NJ 07058

Loan Number:  3330004845

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
100 MINERAL SPRINGS ROAD, DOVER, 07801
does hereby grant, sell, assign, transfer and convey, unto   US MORTGAGE CORP.

, a corporation organized and
(herein "Assignee"), whose address is

existing under the laws of        **New Jersey**
19D CHAPIN ROAD, PINE BROOK, NJ 07058

a certain Mortgage dated June 30, 2008            , made and executed by

**TIM S JOENS AND LISA A JOENS, HUSBAND AND WIFE**

to and in favor of   **PICATINNY FEDERAL CREDIT UNION**                 and given to secure

payment of   , (  176,300.00       ) One Hundred Seventy Six Thousand Three Hundred
(Include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.   2375          , at page  292           (or as

No.  002867280019       ) of the          Records of   **STEUBEN**

County, State of   NY          , recorded on    7/10/2008       , together with the note(s) and obligations
therein described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on August 13, 2008

PICATINNY FEDERAL CREDIT UNION
BY:

Witness

**MICHAEL J. MCGRATH, JR.**

Witness

**AVP**

Attest

Seal:

This Instrument Prepared By:  PICATINNY FEDERAL CREDIT UNION
address: 100 MINERAL SPRINGS ROAD, DOVER, 07801
STATE OF  New Jersey  , COUNTY OF   Morris

I CERTIFY THAT ON August 13, 2008
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)    WAS THE MAKER OF THIS INSTRUMENT
(B)    WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
       AS  AVP _____ OF   PICATINNY FEDERAL CREDIT UNION

(C)    EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT

NOTARY

SUZANNE MARIA CAVALLUZZO
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 7-22-2013

US4269

FNMA-USM000000691

## ALLONGE TO PROMISSORY NOTE

**LOAN INFORMATION**

Loan Number: 3330004845
Borrower(s):  TIM S. JOENS, LISA A. JOENS

Property Address: 5397 BUCK SETTLEMENT ROAD , BATH, NY 14810

Note Amount:  176,300.00
Note Date:    June 30, 2008

Pay to the order of:

Without Recourse
US MORTGAGE CORP.

BY: _____
KIMBERLEE COLAIACOVO
VICE PRESIDENT

Loan Number

US4056

3330004845

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

**Recording RequestedBy/ReturnTo:**  MORTGAGE DEPT
19D CHAPIN ROAD, PO BOX 2014. PINE BROOK, NJ 07058

Loan Number:  3330004845

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
**19D Chapin Road, Pine Brook, New Jersey 07058**
does hereby grant, sell, assign, transfer and convey, unto

### Federal National Mortgage Association
, a corporation organized and
(herein "Assignee"), whose address is
existing under the laws of

### 3900 Washington Avenue NW, Washington, DC 20016

a certain Mortgage dated June 30, 2008            , made and executed by

**TIM S JOENS AND LISA A JOENS, HUSBAND AND WIFE**

to and in favor of  US Mortgage Corp.                                            and given to secure

payment of   , ( 176,300.00        ) One Hundred Seventy Six Thousand Three Hundred
(Include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.    2978        , at page   282        ( or as

No.  002067260019      ) of the                              Records of  STEUBEN

County, State of  NY              , recorded on        07/10/2008      , together with the note(s) and obligations therein
described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage.

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on August 13, 2008

US Mortgage Corp.

BY: _____
KIMBERLEE COLAIACOVO
VICE PRESIDENT

Witness   LORA BRINK

Witness _____

Attest _____

Seal:

This Instrument Prepared By:
address: 19D Chapin Road, Pine Brook, NJ 07058      Essex

STATE OF NEW JERSEY,  COUNTY OF MORRIS

                                    KIMBERLEE COLAIACOVO
I CERTIFY THAT ON August 13, 2008          ,
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)    WAS THE MAKER OF THIS INSTRUMENT
(B)    WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
       AS VICE PRESIDENT        OF    US Mortgage Corp.
(C)    EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT.

NOTARY

US4290

DIANNA CORTES
NOTARY PUBLIC OF NEW JERSEY
COMMISSION EXPIRES 04/27/2010

FNMA-USM000000693

COPY

## DURABLE GENERAL POWER OF ATTORNEY
### NEW YORK STATUTORY SHORT FORM

**THE POWERS YOU GRANT BELOW CONTINUE TO BE EFFECTIVE SHOULD YOU BECOME DISABLED OR INCOMPETENT**

CAUTION: THIS IS AN IMPORTANT DOCUMENT. IT GIVES THE PERSON WHOM YOU DESIGNATE (YOUR "AGENT"). BROAD POWERS TO HANDLE YOUR PROPERTY DURING YOUR LIFETIME, WHICH MAY INCLUDE POWERS TO MORTGAGE, SELL, OR OTHERWISE DISPOSE OF ANY REAL OR PERSONAL PROPERTY WITHOUT ADVANCE NOTICE TO YOU OR APPROVAL BY YOU, THESE POWERS WILL CONTINUE TO EXIST EVEN AFTER YOU BECOME DISABLED OR INCOMPETENT.  THESE POWERS ARE EXPLAINED MORE FULLY IN NEW YORK GENERAL OBLIGATIONS LAW, ARTICLE 5, TITLE 15, SECTIONS 5-1502A THROUGH 5-1503, WHICH EXPRESSLY [fig 8] PERMIT THE USE OF ANY OTHER OR DIFFERENT FORM OF POWER OF ATTORNEY.

THIS DOCUMENT DOES NOT AUTHORIZE ANYONE TO MAKE MEDICAL OR OTHER HEALTH CARE DECISIONS. YOU MAY EXECUTE A HEALTH CARE PROXY TO DO THIS.

IF THERE IS ANYTHING ABOUT THIS FORM THAT YOU DO NOT UNDERSTAND, YOU SHOULD ASK A LAWYER TO EXPLAIN IT TO YOU.
THIS is intended to constitute a DURABLE GENERAL POWER OF ATTORNEY pursuant to Article 5, Title 15 of the New York General Obligations Law:

I, TIM S. JOENS of 116 Edwin Lane, Stroudsburg, Pennsylvania 18360, do hereby appoint:

      Aimee R. Churchill, Esq.
      101 E. Main St.
      Odessa, NY  14869

my attorneys-in-fact TO ACT
  ( ) Each agent may SEPARATELY act.
  ( ) All agents must act TOGETHER.

IN MY NAME, PLACE AND STEAD in any way which I myself could do, if I were personally present, with respect to the following matters as each of them is defined in Title 15 of Article 5 of the New York General Obligations Law to the extent that I am permitted by law to act through an agent:

    (X) (A) real estate transactions;

FNMA-USM000000694

including but not limited to the following: the power to execute the note, mortgage, HUD and all necessary documents to mortgage and purchase the property at 5397 Buck Settlement Road, Bath, New York 14810.

( ) (B) chattel and goods transactions;
( ) (C) bond, share and commodity transactions;
( ) (D) banking transactions;
( ) (E) business operating transactions;
( ) (F) insurance transactions;
( ) (G) estate transactions;
( ) (H) claims and litigation;
( ) (I) personal relationships and affairs;
( ) (J) benefits from military service;
( ) (K) records, reports and statements;
( ) (L) retirement benefit transactions;
( ) (M) making gifts to my spouse, children and more remote descendants, and parents, not to exceed in the aggregate $ 10,000 to each of such persons in any year;
( ) (N) tax matters;
( ) (O) all other matters;
( ) (P) full and unqualified authority to my attorneys-in-fact to delegate any or all of the foregoing powers to any person or persons whom my attorneys-in-fact shall select;
( ) (Q) each of the above matters identified by the following letters: A, B, C, D, E, F, G, H, I, J, K, L, M, N, O, P.

This durable Power of Attorney shall not be affected by my subsequent disability or incompetence.

TO INDUCE ANY THIRD PARTY TO ACT HEREUNDER, I HEREBY AGREE THAT ANY THIRD PARTY RECEIVING A DULY EXECUTED COPY OR FACSIMILE OF THIS INSTRUMENT MAY ACT HEREUNDER, AND THAT REVOCATION OR TERMINATION HEREOF SHALL BE INEFFECTIVE AS TO SUCH THIRD PARTY UNLESS AND UNTIL ACTUAL NOTICE OR KNOWLEDGE OF SUCH REVOCATION OR TERMINATION SHALL HAVE BEEN RECEIVED BY SUCH THIRD PARTY, AND I FOR MYSELF AND FOR MY HEIRS, EXECUTORS, LEGAL REPRESENTATIVES AND ASSIGNS, HEREBY AGREE TO INDEMNIFY AND HOLD HARMLESS ANY SUCH THIRD PARTY FROM AND AGAINST ANY AND ALL CLAIMS THAT MAY ARISE AGAINST SUCH THIRD PARTY BY REASON OF SUCH THIRD PARTY HAVING RELIED ON THE PROVISIONS OF THIS INSTRUMENT.

THIS DURABLE GENERAL POWER OF ATTORNEY MAY BE REVOKED BY ME AT ANY TIME.

In Witness Whereof I have hereunto signed my name this 13th day of June, 2008..

TIM S. JOENS

FNMA-USM000000695

### ACKNOWLEDGEMENT

STATE OF NEW JERSEY )
COUNTY OF MORRIS ) ss.:

On the 13 day of June, 2008, before me, the undersigned, a Notary Public in and for said State, personally appeared TIM S. JOENS, personally known to me and proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

NOTARY PUBLIC

LESLIE GRACIAS
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Jan. 16, 2012

3

FNMA-USM000000696

DURABLE GENERAL POWER OF ATTORNEY
NEW YORK STATUTORY SHORT FORM

**COPY**

### THE POWERS YOU GRANT BELOW CONTINUE TO BE EFFECTIVE SHOULD YOU BECOME DISABLED OR INCOMPETENT

CAUTION: THIS IS AN IMPORTANT DOCUMENT. IT GIVES THE PERSON WHOM YOU DESIGNATE (YOUR "AGENT") BROAD POWERS TO HANDLE YOUR PROPERTY DURING YOUR LIFETIME, WHICH MAY INCLUDE POWERS TO MORTGAGE, SELL, OR OTHERWISE DISPOSE OF ANY REAL OR PERSONAL PROPERTY WITHOUT ADVANCE NOTICE TO YOU OR APPROVAL BY YOU. THESE POWERS WILL CONTINUE TO EXIST EVEN AFTER YOU BECOME DISABLED OR INCOMPETENT. THESE POWERS ARE EXPLAINED MORE FULLY IN NEW YORK GENERAL OBLIGATIONS LAW, ARTICLE 5, TITLE 15, SECTIONS 5-1502A THROUGH 5-1503, WHICH EXPRESSLY [fig 8] PERMIT THE USE OF ANY OTHER OR DIFFERENT FORM OF POWER OF ATTORNEY.

THIS DOCUMENT DOES NOT AUTHORIZE ANYONE TO MAKE MEDICAL OR OTHER HEALTH CARE DECISIONS. YOU MAY EXECUTE A HEALTH CARE PROXY TO DO THIS.

IF THERE IS ANYTHING ABOUT THIS FORM THAT YOU DO NOT UNDERSTAND, YOU SHOULD ASK A LAWYER TO EXPLAIN IT TO YOU.
THIS is intended to constitute a DURABLE GENERAL POWER OF ATTORNEY pursuant to Article 5, Title 15 of the New York General Obligations Law:

I, LISA A. JOENS of 115 Edwin Lane, Stroudsburg, Pennsylvania 18360, do hereby appoint:

    Aimee R. Churchill, Esq.
    101 E. Main St.
    Odessa, NY  14869

my attorneys-in-fact TO ACT
    (  ) Each agent may SEPARATELY act.
    (  ) All agents must act TOGETHER.

IN MY NAME, PLACE AND STEAD in any way which I myself could do, if I were personally present, with respect to the following matters as each of them is defined in Title 15 of Article 5 of the New York General Obligations Law to the extent that I am permitted by law to act through an agent:

    (X) (A) real estate transactions;

FNMA-USM000000697

Including but not limited to the following: the power to execute the note, mortgage, HUD and all necessary documents to mortgage and purchase the property at 5397 Buck Settlement Road, Bath, New York 14810.

( ) (B) chattal and goods transactions;
( ) (C) bond, share and commodity transactions;
( ) (D) banking transactions;
( ) (E) business operating transactions;
( ) (F) insurance transactions;
( ) (G) estate transactions;
( ) (H) claims and litigation;
( ) (I) personal relationships and affairs;
( ) (J) benefits from military service;
( ) (K) records, reports and statements;
( ) (M) making gifts to my spouse, children and more remote descendants, and parents, not to exceed in the aggregate $ 10,000 to each of such persons in any year;
( ) (N) tax matters;
( ) (O) all other matters;
( ) (P) full and unqualified authority to my attorneys-in-fact to delegate any or all of the foregoing powers to any person or persons whom my attorneys-in-fact shall select;
( ) (Q) each of the above matters identified by the following letters: A, B, C, D, E, F, G, H, I, J, K, L, M, N, O, P.

This durable Power of Attorney shall not be affected by my subsequent disability or incompetence.

TO INDUCE ANY THIRD PARTY TO ACT HEREUNDER, I HEREBY AGREE THAT ANY THIRD PARTY RECEIVING A DULY EXECUTED COPY OR FACSIMILE OF THIS INSTRUMENT MAY ACT HEREUNDER, AND THAT REVOCATION OR TERMINATION HEREOF SHALL BE INEFFECTIVE AS TO SUCH THIRD PARTY UNLESS AND UNTIL ACTUAL NOTICE OR KNOWLEDGE OF SUCH REVOCATION OR TERMINATION SHALL HAVE BEEN RECEIVED BY SUCH THIRD PARTY, AND I FOR MYSELF AND FOR MY HEIRS, EXECUTORS, LEGAL REPRESENTATIVES AND ASSIGNS, HEREBY AGREE TO INDEMNIFY AND HOLD HARMLESS ANY SUCH THIRD PARTY FROM AND AGAINST ANY AND ALL CLAIMS THAT MAY ARISE AGAINST SUCH THIRD PARTY BY REASON OF SUCH THIRD PARTY HAVING RELIED ON THE PROVISIONS OF THIS INSTRUMENT.

THIS DURABLE GENERAL POWER OF ATTORNEY MAY BE REVOKED BY ME AT ANY TIME.

In Witness Whereof I have hereunto signed my name this 13th ____ day of June, 2008.

LISA A. JOENS

2

FNMA-USM000000698

## ACKNOWLEDGEMENT

STATE OF *New Jersey*  }
COUNTY OF *North County*  } ss.:

On the 13 day of June, 2008, before me, the undersigned, a Notary Public in and for said State, personally appeared LISA A. JOENS, personally known to me and proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

NOTARY PUBLIC

LESLIE GRACIAS
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Jan. 16, 2012

FNMA-USM000000699

Region

DDF0000007666712

| | |
|---|---|
| Product Type | |
| Seller Name | U. S. MORTGAGE CORP. |
| Seller No. | 23884-000-7 |
| Contract No.- Expiration Date | 441877-08/19/08 |
| Batch ID | 22759030 |
| Payee Code | 055014614 |
| Lender Loan ID | 3330004895 |
| Servicer Name | U. S. MORTGAGE CORP. |
| Servicer No. | 23884-000-7 |
| Address | 143 MINE HILL ROAD |
| Property City | MOUNT OLIVE TWP |
| Property State | NJ |
| Property Zip Code | 07840 |
| Original Ln Amt/Line Amt | 245700.00 |
| Original Note Rate | 6.125 |
| First Paymnt Due | Sep 1, 2008 |
| Loan Term | 360 |
| Loan P&I Amt(monthly) | 1492.90 |
| Submission Type/Lien | Whole/First |
| Amortization Type | Fixed Rate |
| Loan Type | 3 |
| Certification Priority | 080 |
| FNMA Loan No. | 4006016273 |
| Mortgage Type | Other |

CSC FYI Comments:
Delivers notes and assignments separately. Accept endorsements from subsidiaries: Skyline Mortgage, Datek Mortgage, and DBA Lending Solutions.

Variance:
No Variances



Received: 08/14/2008
Printed : 08/15/2008



**ORIGINAL**

# NOTE

July 24, 2008                    HACKSETTSTOWN                    New Jersey
[Date]                              [City]                              [State]

143 MINE HILL ROAD
MOUNT OLIVE TWP AKA HACKETTSTOWN, NJ 07840

[Property Address]

**1. BORROWER'S PROMISE TO PAY**
In return for a loan that I have received, I promise to pay U.S. $245,700.00     (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is Picatinny Federal Credit Union, A Federal Credit Union

I will make all payments under this Note in the form of cash, check or money order.
I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

**2. INTEREST**
Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of   6.1250%.
The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

**3. PAYMENTS**
(A) Time and Place of Payments
I will pay principal and interest by making a payment every month.
I will make my monthly payment on the   1st   day of each month beginning on   September 01, 2008   . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on   August 01, 2038   , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."
I will make my monthly payments at PO Box 682, Pine Brook, NJ 07058

or at a different place if required by the Note Holder.

(B) Amount of Monthly Payments
My monthly payment will be in the amount of U.S. $1,492.90 .

**4. BORROWER'S RIGHT TO PREPAY**
I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.
I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT          Form 3200 1/01

MULTISTATE                                                                      GreatDocs™
ITEM 1946L1 (0509/08)                                                           (Page 1 of 3)

3330004895

MFCD3002

FNMA-USM000000679

## 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of      15      calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be   5.0000 % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

### (D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 10. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as

---

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT      Form 3200 1/01

MULTISTATE
ITEM 1844L2 (050866)
MFCD3002

GreatDocs™
(Page 2 of 3)
3330004895

FNMA-USM000000680

this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

Borrower has executed and acknowledges receipt of pages 1 through 3 of this Note.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)          _____ (Seal)
PATRICIA ARMIGER                       -Borrower                                              -Borrower


_____ (Seal)          _____ (Seal)
ARCHIBALD DAVISON, SR              -Borrower          GERALDINE DAVISON               -Borrower


_____ (Seal)          _____ (Seal)
                                            -Borrower                                              -Borrower


[Sign Original Only]


MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT          Form 3200 1/01

MULTISTATE                                                                                                  GreatDocs®
ITEM 1645L3 (050408)                                                                                    (Page 3 of 3)
MFCD3002                                                                                                    3330004895


FNMA-USM000000681

**ALLONGE TO PROMISSORY NOTE**

<u>LOAN INFORMATION</u>

Loan Number: 3330004895

Borrower(s)   PATRICIA ARMIGER, ARCHIBALD DAVISON, SR, GERALDINE DAVISON


Property Address: 143 MINE HILL ROAD, MOUNT OLIVE TWP AKA HACKETTSTOWN, NJ  07840


Note Amount: 245,700.00

Note Date:    July 24, 2008


Pay to the order of:
U.S. MORTGAGE CORPORATION


Without Recourse

Picatinny Federal Credit Union

_[signature]_

Name

Title        MICHAEL J. MCGRATH, JR.

             AVP

US4057

FNMA-USM000000682

RPL 275– ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

**Recording RequestedBy/ReturnTo:** MORTGAGE DEPT
19D CHAPIN ROAD, PO BOX 2014. PINE BROOK, NJ 07058

Loan Number: 3330004895

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
100 MINERAL SPRINGS ROAD, DOVER, 07801
does hereby grant, sell, assign, transfer and convey, unto US MORTGAGE CORP.

, a corporation organized and
existing under the laws of **New Jersey** (herein "Assignee"), whose address is
19D CHAPIN ROAD, PINE BROOK, NJ 07058

a certain Mortgage dated July 24, 2008 , made and executed by

3A ARMIGER, A MARRIED WOMAN AND ARCHIBALD DAVISON, SR AND GERALDINE DAVISON, HUSBAND AND

to and in favor of PICATINNY FEDERAL CREDIT UNION and given to secure

payment of , ( 245,700.00 ) Two Hundred Forty Five Thousand Seven Hundred
(Include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No. , at page (or as

No. ) of the Records of MORRIS

County, State of NJ , recorded on , together with the note(s) and obligations
therein described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on August 13, 2008

PICATINNY FEDERAL CREDIT UNION

BY:

Witness

Witness

MICHAEL J. MCGRATH, JR.

AVP

Attest

Seal:

This Instrument Prepared By: PICATINNY FEDERAL CREDIT UNION
address: 100 MINERAL SPRINGS ROAD, DOVER, 07801

STATE OF _New Jersey_ , COUNTY OF _Morris_

I CERTIFY THAT ON August 13, 2008
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A) WAS THE MAKER OF THIS INSTRUMENT
(B) WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
AS _AVP_ OF PICATINNY FEDERAL CREDIT UNION

(C) EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT

NOTARY

SUZANNE MARIA CAVALLUZZO
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 7-22-2013

US4289