## ALLONGE TO PROMISSORY NOTE

LOAN INFORMATION

Loan Number:  3330004895
Borrower(s):  PATRICIA ARMIGER, ARCHIBALD DAVISON, SR, GERALDINE DAVISON

Property Address:  143 MINE HILL ROAD, MOUNT OLIVE TWP AKA HACKETTSTOWN, NJ  07840

Note Amount:  245,700.00
Note Date:  July 24, 2008

Pay to the order of:

Without Recourse
US MORTGAGE CORP.

By:
KIMBERLEE COLAIACOVO
VICE PRESIDENT

Loan Number

US4056

3330004895

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

**Recording RequestedBy/ReturnTo:**   MORTGAGE DEPT
                                       19D CHAPIN ROAD, PO BOX 2014. PINE BROOK, NJ 07058

Loan Number: 1330804895

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
**19D Chapin Road, Pine Brook, New Jersey 07058**
does hereby grant, sell, assign, transfer and convey, unto

**Federal National Mortgage Association**
                                                         , a corporation organized and
                                                 (herein "Assignee"), whose address is
existing under the laws of

**3900 Washington Avenue NW, Washington, DC 20016**

a certain Mortgage dated July 24, 2008                  , made and executed by

:IA ARMIGER, A MARRIED WOMAN AND ARCHIBALD DAVISON, SR AND GERALDINE DAVISON, HUSBAND AND

to and in favor of  US Mortgage Corp.                                   and given to secure

payment of  ,  ( 245,700.00      ) Two Hundred Forty Five Thousand Seven Hundred
                           (Include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.            , at page              (or as

No.             ) of the                      Records of  MORRIS

County, State of  NJ            , recorded on            , together with the note(s) and obligations therein
described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage.

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on August 13, 2008

Witness  LORA BRINK                        US Mortgage Corp.
                                           BY:
                                           KIMBERLEE COLAIACOVO
                                           VICE PRESIDENT

Witness

Attest

Seal:

This Instrument Prepared By:
address: 19D Chapin Road, Pine Brook, NJ 07058   ESSEX

STATE OF NEW JERSEY ,  COUNTY OF MORRIS

I CERTIFY THAT ON August 13, 2008              , KIMBERLEE COLAIACOVO
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)      WAS THE MAKER OF THIS INSTRUMENT
(B)      WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
         AS VICE PRESIDENT         OF    US Mortgage Corp.
(C)      EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT.

                                           NOTARY

· US4290
                              DIANNA CORTES
                         NOTARY PUBLIC OF NEW JERSEY
                         COMMISSION EXPIRES 04/27/2010

                                                            FNMA-USM000000685

Region                                                      5
                                          DDF0000007666660

Product Type
Seller Name                          U. S. MORTGAGE CORP.
Seller No.                                 23884-000-7
Contract No.- Expiration Date       441878-08/19/08
Batch ID                                    22759031
Payee Code                                 055014614
Lender Loan ID                            3330000992
Servicer Name                        U. S. MORTGAGE CORP.
Servicer No.                               23884-000-7
Address                              7 SLEEPY HOLLOW ROAD
Property City                         BYRAM AKA ANDOV
Property State                                      NJ
Property Zip Code                              07821
Original Ln Amt/Line Amt                  365000.00
Original Note Rate                              6.75
First Paymnt Due                        Aug 1, 2006
Loan Term                                        360
Loan P&I Amt(monthly)                        2367.39
Submission Type/Lien                    Whole/First
Amortization Type                        Fixed Rate
Loan Type                                          3
Certification Priority                          080
FNMA Loan No.                             4006016274
Mortgage Type                                  Other

CSC FYI Comments:
Delivers notes and assignments separately. Accept endorsements from subsidiaries: Skyline Mo
rtgage, Datek Mortgage, and DBA Lending Solutions.

Variance:
No Variance



Received: 08/14/2008
Printed : 08/15/2008

FNMA-USM000000877

## ALLONGE TO PROMISSORY NOTE

**LOAN INFORMATION**

Loan Number: 3330000992

Borrower(s)   JAMES MCGRATH

Property Address: 7 SLEEPY HOLLOW ROAD, BYRAM AKA ANDOVER, NJ 07821

Note Amount: 365,000.00

Note Date:   June 29, 2006

Pay to the order of:
U.S. MORTGAGE CORPORATION

_____

Without Recourse

Picatinny Federal Credit Union

Name

Title       MICHAEL J. MCGRATH, JR.
            AVP
US4057

FNMA-USM000000878

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

Recording RequestedBy/ReturnTo: MORTGAGE DEPT
                                  19D CHAPIN ROAD, PO BOX 2014, PINE BROOK, NJ 07058

Loan Number: 3330000992

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
100 MINERAL SPRINGS ROAD, DOVER, 07801
does hereby grant, sell, assign, transfer and convey, unto   US MORTGAGE CORP.

                                                                        , a corporation organized and
existing under the laws of          New Jersey              (herein "Assignee"), whose address is
                            19D CHAPIN ROAD, PINE BROOK, NJ 07058

a certain Mortgage dated June 29, 2006          , made and executed by

        JAMES MCGRATH AND NINA MCGRATH, MARRIED

to and in favor of   PICATINNY FEDERAL CREDIT UNION                           and given to secure

payment of  , (  365,000.00        )  Three Hundred Sixty Five Thousand
                            (include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.    7646       , at page   100        (or as

No.  50009583       ) of the                        Records of   SUSSEX

County, State of   NJ                    , recorded on      7/11/2006          , together with the note(s) and obligations
therein described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage

    TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
    IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on August 13, 2008

                                                    PICATINNY FEDERAL CREDIT UNION
                                                    BY:
Witness

Witness                                             MICHAEL J. MCGRATH, JR.

                                                    AVP
Attest

Seal:

This Instrument Prepared By:  PICATINNY FEDERAL CREDIT UNION
address: 100 MINERAL SPRINGS ROAD, DOVER, 07801
STATE OF  New Jersey  , COUNTY OF  Morris

I CERTIFY THAT ON August 13, 2008            , Michael J. McGrath
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)    WAS THE MAKER OF THIS INSTRUMENT
(B)    WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
       AS  AVP              OF  PICATINNY FEDERAL CREDIT UNION

(C)    EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT

                                                    NOTARY

                            SUZANNE MARIA CAVALLUZZO
                            NOTARY PUBLIC OF NEW JERSEY
                            Commission Expires 7-22-2013

US4266

FNMA-USM000000879

## ALLONGE TO PROMISSORY NOTE

<u>LOAN INFORMATION</u>

Loan Number:  3330000992
Borrower(s):   JAMES MCGRATH

Property Address: 7 SLEEPY HOLLOW ROAD, BYRAM AKA ANDOVER, NJ  07821

Note Amount:  385,000.00
Note Date:    June 29, 2006

Pay to the order of:

Without Recourse
US MORTGAGE CORP.

BY: _____

KIMBERLEE COLAIACOVO
VICE PRESIDENT

Loan Number

US4056

3330000992

FNMA-USM000000880

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

**Recording RequestedBy/ReturnTo:** MORTGAGE DEPT
19D CHAPIN ROAD, PO BOX 2014, PINE BROOK, NJ 07058

Loan Number: 3330000992

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
**19D Chapin Road, Pine Brook, New Jersey 07058**
does hereby grant, sell, assign, transfer and convey, unto

**Federal National Mortgage Association**
, a corporation organized and
(herein "Assignee"), whose address is
existing under the laws of

**3900 Washington Avenue NW, Washington, DC 20016**

a certain Mortgage dated June 29, 2006 , made and executed by

**JAMES MCGRATH AND NINA MCGRATH, MARRIED**

and given to secure
to and in favor of US Mortgage Corp.

payment of , ( 385,000.00 ) Three Hundred Sixty Five Thousand
(include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No. 7846 , at page 100 (or as

No. 00009883 ) of the Records of SUSSEX

County, State of NJ , recorded on 07/11/2006 , together with the note(s) and obligations therein
described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage.

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on August 13, 2008

US Mortgage Corp.

BY:

Witness    LORA BRINK

KIMBERLEE COLAIACOVO
VICE PRESIDENT

Witness

Attest

Seal:

This Instrument Prepared By:
address: 19D Chapin Road, Pine Brook, NJ 07058    ESSEX

STATE OF NEW JERSEY, COUNTY OF MORRIS

I CERTIFY THAT ON August 13, 2008 , KIMBERLEE COLAIACOVO
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)    WAS THE MAKER OF THIS INSTRUMENT
(B)    WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
       AS VICE PRESIDENT       OF   US Mortgage Corp.
(C)    EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT.

NOTARY

US4290

DIANNA CORTES
NOTARY PUBLIC OF NEW JERSEY
COMMISSION EXPIRES 04/27/2010

FNMA-USM000000881

# ORIGINAL

## NOTE

June 29, 2006          FLANDERS                New Jersey
[Date]                  [City]                    [State]

7 SLEEPY HOLLOW ROAD
BYRAM AKA ANDOVER, NJ  07821

[Property Address]

**1.  BORROWER'S PROMISE TO PAY**

In return for a loan that I have received, I promise to pay U.S. $365,000.00                (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is Picatinny Federal Credit Union, A Federal Credit Union

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

**2.  INTEREST**

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of      6.7500%.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

**3.  PAYMENTS**

(A)  Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the      1st      day of each month beginning on          August 01, 2006          . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on July 01, 2036                  , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at PO Box 682, Pine Brook, NJ  07058

or at a different place if required by the Note Holder.

(B)  Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $2,367.39

**4.  BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT          Form 3200 1/01

                                                        GREATLAND ®
ITEM 1848L1 (0012)                  (Page 1 of 3 pages)       To Order Call: 1-800-530-9393 □ Fax: 616-791-1131
MFCD3002                                                    3330000992

FNMA-USM000000882

**5. LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

**6. BORROWER'S FAILURE TO PAY AS REQUIRED**

   **(A)  Late Charge for Overdue Payments**

   If the Note Holder has not received the full amount of any monthly payment by the end of            **Fifteen**            **calendar** days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be            **5.0000%** of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

   **(B)  Default**

   If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

   **(C)  Notice of Default**

   If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

   **(D)  No Waiver By Note Holder**

   Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

   **(E)  Payment of Note Holder's Costs and Expenses**

   If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**7. GIVING OF NOTICES**

   Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

   Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**8. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

   If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9. WAIVERS**

   I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10. UNIFORM SECURED NOTE**

   This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

Form 3200 1/01

GREATLAND ■
To Order Call: 1-800-530-9393 □ Fax: 616-791-1131

ITEM 1844L2 (9911)
MFCD3002

*(Page 2 of 3 pages)*

3330000992

this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

Borrower has executed and acknowledges receipt of pages 1 through 3 of this Note.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)        _____ (Seal)
JAMES MCGRATH              -Borrower                                -Borrower

_____ (Seal)        _____ (Seal)
                           -Borrower                                -Borrower

Matthew C. Johnston
Attorney at Law
of the State of
New Jersey

_____ (Seal)        _____ (Seal)
                           -Borrower                                -Borrower

[Sign Original Only]

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT        Form 3200 1/01

ITEM 1846L3 (0011)                          (Page 3 of 3 pages)        GREATLAND ■
MFCD3002                                                               To Order Call: 1-800-530-9393 □ Fax 616-791-1131
                                                                       3330000992

FNMA-USM000000884

Region                                                    5
                                    DDF0000007666713

Product Type
Seller Name                         U. S. MORTGAGE CORP.
Seller No.                                  23884-000-7
Contract No.- Expiration Date       441878-08/19/08
Batch ID                                      22759031
Payee Code                                   055014614
Lender Loan ID                              3330001919
Servicer Name                       U. S. MORTGAGE CORP.
Servicer No.                                23884-000-7
Address                             266 HANDLE ROAD UNIT K
Property City                                 WEST DOVER
Property State                                        VT
Property Zip Code                                  05356
Original Ln Amt/Line Amt                      141000.00
Original Note Rate                                  6.25
First Paymnt Due                            Mar 1, 2007
Loan Term                                            360
Loan P&I Amt(monthly)                             868.17
Submission Type/Lien                        Whole/First
Amortization Type                            Fixed Rate
Loan Type                                             3
Certification Priority                              080
FNMA Loan No.                               4006016275
Mortgage Type                                     Other

CSC FYI Comments:
Delivers notes and assignments separately.  Accept endorsements from subsidiaries: Skyline Mo
rtgage, Datek Mortgage, and DBA Lending Solutions.

Variance:
No Variances



Received: 08/14/2008
Printed : 08/15/2008

FNMA-USM000000832

**ORIGINAL**

## NOTE

January 09, 2007
[Date]

Owings Mills
[City]
266 HANDLE ROAD, Unit  K
WEST DOVER, VT  05356

Maryland
[State]

[Property Address]

**1.  BORROWER'S PROMISE TO PAY**
In return for a loan that I have received, I promise to pay U.S. $141,000.00                    (this amount is called
"Principal"), plus interest, to the order of the Lender. The Lender is **Picatinny Federal Credit Union, A Federal Credit Union**
I will make all payments under this Note in the form of cash, check or money order.
I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

**2.  INTEREST**
Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of      8.2500%.
The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

**3.  PAYMENTS**
(A)  Time and Place of Payments
I will pay principal and interest by making a payment every month.
I will make my monthly payment on the      1st      day of each month beginning on      **March 01, 2007**
I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on **February 01, 2037**             , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."
I will make my monthly payments at PO Box 682, Pins Brook, NJ 07058

or at a different place if required by the Note Holder.

(B)  Amount of Monthly Payments
My monthly payment will be in the amount of U.S. $868.17

**4.  BORROWER'S RIGHT TO PREPAY**
I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.
I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

*RMC QCL*

VERMONT FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

Form 3246 1/01 (rev. 12/03)

17264 VT78.1 (9213)
**MFVT3120**

*(Page 1 of 3 pages)*

GREATLAND ®
To Order Call: 1-800-530-9393 ☐ Fax 616-791-1431
3330001919

FNMA-USM000000833

**5.   LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

**6.   BORROWER'S FAILURE TO PAY AS REQUIRED**

**(A)   Late Charge for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of **Fifteen** calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **5.0000%** of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

**(B)   Default**

If I do not pay the full amount of each monthly payment on the date it is due; I will be in default.

**(C)   Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

**(D)   No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E)   Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**7.   GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**8.   OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9.   WAIVERS**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10.   UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in

VERMONT FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT    Form 3246 1/01 (rev. 12/03)

ITEM 1879L3 (0404)                          *(Page 2 of 3 pages)*                    GREATLAND ■
**MFVT3120**                                                 To Order Call: 1-800-530-9393 □ Fax: 616-791-1131
                                                                          3330001919

this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

## NOTICE TO CO-SIGNER

YOUR SIGNATURE ON THIS NOTE MEANS THAT YOU ARE EQUALLY LIABLE FOR REPAYMENT OF THIS LOAN. IF THE BORROWER DOES NOT PAY, THE LENDER HAS A LEGAL RIGHT TO COLLECT FROM YOU.

Borrower has executed and acknowledges receipt of pages 1 through 3 of this Note.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)
ROBERT M. CASSIDY                -Borrower

_____ (Seal)
PAULA C. CASSIDY                 -Borrower

_____ (Seal)
                                 -Borrower

_____ (Seal)
                                 -Borrower

_____ (Seal)
                                 -Borrower

_____ (Seal)
                                 -Borrower

*[Sign Original Only]*

VERMONT FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT          Form 3246 1/01 (rev. 12/03)
                                                                                          GREATLAND ®
ITEM 1972L3 (0313)                        (Page 3 of 3 pages)                   To Order Call: 1-800-530-9393 □ Fax: 616-791-1131
MFVT3120                                                                                  3330001919

FNMA-USM000000835

## ALLONGE TO PROMISSORY NOTE

LOAN INFORMATION

Loan Number: 3330001919

Borrower(s)   ROBERT M. CASSIDY, PAULA C. CASSIDY

Property Address: 266 HANDLE ROAD, Unit K, WEST DOVER, VT 05356

Note Amount: 141,000.00

Note Date:   January 8, 2007

Pay to the order of:
U.S. MORTGAGE CORPORATION

Without Recourse

Picatinny Federal Credit Union

Name

MICHAEL J. MCGRATH, JR.
Title
AVP

US4057

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

Recording RequestedBy/ReturnTo:   MORTGAGE DEPT
                                   19D CHAPIN ROAD, PO BOX 2014. PINE BROOK, NJ 07058

Loan Number:  3330001919

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
                                   180 MINERAL SPRINGS ROAD, DOVER, 07801
does hereby grant, sell, assign, transfer and convey, unto   US MORTGAGE CORP.

                                                              , a corporation organized and
                                                            (herein "Assignee"), whose address is
existing under the laws of          New Jersey
                                    19D CHAPIN ROAD, PINE BROOK, NJ 07058

a certain Mortgage dated  January  8, 2007          , made and executed by

        ROBERT M. CASSIDY AND PAULA C. CASSIDY, HUSBAND AND WIFE

to and in favor of   PICATINNY FEDERAL CREDIT UNION                     and given to secure

payment of  ,  (  141,000.00      )  One Hundred Forty One Thousand
                          (Include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.    287          , at page    659          (or as

No.  NA          ) of the                       Records of  WINDHAM

County, State of   VT              , recorded on      1/15/2007      , together with the note(s) and obligations
therein described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage

     TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
     IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on  August 13, 2008

                                              PICATINNY FEDERAL CREDIT UNION
                                              BY:

Witness

Witness                                       MICHAEL J. MCGRATH, JR.

                                              AVP
Attest

Seal:

This Instrument Prepared By:  PICATINNY FEDERAL CREDIT UNION
address: 100 MINERAL SPRINGS ROAD, DOVER, 07801

STATE OF  New Jersey , COUNTY OF  Morris

I CERTIFY THAT ON August 13, 2008                Michael J. McGrath
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)    WAS THE MAKER OF THIS INSTRUMENT
(B)    WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
       AS          AVP            OF    PICATINNY FEDERAL CREDIT UNION
(C)    EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT
                                              NOTARY

US4280
                                    SUZANNE MARIA CAVALLOZZI
                                    NOTARY PUBLIC OF NEW JERSEY
                                    Commission Expires 1-22-2013

ALLONGE TO PROMISSORY NOTE

__LOAN INFORMATION__

Loan Number:  3330001919
Borrower(s):  ROBERT M. CASSIDY, PAULA C. CASSIDY

Property Address: 266 HANDLE ROAD, Unit K, WEST DOVER, VT 05356

Note Amount:  141,000.00
Note Date:  January 9, 2007

Pay to the order of:

Without Recourse
US MORTGAGE CORP.

BY _____
KIMBERLEE COLAIACOVO
VICE PRESIDENT

Loan Number

US4056

3330001919

FNMA-USM000000838

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

Recording Requested By/Return To: MORTGAGE DEPT
      19D CHAPIN ROAD, PO BOX 2014. PINE BROOK, NJ 07058

Loan Number: 2230001919

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
    **19D Chapin Road, Pine Brook, New Jersey 07058**
does hereby grant, sell, assign, transfer and convey, unto

**Federal National Mortgage Association** , a corporation organized and
          (herein "Assignee"), whose address is
existing under the laws of

    **3900 Washington Avenue NW, Washington, DC 20016**

a certain Mortgage dated **January 9, 2007** , made and executed by

    **ROBERT M. CASSIDY AND PAULA C. CASSIDY, HUSBAND AND WIFE**

to and in favor of  US Mortgage Corp.          and given to secure

payment of  , ( **141,000.00** ) One Hundred Forty One Thousand
    (Include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.   **267**   , at page  **658**   (or as

No. **NA** ) of the       Records of  **WINDHAM**

County, State of  **VT**     , recorded on   **01/15/2007**   , together with the note(s) and obligations therein
described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage.

    TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
    IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on  August 13, 2008

                      US Mortgage Corp.

Witness   LORA BRINK         BY:
                      KIMBERLEE COLAIACOVO
                      VICE PRESIDENT

Witness

Attest

Seal:

This Instrument Prepared By:
address: 19D Chapin Road, Pine Brook, NJ 07058

STATE OF NEW JERSEY, COUNTY OF MORRIS

I CERTIFY THAT ON **August 13, 2008**     , KIMBERLEE COLAIACOVO
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)   WAS THE MAKER OF THIS INSTRUMENT
(B)   WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
     AS VICE PRESIDENT     OF   US Mortgage Corp.
(C)   EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT.

               NOTARY

US4290

              **DIANNA CORTES**
          **NOTARY PUBLIC OF NEW JERSEY**
       **COMMISSION EXPIRES 04/27/2010**

5

Region

DDF0000007666714

| | |
|---|---|
| Product Type | |
| Seller Name | U. S. MORTGAGE CORP. |
| Seller No. | 23884-000-7 |
| Contract No.- Expiration Date | 441878-08/19/08 |
| Batch ID | 22759031 |
| Payee Code | 055014614 |
| Lender Loan ID | 3330004529 |
| Servicer Name | U. S. MORTGAGE CORP. |
| Servicer No. | 23884-000-7 |
| Address | 322 RICHARD MINE ROAD UNIT A9 |
| Property City | WHARTON AKA ROC |
| Property State | NJ |
| Property Zip Code | 07885 |
| Original Ln Amt/Line Amt | 180000.00 |
| Original Note Rate | 6.5 |
| First Paymnt Due | Aug 1, 2008 |
| Loan Term | 360 |
| Loan P&I Amt (monthly) | 1137.73 |
| Submission Type/Lien | Whole/First |
| Amortization Type | Fixed Rate |
| Loan Type | 3 |
| Certification Priority | 080 |
| FNMA Loan No. | 4006016276 |
| Mortgage Type | Other |

CSC FTI Comments:
Delivers notes and assignments separately. Accept endorsements from subsidiaries: Skyline Mortgage, Datek Mortgage, and DBA Lending Solutions.

Variance:
No Variances



FNMA-USM000000670

## ALLONGE TO PROMISSORY NOTE

LOAN INFORMATION

Loan Number: 3330004529

Borrower(s)   GUILLERMO E. SALAZAR, JR, JOANI E. VIEITES

Property Address: 322 RICHARD MINE ROAD, Unit A9, WHARTON AKA ROCKAWAY TWP, NJ 07885

Note Amount: 180,000.00

Note Date:   June 23, 2006 .

Pay to the order of:
U.S. MORTGAGE CORPORATION

Without Recourse

Picatinny Federal Credit Union

Name

Title         MICHAEL J. MCGRATH, JR.
              AVP

US4057

FNMA-USM000000671

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

**Recording RequestedBy/ReturnTo:** MORTGAGE DEPT
19D. CHAPIN ROAD, PO BOX 2014, PINE BROOK, NJ 07058

Loan Number: 3330004529

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
100 MINERAL SPRINGS ROAD, DOVER, 07801
does hereby grant, sell, assign, transfer and convey, unto US MORTGAGE CORP.

, a corporation organized and
existing under the laws of **New Jersey** (herein "Assignee"), whose address is
19D CHAPIN ROAD, PINE BROOK, NJ 07058

a certain Mortgage dated June 23, 2008 , made and executed by

GUILLERMO E. SALAZAR, JR, A SINGLE MAN AND JOANI E. VIEITES, A SINGLE WOMAN

to and in favor of PICATINNY FEDERAL CREDIT UNION and given to secure

payment of , ( 180,000.00 ) One Hundred Eighty Thousand
(Include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No. 21114 , at page 1129 (or as

No. 294399 ) of the Records of MORRIS

County, State of NJ , recorded on 7/ 2/2008 , together with the note(s) and obligations
therein described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on August 13, 2008

PICATINNY FEDERAL CREDIT UNION

BY

Witness

MICHAEL J. MCGRATH, JR.

Witness

AVP

Attest

Seal:

This Instrument Prepared By: PICATINNY FEDERAL CREDIT UNION
address: 100 MINERAL SPRINGS ROAD, DOVER, 07801 Morris
STATE OF New Jersey , COUNTY OF

Michael J. McGrath
I CERTIFY THAT ON August 13, 2008
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A) WAS THE MAKER OF THIS INSTRUMENT
(B) WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
AS AVP OF PICATINNY FEDERAL CREDIT UNION
(C) EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT

NOTARY

US4268

SUZANNE MARIA CAVALLUZZO
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 7-23-2013

FNMA-USM000000672

## ALLONGE TO PROMISSORY NOTE

<u>LOAN INFORMATION</u>

Loan Number:  3330004529
Borrower(s):  GUILLERMO E. SALAZAR, JR, JOANI E. VIEITES

Property Address:  322 RICHARD MINE ROAD, Unit A9, WHARTON AKA ROCKAWAY TWP, NJ  07885

Note Amount:  180,000.00
Note Date:  June 23, 2008

Pay to the order of:

Without Recourse
US MORTGAGE CORP.

BY: _____
KIMBERLEE  COLAIACOVO
VICE PRESIDENT

Loan Number

US4056

3330004529

FNMA-USM000000673

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

Recording RequestedBy/ReturnTo:   MORTGAGE DEPT
19D CHAPIN ROAD, PO BOX 2014, PINE BROOK, NJ 07058

Loan Number: 3330004528

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
**19D Chapin Road, Pine Brook, New Jersey 07058**
does hereby grant, sell, assign, transfer and convey, unto

**Federal National Mortgage Association**, a corporation organized and
(herein "Assignee"), whose address is

existing under the laws of

**3900 Washington Avenue NW, Washington, DC 20016**

a certain Mortgage dated June 23, 2008          , made and executed by

GUILLERMO E. SALAZAR, JR, A SINGLE MAN AND JOANI E. VIEITES, A SINGLE WOMAN

and given to secure

to and in favor of  US Mortgage Corp.

payment of , ( 180,000.00          ) One Hundred Eighty Thousand
(include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.   21114          , at page  1129          (or as

Records of  MORRIS

No.  294399          ) of the

County, State of  NJ          , recorded on     07/02/2008          , together with the note(s) and obligations therein
described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on, August 13, 2008

US Mortgage Corp.

BY
Witness  LORA BRINK                     KIMBERLEE COLAIACOVO
                                        VICE PRESIDENT

Witness

Attest

Seal:

This Instrument Prepared By:
address: 19D Chapin Road, Pine Brook, NJ 07058          ESSEX

STATE OF NEW JERSEY,   COUNTY OF MORRIS

I CERTIFY THAT ON August 13, 2008          , KIMBERLEE COLAIACOVO
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)     WAS THE MAKER OF THIS INSTRUMENT
(B)     WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
        AS VICE PRESIDENT          OF   US Mortgage Corp.
                                        THE ENTITY NAMED IN THIS INSTRUMENT,
(C)     EXECUTED THIS INSTRUMENT AS THE ACT OF

NOTARY

US4290

**DIANNA CORTES**
NOTARY PUBLIC OF NEW JERSEY
COMMISSION EXPIRES 04/27/2010

FNMA-USM000000674

**ORIGINAL**

# NOTE

June 23, 2008
[Date]

**PINE BROOK**
[City]

**New Jersey**
[State]

**322 RICHARD MINE ROAD, Unit A9**
**WHARTON AKA ROCKAWAY TWP, NJ 07885**

[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $180,000.00    (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is **Picatinny Federal Credit Union, A Federal Credit Union**

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of   6.5000%.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3. PAYMENTS

**(A) Time and Place of Payments**

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the   1st   day of each month beginning on   August 01, 2008   . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on   July 01, 2038   , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at PO Box 682, Pine Brook, NJ 07058

or at a different place if required by the Note Holder.

**(B) Amount of Monthly Payments**

My monthly payment will be in the amount of U.S. $1,137.73

## 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

**MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT**

**MULTISTATE**
**ITEM 1846L1 (050608)**

Form 3200 1/01

GreatDocs®
(Page 1 of 3)

3330004529

MFCD3002

**5. LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

**6. BORROWER'S FAILURE TO PAY AS REQUIRED**

**(A) Late Charge for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of **15** calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **5.0000** % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

**(D) No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**7. GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**8. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9. WAIVERS**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10. UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

Form 3200 1/01

GreatDocs™
(Page 2 of 3)

MULTISTATE
ITEM 1846L2 (0011C)
MFCD3002

3330004529

FNMA-USM000000676

this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

Borrower has executed and acknowledges receipt of pages 1 through 3 of this Note.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)  _____ (Seal)
GUILLERMO E. SALAZAR, JR          -Borrower                                      -Borrower


_____ (Seal)  _____ (Seal)
JOANTE E. VIEITES                 -Borrower                                      -Borrower


_____ (Seal)  _____ (Seal)
                                  -Borrower                                      -Borrower


*[Sign Original Only]*


MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

Form 3200 1/01

GreatDocs®
(Page 3 of 3)
3330004529

MULTISTATE
ITEM 184615 (0508008)
MFCD3002

FNMA-USM000000677

Region                                                                  5

                                               DDF0000007666715

Product Type
Seller Name                              U. S. MORTGAGE CORP.
Seller No.                                        23884-000-7
Contract No.- Expiration Date          441878-08/19/08
Batch ID                                          22759031
Payee Code                                        055014614
Lender Loan ID                                   3330004959
Servicer Name                            U. S. MORTGAGE CORP.
Servicer No.                                      23884-000-7
Address                                96 WEST SHAWNEE TRAIL
Property City                                       WHARTON
Property State                                          NJ
Property Zip Code                                     07885
Original Ln Amt/Line Amt                        297500.00
Original Note Rate                                      6.5
First Paymnt Due                            Sep 1, 2008
Loan Term                                               360
Loan P&I Amt(monthly)                              1880.41
Submission Type/Lien                           Whole/First
Amortization Type                              Fixed Rate
Loan Type                                                3
Certification Priority                                 080
FNMA Loan No.                                   4006016277
Mortgage Type                                        Other

CSC FYI Comments:
Delivers notes and assignments separately. Accept endorsements from subsidiaries: Skyline Mo
rtgage, Datek Mortgage, and DBA Lending Solutions.

Variance:
No Variances



Received: 08/14/2008
Printed : 08/15/2008

FNMA-USM000000662

# NOTE

ORIGINAL

July 11, 2008
[Date]

LAKE HOPATCONG
[City]

New Jersey
[State]

96 WEST SHAWNEE TRAIL
WHARTON, NJ 07885

[Property Address]

### 1.  BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $297,500.00     (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is Picatinny Federal Credit Union, A Federal Credit Union

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

### 2.  INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of   6.5000%.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

### 3.  PAYMENTS

(A)  Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the     1st     day of each month beginning on   September 01, 2008   . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on     August 01, 2038     , I still owe amounts under this Note, I will pay those amounts in full on that date. which is called the "Maturity Date."

I will make my monthly payments at PO Box 682, Pine Brook, NJ  07058

or at a different place if required by the Note Holder.

(B)  Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $1,880.41

### 4.  BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

---

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

MULTISTATE
ITEM 1646L1 (0026/16)

Form 3200 1/01

GreatDocs®
(Page 1 of 3)

MFCD3002

3330004959

FNMA-USM000000663

5. **LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

6. **BORROWER'S FAILURE TO PAY AS REQUIRED**

(A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of        **15**        calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be   **5.0000** % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

(B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

(C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

(D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

(E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

7. **GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

8. **OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

9. **WAIVERS**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

10. **UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

MULTISTATE
ITEM 1846L3 (950808)
MFCD3002

Form 3200 1/01

GreatDocs®
(Page 2 of 3)
3330004959

FNMA-USM000000664

this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

Borrower has executed and acknowledges receipt of pages 1 through 3 of this Note.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)       _____ (Seal)
KRISTEN A. ROUNSAVILLE          -Borrower       TYSON L. ROUNSAVILLE              -Borrower

_____ (Seal)       _____ (Seal)
                                -Borrower                                        -Borrower

_____ (Seal)       _____ (Seal)
                                -Borrower                                        -Borrower

*[Sign Original Only]*

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT          Form 3200 1/01

MULTISTATE
ITEM 1846L3 (0504605)                                                                        GreatDocs®
MFCD3002                                                                                     (Page 3 of 3)
                                                                                            3330004959

FNMA-USM000000665

## ALLONGE TO PROMISSORY NOTE

**LOAN INFORMATION**

Loan Number: 3330004959

Borrower(s)  KRISTEN A. ROUNSAVILLE, TYSON L. ROUNSAVILLE

Property Address: 96 WEST SHAWNEE TRAIL, WHARTON, NJ 07885

Note Amount: 297,500.00

Note Date:  July 11, 2008

Pay to the order of:
U.S. MORTGAGE CORPORATION

Without Recourse

Picatinny Federal Credit Union

Name

Title  MICHAEL J. MCGRATH, JR.

AVP

US4057

FNMA-USM000000666

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

**Recording RequestedBy/ReturnTo:** MORTGAGE DEPT
19D CHAPIN ROAD, PO BOX 2014, PINE BROOK, NJ 07058

Loan Number: 3330004959

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
100 MINERAL SPRINGS ROAD, DOVER, 07801
does hereby grant, sell, assign, transfer and convey, unto  US MORTGAGE CORP.

, a corporation organized and
existing under the laws of        **New Jersey**          (herein "Assignee"), whose address is
19D CHAPIN ROAD, PINE BROOK, NJ 07058

a certain Mortgage dated  July 11, 2008            , made and executed by

KRISTEN A ROUNSAVILLE AND TYSON L ROUNSAVILLE, WIFE AND HUSBAND

to and in favor of   PICATINNY FEDERAL CREDIT UNION                and given to secure

payment of  , ( 297,500.00       ) Two Hundred Ninety Seven Thousand Five Hundred
(Include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.      21124          , at page   0813         (or as

No.  2008054030      ) of the                    Records of  MORRIS

County, State of  NJ              , recorded on     7/18/2008      , together with the note(s) and obligations
therein described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on  August 13, 2008

PICATINNY FEDERAL CREDIT UNION
BY:

Witness

Witness                                     MICHAEL J. MCGRATH, JR.

Attest                                        AVP

Seal:

This Instrument Prepared By:  PICATINNY FEDERAL CREDIT UNION
address: 100 MINERAL SPRINGS ROAD, DOVER, 07801

STATE OF  New Jersey   , COUNTY OF   Morris

I CERTIFY THAT ON August 13, 2008        , Michael J. McGrath
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)   WAS THE MAKER OF THIS INSTRUMENT
(B)   WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
      AS      AVP          OF  PICATINNY FEDERAL CREDIT UNION

(C)   EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT
                                       NOTARY

US4299                              SUZANNE MARIA CAVALLUZZO
                                    NOTARY PUBLIC OF NEW JERSEY
                                    Commission Expires 7-22-2013

## ALLONGE TO PROMISSORY NOTE

<u>LOAN INFORMATION</u>

Loan Number:  3330004959
Borrower(s):   KRISTEN A. ROUNSAVILLE, TYSON L. ROUNSAVILLE

Property Address: 96 WEST SHAWNEE TRAIL, WHARTON, NJ 07885

Note Amount:  297,500.00
Note Date:    July 11, 2008

Pay to the order of:

Without Recourse
US MORTGAGE CORP.

By:
KIMBERLEE COLAIACOVO
VICE PRESIDENT

Loan Number

US4056

3330004959

FNMA-USM000000668

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

**Recording RequestedBy/ReturnTo:**   MORTGAGE DEPT
                                        19D CHAPIN ROAD, PO BOX 2014. PINE BROOK, NJ 07058

Loan Number:  3338004959

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
**19D Chapin Road, Pine Brook, New Jersey 07058**
does hereby grant, sell, assign, transfer and convey, unto

**Federal National Mortgage Association**
                                                              , a corporation organized and
existing under the laws of                          (herein "Assignee"), whose address is

**3900 Washington Avenue NW, Washington, DC 20016**

a certain Mortgage dated July 11, 2008          , made and executed by

KRISTEN A ROUNSAVILLE AND TYSON L ROUNSAVILLE, WIFE AND HUSBAND

to and in favor of  US Mortgage Corp.                              and given to secure

payment of  ,  ( 297,500.00        )  Two Hundred Ninety Seven Thousand Five Hundred
                      (Include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.    21124        , at page  0813        (or as

No.  2008054030      ) of the                    Records of  MORRIS

County, State of  NJ              , recorded on      07/18/2008      , together with the note(s) and obligations therein
described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage

    TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
    IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on  August 13, 2008

_____                          US Mortgage Corp.
Witness   LORA BRINK                          BY_____
                                                  KIMBERLEE  COLAIACOVO
                                                  VICE PRESIDENT
_____
Witness

_____
Attest

Seal:

This Instrument Prepared By:
address:  19D Chapin Road, Pine Brook, NJ 07058

STATE OF NEW JERSEY,    COUNTY OF MORRIS  Essex

I CERTIFY THAT ON  August 13, 2008          ,KIMBERLEE  COLAIACOVO
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)    WAS THE MAKER OF THIS INSTRUMENT
(B)    WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
       AS  VICE PRESIDENT          OF    US Mortgage Corp.
(C)    EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT.
                                          _____
                                          NOTARY

US4290

                              DIANNA CORTES
                        NOTARY PUBLIC OF NEW JERSEY
                        COMMISSION EXPIRES 04/27/2010

Region                                                5

DDF0000007666923

| Product Type | |
| --- | --- |
| Seller Name | U. S. MORTGAGE CORP. |
| Seller No. | 23884-000-7 |
| Contract No.- Expiration Date | 441916-08/25/08 |
| Batch ID | 22759075 |
| Payee Code | 055014614 |
| Lender Loan ID | 3330004359 |
| Servicer Name | U. S. MORTGAGE CORP. |
| Servicer No. | 23884-000-7 |
| Address | 80 SOUTH HILLSIDE AVENUE |
| Property City | SUCCASUNNA |
| Property State | NJ |
| Property Zip Code | 07876 |
| Original Ln Amt/Line Amt | 315000.00 |
| Original Note Rate | 8.375 |
| First Paymnt Due | Sep 1, 2008 |
| Loan Term | 360 |
| Loan P&I Amt(monthly) | 2394.23 |
| Submission Type/Lien | Whole/First |
| Amortization Type | Fixed Rate |
| Loan Type | 3 |
| Certification Priority | 080 |
| FNMA Loan No. | 4006016454 |
| Mortgage Type | Other |

CSC FYI Comments:
Delivers notes and assignments separately.  Accept endorsements from subsidiaries: Skyline Mortgage, Datek Mortgage, and DBA Lending Solutions.

Variance:
No Variances



Received: 08/14/2008
Printed : 08/15/2008

FNMA-USM000000654

## ALLONGE TO PROMISSORY NOTE

**LOAN INFORMATION**

Loan Number: 3330004359

Borrower(s)   EARL SCOTT, EVELYN SCOTT

Property Address: 80 SOUTH HILLSIDE AVENUE , SUCCASUNNA, NJ  07876

Note Amount: 315,000.00

Note Date:   July 31, 2008

Pay to the order of:
U.S. MORTGAGE CORPORATION

Without Recourse

Picatinny Federal Credit Union

Name

       MICHAEL J. MCGRATH, JR.
Title
       AVP

US4057

FNMA-USM000000655

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

**Recording RequestedBy/ReturnTo:** MORTGAGE DEPT
19D CHAPIN ROAD, PO BOX 2014, PINE BROOK, NJ 07058

Loan Number: 3330004359

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
100 MINERAL SPRINGS ROAD, DOVER, 07801
does hereby grant, sell, assign, transfer and convey, unto   US MORTGAGE CORP.

, a corporation organized and
(herein "Assignee"), whose address is
existing under the laws of              **New Jersey**
19D CHAPIN ROAD, PINE BROOK, NJ 07058

a certain Mortgage dated  July 31, 2008         , made and executed by

**EARL SCOTT AND EVELYN SCOTT, HUSBAND AND WIFE**

to and in favor of   PICATINNY FEDERAL CREDIT UNION                         and given to secure

payment of   , ( 315,000.00         ) Three Hundred Fifteen Thousand
(Include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.                  , at page                 (or as

No.            ) of the                          Records of  MORRIS

County, State of  NJ                    , recorded on                  , together with the note(s) and obligations
therein described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on  August 13, 2008

PICATINNY FEDERAL CREDIT UNION

BY: _____

Witness

**MICHAEL J. MCGRATH, JR.**

Witness

**AVP**

Attest

Seal:

This Instrument Prepared By:  PICATINNY FEDERAL CREDIT UNION
address: 100 MINERAL SPRINGS ROAD, DOVER, 07801

STATE OF  New Jersey , COUNTY OF  Morris

Michael J. Nissan

I CERTIFY THAT ON August 13, 2008
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)   WAS THE MAKER OF THIS INSTRUMENT
(B)   WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
AS  AVP                       OF  PICATINNY FEDERAL CREDIT UNION

(C)   EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT

NOTARY

SUZANNE MARIA CAVALLUZZO
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 7-23-2013

US4289

FNMA-USM000000656

## ALLONGE TO PROMISSORY NOTE

<u>LOAN INFORMATION</u>

Loan Number:   3330004359
Borrower(s):      EARL SCOTT, EVELYN SCOTT

Property Address: 80 SOUTH HILLSIDE AVENUE , SUCCASUNNA, NJ  07876

Note Amount:   315,000.00
Note Date:        July 31, 2008

Pay to the order of:

Without Recourse
US MORTGAGE CORP.

BY:
    KIMBERLEE COLAIACOVO
    VICE PRESIDENT

Loan Number

US4056

         3330004359

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

**Recording RequestedBy/ReturnTo:**   MORTGAGE DEPT
   19D CHAPIN ROAD, PO BOX 2014, PINE BROOK, NJ 07058

Loan Number:   3330004358

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
**19D Chapin Road, Pine Brook, New Jersey 07058**
does hereby grant, sell, assign, transfer and convey, unto

**Federal National Mortgage Association**
, a corporation organized and
(herein "Assignee"), whose address is
existing under the laws of

**3900 Washington Avenue NW, Washington, DC 20016**

a certain Mortgage dated July 31, 2008          , made and executed by

**EARL SCOTT AND EVELYN SCOTT, HUSBAND AND WIFE**

and given to secure

to and in favor of  US Mortgage Corp.

payment of  ,  ( 315,900.00          )  Three Hundred Fifteen Thousand
(Include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.          , at page          (or as

No.          ) of the          Records of  MORRIS

County, State of  NJ          , recorded on          , together with the note(s) and obligations therein
described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on  August 13, 2008

Witness  LORA BRINK

US Mortgage Corp.
BY:
KIMBERLEE  COLAIACOVO
VICE PRESIDENT

Witness

Attest

Seal:

This Instrument Prepared By:
address: 19D Chapin Road, Pine Brook, NJ 07058          Essex

STATE OF NEW JERSEY,   COUNTY OF ~~MORRIS~~

KIMBERLEE  COLAIACOVO
I CERTIFY THAT ON  August 13, 2008
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)     WAS THE MAKER OF THIS INSTRUMENT
(B)     WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
        AS  VICE PRESIDENT          OF     OF Mortgage Corp.
(C)     EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT.

NOTARY

US4290

DIANNA CORTES
NOTARY PUBLIC OF NEW JERSEY
COMMISSION EXPIRES 04/27/2010

FNMA-USM000000658

# NOTE

ORIGINAL

| July 31, 2008 | PINE BROOK | New Jersey |
|---|---|---|
| [Date] | [City] | [State] |

**80 SOUTH HILLSIDE AVENUE**
**SUCCASUNNA, NJ 07876**

[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. **$315,000.00** (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is **Picatinny Federal Credit Union, A Federal Credit Union**

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of **8.3750%**.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3. PAYMENTS

**(A) Time and Place of Payments**

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the **1st** day of each month beginning on **September 01, 2008** . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on **August 01, 2038** , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at **PO Box 682, Pine Brook, NJ 07058**

or at a different place if required by the Note Holder.

**(B) Amount of Monthly Payments**

My monthly payment will be in the amount of U.S. **$2,394.23** .

## 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

MULTISTATE
ITEM 1840L1 (050904)

Form 3200 1/01

GreatDocs®
(Page 1 of 3)

**MFCD3002**

3330004359

## 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of **15** calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **5.0000 %** of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

### (D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 10. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT    **Form 3200 1/01**

MULTISTATE
ITEM 144612 (950803)
**MFCD3002**

GreatDocs®
(Page 2 of 3)
**3330004359**

FNMA-USM000000660

this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

Borrower has executed and acknowledges receipt of pages 1 through 3 of this Note.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)       _Evelyn F. Scott_____ (Seal)
EARL SCOTT                -Borrower    EVELYN SCOTT           -Borrower

_____ (Seal)       _____ (Seal)
                          -Borrower                            -Borrower

_____ (Seal)       _____ (Seal)
                          -Borrower                            -Borrower

*[Sign Original Only]*

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT          Form 3200 1/01

MULTISTATE
ITEM 1846L3 (000008)                                                    GreatDocs®
MFCD3002                                                                (Page 3 of 3)
                                                                        3330004359

FNMA-USM000000661

Region                                                                     5

DDF0000007711824

| | |
|---|---|
| Product Type | |
| Seller Name | U. S. MORTGAGE CORP. |
| Seller No. | 23884-000-7 |
| Contract No.- Expiration Date | 459303-10/09/08 |
| Batch ID | 28059028 |
| Payee Code | 050079106 |
| Lender Loan ID | 3330005103 |
| Servicer Name | U. S. MORTGAGE CORP. |
| Servicer No. | 23884-000-7 |
| Address | 86 WILDER STREET |
| Property City | HILLSIDE |
| Property State | NJ |
| Property Zip Code | 07205 |
| Original Ln Amt/Line Amt | 224000.00 |
| Original Note Rate | 5.75 |
| First Paymnt Due | Nov 1, 2008 |
| Loan Term | 360 |
| Loan P&I Amt(monthly) | 1307.21 |
| Submission Type/Lien | Whole/First |
| Amortization Type | Fixed Rate |
| Loan Type | 3 |
| Certification Priority | 080 |
| FNMA Loan No. | 4006113174 |
| Mortgage Type | Other |

CSC FYI Comments:
Delivers notes and assignments separately.  Accept endorsements from subsidiaries: Skyline Mo
rtgage, Datek Mortgage, and DBA Lending Solutions.

Variance:
No Variances



Received: 10/06/2008
Printed : 10/07/2008

FNMA-USM000000647

# NOTE

ORIGINAL

September 12, 2008        Springfield        New Jersey
[Date]                    [City]             [State]

86 WILDER STREET
HILLSIDE, NJ 07205

[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $224,000.00        (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is **Picatinny Federal Credit Union, A Federal Credit Union**

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of   **5.7500%**.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3. PAYMENTS

**(A) Time and Place of Payments**

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the        **1st**        day of each month beginning on   **November 01, 2008**   . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on    **October 01, 2038**       , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at PO Box 682, Pine Brook, NJ 07058

or at a different place if required by the Note Holder.

**(B) Amount of Monthly Payments**

My monthly payment will be in the amount of U.S. $1,307.21

## 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT        Form 3200 1/01

MULTISTATE
ITEM 1846L1 (0508080)

GreatDocs®
(Page 1 of 3)

MFCD3002

3330005103

## 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of **15** calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **5.0000** % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

### (D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 10. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT   Form 3200 1/01

MULTISTATE
ITEM 1644L2 (0609D8)
MFCD3002

GreatDocs™
(Page 2 of 3)
3330005103

FNMA-USM000000649

this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

Borrower has executed and acknowledges receipt of pages 1 through 3 of this Note.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)
RICHARD S. PAYNE                 -Borrower

_____ (Seal)
CHERYL D. PAYNE                  -Borrower

_____ (Seal)
                                 -Borrower

_____ (Seal)
                                 -Borrower

_____ (Seal)
                                 -Borrower

_____ (Seal)
                                 -Borrower

*[Sign Original Only]*

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT     Form 3200 1/01

MULTISTATE
ITEM 1840L3 (050406)
MFCD3002

GreatDocs™
(Page 3 of 3)
3330005103

FNMA-USM000000650

## ALLONGE TO PROMISSORY NOTE

**LOAN INFORMATION**

Loan Number: 3330005103

Borrower(s)    RICHARD S. PAYNE, CHERYL D. PAYNE

Property Address: 86 WILDER STREET, HILLSIDE, NJ  07205

Note Amount: 224,000.00

Note Date:    September 12, 2008

Pay to the order of:
U.S. MORTGAGE CORPORATION

Without Recourse

Picatinny Federal Credit Union

Name   MICHAEL J. MCGRATH, JR.

Title    AVP

PAY TO THE ORDER OF

WITHOUT RECOURSE
U.S. MORTGAGE CORPORATION

JOHN RUSKIN
VICE PRESIDENT

US4057

FNMA-USM000000651

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

Recording RequestedBy/ReturnTo:   MORTGAGE DEPT
                                   19D CHAPIN ROAD, PO BOX 2014. PINE BROOK, NJ 07058

Loan Number:   3330005103

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
                        100 MINERAL SPRINGS ROAD, DOVER, 07801
does hereby grant, sell, assign, transfer and convey, unto   US MORTGAGE CORP.

                                                              , a corporation organized and
                                                        (herein "Assignee"), whose address is
existing under the laws of          **New Jersey**
                                19D CHAPIN ROAD, PINE BROOK, NJ 07058

a certain Mortgage dated  September 12, 2008         , made and executed by

                RICHARD S PAYNE AND CHERYL D PAYNE, HUSBAND AND WIFE

to and in favor of   PICATINNY FEDERAL CREDIT UNION               and given to secure

payment of  , (  224,000.00      )  Two Hundred Twenty Four Thousand
                        (Include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.          , at page          (or as

No.          ) of the                          Records of   UNION

County, State of   NJ              , recorded on              , together with the note(s) and obligations
therein described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage.

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on  October  6, 2008

                                            PICATINNY FEDERAL CREDIT UNION

                                            BY:
_____               _____
Witness                                        MICHAEL T. MCGRATH, JR.

                                            AVP
_____
Witness

_____
Attest

Seal:

This Instrument Prepared By:  PICATINNY FEDERAL CREDIT UNION
address: 100 MINERAL SPRINGS ROAD, DOVER, 07801
STATE OF  New Jersey   COUNTY OF   Morris

                                            Howard T. Larson
I CERTIFY THAT ON October 6, 2008              ,
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)    WAS THE MAKER OF THIS INSTRUMENT
(B)    WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
       AS   AVP         OF   PICATINNY FEDERAL CREDIT UNION

(C)    EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT

                                            NOTARY
                                            SUZANNE MARIA CAVALLUZZO
                                            NOTARY PUBLIC OF NEW JERSEY
                                            Commission Expires 1-23-2013

US4289

FNMA-USM000000652

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

**Recording RequestedBy/ReturnTo:**   MORTGAGE DEPT
19D CHAPIN ROAD, PO BOX 2014, PINE BROOK, NJ 07058

Loan Number:   3330008103

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
**19D Chapin Road, Pine Brook, New Jersey 07058**
does hereby grant, sell, assign, transfer and convey, unto

### Federal National Mortgage Association
, a corporation organized and
existing under the laws of                                       (herein "Assignee"), whose address is

### 3900 Washington Avenue NW, Washington, DC 20016

a certain Mortgage dated  September 12, 2008 , made and executed by

RICHARD S PAYNE AND CHERYL D PAYNE, HUSBAND AND WIFE

to and in favor of  US Mortgage Corp.                                   , and given to secure

payment of  , ( 224,000.00 ] Two Hundred Twenty Four Thousand
(Include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.          , at page          (or as

No.          ) of the              Records of  UNION

County, State of  NJ          , recorded on          , together with the note(s) and obligations therein
described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage.

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on  October  6, 2008

US Mortgage Corp.
BY:
JOHN KUSKIN

Witness

AVP

Witness

Attest

Seal:

This Instrument Prepared By:
address: 19D Chapin Road, Pine Brook, NJ 07058

STATE OF NEW JERSEY,   COUNTY OF MORRIS

I CERTIFY THAT ON **October 6, 2008**          , John Kuskin
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)     WAS THE MAKER OF THIS INSTRUMENT
(B)     WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
        AS                         OF   US Mortgage Corp.
(C)     EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT

NOTARY

SUZANNE MARIA CAVALLUZZO
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 7-22-2013

US4290

Region                                                    5

                                    DDF0000007739262

Product Type
Seller Name                          U. S. MORTGAGE CORP.
Seller No.                                  23884-000-7
Contract No.- Expiration Date        469600-11/20/08
Batch ID                                       31559099
Payee Code                                    050079106
Lender Loan ID                               3330005404
Servicer Name                        U. S. MORTGAGE CORP.
Servicer No.                                23884-000-7
Address                           282 KERRS CORNER ROAD
Property City                        FRELINGHUYSEN A-
Property State                                         NJ
Property Zip Code            AKA Blairstown     07825
Original Ln Amt/Line Amt                     305000.00
Original Note Rate                                  5.75
First Paymnt Due                         Dec 1, 2008
Loan Term                                           360
Loan P&I Amt(monthly)                          1779.90
Submission Type/Lien                      Whole/First
Amortization Type                          Fixed Rate
Loan Type                                             3
Certification Priority                             080
FNMA Loan No.                               4006152757
Mortgage Type                                     Other

CSC FYI Comments:
Delivers notes and assignments separately.  Accept endorsements from subsidiaries: Skyline Mo
rtgage, Datek Mortgage, and DBA Lending Solutions.

Variance:
No Variances



Received: 11/10/2008
Printed : 11/12/2008




ORIGINAL

# NOTE

October 08, 2008          **Mt Olive**          **New Jersey**
    [Date]              [City]              [State]

**282 KERRS CORNER ROAD**
**FRELINGHUYSEN AKA BLAIRSTOWN, NJ 07825**

[Property Address]

**1. BORROWER'S PROMISE TO PAY**
In return for a loan that I have received, I promise to pay U.S. $305,000.00          (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is **Picatinny Federal Credit Union, A Federal Credit Union**.

I will make all payments under this Note in the form of cash, check or money order.
I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

**2. INTEREST**
Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of   **5.7500%.**
The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

**3. PAYMENTS**
**(A) Time and Place of Payments**
I will pay principal and interest by making a payment every month.
I will make my monthly payment on the   **1st**   day of each month beginning on   **December 01, 2008** . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on   **November 01, 2038** , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."
I will make my monthly payments at **PO Box 682, Pine Brook, NJ 07058**

or at a different place if required by the Note Holder.

**(B) Amount of Monthly Payments**
My monthly payment will be in the amount of U.S. **$1,779.90**

**4. BORROWER'S RIGHT TO PREPAY**
I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.
I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

---

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

MULTISTATE
ITEM 1846L1 (000808)

**Form 3200 1/01**

GreatDocs™
(Page 1 of 3)

3330005404

MFCD3002

**5. LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

**6. BORROWER'S FAILURE TO PAY AS REQUIRED**

  **(A) Late Charge for Overdue Payments**

  If the Note Holder has not received the full amount of any monthly payment by the end of            **15**            calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be   **5.0000** % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

  **(B) Default**

  If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

  **(C) Notice of Default**

  If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

  **(D) No Waiver By Note Holder**

  Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

  **(E) Payment of Note Holder's Costs and Expenses**

  If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**7. GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**8. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9. WAIVERS**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10. UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

**Form 3200 1/01**

MULTISTATE
ITEM 1644L3 (060808)
**MFCD3002**

GreatDocs®
(Page 2 of 3)
3330005404

FNMA-USM000000642

this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

Borrower has executed and acknowledges receipt of pages 1 through 3 of this Note.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)          _____ (Seal)
JOHN L. WEED                     -Borrower        CYNTHIA A. WEED                 -Borrower

_____ (Seal)          _____ (Seal)
                                 -Borrower                                        -Borrower

_____ (Seal)          _____ (Seal)
                                 -Borrower                                        -Borrower

*[Sign Original Only]*

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT          Form 3200 1/01

MULTISTATE
ITEM 1844L3 (0605606)                                                                        GreatDocs®
MFCD3002                                                                                     (Page 3 of 3)
                                                                                             3330005404

FNMA-USM000000643

ALLONGE TO PROMISSORY NOTE

<u>LOAN INFORMATION</u>

Loan Number:  3330005404

Borrower(s)     JOHN L. WEED, CYNTHIA A. WEED

Property Address: 282 KERRS CORNER ROAD, FRELINGHUYSEN AKA BLAIRSTOWN, NJ  07825

Note Amount: 305,000.00

Note Date:     October  8, 2008

Pay to the order of:
U.S. MORTGAGE CORPORATION

Without Recourse

Picatinny Federal Credit Union

Name    MICHAEL J. MCGRATH, JR.

Title    AVP

US4057

PAY TO THE ORDER OF

WITHOUT RECOURSE
U.S. MORTGAGE CORPORATION

JOHN KUSKIN
VICE PRESIDENT

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

**Recording RequestedBv/ReturnTo:**   MORTGAGE DEPT
19D CHAPIN ROAD, PO BOX 2014, PINE BROOK, NJ 07058

Loan Number:  3330005404

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
100 MINERAL SPRINGS ROAD, DOVER, 07801
does hereby grant, sell, assign, transfer and convey, unto    US MORTGAGE CORP.

, a corporation organized and
existing under the laws of             **New Jersey**             (herein "Assignee"), whose address is
19D CHAPIN ROAD, PINE BROOK, NJ 07058

a certain Mortgage dated  October  8, 2008              , made and executed by

JOHN L. WEED AND CYNTHIA A. WEED, HUSBAND AND WIFE,

to and in favor of   PICATINNY FEDERAL CREDIT UNION                     and given to secure

payment of   ,  (  305,000.00          ) Three Hundred Five Thousand
(include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.      5050          , at page   1             (or as

No.  200800323745     ) of the                     Records of   WARREN

County, State of   NJ                     , recorded on        10/15/2008         , together with the note(s) and obligations
therein described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage.

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on  November 10, 2008

PICATINNY FEDERAL CREDIT UNION

BY:

_____
Witness                                                   MICHAEL J. MCGRATH. JR

_____
Witness                                                   AVP

_____
Attest

Seal:

This Instrument Prepared By:  PICATINNY FEDERAL CREDIT UNION
address: 100 MINERAL SPRINGS ROAD, DOVER, 07801
STATE OF  New Jersey  , COUNTY OF  Morris

Micheal J. Mcgrath

I CERTIFY THAT ON November 10, 2008
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)      WAS THE MAKER OF THIS INSTRUMENT
(B)      WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
AS          AVP          OF    PICATINNY FEDERAL CREDIT UNION

(C)      EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT

NOTARY
SUZANNE MARIA CAVALLUZZO
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 7-22-2013

US4289

FNMA-USM000000645

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

**Recording RequestedBy/ReturnTo:** MORTGAGE DEPT
19D CHAPIN ROAD, PO BOX 2014. PINE BROOK, NJ 07058

Loan Number: 3330095404

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
**19D Chapin Road, Pine Brook, New Jersey 07058**
does hereby grant, sell, assign, transfer and convey, unto

**Federal National Mortgage Association**
, a corporation organized and
(herein "Assignee"), whose address is
existing under the laws of

**3900 Washington Avenue NW, Washington, DC 20016**

a certain Mortgage dated October 8, 2008                    , made and executed by

JOHN L. WEED AND CYNTHIA A. WEED, HUSBAND AND WIFE.

and given to secure
to and in favor of  US Mortgage Corp.

payment of  , ( 305,000.00 ) Three Hundred Five Thousand
(Include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.   5050          , at page  1          (or as

No.  200806323745   ) of the                    Records of  WARREN

County, State of  NJ                  , recorded on   10/15/2008      , together with the note(s) and obligations therein
described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on  November 10, 2008

US Mortgage Corp.

BY: _____

_____                              JOHN KUSKIN
Witness

                                                 AVP
_____
Witness

_____
Attest

Seal:

This Instrument Prepared By:
address: 19D Chapin Road, Pine Brook, NJ 07058

STATE OF NEW JERSEY,  COUNTY OF MORRIS

I CERTIFY THAT ON November 10, 2008        ,  _John Kuskin_
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)    WAS THE MAKER OF THIS INSTRUMENT
(B)    WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
       AS _AVP_            OF  US Mortgage Corp.
(C)    EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT

_____
NOTARY

SUZANNE MARIA CAVALLUZZO
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 7-22-2013

US4290

FNMA-USM000000646

Region                                                                 5

DDF0000007739264

Product Type
Seller Name                          U. S. MORTGAGE CORP.
Seller No.                                23884-000-7
Contract No.- Expiration Date        469600-11/20/08
Batch ID                                    31559099
Payee Code                                 050079106
Lender Loan ID                            3330005439
Servicer Name                        U. S. MORTGAGE CORP.
Servicer No.                              23884-000-7
Address                              122 FARVIEW ROAD
Property City                             ROCKAWAY
Property State                                    NJ
Property Zip Code                              07866
Original Ln Amt/Line Amt                  227500.00
Original Note Rate                                 6
First Paymnt Due                      Dec 1, 2008
Loan Term                                        360
Loan P&I Amt (monthly)                      1363.98
Submission Type/Lien                  Whole/First
Amortization Type                      Fixed Rate
Loan Type                                          3
Certification Priority                           080
FNMA Loan No.                             4006152759
Mortgage Type                                  Other

CSC FYI Comments:
Delivers notes and assignments separately. Accept endorsements from subsidiaries: Skyline Mo
rtgage, Datek Mortgage, and DBA Lending Solutions.

Variance:
No Variances



Received: 11/10/2008
Printed : 11/12/2008

FNMA-USM000000633

  **ORIGINAL**

# NOTE

October 15, 2008
[Date]

Verona
[City]

New Jersey
[State]

122 Farview Road
ROCKAWAY, NJ 07866

[Property Address]

**1. BORROWER'S PROMISE TO PAY**
In return for a loan that I have received, I promise to pay U.S. $227,600.00     (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is Picatinny Federal Credit Union, A Federal Credit Union

I will make all payments under this Note in the form of cash, check or money order.
I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

**2. INTEREST**
Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of    6.0000%.
The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

**3. PAYMENTS**
(A) Time and Place of Payments
I will pay principal and interest by making a payment every month.
I will make my monthly payment on the     1st     day of each month beginning on     December 01, 2008    . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on    November 01, 2038    , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."
I will make my monthly payments at PO Box 682, Pine Brook, NJ 07058

or at a different place if required by the Note Holder.

(B) Amount of Monthly Payments
My monthly payment will be in the amount of U.S. $1,363.98

**4. BORROWER'S RIGHT TO PREPAY**
I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.
I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

**Form 3200 1/01**

MULTISTATE
ITEM 1846L1 (040508)

GreatDocs®
(Page 1 of 3)

MFCD3002

3330005439

### 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

### 6. BORROWER'S FAILURE TO PAY AS REQUIRED

**(A)  Late Charge for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of **15** calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **5.0000** % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

**(B)  Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C)  Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

**(D)  No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E)  Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

### 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

### 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

### 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

### 10. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

Form 3200 1/01

GreatDocs®
(Page 2 of 3)
3330005439

MULTISTATE
ITEM 1844L2 (0505000)
MFCD3002

FNMA-USM000000635

this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

Borrower has executed and acknowledges receipt of pages 1 through 3 of this Note.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)          _____ (Seal)
MICHELE B. FLYNN                        -Borrower                                                -Borrower


_____ (Seal)          _____ (Seal)
                                        -Borrower                                                -Borrower


_____ (Seal)          _____ (Seal)
                                        -Borrower                                                -Borrower


*[Sign Original Only]*


MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

MULTISTATE
ITEM 1846L3 (050008)
MFCD3002

Form 3200 1/01

GreatDocs®
(Page 3 of 3)
3330005439

FNMA-USM000000636

## ALLONGE TO PROMISSORY NOTE

LOAN INFORMATION

Loan Number: 3330005439

Borrower(s)   MICHELE B. FLYNN

Property Address: 122 Farview Road, ROCKAWAY, NJ 07866

Note Amount: 227,500.00

Note Date:   October 15, 2008

Pay to the order of:
U.S. MORTGAGE CORPORATION

Without Recourse

Picatinny Federal Credit Union

Name   MICHAEL J. MCGRATH, JR.

Title   AVP

US4057

PAY TO THE ORDER OF

WITHOUT RECOURSE
U.S. MORTGAGE CORPORATION

JOHN RUSKIN
VICE PRESIDENT

FNMA-USM000000637

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

**Recording RequestedBy/ReturnTo:**  MORTGAGE DEPT
19D CHAPIN ROAD, PO BOX 2014, PINE BROOK, NJ 07058

Loan Number: 3330605438

## ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
100 MINERAL SPRINGS ROAD, DOVER, 07801
does hereby grant, sell, assign, transfer and convey, unto   US MORTGAGE CORP.

, a corporation organized and
existing under the laws of              New Jersey              (herein "Assignee"), whose address is
19D CHAPIN ROAD, PINE BROOK, NJ 07058

a certain Mortgage dated  October 15, 2008              , made and executed by

MICHELE B FLYNN, A SINGLE WOMAN

to and in favor of    PICATINNY FEDERAL CREDIT UNION                              and given to secure

payment of  , ( 227,500.00          ) Two Hundred Twenty Seven Thousand Five Hundred
(include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.              , at page    .,              (or as

No.          ) of the                              Records of   MORRIS

County, State of   NJ              , recorded on              , together with the note(s) and obligations
therein described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage.

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on  November 10, 2008

PICATINNY FEDERAL CREDIT UNION
BY:
_____          MICHAEL J. MCGRATH, JR.
Witness
                                        AVP
_____
Witness

_____
Abest

Seal:

This Instrument Prepared By:  PICATINNY FEDERAL CREDIT UNION
address: 100 MINERAL SPRINGS ROAD, DOVER, 07801
STATE OF  New Jersey , COUNTY OF  Morris
                    Michael J. McGrath
I CERTIFY THAT ON November 10, 2008
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)   WAS THE MAKER OF THIS INSTRUMENT
(B)   WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
      AS          AVP          OF  PICATINNY FEDERAL CREDIT UNION
(C)   EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT
                              NOTARY

SUZANNE MARIA CAVALLUZZO
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 7-22-2012

US4289

FNMA-USM000000638

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

**Recording RequestedBy/ReturnTo:**   MORTGAGE DEPT
19D CHAPIN ROAD, PO BOX 2014, PINE BROOK, NJ 07058

Loan Number: 3330005439

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
**19D Chapin Road, Pine Brook, New Jersey 07058**
does hereby grant, sell, assign, transfer and convey, unto

**Federal National Mortgage Association**
, a corporation organized and
(herein "Assignee"), whose address is
existing under the laws of

**3900 Washington Avenue NW, Washington, DC 20016**

a certain Mortgage dated October 15, 2008          , made and executed by

**MICHELE B FLYNN, A SINGLE WOMAN**

and given to secure

to and in favor of  US Mortgage Corp.

payment of  , ( 227,500.00        ) Two Hundred Twenty Seven Thousand Five Hundred
(Include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.                 , at page                 (or as

No.          ) of the                    Records of  **MORRIS**

County, State of  **NJ**              , recorded on               , together with the note(s) and obligations therein
described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage.

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on  November 10, 2008

**US Mortgage Corp.**
BY:
_____                          **JOHN KUSKIN**
Witness
**AVP**

_____
Witness

_____
Attest

Seal:

This Instrument Prepared By:
address:  19D Chapin Road, Pine Brook, NJ 07058

STATE OF NEW JERSEY,   COUNTY OF MORRIS

I CERTIFY THAT ON **November 10, 2008**
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)     WAS THE MAKER OF THIS INSTRUMENT
(B)     WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
AS **AVP**                          OF    US Mortgage Corp.
(C)     EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT

NOTARY

SUZANNE MARIA CAVALLUZZO
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 7-22-2013

US4290

FNMA-USM000000639

Region                                                          5

DDF0000007740024

| | |
|---|---|
| Product Type | |
| Seller Name | U. S. MORTGAGE CORP. |
| Seller No. | 23884-000-7 |
| Contract No.- Expiration Date | 469696-11/24/08 |
| Batch ID | 31759003 |
| Payee Code | 050079106 |
| Lender Loan ID | 3330005254 |
| Servicer Name | U. S. MORTGAGE CORP. |
| Servicer No. | 23884-000-7 |
| Address | 125 MARNE ROAD |
| Property City | HOPATCONG |
| Property State | NJ |
| Property Zip Code | 07843 |
| Original Ln Amt/Line Amt | 232000.00 |
| Original Note Rate | 7.125 |
| First Paymnt Due | Jan 1, 2009 |
| Loan Term | 360 |
| Loan P&I Amt(monthly) | 1563.03 |
| Submission Type/Lien | Whole/First |
| Amortization Type | Fixed Rate |
| Loan Type | 3 |
| Certification Priority | 080 |
| FNMA Loan No. | 4006153590 |
| Mortgage Type | Other |

CSC FYI Comments:
Delivers notes and assignments separately. Accept endorsements from subsidiaries: Skyline Mortgage, Datek Mortgage, and DBA Lending Solutions.

Variance:
No Variances



Received: 11/12/2008
Printed : 11/13/2008

FNMA-USM000000626

# NOTE

ORIGINAL

| November 05, 2008 | Ledgewood | New Jersey |
|---|---|---|
| [Date] | [City] | [State] |

**125 MARNE ROAD**
**HOPATCONG, NJ 07843**

[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. **$232,000.00**     (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is **Picatinny Federal Credit Union, A Federal Credit Union**

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of     **7.1250%**.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3. PAYMENTS

**(A) Time and Place of Payments**

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the     **1st**     day of each month beginning on     **January 01, 2009**    . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on     **December 01, 2038**    , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at **PO Box 682, Pine Brook, NJ 07058**

or at a different place if required by the Note Holder.

**(B) Amount of Monthly Payments**

My monthly payment will be in the amount of U.S. **$1,563.03**

## 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

**Form 3200 1/01**

MULTISTATE
ITEM 1648L1 (0009028)

GreatDocs®
(Page 1 of 3)

MFCD3002

3330005254

FNMA-USM000000627

**5.  LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

**6.  BORROWER'S FAILURE TO PAY AS REQUIRED**

**(A)  Late Charge for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of    **15**   calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be   **5.0000** % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

**(B)  Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C)  Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

**(D)  No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E)  Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**7.  GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**8.  OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9.  WAIVERS**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10.  UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

Form 3200 1/01

MULTISTATE
ITEM 1846L2 (0503C3)
**MFCD3002**

GreatDoc®
(Page 2 of 3)
**3330005254**

FNMA-USM000000628

this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

Borrower has executed and acknowledges receipt of pages 1 through 3 of this Note.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)
NICOLAS PROSSER          -Borrower

_____ (Seal)
RENEE PROSSER            -Borrower

_____ (Seal)
                         -Borrower

_____ (Seal)
                         -Borrower

_____ (Seal)
                         -Borrower

_____ (Seal)
                         -Borrower

_____
NATHAN J. SMITH
An Attorney At Law
of New Jersey

[Sign Original Only]

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

MULTISTATE
ITEM 1848L3 (0508DS)
MFCD3002

Form 3200 1/01

GreatDocs®
(Page 3 of 3)
3330005254

FNMA-USM000000629

ALLONGE TO PROMISSORY NOTE

LOAN INFORMATION

Loan Number: 3330005254

Borrower(s)    NICOLAS PROSSER, RENEE PROSSER

Property Address: 125 MARNE ROAD, HOPATCONG, NJ 07843

Note Amount: 232,000.00

Note Date:    November 5, 2008

Pay to the order of:
U.S. MORTGAGE CORPORATION

Without Recourse

Picatinny Federal Credit Union

Name    MICHAEL J. MCGRATH, JR.

Title    AVP

US4057

PAY TO THE ORDER OF

WITHOUT RECOURSE
U.S. MORTGAGE CORPORATION

JOHN KUSKIN
VICE. PRESIDENT

FNMA-USM000000630

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

Recording RequestedBy/ReturnTo:   MORTGAGE DEPT
                                  19D CHAPIN ROAD, PO BOX 2014. PINE BROOK, NJ 07058

Loan Number: 3330005254

## ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
                          100 MINERAL SPRINGS ROAD, DOVER, 07801
does hereby grant, sell, assign, transfer and convey, unto   US MORTGAGE CORP.

                                                          , a corporation organized and
                                                          (herein "Assignee"), whose address is
existing under the laws of            New Jersey
                          19D CHAPIN ROAD, PINE BROOK, NJ 07058

a certain Mortgage dated November 5, 2008          , made and executed by

              NICOLAS PROSSER AND RENEE PROSSER, HUSBAND AND WIFE

to and in favor of   PICATINNY FEDERAL CREDIT UNION                   and given to secure

payment of   , ( 232,000.00       ) Two Hundred Thirty Two Thousand
                          (Include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.              , at page          (or as

No.            ) of the              Records of   SUSSEX

County, State of   NJ              , recorded on              , together with the note(s) and obligations
therein described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage.

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on   November 11, 2008

                                        PICATINNY FEDERAL CREDIT UNION

                                        BY:
Witness                                 MICHAEL J. MCGRATH, JR.

                                        AVP
Witness

Attest

Seal:

This Instrument Prepared By:  PICATINNY FEDERAL CREDIT UNION
address: 100 MINERAL SPRINGS ROAD, DOVER, 07801

STATE OF  New Jersey   , COUNTY OF   Morris

I CERTIFY THAT ON November 11, 2008          , Michael J. McGrath
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)   WAS THE MAKER OF THIS INSTRUMENT
(B)   WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
      AS            AVP          OF   PICATINNY FEDERAL CREDIT UNION

(C)   EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT

                                        NOTARY

                                        SUZANNE MARIA CAVALLUZZO
                                        NOTARY PUBLIC OF NEW JERSEY
US4289                                  Commission Expires 7-22-2013

FNMA-USM000000631

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

Recording RequestedBy/ReturnTo:   MORTGAGE DEPT
                                  19D CHAPIN ROAD, PO BOX 2014. PINE BROOK, NJ 07058

Loan Number: 3330005254

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
                        **19D Chapin Road, Pine Brook, New Jersey 07058**
does hereby grant, sell, assign, transfer and convey, unto

**Federal National Mortgage Association**
                                                    , a corporation organized and
                                                    (herein "Assignee"), whose address is
existing under the laws of

            **3900 Washington Avenue NW, Washington, DC 20016**

a certain Mortgage dated November 5, 2008          , made and executed by

            NICOLAS PROSSER AND RENEE PROSSER, HUSBAND AND WIFE

to and in favor of   US Mortgage Corp.                            and given to secure

payment of   , ( 232,000.00       ) Two Hundred Thirty Two Thousand
                        (Include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.              , at page          (or as

No.          ) of the          Records of   SUSSEX

County, State of   NJ          , recorded on          , together with the note(s) and obligations therein
described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage.

   TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
   IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on   November 11, 2008

                                              US Mortgage Corp.

                                              BY
_____                          JOHN KUSKIN
Witness

                                                 AVP
_____
Witness

_____
Attest

_____
Seal:

This Instrument Prepared By:
address: 19D Chapin Road, Pine Brook, NJ 07058

STATE OF NEW JERSEY,   COUNTY OF MORRIS

                                        John Kuskin
I CERTIFY THAT ON November 11, 2008          ,
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)   WAS THE MAKER OF THIS INSTRUMENT
(B)   WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
      AS AVP                        OF   US Mortgage Corp.
(C)   EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT

                                              NOTARY

                                    Commission Expires 7-23-2013
                                    NOTARY PUBLIC OF NEW JERSEY
                                    SUZANNE MARIA CAVALLUZZO

US4290

                                                            FNMA-USM000000632

5

DDF0000007765515

| | |
|---|---|
| Region | |
| Product Type | |
| Seller Name | U. S. MORTGAGE CORP. |
| Seller No. | 23884-000-7 |
| Contract No.- Expiration Date | 487418-12/26/08 |
| Batch ID | 35159050 |
| Payee Code | 050079106 |
| Lender Loan ID | 3330005273 |
| Servicer Name | U. S. MORTGAGE CORP. |
| Servicer No. | 23884-000-7 |
| Address | 42   WASHINGTON STREET |
| Property City | ROXBURY |
| Property State | NJ |
| Property Zip Code | 07850 |
| Original Ln Amt/Line Amt | 246000.00 |
| Original Note Rate | 6 |
| First Paymnt Due | Jan 1, 2009 |
| Loan Term | 360 |
| Loan P&I Amt(monthly) | 1474.90 |
| Submission Type/Lien | Whole/First |
| Amortization Type | Fixed Rate |
| Loan Type | 3 |
| Certification Priority | 080 |
| FNMA Loan No. | 4006188123 |
| Mortgage Type | Other |

CSC FYI Comments:
Delivers notes and assignments separately.  Accept endorsements from subsidiaries: Skyline Mortgage, Datek Mortgage, and DBA Lending Solutions.

Variance:
No Variances



Received: 12/16/2008
Printed : 12/17/2008

FNMA-USM000000619

ORIGINAL

# NOTE

| November 21, 2008 | Flanders | New Jersey |
|---|---|---|
| [Date] | [City] | [State] |

**42 Washington Street**
**ROXBURY, NJ 07850**

[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $246,000.00      (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is **Picatinny Federal Credit Union, A Federal Credit Union**

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of      6.0000%.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3. PAYMENTS

### (A) Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the      1st      day of each month beginning on      January 01, 2009      . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on      December 01, 2038      , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at PO Box 682, Pine Brook, NJ 07058

or at a different place if required by the Note Holder.

### (B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $1,474.90

## 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT            Form 3200 1/01

MULTISTATE
ITEM 1846L1 (060608)

GreatDocs®
(Page 1 of 3)

MFCD3002

3330005273

FNMA-USM000000620

 

## 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

**(A) Late Charge for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of     **15**     calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be    **5.0000** % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

**(D) No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 10. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as

---

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

**MULTISTATE**
**ITEM 1846L2 (0802009)**
**MFCD3002**

**Form 3200 1/01**

GreatDocs®
*(Page 2 of 3)*
**3330005273**

FNMA-USM000000621

this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

Borrower has executed and acknowledges receipt of pages 1 through 3 of this Note.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)  _____ (Seal)
JACQUELINE A. FIORELLO                -Borrower                                            -Borrower

_____ (Seal)  _____ (Seal)
                                      -Borrower                                            -Borrower

_____ (Seal)  _____ (Seal)
                                      -Borrower                                            -Borrower

[Sign Original Only]

MULTISTATE FIXED RATE NOTE—Single Family  -Fannie Mae/Freddie Mac UNIFORM INSTRUMENT          Form 3200 1/01

MULTISTATE
ITEM 1646L3 (050808)                                                                          GreatDocs®
MFCD3002                                                                                      (Page 3 of 3)
                                                                                             3330005273

FNMA-USM000000622

## ALLONGE TO PROMISSORY NOTE

**LOAN INFORMATION**

Loan Number: 3330005273

Borrower(s)   JACQUELINE A. FIORELLO

Property Address: 42 Washington Street, ROXBURY , NJ 07850

Note Amount: 246,000.00

Note Date:   November 21, 2008

Pay to the order of:
U.S. MORTGAGE CORPORATION

PAY TO THE ORDER OF

Without Recourse

Picatinny Federal Credit Union

Name   MICHAEL J. MCGRATH, JR.

Title   AVP

US4057

WITHOUT RECOURSE
U.S. MORTGAGE CORPORATION

JOHN RUSKIN
VICE PRESIDENT

FNMA-USM000000623

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

**Recording RequestedBy/ReturnTo:** MORTGAGE DEPT
19D CHAPIN ROAD, PO BOX 2014, PINE BROOK, NJ 07058

Loan Number: 3330005273

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
**100 MINERAL SPRINGS ROAD, DOVER, 07801**
does hereby grant, sell, assign, transfer and convey, unto **US MORTGAGE CORP.**

, a corporation organized and
existing under the laws of **New Jersey** (herein "Assignee"), whose address is
**19D CHAPIN ROAD, PINE BROOK, NJ 07058**

a certain Mortgage dated **November 21, 2008** , made and executed by

**JACQUELINE A FIORELLO, A SINGLE WOMAN**

to and in favor of **PICATINNY FEDERAL CREDIT UNION** and given to secure

payment of , ( **246,000.00** ) **Two Hundred Forty Six Thousand**
(Include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No. **21190** , at page **1299** (or as

No. **2008083013** ) of the Records of **MORRIS**

County, State of **NJ** , recorded on **12/ 2/2008** , together with the note(s) and obligations
therein described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage.

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on **December 16, 2008**

PICATINNY FEDERAL CREDIT UNION

BY:
_____
MICHAEL J MCGRATH, JR.

_____
Witness

AVP

_____
Witness

_____
Attest

Seal:

This Instrument Prepared By: **PICATINNY FEDERAL CREDIT UNION**
address: **100 MINERAL SPRINGS ROAD, DOVER, 07801**
STATE OF ___New Jersey___ , COUNTY OF ___Morris___

I CERTIFY THAT ON December 16, 2008 , Michael J McGrath
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)    WAS THE MAKER OF THIS INSTRUMENT
(B)    WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
       AS _AVP_ _____OF_ PICATINNY FEDERAL CREDIT UNION

(C)    EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT

_____
NOTARY

SUZANNE MARIA CAVALLUZZO
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 7-22-2013

US4289

FNMA-USM000000624

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

**Recording RequestedBy/ReturnTo:**   MORTGAGE DEPT
                                       19D CHAPIN ROAD, PO BOX 2014, PINE BROOK, NJ 07058

Loan Number:  3330008273

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
**19D Chapin Road, Pine Brook, New Jersey 07058**
does hereby grant, sell, assign, transfer and convey, unto

**Federal National Mortgage Association**
                                                        , a corporation organized and
existing under the laws of                              (herein "Assignee"), whose address is

**3900 Wisconsin Avenue NW, Washington, DC 20016**

a certain Mortgage dated **November 21, 2008**          , made and executed by

**JACQUELINE A FIORELLO, A SINGLE WOMAN**

to and in favor of  US Mortgage Corp.                                    and given to secure

payment of  , ( **245,008.00**      ) Two Hundred Forty Six Thousand
                         (Include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.    **21190**     , at page   **1289**        (or as

No.  **2008083013**       ) of the                        Records of  **MORRIS**

County, State of   **NJ**          , recorded on     **12/02/2008**     , together with the note(s) and obligations therein
described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage.

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on  **December 16, 2008**

US Mortgage Corp.

BY:

**Witness**                                    **JOHN KUSKIN**

                                               **AVP**
**Witness**

**Attest**

**Seal:**

This Instrument Prepared By:
address:  19D Chapin Road, Pine Brook, NJ 07058

STATE OF NEW JERSEY,   COUNTY OF MORRIS

I CERTIFY THAT ON  **December 16, 2008**
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)    WAS THE MAKER OF THIS INSTRUMENT
(B)    WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
       AS          AVP         OF     US Mortgage Corp.
(C)    EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT

NOTARY

SUZANNE MARIA CAVALLUZZO
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 7-22-2013

US4290

FNMA-USM000000625

Region                                        5
                                    DDF0000007765516

Product Type
Seller Name                  U. S. MORTGAGE CORP.
Seller No.                        23884-000-7
Contract No.- Expiration Date     487418-12/26/08
Batch ID                            35159050
Payee Code                          050079106
Lender Loan ID                      3330005369
Servicer Name                U. S. MORTGAGE CORP.
Servicer No.                      23884-000-7
Address                      13 MAXWELL COURT
Property City                      MORRISTOWN
Property State                            NJ
Property Zip Code                       07960
Original Ln Amt/Line Amt           328000.00
Original Note Rate                      5.875
First Paymnt Due                  Jan 1, 2009
Loan Term                               360
Loan P&I Amt(monthly)               1940.25
Submission Type/Lien              Whole/First
Amortization Type                 Fixed Rate
Loan Type                                 3
Certification Priority                  080
FNMA Loan No.                      4006188124
Mortgage Type                          Other

CSC FYI Comments:
Delivers notes and assignments separately.  Accept endorsements from subsidiaries: Skyline Mo
rtgage, Datek Mortgage, and DBA Lending Solutions.

Variance:
No Variances



Received: 12/16/2008
Printed : 12/17/2008

FNMA-USM000000612

# NOTE

November 14, 2008                    Morristown                    
[Date]                                [City]

                                13 Maxwell Court
                            MORRISTOWN, NJ 07960

                                [Property Address]

## 1. BORROWER'S PROMISE TO PAY
In return for a loan that I have received, I promise to pay U.S. $328,000.00      (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is Picatinny Federal Credit Union, A Federal Credit Union

I will make all payments under this Note in the form of cash, check or money order.
I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST
Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of   5.8750%.
The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3. PAYMENTS
(A) Time and Place of Payments
I will pay principal and interest by making a payment every month.
I will make my monthly payment on the   1st   day of each month beginning on   January 01, 2009   . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on   December 01, 2038   , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."
I will make my monthly payments at PO Box 682, Pine Brook, NJ 07058

                                        or at a different place if required by the Note Holder.

(B) Amount of Monthly Payments
My monthly payment will be in the amount of U.S. $1,940.25

## 4. BORROWER'S RIGHT TO PREPAY
I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.
I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT          Form 3200 1/01

MULTISTATE                                                                          GreatDocs®
ITEM 1848L1 (050608)                                                               (Page 1 of 3)

                                                                    3330005369

MFCD3002

FNMA-USM000000613



**5. LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

**6. BORROWER'S FAILURE TO PAY AS REQUIRED**

**(A) Late Charge for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of .15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.0000 % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

**(D) No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**7. GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**8. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9. WAIVERS**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10. UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

Form 3200 1/01

GreatDocs™
(Page 2 of 3)
3330005369

MULTISTATE
ITEM 1844L2 (000000)
MFCD3002

this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

Borrower has executed and acknowledges receipt of pages 1 through 3 of this Note.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)
LAUREN W. HERRERA          -Borrower

_____ (Seal)
RAYMOND A. HERRERA         -Borrower

_____ (Seal)
                           -Borrower

_____ (Seal)
                           -Borrower

_____ (Seal)
                           -Borrower

_____ (Seal)
                           -Borrower

_____
WITNESS AS TO BOTH

[Sign Original Only]

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

MULTISTATE
ITEM 1644L3 (0000k)
MFCD3002

Form 3200 1/01

GreatDocs®
(Page 3 of 3)
3330005369

FNMA-USM000000615

## ALLONGE TO PROMISSORY NOTE

<u>LOAN INFORMATION</u>

Loan Number: 3330005369

Borrower(s)    LAUREN W. HERRERA, RAYMOND A. HERRERA

Property Address: 13 Maxwell Court, MORRISTOWN, NJ  07960

Note Amount: 328,000.00

Note Date:    November 14, 2008

Pay to the order of:
U.S. MORTGAGE CORPORATION

PAY TO THE ORDER OF

Without Recourse

Picatinny Federal Credit Union

Name    MICHAEL J. MCGRATH, JR.

Title    AVP

US4057

WITHOUT RECOURSE
U.S. MORTGAGE CORPORATION

JOHN KUSKIN
VICE PRESIDENT

FNMA-USM000000616

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

**Recording RequestedBy/ReturnTo:**   MORTGAGE DEPT
19D CHAPIN ROAD, PO BOX 2014. PINE BROOK, NJ 07058

Loan Number:  3330005380

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
100 MINERAL SPRINGS ROAD, DOVER, 07801
does hereby grant, sell, assign, transfer and convey, unto   US MORTGAGE CORP.

, a corporation organized and
(herein "Assignee"), whose address is
existing under the laws of              **New Jersey**
19D CHAPIN ROAD, PINE BROOK, NJ 07058

a certain Mortgage dated November 14, 2008              , made and executed by

LAUREN W HERRERA AND RAYMOND A HERRERA, WIFE AND HUSBAND

to and in favor of   PICATINNY FEDERAL CREDIT UNION                    and given to secure

payment of   , (  328,000.00      ) Three Hundred Twenty Eight Thousand
(include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.   21187      , at page   0852        (or as

No.  2008081423      ) of the              Records of   MORRIS

County, State of   NJ              , recorded on     11/20/2008      , together with the note(s) and obligations
therein described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage.

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on   December 16, 2008

PICATINNY FEDERAL CREDIT UNION

BY

MICHAEL J  MCGRATH, JR.

_____            AVP
Witness

_____
Witness

_____
Attest

Seal:

This Instrument Prepared By:  PICATINNY FEDERAL CREDIT UNION
address: 100 MINERAL SPRINGS ROAD, DOVER, 07801

STATE OF  New Jersey , COUNTY OF  Morris

I CERTIFY THAT ON December 16, 2008
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)    WAS THE MAKER OF THIS INSTRUMENT
(B)    WAS AUTHORIZED TO  AND DID EXECUTE THIS INSTRUMENT
AS        AVP          OF   PICATINNY FEDERAL CREDIT UNION

(C)    EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT.

_____
NOTARY

SUZANNE MARIA CAVALLUZZO
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 7-22-2013

US4289

FNMA-USM000000617

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

**Recording RequestedBy/ReturnTo:**   MORTGAGE DEPT
19D CHAPIN ROAD, PO BOX 2014. PINE BROOK, NJ 07058

Loan Number:  3330005389

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
**19D Chapin Road, Pine Brook, New Jersey 07058**
does hereby grant, sell, assign, transfer and convey, unto

**Federal National Mortgage Association**
, a corporation organized and
(herein "Assignee"), whose address is
existing under the laws of

**3900 Wisconsin Avenue NW, Washington, DC 20016**

a certain Mortgage dated  **November 14, 2008**            , made and executed by

**LAUREN W HERRERA AND RAYMOND A HERRERA, WIFE AND HUSBAND**

to and in favor of  US Mortgage Corp.                                          and given to secure

payment of   ,  ( **328,000.00**         ) **Three Hundred Twenty Eight Thousand**
(Include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.     **21187**          , at page   **0652**             (or as

No.  **2008081423**    ) of the                    Records of   **MORRIS**

County, State of   **NJ**                  , recorded on     **11/20/2008**      , together with the note(s) and obligations therein
described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage.

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on   December 16, 2008

                                                                    US Mortgage Corp.
_____                                   BY: _____
Witness                                                          **JOHN KUSKIN**

_____                                        **AVP**
Witness

Attest

Seal:

This Instrument Prepared By:
address: 19D Chapin Road, Pine Brook, NJ 07058

STATE OF NEW JERSEY,   COUNTY OF MORRIS

I CERTIFY THAT ON **December 16, 2008**
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)     WAS THE MAKER OF THIS INSTRUMENT
(B)     WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
        AS            *AVP*            OF     US Mortgage Corp.
(C)     EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT

                                                    NOTARY
                                            **SUZANNE MARIA CAVALLUZZO**
                                            **NOTARY PUBLIC OF NEW JERSEY**
                                            **Commission Expires 7-22-2013**

US4290

FNMA-USM000000618

Region

DDF0000007765517

| | |
|---|---|
| Product Type | |
| Seller Name | U. S. MORTGAGE CORP. |
| Seller No. | 23884-000-7 |
| Contract No.- Expiration Date | 487418-12/26/08 |
| Batch ID | 35159050 |
| Payee Code | 050079106 |
| Lender Loan ID | 3330005457 |
| Servicer Name | U. S. MORTGAGE CORP. |
| Servicer No. | 23884-000-7 |
| Address | 539 WEST VALLEY VIEW AVENUE |
| Property City | HACKETTSTOWN |
| Property State | NJ |
| Property Zip Code | 07840 |
| Original Ln Amt/Line Amt | 239000.00 |
| Original Note Rate | 5.875 |
| First Paymnt Due | Feb 1, 2009 |
| Loan Term | 360 |
| Loan P&I Amt(monthly) | 1413.78 |
| Submission Type/Lien | Whole/First |
| Amortization Type | Fixed Rate |
| Loan Type | 3 |
| Certification Priority | 080 |
| FNMA Loan No. | 4006188125 |
| Mortgage Type | Other |

CSC FYI Comments:
Delivers notes and assignments separately. Accept endorsements from subsidiaries: Skyline Mortgage, Datak Mortgage, and DBA Lending Solutions.

Variance:
No Variances



Received: 12/16/2008
Printed : 12/17/2008

FNMA-USM000000605



# NOTE ᴏRIGINAL

| December 01, 2008 | Dover | New Jersey |
|---|---|---|
| [Date] | [City] | [State] |

**539 WEST VALLEY VIEW AVENUE**
**HACKETTSTOWN, NJ 07840**

[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. **$239,000.00** (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is **Picatinny Federal Credit Union, A Federal Credit Union**

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of **5.8750%**.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3. PAYMENTS

**(A) Time and Place of Payments**

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the **1st** day of each month beginning on **February 01, 2009** . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on **January 01, 2039** , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at **PO Box 682, Pine Brook, NJ 07058**

or at a different place if required by the Note Holder.

**(B) Amount of Monthly Payments**

My monthly payment will be in the amount of U.S. **$1,413.78** .

## 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

---

**MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT**

**Form 3200 1/01**

MULTISTATE
ITEM 1644L1 (0509GB)

GreatDocs®
(Page 1 of 3)

**MFCD3002**

3330005457

FNMA-USM000000606

## 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of     **15**     calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **5.0000** % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

### (D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 10. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT          Form 3200 1/01

MULTISTATE
ITEM 1848L2 (0400K)                                                                    GreatDocs™
MFCD3002                                                                               (Page 2 of 3)
                                                                                       3330005457

FNMA-USM000000607

this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

Borrower has executed and acknowledges receipt of pages 1 through 3 of this Note.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)  _____ (Seal)
DEBORAH A. FEBUS                -Borrower  JOSEPH TOWNSEND                  -Borrower

_____ (Seal)  _____ (Seal)
                               -Borrower                                   -Borrower

_____ (Seal)  _____ (Seal)
                               -Borrower                                   -Borrower

*[Sign Original Only]*

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

Form 3200 1/01

MULTISTATE
ITEM 1644L3 (060608)
MFCD3002

GreatDocs™
(Page 3 of 3)
3330005457

FNMA-USM000000608

ALLONGE TO PROMISSORY NOTE

LOAN INFORMATION

Loan Number: 3330005457

Borrower(s)   DEBORAH A. FEBUS, JOSEPH TOWNSEND

Property Address: 539 WEST VALLEY VIEW AVENUE, HACKETTSTOWN, NJ 07840

Note Amount: 239,000.00

Note Date:    December 1, 2008

Pay to the order of:
U.S. MORTGAGE CORPORATION

PAY TO THE ORDER OF

_____

Without Recourse

Picatinny Federal Credit Union

Name    MICHAEL J. MCGRATH, JR.

Title    AVP

US4057

WITHOUT RECOURSE
U.S. MORTGAGE CORPORATION

JOHN KUSKIN
VICE PRESIDENT

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

**Recording RequestedBy/ReturnTo:**   MORTGAGE DEPT
190 CHAPIN ROAD, PO BOX 2014, PINE BROOK, NJ 07058

Loan Number:  3330005457

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
100 MINERAL SPRINGS ROAD, DOVER, 07801
does hereby grant, sell, assign, transfer and convey, unto   US MORTGAGE CORP.

, a corporation organized and
(herein "Assignee"), whose address is
existing under the laws of               **New Jersey**
190 CHAPIN ROAD, PINE BROOK, NJ 07058

a certain Mortgage dated  December 1, 2008          , made and executed by

DEBORAH A FEBUS, UNMARRIED AND JOSEPH TOWNSEND, UNMARRIED

to and in favor of    PICATINNY FEDERAL CREDIT UNION                    and given to secure  .

payment of  ,  ( 239,000.00         ) Two Hundred Thirty Nine Thousand
(include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.        ———————, at page ——    ——————— (or as ——   ——— ——— ———

No.          ) of the                         Records of  WARREN

County, State of   NJ              , recorded on               , together with the note(s) and obligations
therein described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on   December 16, 2008

PICATINNY FEDERAL CREDIT UNION
BY:

_____              MICHAEL J. MCGRATH, JR.
Witness

_____              AVP
Witness

Attest

Seal:

This Instrument Prepared By:  PICATINNY FEDERAL CREDIT UNION
address: 100 MINERAL SPRINGS ROAD, DOVER, 07801
STATE OF _New Jersey_ , COUNTY OF _Morris_

I CERTIFY THAT ON December 16, 2008        Michael J. McGrath
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)    WAS THE MAKER OF THIS INSTRUMENT
(B)    WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
       AS _AVP_            OF  PICATINNY FEDERAL CREDIT UNION

(C)    EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT.

NOTARY

SUZANNE MARIA CAVALLUZZO
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 7-22-2013

US4289

FNMA-USM000000610

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

**Recording RequestedBy/ReturnTo:**   MORTGAGE DEPT
19D CHAPIN ROAD, PO BOX 2014, PINE BROOK, NJ 07058

Loan Number: 3330005457

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
**19D Chapin Road, Pine Brook, New Jersey 07058**
does hereby grant, sell, assign, transfer and convey, unto

**Federal National Mortgage Association**

, a corporation organized and
(herein "Assignee"), whose address is

existing under the laws of

**3900 Wisconsin Avenue NW, Washington, DC 20016**

a certain Mortgage dated **December 1, 2008**          , made and executed by

**DEBORAH A FEBUS, UNMARRIED AND JOSEPH TOWNSEND, UNMARRIED**

to and in favor of  US Mortgage Corp.                                          and given to secure

payment of  , ( 239,000.00       ) Two Hundred Thirty Nine Thousand
(Include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.                    , at page                (or as

No.         ) of the                        Records of  WARREN

County, State of  NJ              , recorded on               , together with the note(s) and obligations therein
described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage.

  TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
  IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on  December 16, 2008

                                                     US Mortgage Corp.
                                                     BY:
_____                            _____
Witness                                              **JOHN KUSKIN**

                                                     **AVP**
_____
Witness

_____
Attest

Seal:

This Instrument Prepared By:
address:  19D Chapin Road, Pine Brook, NJ 07058

STATE OF NEW JERSEY,  COUNTY OF MORRIS

I CERTIFY THAT ON **December 16, 2008**
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)    WAS THE MAKER OF THIS INSTRUMENT
(B)    WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
       AS        AVP            OF    US Mortgage Corp.
(C)    EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT

_____
NOTARY

SUZANNE MARIA CAVALLUZZO
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 7-22-2013

**US4290**

Region

5

DDF0000007772561

| | |
|---|---|
| Product Type | |
| Seller Name | U. S. MORTGAGE CORP. |
| Seller No. | 23884-000-7 |
| Contract No.- Expiration Date | 498000-12/29/08 |
| Batch ID | 35859164 |
| Payee Code | 050079106 |
| Lender Loan ID | 3330005226 |
| Servicer Name | U. S. MORTGAGE CORP. |
| Servicer No. | 23884-000-7 |
| Address | 178 WEST LAKE SHORE DRIVE |
| Property City | ROCKAWAY TOWNSH |
| Property State | NJ |
| Property Zip Code | 07866 |
| Original Ln Amt/Line Amt | 280000.00 |
| Original Note Rate | 6.5 |
| First Paymnt Due | Oct 1, 2008 |
| Loan Term | 360 |
| Loan P&I Amt(monthly) | 1769.80 |
| Submission Type/Lien | Whole/First |
| Amortization Type | Fixed Rate |
| Loan Type | 3 |
| Certification Priority | 080 |
| FNMA Loan No. | 4006197950 |
| Mortgage Type | Other |

CSC FYI Comments:
Delivers notes and assignments separately.  Accept endorsements from subsidiaries: Skyline Mortgage, Datek Mortgage, and DBA Lending Solutions.

Variance:
No Variances



Received: 12/23/2008
Printed : 12/24/2008

FNMA-USM000000948



# ORIGINAL

# NOTE

August 27, 2008
[Date]

Totowa
[City]

New Jersey
[State]

178 WEST LAKE SHORE DRIVE
ROCKAWAY TOWNSHIP , NJ 07866

[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $280,000.00  /   (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is **Picatinny Federal Credit Union, A Federal Credit Union**

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of   6.5000%.  /

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3. PAYMENTS

**(A) Time and Place of Payments**

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the   1st   day of each month beginning on   **October 01, 2008**   . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on  **September 01, 2038**  , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at **PO Box 682, Pine Brook, NJ 07058**

or at a different place if required by the Note Holder.

**(B) Amount of Monthly Payments**

My monthly payment will be in the amount of U.S. **$1,769.80**  ,

## 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

MULTISTATE
ITEM 1646L1 (0609DR)

Form 3200 1/01

GreatDocs®
(Page 1 of 3)

MFCD3002

3330005226



### 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

### 6. BORROWER'S FAILURE TO PAY AS REQUIRED

**(A) Late Charge for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of **15** calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **5.0000 %** of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

**(D) No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

### 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

### 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

### 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

### 10. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as

---

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT      **Form 3200 1/01**

**MULTISTATE**
ITEM 1844L2 (0506D8)
**MFCD3002**

GreatDocs®
(Page 2 of 3)
**3330005226**

this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

Borrower has executed and acknowledges receipt of pages 1 through 3 of this Note.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)       _____ (Seal)
DR. STEVEN ZLOTNICK            -Borrower                                        -Borrower

_____ (Seal)       _____ (Seal)
                              -Borrower                                        -Borrower

_____ (Seal)       _____ (Seal)
                              -Borrower                                        -Borrower

*[Sign Original Only]*

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT          Form 3200 1/01

MULTISTATE                                                                                  GreatDocs®
ITEM 184463 (050800)                                                                        (Page 3 of 3)
MFCD3002                                                                                    3330005226

FNMA-USM000000951

ALLONGE TO PROMISSORY NOTE

LOAN INFORMATION

Loan Number: 3330005226

Borrower(s)   DR. STEVEN ZLOTNICK

Property Address: 178 WEST LAKE SHORE DRIVE, ROCKAWAY TOWNSHIP , NJ  07866

Note Amount: 280,000.00

Note Date:   August 27, 2008

Pay to the order of:
U.S. MORTGAGE CORPORATION

_____

Without Recourse

Picatinny Federal Credit Union

Name   MICHAEL J. MCGRATH, JR.

       AVP
Title

US4057

PAY TO THE ORDER OF

WITHOUT RECOURSE
U.S. MORTGAGE CORPORATION

JOHN KUSKIN
VICE PRESIDENT

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

<u>Recording RequestedBy/ReturnTo:</u>   MORTGAGE DEPT
19D CHAPIN ROAD, PO BOX 2014, PINE BROOK, NJ 07058

Loan Number:  3330005226

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
100 MINERAL SPRINGS ROAD, DOVER, 07801
does hereby grant, sell, assign, transfer and convey, unto   US MORTGAGE CORP.

, a corporation organized and
(herein "Assignee"), whose address is

existing under the laws of        **New Jersey**

19D CHAPIN ROAD, PINE BROOK, NJ 07058

a certain Mortgage dated  **August 27, 2008**        , made and executed by

**DR. STEVEN ZLOTNICK, A SINGLE MAN**

to and in favor of   **PICATINNY FEDERAL CREDIT UNION**                      and given to secure

payment of  , ( 280,000.00        ) **Two Hundred Eighty Thousand**
(include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.    **21181**        , at page   **1728**        (or as

No. 2008065548    ) of the               Records of  **MORRIS**

County, State of   **NJ**              , recorded on        **9/ 5/2008**        , together with the note(s) and obligations
therein described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on  **December 23, 2008**

PICATINNY FEDERAL CREDIT UNION

BY:

_____
Witness                           **MICHAEL J. MCGRATH, JR.**

_____
Witness                           **AVP**

_____
Attest

Seal:

This Instrument Prepared By:  **PICATINNY FEDERAL CREDIT UNION**
address: **100 MINERAL SPRINGS ROAD, DOVER, 07801**
STATE OF  *New Jersey* , COUNTY OF _____ *Morris*
*Harold J. Nagan*
I CERTIFY THAT ON **December 23, 2008**
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)    WAS THE MAKER OF THIS INSTRUMENT
(B)    WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
AS _____ *AVP* _____ OF  PICATINNY FEDERAL CREDIT UNION

(C)    EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT

NOTARY

US4289

SUZANNE MARIA CAVALLUZZO
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 7-22-2013

FNMA-USM000000953

RPL 275- ASSIGNMENT OF MORTGAGE CLAUSE
The assignee is not acting as a nominee of the mortgagor and that the mortgage
continues to secure a bona fide obligation

**Recording RequestedBy/ReturnTo:**   MORTGAGE DEPT
19D CHAPIN ROAD, PO BOX 2014, PINE BROOK, NJ 07058

Loan Number:  3330006226

# ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is
**19D Chapin Road, Pine Brook, New Jersey 07058**
does hereby grant, sell, assign, transfer and convey, unto

**Federal National Mortgage Association**
, a corporation organized and
(herein "Assignee"), whose address is
existing under the laws of

**3900 Wisconsin Avenue NW, Washington, DC 20016**

a certain Mortgage dated  **August 27, 2008**          , made and executed by

**DR. STEVEN ZLOTNICK, A SINGLE MAN**

to and in favor of  US Mortgage Corp.                                   and given to secure

payment of  ,  ( **280,000.00** )  **Two Hundred Eighty Thousand**
(include the Original Principal Amount and Maturity Date of Note(s))
which Mortgage is of record in Book, Volume, or Liber No.     **21161**          , at page   **1725**          (or as

No.  **2000065848**      ) of the                     Records of    **MORRIS**

County, State of   **NJ**          , recorded on      **09/05/2008**          , together with the note(s) and obligations therein
described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of
the above-described Mortgage.
IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on   December 23, 2008

Witness

US Mortgage Corp
BY:
**JOHN KUSKIN**

**AVP**

Witness

Attest

Seal:

This Instrument Prepared By:
address: 19D Chapin Road, Pine Brook, NJ 07058

STATE OF NEW JERSEY,   COUNTY OF MORRIS

I CERTIFY THAT ON  **December 23, 2008**
PERSONALLY CAME BEFORE ME AND STATED TO MY SATISFACTION THAT THIS PERSON
(A)      WAS THE MAKER OF THIS INSTRUMENT
(B)      WAS AUTHORIZED TO AND DID EXECUTE THIS INSTRUMENT
AS                         AVP          OF   US Mortgage Corp.
(C)      EXECUTED THIS INSTRUMENT AS THE ACT OF THE ENTITY NAMED IN THIS INSTRUMENT

NOTARY

SUZANNE MARIA CAVALLUZZO
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 7-22-2013

US4290