# EXHIBIT CC

# CERTIFICATION SERVICE CENTER (CSC)
# PRE-CERTIFICATION JOB AIDE

## Table of Contents

**Pre-certification Checklist**

**Appendices**

APPENDIX A – "Borrowers' Signatures on the Note"

APPENDIX B – "Acceptable POA Signatures"

APPENDIX C – "Intervening Endorsements"

APPENDIX D – "Affidavit of Lost Note"

APPENDIX E – "Co-op Pre-certification Guidelines"

APPENDIX F – "PHH Dedicated Channel Process for POAs"

APPENDIX G – "Glossary of Documents Pertaining to Loan Certification"

APPENDIX H – "Acceptable eMortgage Signatures"

Exhibit No. P-3
Dft __ Plt __ Dpnt __
Date _____ Rptr: D.M Lewis
12-4-09

ONFIDENTIAL

FNMA-USM000004243

# Pre-certification Checklist

## I. STANDARD CERTIFICATION REQUIREMENTS FOR ALL LOANS

### BORROWER SIGNATURE(S)
- Must have original borrower(s) signature(s) and typed name(s) below line. A borrower's signature should not contradict the name typed below the signature line on the note. See Appendix A – "Borrowers' Signatures on the Note".
- The borrowers must initial any changes to the document affecting the loan terms. Initials at the bottom of the page are acceptable.
- If Power of Attorney (POA) or Attorney in Fact (AIF) is indicated on Note, an acceptable Power of Attorney document must be attached. *Refer to POA section of pre-certification checklist.* The signature of a Power of Attorney is acceptable as long as POA or AIF is indicated beside the person's name. See Appendix B – "Acceptable POA Signatures".
- If the loan indicates that it is a trustee loan, then it must be signed by the borrower(s) both as individual and as trustee. This can be on two separate lines (one indicating as individual and one indicating as trustee) or on one line indicating "As individual and trustee". (This requirement is different for HECM and HKM loans; see certification job aide for those loans.)
- A signature/name affidavit to verify a borrower's legal signature is required only when a borrower signs with an "X", or if deemed necessary in circumstances where a borrower's signature appears too illegible.

### ENDORSEMENT
- The blank endorsement must contain the following:
  - "Pay to the order of without recourse" language
  - Space beside this language or blank line below language
  - Lender name
  - Authorized signature
  - Name of authorized signer        –
  - Title of authorized signer
  Properties located in Puerto Rico do NOT need printed name and title of authorized signer on endorsement.
- If the originator of the loan (indicated in the first paragraph of the Note) is not the seller or the servicer, then there must be an intervening endorsement from the originator. See Appendix C – "Intervening Endorsements" for more information.
- We will accept a lender's facsimile (stamped) endorsement of Notes for those jurisdictions in which the lender has determined that such endorsements are valid and enforceable.
- In lieu of a blank endorsement on the Note, an allonge is acceptable. The allonge must include the following fields:
  - Loan amount
  - Borrower(s) name(s) or property address – **at least one of these two must be on the allonge. If either or both** name and address are on allonge, **they must match the Note.**
  - "Pay to the order of without recourse" language

CONFIDENTIAL                                                    FNMA-USM000004244

- Space beside this language or blank line below language
- Lender name
- Authorized signature
- Name of authorized signer
- Title of authorized signer

## *LOST NOTE AFFIDAVIT*
- If the Note is not original, a Lost Note Affidavit (LNA) is acceptable if the lender has exhausted all reasonable means of obtaining the original document.  The LNA must:
  - be completed and be accompanied by a copy of the Note or Mortgage or Deed of Trust (does not have to be stamped "True and Certified Copy")
  - be notarized
  - be from the Seller (not Originator, if different entities)
  - contain language that indemnifies Fannie Mae or holds Fannie Mae harmless.  If it does not, then an Indemnification Agreement must also be included.
  - be clicked out as "LNA/IA Lights Out" in Workflow.
- **The Note copy must** be blank endorsed
- See Appendix D – "Affidavit of Lost Note" for a sample of this document.

## *ASSIGNMENT*
- An Assignment is required unless the Note is a MERS (Mortgage Electronic Recordation System), or unless the lender has an assignment waiver (check lender variances listed at bottom of barcode).  MERS identifying number (MIN) is located near bottom of data transmission on barcode.  If no MIN on barcode for ASAP, HECM or HKM loans, MIN may be written, typed or on a label affixed to note.  A MIN may be in DDF system (check Query Control) if it is a dedicated channel loan.  If a MIN number in system, reprint the barcode; if no MIN number, fail for missing assignment.
- Must be original
- Should not be recorded
- Must be from Servicer if Seller and Servicer are different, unless Seller and Servicer have an affiliate relationship per the Lender Variance Sheet
- Must be assigned to Fannie Mae or Federal National Mortgage Association or FNMA (**not FHLMA**).
- If the Assignment is blank for ASSIGNEE, stamp "Fannie Mae" to avoid failure and ask PR team to inform lender.
- **There must be sufficient information to tie the Assignment to the Note (such as loan amount, borrower's name, property address or loan number.)**
- **If the borrower's name and/or property address are on the Assignment, they must match the note.**
- **If the original Mortgage amount is on the Assignment, it must match the amount on the Note, or the amount on the Loan Mod Agreement if the loan has been modified.**
- If the Assignment references an attachment or exhibit (usually a legal description), this must be present.
- Must not include a recitation that the Assignment is "Without Recourse"
- The Assignment must reflect the servicer name and must be signed by the servicer's authorized signer, and include the signer's printed name and title (an attorney's opinion is

ONFIDENTIAL                                                        FNMA-USM000004245

required for a facsimile signature on an Assignment). The assignment is acceptable as long as the servicer name appears somewhere on the assignment (typically found in the first paragraph). Servicer name is not required to appear below the signer's printed name and title as long as it is somewhere on the assignment.
- Must be notarized
- Must have a date. Usually date is above the authorized officer's signature. If no Assignment execution date, the notary date is acceptable.
- Must be dated on or after the Note date, unless the loan has been modified, then the assignment must be dated on or after the date of the modification.
- Assignment execution date, if indicated, must be same as notary date
- Assignments are NOT required for properties in Puerto Rico. (Verify that the lender has this variance.) Assignments ARE required for properties in the Virgin Islands
- Assignments for properties in Alabama do NOT need to be notarized.
- Assignments for properties in Louisiana and New Hampshire must be notarized, but do NOT require a notary expiration date.
- Assignments for properties in Louisiana, New Hampshire, Georgia, North Carolina, South Carolina and Tennessee must be notarized, but do NOT require a notary paragraph above the notary signature.

### POWER OF ATTORNEY (if required)
- Copy of POA is acceptable
- Must be signed by the borrower
- Must state the name of the designated attorney-in-fact
- The designated attorney-in-fact must be the same as the person signing the Note on behalf of the borrower
- Must be dated the day of the Note or before. If dated after note date, fail. If lender can provide the signature page of the Deed of Trust indicating that the loan was signed after the date of the POA, this is acceptable.
- Must be notarized
- Notary and POA signature dates must be the same
- For properties located in New Jersey, if an attorney signed a POA, a notary stamp and expiration date are not required
- For properties located in the Virgin Islands, Attorneys-in-Fact may sign their own name instead of the name of the borrower

### ADDENDUM
- Must have original borrower(s) signature(s) and typed name(s) below line
- Verify that the borrower(s) name(s) are the same as borrower(s) name(s) on Note

### RIDER
- Must have original borrower(s) signature(s) and typed name(s) below line
- A copy is acceptable if the rider refers to a deed of trust or mortgage. The rider must be original if the rider refers to the Note.
- Verify that the borrower(s) name(s) are the same as borrower(s) name(s) on Note

ONFIDENTIAL                                                FNMA-USM000004246

## II. *DATA TO BE VERIFIED FOR SPECIFIC LOAN TYPES*

### *FIXED RATE NOTE*
- The following data fields on the data transmission sheet (barcode) must be certified against the loan documents:
  - Address – if longer than 32 characters, do not need to do data change (system truncation)
  - Property City – if longer than 15 characters, do not need to do data change (system truncation)
  - Property State
  - Property Zip Code
  - Original Loan Amount
  - Original Note Rate
  - First Payment Due Date
  - Loan Term (in months)
  - Loan P&I Amount (monthly)

### *ARM*
- The following data fields on the data transmission sheet (barcode) must be certified against the loan documents:
  - Address – if longer than 32 characters, do not need to do data change (system truncation)
  - Property City – if longer than 15 characters, do not need to do data change (system truncation)
  - Property State
  - Property Zip Code
  - Original Loan Amount
  - Original Note Rate (Do **NOT** change note rate if First Interest Rate Change Date has already occurred)
  - First Payment Due Date
  - Loan Term (in months)
  - Loan P&I Amount (monthly) (Do **NOT** change P&I if First Interest Rate Change Date has already occurred)
  - First Interest Rate Change Date (found in paragraph 4A of the Note)
  - First Payment Change Date (should be exactly one month following First Interest Rate Change Date)
  - Look Back Days (found in paragraph 4B of the Note) – "…as of the date XX days before each change date…" FAIL if this is not a match – do not do a data change
  - Mortgage Margin (found in paragraph 4C of the Note)
  - Index Rounding (found in paragraph 4C of the Note) – "…the result of this addition to the XX of one percentage point…" FAIL if this is not a match – do not do a data change
  - Mortgage Rate Ceiling (found at the end of paragraph 4D of the Note – "My interest rate will never be greater than _____%.")

ONFIDENTIAL                                                                          FNMA-USM000004247

- ▪ Mortgage Rate Floor – certify floor on the data to floor on the note if indicated (found at the end of paragraph 4D of the Note – "My interest rate will never be greater than ____ % or less than ____ %.") If not indicated, then floor should be "0".
- ▪ Per Adjustment Cap Down – Calculate by subtracting the Per Adjustment Cap Down from the Original Note Rate. This should equal the amount indicated in paragraph 4D of the Note "…at the first change date will not be… less than ____ %..." If the calculation equals a number LESS THAN the Mortgage Margin, then the amount of the Mortgage Margin MUST BE indicated in that field in paragraph 4D. (This is because this field in paragraph 4D is never allowed to contain a number lower than the Mortgage Margin.) **FAIL if this is not a match (unless there is a Low Down Payment Mortgage Addendum) – do not do a data change.** If there is a Low Down Payment Mortgage Addendum, subtract the rate reduction amount on the addendum from the mortgage margin. This new amount is the amount that should be indicated in paragraph 4D of the Note.
- ▪ Per Adjustment Cap Up – Calculate by adding the Per Adjustment Cap Up to the Original Note Rate. This should equal the amount indicated in paragraph 4D of the Note "…at the first change Date will not be greater than ____ %..." **FAIL if this is not a match – do not do a data change**

### HECM (Home Equity Conversion Mortgage)

- • The following data fields on the data transmission sheet (barcode) must be certified against the loan documents:
  - ▪ Address
  - ▪ Property City
  - ▪ Property State
  - ▪ Property Zip Code
  - ▪ Original Note Rate
  - ▪ First Interest Rate Change Date
  - ▪ Mortgage Margin
  - ▪ Mortgage Rate Ceiling
  - ▪ FHA Case No. – **Required.** The FHA Case No. must be 13 digits; the last 3 should be 952, 912, 958 or 918 according to the Note (this is a FHA product, and last three digits are the property type and should be on the transmission even if they are NOT on the Note. Do not include the suffix 255 even if it is on the Note.
  - ▪ Repair Setaside Amount – if an amount is indicated on the barcode, a Repair Rider is required to validate amount.
  - • Equity Share Flag must = N (we do not buy Equity Share loans)
- • Loan Agreement is required – T&C copy is acceptable. True & certified stamp must be initialed and does not have to be original. FHA case number must be displayed on Loan Agreement in addition to note.
  - ▪ Must have borrower(s) signature(s) and typed name(s) below line
  - • Verify that the borrower(s) name(s) are the same as borrower(s) name(s) on Note
- • Power of Attorney is required if there is an Attorney-in-Fact
- • If the loan is a HECM Trustee loan, the Note and Loan Agreement must be signed by the beneficiary/borrower, and *may* be signed by the trustee if required by the lender.

:ONFIDENTIAL

FNMA-USM000004248

### HKM (Homekeeper Mortgage)
- The following data fields on the data transmission sheet (barcode) must be certified against the loan documents:
  - Address
  - Property City
  - Property State
  - Property Zip Code
  - Original Note Rate
  - First Interest Rate Change Date
  - Mortgage Margin
  - Mortgage Rate Ceiling
  - Closing Date (should be same date as signature date on Note, or if no signature date, then should be same as Note date)
  - Repair Setaside Amount – if an amount is indicated on the barcode, a Repair Setaside Addendum is required to validate amount.
  - Equity Share Flag must = N (we do not buy Equity Share loans)
- Original Loan Agreement is required
  - Must have original borrower(s) signature(s) and typed name(s) below line
  - Verify that the borrower(s) name(s) are the same as borrower(s) name(s) on Note
- Power of Attorney is required if there is an Attorney-in-Fact
- If the loan is a HKM Trustee loan, the Note and Loan Agreement must be signed by the beneficiary/borrower both as individual and as trustee.

## III. ADDITIONAL REQUIREMENTS FOR SPECIFIC LOAN TYPES

### LOAN MODIFICATION
- Verify the transmitted data against the loan modification, NOT the Note. If loan mod includes language stating that all remaining provisions of Note remain unchanged, then verify the remaining data fields not addressed on the loan mod against the Note; otherwise the lender must submit a screen print or other documentation verifying these fields. Fail the loan if this documentation is not included with the loan documents.
- Must be original, a copy of the recorded modification, or a true and certified copy of the original that was sent to the recording office. True & certified stamp must be initialed and does not have to be original.
- Must be signed by borrower(s)
- An original Note with blank endorsement must accompany the loan modification
- Verify that the borrower(s) name(s) are the same as borrower(s) name(s) on Note
- Any exhibits noted on the modification must be present
- Beginning June 1, 2007 all modifications must be on one of the following forms:
  - Form 181 – if loan is delinquent FHA or VA loan, or if borrower made a substantial pay down
  - Revised Form 3179 dated 6/06 – for fixed rate notes or to convert ARM to fixed
  - New Form 3161 dated 6/06 – for adjustable rate notes with no step interest
  - New Form 3162 dated 6/06 – for fixed rate step interest rate notes or ARMs converting to fixed with step interest rate

ONFIDENTIAL                                                              FNMA-USM000004249

- A different, but substantially equivalent, modification agreement form is also acceptable as long as it includes an enforceable due-on-sale clause.

Loan Mods issued before June 1, 2007 can be on any of these new forms or the old form 3179.

- An Assignment is required unless the Note is a MERS, or if the modification is amending the Deed of Trust/Mortgage. (See Assignment pre-certification checklist)
- Assignment should be date of loan modification or after, and if loan amount is referenced in the Assignment, it must be the loan modification loan amount, *not* the Note loan amount

## BALLOON LOAN

- Notes for PUERTO RICO do not have to indicate "balloon" at top of note. Puerto Rico loans can have balloon notes as long as they use the multistate balloon note (form 3260)
- Amortization Type should be Balloon
- Note must indicate "Balloon"
- Term for cash balloons is usually 84 months (7 years). Term for MBS, ASAP or ASAP+ balloons is usually either 84 or 360 months.
- A Balloon Addendum (Conditional Right to Refinance) or Balloon Rider must be included, must be an original, and borrower(s) name(s) must match borrower(s) name(s) on Note

## BALLOON LOAN (2ND Trust)

- If Submission Type/Lien is Whole/Second *NO* addendum is required. If the loan document is a "balloon note," the amortization must indicate "balloon" (if not, a data change is required).

## REFINANCED BALLOON LOAN

- At maturity of an original balloon loan, the loan is refinanced for the remaining amortization period (usually 23 years) on a document called Mortgage Modification Agreement, which is delivered as a true and certified copy. It is one document that combines the Note, Loan Modification, and Mortgage.
- The copy of the recorded document does not need an endorsement. If an original recorded document is received, then look for endorsement.

## BIWEEKLY

- Calculate Loan Term and Loan P&I Monthly Amount using file in the shared drive on computer – s:\centpur\csc\BiWeekly_and_Monthly_Calculation_09_07_05FINAL.xls
- When product type indicates *A/A Bi-weekly* at top of barcode, the amount listed for the Loan P&I Amount (monthly) should match the actual biweekly payment amount stated in the note.
- When product type **does not** indicates *A/A Bi-weekly* at top of barcode, the amount listed for the Loan P&I Amount (monthly) should equal twice the actual biweekly payment amount stated in the note.

ONFIDENTIAL                                                    FNMA-USM000004250

### CO-ISSUE
- Barcode will have one of three banners "Co-Issue", "Co-Issue – Cenlar" or "SAI".
- Standard co-issue loans will have servicer number 13123, with branch numbers beginning with 834, 835, 836 or 837.
- Co-issue – Cenlar loans will have servicer number 26554, with branch numbers beginning with 834, 835, 836 or 837.
- SAI loans will have servicer number 25610-000-7.
- Before precerting check for blackout period. Dates of blackout period will be posted in sign-in area (typically blackout period is the last 11 business days of the month).
- If during blackout period, check to see whether loans are cash or MBS (Certification Priority 70).
- Cash loans can be certified *through* the first day of the blackout period. After first day cash loans may be rejected. If after first day of blackout period, place cash loan documents and barcodes in Co-issue tray – do not precert.
- After first day of blackout period a warning message "Loan is in Blackout Period" will appear if someone attempts to certify cash loan(s). If this happens, follow instructions on screen. Print worklog and place with cash loans/barcodes in Co-issue tray.  DO NOT PLACE IN POSTSCAN AREA AS THESE LOANS HAVE NOT BEEN CERTIFIED.
- If loans are MBS, certify the loans and file as indicated below – MBS LOANS ARE ~~NOT SUBJECT TO THE BLACKOUT PERIOD.~~
- Loans with a "Co-Issue" banner should be filed with all other loans in postscan area
- Loans with a "Co-Issue – Cenlar" banner should be placed in marked Co-Issue - Cenlar holder in postscan area
- Loans with a "SAI" banner should be placed in marked SAI holder in postscan area

### CO-OP
- Apply a white Co-op label to the barcode and fill in the requested information
- Verify that the Note and co-op share documents are for the same borrower(s)
- See Appendix E – "Co-op Pre-certification Guidelines" for state-specific pre-certification information

### CEMA (Consolidation Extension Modification Agreement)
- Original consolidated Note required
- CEMA can be original, copy of the recorded modification or a true and certified copy of the original that was sent to the recording office. True & certified stamp must be initialed and does not have to be original.
- CEMA must be signed by borrower(s) and lender representative
- Exhibit A (list of loans) required
- Exhibit B (legal description) required (or acceptable if legal description is located on another document within loan package)
- Exhibit C (copy of consolidated Note – does not need to be a signed copy)
- Exhibit D (copy of Mortgage or Deed of Trust)
- Not required – other notes listed in Exhibit A

ONFIDENTIAL                                                                    FNMA-USM000004251

- If a Form 276 "Custody Document Transmittal" is received with CEMA, it should be given to the PR team to resolve. Do NOT pull from the vault documents requested on Form 276
- An Assignment is required unless the Note is a MERS. (See Assignment pre-certification checklist)
- Assignment should be date of CEMA or after

*C TO P (Construction to Permanent)*
- If Fannie Mae is the seller, Note endorsement is not required
- An Assignment is required unless the Note is a MERS, or unless Fannie Mae is the seller. (See Assignment pre-certification checklist)
- Must be signed by borrower(s)
- Verify that the borrower(s) name(s) are the same as borrower(s) name(s) on Note
- For C to P loans in CONSTRUCTION phase:
  - There will be a Note and a construction loan Addendum or Rider. The Note will reflect the permanent data. The Addendum or Rider will have the correct construction phase Interest Rate. Therefore,
  - Verify the Interest Rate on the barcode against the Addendum or Rider
  - Verify all other fields on the barcode against the Note
- For C to P loans in PERMANENT phase:
  - There will be a Note and most likely a Loan Modification Agreement. The Note will reflect the original permanent data. If any of this data has changed since the Note was originally created, then there will be a Loan Mod. Therefore,
  - If there is a Loan Mod, verify the information contained in the Loan Mod against the barcode. If there are any remaining barcode fields not addressed in the Loan Mod, verify these against the Note.
  - If there is no Loan Mod, then verify all barcode fields against the Note

*DEDICATED CHANNEL*
- For all dedicated channel lenders, including PHH, ALL data fields on ARM notes must be pre-certed including the data below the P&I. (If the data does not match, reprint the barcode and pre-cert against the new barcode. Discard the old barcode.)
- **If no assignment and no MIN number on barcode or note, reprint the barcode; if no MIN number, fail for missing assignment.**
- See Appendix F – "PHH Dedicated Channel Process for POAs" for pre-certification information regarding POAs

*eMORTGAGE*
- Original docs not required, authoritative Note is certified in eMD
- Verify data on transaction detail to data transmitted
- Certify loan in eMD and DDF
- Both electronically signed and holographic borrower signatures are acceptable – see Appendix H – "Acceptable eMortgage Signatures"

ONFIDENTIAL                                                      FNMA-USM000004252

*FANNIE MAE REO (Real Estate Owned)*
- Seller name on data transmission is Fannie Mae
- Note endorsement is not required
- Assignment is not required
- This is a REO unless loan document is Balloon

*FIXED RATE CONVERTIBLE*
- Verify data on addendum to xcdDesc on data transmitted

*HOOP (Home Ownership Opportunity Product)*
- Original HOOP Addendum is required
- Verify data on addendum to xcdDesc on data transmitted

*INDIAN LOAN FORM*
- If Form 1980-17, Indian Loan Guarantee Certificate (ILGC) is received, then keep this with the loan documents

*INTEREST ONLY (I/O)*
- Do not certify the P&I field (as this can change daily)
- For ASAP+ loans, the IF/IO banner will not print on the barcode due to system limitations. Do NOT fail.

*INTEREST-ONLY FEATURE– product name changed from INTEREST ONLY PERIOD*
- I/F must be indicated at top of barcode and note must indicate I/F (IF note does not indicate at top, check bottom of page. For PHH, check under label for this language if not visible). If not, FAIL.
- Beginning June 1, 2007, all qualifying notes must indicate "Interest-only", and must be on either the updated Fannie Mae form (dated 09/06), or a non-standard industry form.
- Do not certify the P&I field (as this can change daily)
- For ASAP+ loans, the IF/IO banner will not print on the barcode due to system limitations. Do NOT fail.

*MURABAHA*
- Addendum is required – does not need to be an original
- Verify the Original Loan Amount against the Addendum. Verify all other data fields against the Note.
- MURABAHA must be indicated on bottom of barcode. If not FAIL.

*NATIVE AMERICAN LOAN PROGRAM*
- Addendum to fixed rate note is required
- Native American Loan Program must be indicated on bottom of barcode. If not FAIL.

*PAYMENT POWER ADDENDUM*
- Verify data on addendum to xcdDesc on data transmitted

CONFIDENTIAL                                                                    FNMA-USM000004253

### SIM SECOND
- Sim Second can be a balloon, fixed rate or ARM Note
- Does not require Addendum

### STEP RATE NOTE
- A rider should be included
- Verify the information against the rider

### TPR ADDENDUM
- Original TPR Addendum is required
- Verify data on addendum to xcdDesc on data transmitted (fail if they do not match):
  - Note rate reduction percentage
  - Number of times Note rate can be reduced
  - Number of recent consecutive on-time payments
- If the note is seasoned and the TPR Addendum interest rate reduction has already taken effect, verify that the note rate listed on the barcode equals the interest rate in the note minus the rate reduction noted in the TPR Addendum. A screen print indicating the borrower's current P&I is required, since this information is not available on the TPR addendum. Fail the loan if screen print is not included with loan documents.
- Must be signed by borrower(s)
- Verify that the borrower(s) name(s) are the same as borrower(s) name(s) on Note

### TWO-STEP ARM
- Must include an Amortization Schedule. Use the schedule to certify Loan Amount, Interest Rate, Loan Term and P&I.
- Assignment amount will match the Note, not the schedule.

## ADDITIONAL INFORMATION

### BAILEE
Associate business analysts process all loan documents received with a bailee letter. Bailee lender will usually be indicated at top of first page or referenced in last paragraph of letter.

### CERTIFICATION PRIORITY CODES
100   ASAP+ **(Must be processed by noon)**
90    ASAP (As Soon as Pooled) **(Must be processed by noon)**
70    MBS (Mortgage Backed Security) **(Must be processed ahead of cash loans)**
**80    HECM and HKM (Reverse Mortgage Loans) (Must be processed by 2:00)**
80    CASH

ONFIDENTIAL                                                        FNMA-USM000004254

| REGIONS | | LOAN TERMS |
|---|---|---|
| 1 | Atlanta - EBC Team | 10 year = 120 months |
| 2 | Chicago - NBC Team | 15 year = 180 months |
| 3 | Dallas - WBC Team | 20 year = 240 months |
| 4 | Pasadena - WBC Team | 30 year = 360 months |
| 5 | Philadelphia - EBC Team | 40 year = 480 months |
| | | 7 year = 84 months (balloons) |

EBC = Eastern Business Center
NBC = National Business Center
WBC = Western Business Center

## STANDARD ACCEPTABLE ABBREVIATIONS IN STREET ADDRESS

| Full Word | Acceptable Abbreviation |
|---|---|
| North | N |
| South | S |
| East | E |
| West | W |
| First | 1st |
| One | 1 |
| Street | ST |
| Avenue | AVE |
| Road | RD |
| Court | CT |
| Lane | LN |
| Highway | HWY |
| Parkway | PKWY |
| Route | RT or RTE |

Okay as is (*DO NOT CHANGE*):

- If the address is keyed without spaces
- If data looks truncated
- If note has lot # and barcode has street address
- If note has property address but no "Street", "Lane", "Avenue", etc. and barcode does have "Street", "Lane", "Avenue", etc.
- If note is seasoned and zip code on barcode is different than note

*DO* Make the following Changes:

- Spelling or number errors in property address
- If unit # is on note, but not on barcode
- If "Street", "Lane", "Avenue", etc. is on note but not on barcode

ONFIDENTIAL                                                                                    FNMA-USM000004255

**APPENDIX A – "Borrowers' Signatures on the Note"**

A borrowers' signature should not contradict the name typed below the signature line on the note.  However, we will not object to slight variations—a missing initial, the omission of a "Jr" or "Sr," or an over or undersigning (such as a borrower signing as William Thomas Smith when the typed name is William T. Smith, or vice versa).  On the other hand, significant variations—such as William Smith signing as "Skip" Smith, signing with an "X," or signing under an "also known as" name—are not acceptable, unless the lender obtains a signature/name affidavit from the borrower stating that he or she commonly uses the alternative signature.

**If "See Signature Page Attachment" or similar language is printed on the signature page of the note, then the attachment must be included and must contain the borrower's name and signature.**

ONFIDENTIAL                                                                    FNMA-USM000004256

**APPENDIX B – "Acceptable POA Signatures"**

## ACCEPTABLE POA SIGNATURES

The signature of an Attorney in Fact is acceptable as long as POA or AIF is indicated beside the person's name and an acceptable POA document is received.  The following are examples of acceptable signatures:

*Chris Jones by Jane Smith, AIF*
Chris Jones, by Jane Smith his Attorney in Fact


*Chris Jones, by Jane Smith, AIF*
Chris Jones


*Chris Jones, by Jane Smith*
Chris Jones, by Jane Smith his Attorney in Fact


*Jane Smith*
Chris Jones, by Jane Smith his Attorney in Fact


*Jane Smith, AIF*
Chris Jones


The following is **NOT** an acceptable signature for a POA:

*Jane Smith*
Chris Jones

*Jane Smith*
Jane Smith, Attorney in Fact

CONFIDENTIAL                                                                                    FNMA-USM000004257

## APPENDIX C – "Intervening Endorsements"

## ACCEPTABLE INTERVENING ENDORSEMENTS

| ORIGINATOR | SELLER or SERVICER | FANNIE MAE |
|---|---|---|
| Blank Endorsement | Nothing | OK to accept if it's the only blank endorsement. |
| Blank Endorsement | Blank Endorsement | FAIL – Need originator to endorse the blank endorsement over to the Seller or Servicer since we can't have 2 blank endorsements from different lenders. |
| Endorsed over to Seller | Blank Endorsement | OK to accept.  Can be from Seller or Servicer. |
| Endorsed over to Servicer | Blank Endorsement | OK to accept.   Can be from Seller or Servicer. |
| Nothing | Blank Endorsement | FAIL – Need intervening endorsement from Originator. |

Endorsement sample:

Pay to the Order of
Without Recourse

_____
Name of Originating Lender
*Signature of Lender Officer*
Lender officer printed name & title

ONFIDENTIAL                                                                    FNMA-USM000004258

## APPENDIX D – "Affidavit of Lost Note"

Fannie Mae Loan No: _____

## AFFIDAVIT OF LOST NOTE

I,_____ being duly sworn, do hereby state under oath that:

1.   I,_____, as (title) of_____ ("Lender") am authorized to make this Affidavit.

2.   The Lender is the payee under the following described mortgage note (the "Note")]:

Date:_____
Loan No:_____
Borrower(s):_____
Original Payee:_____
Original Amount:_____
Rate of Interest (initial rate if ARM):_____
Address of Mortgaged Property:_____

3.   The Lender is the lawful owner of the [Note], and the Lender has not cancelled, altered, assigned or hypothecated the [Note].

4.   The [Note] was not located after a thorough and diligent search which consisted of the following actions: _____.

5.   Attached hereto is a true and correct copy of (i) the [Note], or (ii) the Mortgage or Deed of Trust which secures the [Note], which Mortgage or Deed of Trust is recorded at_____

6.   This Affidavit is intended to be relied on by the Federal National Mortgage Association, doing business as Fannie Mae, its successors, and assigns.

7.   The Lender hereby agrees to indemnify and hold Fannie Mae harmless against any loss, liability or damage, including reasonable attorneys' fees, resulting from the unavailability of the lost [Note], including but not limited to any loss, liability or damage arising from (i) any false statement contained in this Affidavit of Lost [Note], (ii) any claim of any party that it has already purchased a mortgage loan evidenced by a lost [Note] or any interest in such loan, and (iii) any claim of any borrower with respect to existence of the terms of a mortgage loan evidenced by a lost [Note].

EXECUTED THIS_____ day of_____, 20__.

LENDER

By:        _____
Name:    _____
Title:     _____
Date:     _____


On    this    _____    day    of_____,    20___,    before    me    appeared
_____, to me personally known, who being duly sworn did say that
she/he is the_____ of the Lender, and that said Affidavit of Lost Note
was signed and sealed on behalf of the institution defined in this document as Lender, and said
_____ acknowledged this instrument to be the free act and deed of said Lender.


_____
Notary Public in and for the
State of _____

My Commission expires:_____

ONFIDENTIAL                                                                    FNMA-USM000004260

**APPENDIX E – "Co-op Pre-certification Guidelines"**

CO-OP PRE-CERTIFICATION GUIDELINES

## ALL STATES
**Co-Op Note:**
- Original Note with blank endorsement (verify that the note and the co-op share document match)
- Recognition Agreement – also called Proprietary Lease or Occupancy Agreement

## DISTRICT OF COLUMBIA, FLORIDA, MARYLAND, NEW YORK, VIRGINIA (and all states not listed below)
**Co-Op Docs:**
- Original executed copy of the Uniform Commercial Code financing statement (UCC-1); some jurisdictions require the original to be recorded, therefore a **copy is acceptable**
  - *Bearing the file stamp of the relevant filing office(s)*
- Original Assignment of the UCC financing statement (UCC-3) to Fannie Mae
  - *In a form suitable for filing but not filed*
- Stock, shares, membership certificate, or other contractual agreement evidencing ownership
- Original recognition agreement
- Assignment of the recognition agreement(s) to Fannie Mae, **if applicable**
  - *Duly executed and on a form obtained from Fannie Mae*

## CALIFORNIA
**Assignment:**
- Original Assignment of the Mortgage to Fannie Mae
  - *Duly executed and completed in a form suitable for recording, but not recorded*

**Co-Op Docs:**
- Original recognition agreement

## CONNECTICUT
**Assignment:**
- Original Assignment of the Mortgage to Fannie Mae
  - *In a form suitable for recordation on the land records in the relevant filing office(s), but not recorded*

**Co-Op Docs:**
- Original Assignment of proprietary lease to Fannie Mae from the Lender
  - *In a form suitable for recordation on the land records in the relevant filing office(s), but not recorded*
- Original recognition agreement
- Original Assignment of security agreement to Fannie Mae
  - *Or other similar document used in the jurisdiction pledging the stock shares, membership certificate or other agreement evidencing ownership*

Fannie Mae Proprietary and Confidential          Valid 10-1-07 to current

ONFIDENTIAL                                                          FNMA-USM000004261

## ILLINOIS
**Co-Op Docs:**
- Original executed copy of the Uniform Commercial Code financing statement (UCC-1); some jurisdictions require the original to be recorded, therefore a **copy is acceptable**
  - *Bearing the file stamp of the relevant filing office(s)*
- Original Assignment of the UCC financing statement (UCC-3) to Fannie Mae **OR,** Original executed copy of the Uniform Commercial Code Financing Statement (UCC-2)
  - *In a form suitable for filing but not filed*
- Stock, shares, membership certificate, or other contractual agreement evidencing ownership
- Original recognition agreement
- Assignment of the recognition agreement(s) to Fannie Mae, **if applicable**
  - *Duly executed and on a form obtained from Fannie Mae*
- Assignment of the security agreement to Fannie Mae
  - *Duly executed*

## MASSACHUSETTS
**Co-Op Docs:**
- Original Assignment of the UCC financing statement (UCC-3) to Fannie Mae
  - *In a form suitable for filing but not filed with the relevant filing office(s)*
- Stock, shares, membership certificates, or other contractual agreement evidencing ownership
- Original recognition agreement
- Original executed copy of the UCC financing statement (UCC-1); some jurisdictions require the original to be recorded, therefore a **copy is acceptable**
  - *Bearing the file stamp of the relevant filing office(s)*

## MICHIGAN
Co-Op Docs:
- No specific requirements.  In cases where there are a small number of loans delivered we rely on the lender's rep (contained in the lender's contract) that the loan documents are enforceable.

## MINNESOTA
**Co-Op Docs:**
- Evidence of ownership in the form of a stock certificate or membership certificate
- Original recognition agreement
  - *And any intervening Assignments*
- If the unit owner's interests are wholly personal property:
  - Original executed copy of the Uniform Commercial Code Financing Statement (UCC-1); some jurisdictions require the original to be recorded, therefore a **copy is acceptable**
    - *Bearing the stamp of the county recorder's office (abstract) or registrar of titles office (Torrens) in the county in which the cooperative unit is located*

ONFIDENTIAL                                          FNMA-USM000004262

- o Original Assignment of UCC-1 to Fannie Mae
  - o *In form suitable for filing, but not filed, and any intervening Assignments of the UCC-1 bearing the relevant intervening UCC filing stamps if the Assignments occurred after the Minnesota Mortgage was originated but before it was delivered to Fannie Mae*
- o Original security agreement
  - o *Bearing the relevant filing stamps and each intervening Assignment of the security agreement*
- o Original Assignment of the security agreement to Fannie Mae
  - o *In a form suitable for filing, but not filed, and any intervening Assignments of the security agreement bearing the relevant filing stamps*
- If the unit owner's interests are wholly real property:
  - o Original Assignment of mortgage to Fannie Mae
    - o *In form suitable for filing, but not filed, and any intervening Assignments of mortgage bearing the relevant intervening filing stamps*

## NEW JERSEY
### Co-Op Docs:

- Original executed copy of the Uniform Commercial Code financing statement (UCC-1); some jurisdictions require the original to be recorded, therefore a **copy is acceptable**
  - o *Bearing the file stamp of the relevant filing office(s)*
- Original Assignment of the UCC financing statement (UCC-3) to Fannie Mae
  - o *In a form suitable for filing but not filed*
- Stock, shares, membership certificate, or other contractual agreement evidencing ownership
- Original recognition agreement
- Assignment of the recognition agreement(s) to Fannie Mae, **if applicable**
  - o *Duly executed and on a form obtained from Fannie Mae*

## PENNSYLVANIA
### Assignment:

- Original Assignment of mortgage to Fannie Mae
  - o *In a form suitable for recordation in the land records in the relevant filing office(s), but not recorded*

### Co-Op Docs:

- Stock, shares, membership certificates, or other contractual agreement evidencing ownership
- Executed blank stock power
- Original recognition agreement
- Original Assignment of the security agreement to Fannie Mae
  - o *In a form suitable for recordation in the land records in the relevant filing office(s)*
- Original Assignment to the Lender of the borrower's ownership interest in the cooperative interest
  - o *Showing the appropriate evidence of recordation indicating that the Assignment has been recorded in the land records in the county where the cooperative project is located*
  - o *Assignment must include language evidencing an intent to transfer the cooperative interest, which must include: (i) an Assignment of the stock, shares, membership certificates, or an Assignment of the transfer of the cooperative interest on the books of the association and (ii) an*

Fannie Mae Proprietary and Confidential

CONFIDENTIAL

FNMA-USM000004263

*Assignment of the borrower's interest in the proprietary lease (containing a provision which states that by completing such Assignment it is the borrower's intent to transfer possessory interest in the cooperative unit to the Lender or its successor-in-interest in the event of a foreclosure or a conveyance-in-lieu of foreclosure*

o  *Assignment must include cooperative association as a party to the Assignment for the purposes of acknowledging the transfer on the cooperative association's books, stating the amount of any unpaid assessments due and payable from the borrower at the time of the transfer (which amount must be zero) and stating that the transfer is permitted and not a "limited equity" transfer*

- Assignment in blank of the original Assignment of the borrower's ownership interest in the cooperative unit to the Lender
  - o  *In recordable form, but not recorded*

ONFIDENTIAL                                                                    FNMA-USM000004264

## APPENDIX F – "PHH Dedicated Channel Process for POAs"

When PHH Dedicated Channel sends their daily transmittal sheets of loans shipped, they include a column indicating whether the loan is a Purchase or a Refinance.

1. Compare the loan that is missing the POA to the transmittal sheet.
   a. If the loan is listed as a Purchase or PNC (Purchased New Construction), the loan can be certified without a POA. Stamp the barcode with the "PHH POA Variance" stamp.
   b. If the loan is listed as a Refinance, fail the loan for missing a POA.
2. If a daily transmittal sheet of loans shipped was not received, or if the specific loan was included in the package but not listed on the transmittal sheet, contact the PHH staff and request they fax an updated transmittal sheet.
3. When the updated sheet arrives, follow steps 1.a. – b. above.
4. If the updated transmittal sheet has not arrived by the end of production, give the remaining loans in question to the PR team for follow up along with the PHH report and comments for the day.

ONFIDENTIAL

FNMA-USM000004265

## APPENDIX G – "Glossary of Documents Pertaining to Loan Certification"

Addendum – a document that adds further covenants and agreements to the Note.

Allonge to Promissory Note – a document that contains an endorsement and is submitted when the original Note is missing the blank endorsement.  An Allonge becomes a permanent part of a Note.

Assignment – a document that transfers beneficial interest ownership of the mortgage or Deed of Trust to Fannie Mae.

Indemnification agreement – a document that releases Fannie Mae from any loss, liability, or damage including but not limited to reasonable attorneys' fees resulting from the unavailability of any lost Notes, any false statement contained in the Affidavits attached, and any claim of any borrower with respect to existence of term of a mortgage loan evidence by a lost Note.

Intervening Assignment – an assignment transferring beneficial interest ownership or the mortgage or Deed of Trust from the originator to a third party who then assigns the security instrument to Fannie Mae.

Intervening Endorsement – an endorsement from the originator to a third party who then endorses the Note in blank before delivering to Fannie Mae.

Loan Agreement – a legal document that contains the terms and conditions of a Home Equity Conversion Mortgage or a Home Keeper Mortgage.

Loan Modification Agreement – a document that amends and supplements the original terms of the mortgage and/or Note.

Lost Note Affidavit – a document that attests to the fact that the original copy of the Note was lost and could not be located after a thorough and diligent search.  The Lost Note Affidavit states that the lender is the lawful owner of the Note and has not cancelled, altered, assigned or hypothecated the Note.

Mortgage Modification Agreement – a document that amends and supplements the original terms of the mortgage and Note.

Note – a document that is signed by the borrower of a loan that acknowledges the debt and by inference the promise to repay.  A Note backed by a mortgage names the mortgagee as the payee.

Original Recognition Agreement – a letter which stipulates the representations and agreements regarding the cooperative ownership shares of the corporation.

Power of Attorney – a legal document that authorizes one person to act on behalf of another.  A power of attorney authorizes someone other than the borrower to sign the Note.

Rider – a documents that adds or substitutes wording in a Note.

Security Agreement – guarantees to the lender that the loan represented by the Note will be repaid and gives the lender a continuing security interest in the title to the share of the cooperative corporation.

Stock, shares, or membership certificate – evidence of ownership in a cooperative (co-op).

UCC financing statement – a financing statement that covers a type or item of property.

ONFIDENTIAL                                                          FNMA-USM000004266

## APPENDIX H – "Acceptable eMortgage Signatures"

Both electronically signed and holographic borrower signatures are acceptable for eMortgage notes.

Following is an example of each:

### Sample 1:  Typed Signature

> *Electronically signed by John Homeowner on 10/18/2001 14:28:01 PDT*

_____

John Homeowner

### Sample 2:  Holographic Signature



_____

John Homeowner

CONFIDENTIAL                                                            FNMA-USM000004267



# CERTIFICATION SERVICE CENTER (CSC)
# PRE-CERTIFICATION JOB AIDE

## Table of Contents

**Pre-certification Checklist**

**Appendices**

APPENDIX A – "Borrowers' Signatures on the Note"

APPENDIX B – "Acceptable POA Signatures"

APPENDIX C – "Intervening Endorsements"

APPENDIX D – "Affidavit of Lost Note"

APPENDIX E – "Co-op Pre-certification Guidelines"

APPENDIX F – "PHH Dedicated Channel Process for POAs"

APPENDIX G – "Glossary of Documents Pertaining to Loan Certification"

APPENDIX H – "Acceptable eMortgage Signatures"

Exhibit No. *P-4*
Dft __ Plt __ Dpnt __
Date _____ Rptr: D.M Lewis
*12-4-09*

CONFIDENTIAL                                                                    FNMA-USM000004268

# Pre-certification Checklist

## I. STANDARD CERTIFICATION REQUIREMENTS FOR ALL LOANS

### BORROWER SIGNATURE(S)

- Must have original borrower(s) signature(s) and typed name(s) below line. A borrower's signature should not contradict the name typed below the signature line on the note. See Appendix A – "Borrowers' Signatures on the Note".
- The borrowers must initial any changes to the document affecting the loan terms. Initials at the bottom of the page are acceptable.
- If Power of Attorney (POA) or Attorney in Fact (AIF) is indicated on Note, an acceptable Power of Attorney document must be attached. *Refer to POA section of pre-certification checklist.* The signature of a Power of Attorney is acceptable as long as POA or AIF is indicated beside the person's name. See Appendix B – "Acceptable POA Signatures".
- If the loan indicates that it is a trustee loan, then it must be signed by the borrower(s) both as individual and as trustee. This can be on two separate lines (one indicating as individual and one indicating as trustee) or on one line indicating "As individual and trustee". (This requirement is different for HECM and HKM loans; see certification job aide for those loans.)
- A signature/name affidavit to verify a borrower's legal signature is required only when a borrower signs with an "X", or if deemed necessary in circumstances where a borrower's signature appears too illegible.

### ENDORSEMENT

- The blank endorsement must contain the following:
  - "Pay to the order of without recourse" language
  - Space beside this language or blank line below language
  - Lender name
  - Authorized signature
  - Name of authorized signer
  - Title of authorized signer

  Properties located in Puerto Rico do NOT need printed name and title of authorized signer on endorsement.
- If the originator of the loan (indicated in the first paragraph of the Note) is not the seller or the servicer, then there must be an intervening endorsement from the originator. See Appendix C – "Intervening Endorsements" for more information.
- We will accept a lender's facsimile (stamped) endorsement of Notes for those jurisdictions in which the lender has determined that such endorsements are valid and enforceable. <u>In these instances, we must have a copy of the lender's corporate resolution on file (check CSC Comments section listed at bottom of barcode). If corporate resolution not noted on bottom of barcode, FAIL the loan. Exception – between now and January 1, 2008, if there is no notation, go ahead and certify and file the loan(s). Fill out the "Loan(s) with facsimile signature on endorsement..." sheet, staple it to the transmittal sheet, and place it in the PR tray for the appropriate region.</u>

CONFIDENTIAL                                                                 FNMA-USM000004269

- In lieu of a blank endorsement on the Note, an allonge is acceptable. The allonge must include the following fields:
  - Loan amount
  - Borrower(s) name(s) or property address – at least one of these two must be on the allonge. If either or both name and address are on allonge, they must match the Note.
  - "Pay to the order of without recourse" language
  - Space beside this language or blank line below language
  - Lender name
  - Authorized signature
  - Name of authorized signer
  - Title of authorized signer

### LOST NOTE AFFIDAVIT
- If the Note is not original, a Lost Note Affidavit (LNA) is acceptable if the lender has exhausted all reasonable means of obtaining the original document. The LNA must:
  - be completed and be accompanied by a copy of the Note or Mortgage or Deed of Trust (does not have to be stamped "True and Certified Copy")
  - be notarized
  - be from the Seller (not Originator, if different entities)
  - contain language that indemnifies Fannie Mae or holds Fannie Mae harmless. If it does not, then an Indemnification Agreement must also be included.
  - be clicked out as "LNA/IA Lights Out" in Workflow.
- The Note copy must be blank endorsed
- See Appendix D – "Affidavit of Lost Note" for a sample Lost Note Affidavit form.
- After clicking out (certifying) the loan as "LNA" in the system, attach a Lost Note Affidavit coversheet to the loan and place in the appropriate regional PR tray.

### ASSIGNMENT
- An Assignment is required unless the Note is a MERS (Mortgage Electronic Recordation System), or unless the lender has an assignment waiver (check lender variances listed at bottom of barcode). MERS identifying number (MIN) is located near bottom of data transmission on barcode. If no MIN on barcode for ASAP, HECM or HKM loans, MIN may be written, typed or on a label affixed to note. A MIN may be in DDF system (check Query Control) if it is a dedicated channel loan. If a MIN number in system, reprint the barcode; if no MIN number, fail for missing assignment.
- Must be original
- Should not be recorded
- Must be from Servicer if Seller and Servicer are different, unless Seller and Servicer have an affiliate relationship per the Lender Variance Sheet
- Must be assigned to Fannie Mae or Federal National Mortgage Association or FNMA (**not FHLMA**).
- If the Assignment is blank for ASSIGNEE, stamp "Fannie Mae" to avoid failure and ask PR team to inform lender.
- There must be sufficient information to tie the Assignment to the Note (such as loan amount, borrower's name, property address or loan number.)

ONFIDENTIAL                                                                    FNMA-USM000004270

- If the borrower's name and/or property address are on the Assignment, they must match the note.
- If the original Mortgage amount is on the Assignment, it must match the amount on the Note, or the amount on the Loan Mod Agreement if the loan has been modified.
- If the Assignment references an attachment or exhibit (usually a legal description), this must be present.
- Must not include a recitation that the Assignment is "Without Recourse"
- The Assignment must reflect the servicer name and must be signed by the servicer's authorized signer, and include the signer's printed name and title (an attorney's opinion is required for a facsimile signature on an Assignment). The assignment is acceptable as long as the servicer name appears somewhere on the assignment (typically found in the first paragraph). Servicer name is not required to appear below the signer's printed name and title as long as it is somewhere on the assignment.
- Must be notarized
- Must have a date. Usually date is above the authorized officer's signature. If no Assignment execution date, the notary date is acceptable.
- Must be dated on or after the Note date, unless the loan has been modified, then the assignment must be dated on or after the date of the modification.
- Assignment execution date, if indicated, must be same as notary date
- Assignments are NOT required for properties in Puerto Rico. (Verify that the lender has this variance.) Assignments ARE required for properties in the Virgin Islands
- Assignments for properties in Alabama do NOT need to be notarized.
- Assignments for properties in Louisiana and New Hampshire must be notarized, but do NOT require a notary expiration date.
- Assignments for properties in Louisiana, New Hampshire, Georgia, North Carolina, South Carolina and Tennessee must be notarized, but do NOT require a notary paragraph above the notary signature.

### POWER OF ATTORNEY (if required)
- Copy of POA is acceptable
- Must be signed by the borrower
- Must state the name of the designated attorney-in-fact
- The designated attorney-in-fact must be the same as the person signing the Note on behalf of the borrower
- Must be dated the day of the Note or before. If dated after note date, fail. If lender can provide the signature page of the Deed of Trust indicating that the loan was signed after the date of the POA, this is acceptable.
- Must be notarized
- Notary and POA signature dates must be the same
- For properties located in New Jersey, if an attorney signed a POA, a notary stamp and expiration date are not required
- For properties located in the Virgin Islands, Attorneys-in-Fact may sign their own name instead of the name of the borrower

### ADDENDUM

CONFIDENTIAL                                                            FNMA-USM000004271

- Must have original borrower(s) signature(s) and typed name(s) below line
- Verify that the borrower(s) name(s) are the same as borrower(s) name(s) on Note

### RIDER

- Must have original borrower(s) signature(s) and typed name(s) below line
- A copy is acceptable if the rider refers to a deed of trust or mortgage. The rider must be original is the rider refers to the Note.
- Verify that the borrower(s) name(s) are the same as borrower(s) name(s) on Note

## II. DATA TO BE VERIFIED FOR SPECIFIC LOAN TYPES

### FIXED RATE NOTE

- The following data fields on the data transmission sheet (barcode) must be certified against the loan documents:
    - Address – if longer than 32 characters, do not need to do data change (system truncation)
    - Property City – if longer than 15 characters, do not need to do data change (system truncation)
    - Property State
    - Property Zip Code
    - Original Loan Amount
    - Original Note Rate
    - First Payment Due Date
    - Loan Term (in months)
    - Loan P&I Amount (monthly) – **If P&I amount listed on barcode is only one cent ($.01) greater or less than the amount stated in the note, DO NOT do a data change to correct this.**

### ARM

- The following data fields on the data transmission sheet (barcode) must be certified against the loan documents:
    - Address – if longer than 32 characters, do not need to do data change (system truncation)
    - Property City – if longer than 15 characters, do not need to do data change (system truncation)
    - Property State
    - Property Zip Code
    - Original Loan Amount
    - Original Note Rate – **If P&I amount listed on barcode is only one cent ($.01) greater or less than the amount stated in the note, DO NOT do a data change to correct this.**   (Do NOT change note rate if First Interest Rate Change Date has already occurred).
    - First Payment Due Date
    - Loan Term (in months)
    - Loan P&I Amount (monthly) (Do **NOT** change P&I if First Interest Rate Change Date has already occurred)

CONFIDENTIAL                                                                                     FNMA-USM000004272

- First Interest Rate Change Date (found in paragraph 4A of the Note)
- First Payment Change Date (should be exactly one month following First Interest Rate Change Date)
- Look Back Days (found in paragraph 4B of the Note) – "…as of the date XX days before each change date…" FAIL if this is not a match – do not do a data change
- Mortgage Margin (found in paragraph 4C of the Note)
- Index Rounding (found in paragraph 4C of the Note) – "…the result of this addition to the XX of one percentage point…" FAIL if this is not a match – do not do a data change
- Mortgage Rate Ceiling (found at the end of paragraph 4D of the Note – "My interest rate will never be greater than _____%.")
- Mortgage Rate Floor – certify floor on the data to floor on the note if indicated (found at the end of paragraph 4D of the Note – "My interest rate will never be greater than _____% or less than _____%.") If not indicated, then floor should be "0".
- Per Adjustment Cap Down – Calculate by subtracting the Per Adjustment Cap Down from the Original Note Rate. This should equal the amount indicated in paragraph 4D of the Note "…at the first change date will not be… less than _____%…" If the calculation equals a number LESS THAN the Mortgage Margin, then the amount of the Mortgage Margin MUST BE indicated in that field in paragraph 4D. (This is because this field in paragraph 4D is never allowed to contain a number lower than the Mortgage Margin.) **FAIL if this is not a match (unless there is a Low Down Payment Mortgage Addendum) – do not do a data change.** If there is a Low Down Payment Mortgage Addendum, subtract the rate reduction amount on the addendum from the mortgage margin. This new amount is the amount that should be indicated in paragraph 4D of the Note.
- Per Adjustment Cap Up – Calculate by adding the Per Adjustment Cap Up to the Original Note Rate. This should equal the amount indicated in paragraph 4D of the Note "…at the first Change Date will not be greater than _____%…" **FAIL if this is not a match – do not do a data change**

### *HECM (Home Equity Conversion Mortgage)*
- The following data fields on the data transmission sheet (barcode) must be certified against the loan documents:
  - Address
  - Property City
  - Property State
  - Property Zip Code
  - Original Note Rate
  - First Interest Rate Change Date
  - Mortgage Margin
  - Mortgage Rate Ceiling
  - FHA Case No. – **Required.** The FHA Case No. must be 13 digits; the last 3 should be 952, 912, 958 or 918 according to the Note (this is a FHA product, and last three digits are the property type and should be on the transmission even if they are NOT on the Note. Do not include the suffix 255 even if it is on the Note.

ONFIDENTIAL                                                                    FNMA-USM000004273

- ▪ Repair Setaside Amount – if an amount is indicated on the barcode, a Repair Rider is required to validate amount.
  - Equity Share Flag must = N (we do not buy Equity Share loans)
- Loan Agreement is required – T&C copy is acceptable. True & certified stamp must be initialed and does not have to be original. FHA case number must be displayed on Loan Agreement in addition to note.
  - ▪ Must have borrower(s) signature(s) and typed name(s) below line
  - ▪ Verify that the borrower(s) name(s) are the same as borrower(s) name(s) on Note
- Power of Attorney is required if there is an Attorney-in-Fact
- If the loan is a HECM Trustee loan, the Note and Loan Agreement must be signed by the beneficiary/borrower, and *may* be signed by the trustee if required by the lender.

### HKM (Homekeeper Mortgage)

- The following data fields on the data transmission sheet (barcode) must be certified against the loan documents:
  - ▪ Address
  - ▪ Property City
  - ▪ Property State
  - ▪ Property Zip Code
  - ▪ Original Note Rate
  - ▪ First Interest Rate Change Date
  - ▪ Mortgage Margin
  - ▪ Mortgage Rate Ceiling
  - ▪ Closing Date (should be same date as signature date on Note, or if no signature date, then should be same as Note date)
  - ▪ Repair Setaside Amount – if an amount is indicated on the barcode, a Repair Setaside Addendum is required to validate amount.
  - ▪ Equity Share Flag must = N (we do not buy Equity Share loans)
- Original Loan Agreement is required
  - ▪ Must have original borrower(s) signature(s) and typed name(s) below line
  - ▪ Verify that the borrower(s) name(s) are the same as borrower(s) name(s) on Note
- Power of Attorney is required if there is an Attorney-in-Fact
- If the loan is a HKM Trustee loan, the Note and Loan Agreement must be signed by the beneficiary/borrower both as individual and as trustee.

### III.- ADDITIONAL REQUIREMENTS FOR SPECIFIC LOAN TYPES

### LOAN MODIFICATION

- Verify the transmitted data against the loan modification, NOT the Note. If loan mod includes language stating that all remaining provisions of Note remain unchanged, then verify the remaining data fields not addressed on the loan mod against the Note; otherwise the lender must submit a screen print or other documentation verifying these fields. Fail the loan if this documentation is not included with the loan documents.
- Must be original, a copy of the recorded modification, or a true and certified copy of the original that was sent to the recording office. True & certified stamp must be initialed and does not have to be original.

ONFIDENTIAL

FNMA-USM000004274

- Must be signed by borrower(s)
- An original Note with blank endorsement must accompany the loan modification
- Verify that the borrower(s) name(s) are the same as borrower(s) name(s) on Note
- Any exhibits noted on the modification must be present
- Beginning June 1, 2007 all modifications must be on one of the following forms:
  - Form 181 – if loan is delinquent FHA or VA loan, or if borrower made a substantial pay down
  - Revised Form 3179 dated 6/06 – for fixed rate notes or to convert ARM to fixed
  - New Form 3161 dated 6/06 – for adjustable rate notes with no step interest
  - New Form 3162 dated 6/06 – for fixed rate step interest rate notes or ARMs converting to fixed with step interest rate
  - A different, but substantially equivalent, modification agreement form is also acceptable as long as it includes an enforceable due-on-sale clause.

Loan Mods issued before June 1, 2007 can be on any of these new forms or the old form 3179.

- An Assignment is required unless the Note is a MERS, or if the modification is amending the Deed of Trust/Mortgage. (See Assignment pre-certification checklist)
- Assignment should be date of loan modification or after, and if loan amount is referenced in the Assignment, it must be the loan modification loan amount, *not* the Note loan amount

### BALLOON LOAN

- Notes for PUERTO RICO do not have to indicate "balloon" at top of note.  Puerto Rico loans can have balloon notes as long as they use the multistate balloon note (form 3260)
- Amortization Type should be Balloon
- Note must indicate "Balloon"
- Term for cash balloons is usually 84 months (7 years).  Term for MBS, ASAP or ASAP+ balloons is usually either 84 or 360 months.
- A Balloon Addendum (Conditional Right to Refinance) or Balloon Rider must be included, must be an original, and borrower(s) name(s) must match borrower(s) name(s) on Note

### BALLOON LOAN (2ND Trust)

- If Submission Type/Lien is Whole/Second *NO* addendum is required.  If the loan document is a "balloon note," the amortization must indicate "balloon" (if not, a data change is required).

### REFINANCED BALLOON LOAN

- At maturity of an original balloon loan, the loan is refinanced for the remaining amortization period (usually 23 years) on a document called Mortgage Modification Agreement, which is delivered as a true and certified copy.  It is one document that combines the Note, Loan Modification, and Mortgage.
- The copy of the recorded document does not need an endorsement.  If an original recorded document is received, then look for endorsement.

ONFIDENTIAL

FNMA-USM000004275

*BIWEEKLY*
- Calculate Loan Term and Loan P&I Monthly Amount using file in the shared drive on computer – s:\centpur\csc\BiWeekly_and_Monthly_Calculation_09_07_05FINAL.xls
- When product type indicates *A/A Bi-weekly* at top of barcode, the amount listed for the Loan P&I Amount (monthly) should match the actual biweekly payment amount stated in the note.
- When product type **does not** indicates *A/A Bi-weekly* at top of barcode, the amount listed for the Loan P&I Amount (monthly) should equal twice the actual biweekly payment amount stated in the note.

*CO-ISSUE*
- Barcode will have one of three banners "Co-Issue", "Co-Issue – Cenlar" or "SAI".
- Standard co-issue loans will have servicer number 13123, with branch numbers beginning with 834, 835, 836 or 837.
- Co-issue – Cenlar loans will have servicer number 26554, with branch numbers beginning with 834, 835, 836 or 837.
- SAI loans will have servicer number 25610-000-7.
- Before precerting check for blackout period.  Dates of blackout period will be posted in sign-in area (typically blackout period is the last 11 business days of the month).
- If during blackout period, check to see whether loans are cash or MBS (Certification Priority 70).
- Cash loans can be certified *through* the first day of the blackout period.  After first day cash loans may be rejected.  If after first day of blackout period, place cash loan documents and barcodes in Co-issue tray – do not precert.
- After first day of blackout period a warning message "Loan is in Blackout Period" will appear if someone attempts to certify cash loan(s).  If this happens, follow instructions on screen.  Print worklog and place with cash loans/barcodes in Co-issue tray.  DO NOT PLACE IN POSTSCAN AREA AS THESE LOANS HAVE NOT BEEN CERTIFIED.
- If loans are MBS, certify the loans and file as indicated below – MBS LOANS ARE NOT SUBJECT TO THE BLACKOUT PERIOD.
- Loans with a "Co-Issue" banner should be filed with all other loans in postscan area
- Loans with a "Co-Issue – Cenlar" banner should be placed in marked Co-Issue - Cenlar holder in postscan area
- Loans with a "SAI" banner should be placed in marked SAI holder in postscan area

*CO-OP*
- Apply a white Co-op label to the barcode and fill in the requested information
- Verify that the Note and co-op share documents are for the same borrower(s)
- See Appendix E – "Co-op Pre-certification Guidelines" for state-specific pre-certification information

ONFIDENTIAL                                                                    FNMA-USM000004276

*CEMA (Consolidation Extension Modification Agreement)*
- Original consolidated Note required
- CEMA can be original, copy of the recorded modification or a true and certified copy of the original that was sent to the recording office. True & certified stamp must be initialed and does not have to be original.
- CEMA must be signed by borrower(s) and lender representative
- Exhibit A (list of loans) required
- Exhibit B (legal description) required (or acceptable if legal description is located on another document within loan package)
- Exhibit C (copy of consolidated Note – does not need to be a signed copy)
- Exhibit D (copy of Mortgage or Deed of Trust)
- Not required – other notes listed in Exhibit A
- If a Form 276 "Custody Document Transmittal" is received with CEMA, it should be given to the PR team to resolve. Do NOT pull from the vault documents requested on Form 276
- An Assignment is required unless the Note is a MERS. (See Assignment pre-certification checklist)
- Assignment should be date of CEMA or after

*C TO P (Construction to Permanent)*
- If Fannie Mae is the seller, Note endorsement is not required
- An Assignment is required unless the Note is a MERS, or unless Fannie Mae is the seller. (See Assignment pre-certification checklist)
- Must be signed by borrower(s)
- Verify that the borrower(s) name(s) are the same as borrower(s) name(s) on Note
- For C to P loans in CONSTRUCTION phase:
  - There will be a Note and a construction loan Addendum or Rider. The Note will reflect the permanent data. The Addendum or Rider will have the correct construction phase Interest Rate. Therefore,
  - Verify the Interest Rate on the barcode against the Addendum or Rider
  - Verify all other fields on the barcode against the Note
- For C to P loans in PERMANENT phase:
  - There will be a Note and most likely a Loan Modification Agreement. The Note will reflect the original permanent data. If any of this data has changed since the Note was originally created, then there will be a Loan Mod. Therefore,
  - If there is a Loan Mod, verify the information contained in the Loan Mod against the barcode. If there are any remaining barcode fields not addressed in the Loan Mod, verify these against the Note.
  - If there is no Loan Mod, then verify all barcode fields against the Note

ONFIDENTIAL                                                                                      FNMA-USM000004277

### DEDICATED CHANNEL
- For all dedicated channel lenders, including PHH, ALL data fields on ARM notes must be pre-certed including the data below the P&I. (If the data does not match, reprint the barcode and pre-cert against the new barcode. Discard the old barcode.)
- If no assignment and no MIN number on barcode or note, reprint the barcode; if no MIN number, fail for missing assignment.
- See Appendix F – "PHH Dedicated Channel Process for POAs" for pre-certification information regarding POAs

### eMORTGAGE
- Original docs not required, authoritative Note is certified in eMD
- Verify data on transaction detail to data transmitted
- Certify loan in eMD and DDF
- Both electronically signed and holographic borrower signatures are acceptable – see Appendix H – "Acceptable eMortgage Signatures"

### FANNIE MAE REO (Real Estate Owned)
- Seller name on data transmission is Fannie Mae
- Note endorsement is not required
- Assignment is not required
- This is a REO unless loan document is Balloon

### FIXED RATE CONVERTIBLE
- Verify data on addendum to xcdDesc on data transmitted

### HOOP (Home Ownership Opportunity Product)
- Original HOOP Addendum is required
- Verify data on addendum to xcdDesc on data transmitted

### INDIAN LOAN FORM
- If Form 1980-17, Indian Loan Guarantee Certificate (ILGC) is received, then keep this with the loan documents

### INTEREST ONLY (I/O)
- Do not certify the P&I field (as this can change daily)
- For ASAP+ loans, the IF/IO banner will not print on the barcode due to system limitations. Do NOT fail.

### INTEREST-ONLY _FEATURE_– product name changed from _INTEREST ONLY PERIOD_
- I/F must be indicated at top of barcode and note must indicate I/F (IF note does not indicate at top, check bottom of page. For PHH, check under label for this language if not visible). If not, FAIL.
- Beginning June 1, 2007, all qualifying notes must indicate "Interest-only", and must be on either the updated Fannie Mae form (dated 09/06), or a non-standard industry form.
- Do not certify the P&I field (as this can change daily)

ONFIDENTIAL                                                                FNMA-USM000004278

- For ASAP+ loans, the IF/IO banner will not print on the barcode due to system limitations. Do NOT fail.

## MURABAHA
- Addendum is required – does not need to be an original
- Verify the Original Loan Amount against the Addendum. Verify all other data fields against the Note.
- MURABAHA must be indicated on bottom of barcode. If not FAIL.

## NATIVE AMERICAN LOAN PROGRAM
- Addendum to fixed rate note is required
- Native American Loan Program must be indicated on bottom of barcode. If not FAIL.

## PAYMENT POWER ADDENDUM
- Verify data on addendum to xcdDesc on data transmitted

## SIM SECOND
- Sim Second can be a balloon, fixed rate or ARM Note
- Does not require Addendum

## STEP RATE NOTE
- A rider should be included
- Verify the information against the rider

## TPR ADDENDUM
- Original TPR Addendum is required
- Verify data on addendum to xcdDesc on data transmitted (fail if they do not match):
    - Note rate reduction percentage
    - Number of times Note rate can be reduced
    - Number of recent consecutive on-time payments
- If the note is seasoned and the TPR Addendum interest rate reduction has already taken effect, verify that the note rate listed on the barcode equals the interest rate in the note minus the rate reduction noted in the TPR Addendum. A screen print indicating the borrower's current P&I is required, since this information is not available on the TPR addendum. Fail the loan if screen print is not included with loan documents.
- Must be signed by borrower(s)
- Verify that the borrower(s) name(s) are the same as borrower(s) name(s) on Note

## TWO-STEP ARM
- Must include an Amortization Schedule. Use the schedule to certify Loan Amount, Interest Rate, Loan Term and P&I.
- Assignment amount will match the Note, not the schedule.

ONFIDENTIAL

FNMA-USM000004279

## ADDITIONAL INFORMATION

### *BAILEE*
Associate business analysts process all loan documents received with a bailee letter.  Bailee lender will usually be indicated at top of first page or referenced in last paragraph of letter.


### *CERTIFICATION PRIORITY CODES*
100   ASAP+ (Must be processed by noon)
90    ASAP (As Soon as Pooled) (Must be processed by noon)
70    MBS (Mortgage Backed Security) (Must be processed ahead of cash loans)
80    HECM and HKM (Reverse Mortgage Loans) (Must be processed by 2:00)
80    CASH

ONFIDENTIAL                                                        FNMA-USM000004280

| REGIONS | | LOAN TERMS |
|---|---|---|
| 1 | Atlanta - EBC Team | 10 year = 120 months |
| 2 | Chicago - NBC Team | 15 year = 180 months |
| 3 | Dallas - WBC Team | 20 year = 240 months |
| 4 | Pasadena - WBC Team | 30 year = 360 months |
| 5 | Philadelphia - EBC Team | 40 year = 480 months |
| | |  7 year = 84 months (balloons) |

EBC = Eastern Business Center
NBC = National Business Center
WBC = Western Business Center

## *STANDARD ACCEPTABLE ABBREVIATIONS IN STREET ADDRESS*

| Full Word | Acceptable Abbreviation |
|---|---|
| North | N |
| South | S |
| East | E |
| West | W |
| First | 1st |
| One | 1 |
| Street | ST |
| Avenue | AVE |
| Road | RD |
| Court | CT |
| Lane | LN |
| Highway | HWY |
| Parkway | PKWY |
| Route | RT or RTE |

Okay as is (*DO NOT CHANGE*):

- If the address is keyed without spaces
- If data looks truncated
- If note has lot # and barcode has street address
- If note has property address but no "Street", "Lane", "Avenue", etc. and barcode does have "Street", "Lane", "Avenue", etc.
- If note is seasoned and zip code on barcode is different than note

*DO* Make the following Changes:

- Spelling or number errors in property address
- If unit # is on note, but not on barcode
- If "Street", "Lane", "Avenue", etc. is on note but not on barcode

ONFIDENTIAL                                                                    FNMA-USM000004281

**APPENDIX A – "Borrowers' Signatures on the Note"**

A borrowers' signature should not contradict the name typed below the signature line on the note.  However, we will not object to slight variations—a missing initial, the omission of a "Jr" or "Sr," or an over or undersigning (such as a borrower signing as William Thomas Smith when the typed name is William T. Smith, or vice versa).  On the other hand, significant variations—such as William Smith signing as "Skip" Smith, signing with an "X," or signing under an "also known as" name—are not acceptable, unless the lender obtains a signature/name affidavit from the borrower stating that he or she commonly uses the alternative signature.

**If "See Signature Page Attachment" or similar language is printed on the signature page of the note, then the attachment must be included and must contain the borrower's name and signature.**

)NFIDENTIAL                                                                          FNMA-USM000004282

**APPENDIX B – "Acceptable POA Signatures"**

## ACCEPTABLE POA SIGNATURES

The signature of an Attorney in Fact is acceptable as long as POA or AIF is indicated beside the person's name and an acceptable POA document is received. The following are examples of acceptable signatures:

*Chris Jones by Jane Smith, AIF*
Chris Jones, by Jane Smith his Attorney in Fact

*Chris Jones, by Jane Smith, AIF*
Chris Jones

*Chris Jones, by Jane Smith*
Chris Jones, by Jane Smith his Attorney in Fact

*Jane Smith*
Chris Jones, by Jane Smith his Attorney in Fact

*Jane Smith, AIF*
Chris Jones

The following is **NOT** an acceptable signature for a POA:

*Jane Smith*
Chris Jones

*Jane Smith*
Jane Smith, Attorney in Fact

ONFIDENTIAL                                                                              FNMA-USM000004283

APPENDIX C – "Intervening Endorsements"

ACCEPTABLE INTERVENING ENDORSEMENTS

| ORIGINATOR | SELLER or SERVICER | FANNIE MAE |
|---|---|---|
| Blank Endorsement | Nothing | OK to accept if it's the only blank endorsement. |
| Blank Endorsement | Blank Endorsement | FAIL – Need originator to endorse the blank endorsement over to the Seller or Servicer since we can't have 2 blank endorsements from different lenders. |
| Endorsed over to Seller | Blank Endorsement | OK to accept. Can be from Seller or Servicer. |
| Endorsed over to Servicer | Blank Endorsement | OK to accept.  Can be from Seller or Servicer. |
| Nothing | Blank Endorsement | FAIL – Need intervening endorsement from Originator. |

Endorsement sample:

Pay to the Order of
Without Recourse

_____
Name of Originating Lender
*Signature of Lender Officer*
Lender officer printed name & title

CONFIDENTIAL                                                                      FNMA-USM000004284

## APPENDIX D – "Affidavit of Lost Note"

Fannie Mae Loan No: _____

## AFFIDAVIT OF LOST NOTE

I,_____ being duly sworn, do hereby state under oath that:

1.   I,_____, as (title) of_____ ("Lender") am authorized to make this Affidavit.

2.   The Lender is the payee under the following described mortgage note (the "Note")]:

   Date:_____
   Loan No:_____
   Borrower(s):_____
   Original Payee:_____
   Original Amount:_____
   Rate of Interest (initial rate if ARM):_____
   Address of Mortgaged Property:_____

3.   The Lender is the lawful owner of the [Note], and the Lender has not cancelled, altered, assigned or hypothecated the [Note].

4.   The [Note] was not located after a thorough and diligent search which consisted of the following actions: _____.

5.   Attached hereto is a true and correct copy of (i) the [Note], or (ii) the Mortgage or Deed of Trust which secures the [Note], which Mortgage or Deed of Trust is recorded at_____.

6.   This Affidavit is intended to be relied on by the Federal National Mortgage Association, doing business as Fannie Mae, its successors, and assigns.

7.   The Lender hereby agrees to indemnify and hold Fannie Mae harmless against any loss, liability or damage, including reasonable attorneys' fees, resulting from the unavailability of the lost [Note], including but not limited to any loss, liability or damage arising from (i) any false statement contained in this Affidavit of Lost [Note], (ii) any claim of any party that it has already purchased a mortgage loan evidenced by a lost [Note] or any interest in such loan, and (iii) any claim of any borrower with respect to existence of the terms of a mortgage loan evidenced by a lost [Note].

ONFIDENTIAL                                                                    FNMA-USM000004285

EXECUTED THIS_____ day of_____, 20__.

LENDER

By:      _____
Name:  _____
Title:   _____
Date:   _____


On   this   _____   day   of_____,   20___,   before   me   appeared _____, to me personally known, who being duly sworn did say that she/he is the_____ of the Lender, and that said Affidavit of Lost Note was signed and sealed on behalf of the institution defined in this document as Lender, and said _____ acknowledged this instrument to be the free act and deed of said Lender.



_____
Notary Public in and for the
State of _____

My Commission expires:_____

ONFIDENTIAL                                                                      FNMA-USM000004286

**APPENDIX E – "Co-op Pre-certification Guidelines"**

CO-OP PRE-CERTIFICATION GUIDELINES

## ALL STATES
**Co-Op Note:**
- Original Note with blank endorsement (verify that the note and the co-op share document match)
- Recognition Agreement – also called Proprietary Lease or Occupancy Agreement

## DISTRICT OF COLUMBIA, FLORIDA, MARYLAND, NEW YORK, VIRGINIA (and all states not listed below)
**Co-Op Docs:**
- Original executed copy of the Uniform Commercial Code financing statement (UCC-1); some jurisdictions require the original to be recorded, therefore **a copy is acceptable**
  - *Bearing the file stamp of the relevant filing office(s)*
- Original Assignment of the UCC financing statement (UCC-3) to Fannie Mae
  - *In a form suitable for filing but not filed*
- Stock, shares, membership certificate, or other contractual agreement evidencing ownership
- Original recognition agreement
- Assignment of the recognition agreement(s) to Fannie Mae, **if applicable**
  - *Duly executed and on a form obtained from Fannie Mae*

## CALIFORNIA
**Assignment:**
- Original Assignment of the Mortgage to Fannie Mae
  - *Duly executed and completed in a form suitable for recording, but not recorded*
**Co-Op Docs:**
- Original recognition agreement

## CONNECTICUT
**Assignment:**
- Original Assignment of the Mortgage to Fannie Mae
  - *In a form suitable for recordation on the land records in the relevant filing office(s), but not recorded*
**Co-Op Docs:**
- Original Assignment of proprietary lease to Fannie Mae from the Lender
  - *In a form suitable for recordation on the land records in the relevant filing office(s), but not recorded*
- Original recognition agreement
- Original Assignment of security agreement to Fannie Mae
  - *Or other similar document used in the jurisdiction pledging the stock shares, membership certificate or other agreement evidencing ownership*

CONFIDENTIAL                                                                FNMA-USM000004287

## ILLINOIS
**Co-Op Docs:**
- Original executed copy of the Uniform Commercial Code financing statement (UCC-1); some jurisdictions require the original to be recorded, therefore **a copy is acceptable**
  - *Bearing the file stamp of the relevant filing office(s)*
- Original Assignment of the UCC financing statement (UCC-3) to Fannie Mae **OR**, Original executed copy of the Uniform Commercial Code Financing Statement (UCC-2)
  - *In a form suitable for filing but not filed*
- Stock, shares, membership certificate, or other contractual agreement evidencing ownership
- Original recognition agreement
- Assignment of the recognition agreement(s) to Fannie Mae, **if applicable**
  - *Duly executed and on a form obtained from Fannie Mae*
- Assignment of the security agreement to Fannie Mae
  - *Duly executed*

## MASSACHUSETTS
**Co-Op Docs:**
- Original Assignment of the UCC financing statement (UCC-3) to Fannie Mae
  - *In a form suitable for filing but not filed with the relevant filing office(s)*
- Stock, shares, membership certificates, or other contractual agreement evidencing ownership
- Original recognition agreement
- Original executed copy of the UCC financing statement (UCC-1); some jurisdictions require the original to be recorded, therefore **a copy is acceptable**
  - *Bearing the file stamp of the relevant filing office(s)*

## MICHIGAN
Co-Op Docs:
- No specific requirements.  In cases where there are a small number of loans delivered we rely on the lender's rep (contained in the lender's contract) that the loan documents are enforceable.

## MINNESOTA
**Co-Op Docs:**
- Evidence of ownership in the form of a stock certificate or membership certificate
- Original recognition agreement
  - *And any intervening Assignments*
- If the unit owner's interests are wholly personal property:
  - Original executed copy of the Uniform Commercial Code Financing Statement (UCC-1); some jurisdictions require the original to be recorded, therefore a **copy is acceptable**
    - *Bearing the stamp of the county recorder's office (abstract) or registrar of titles office (Torrens) in the county in which the cooperative unit is located*

ONFIDENTIAL

FNMA-USM000004288

- o Original Assignment of UCC-1 to Fannie Mae
  - o *In form suitable for filing, but not filed, and any intervening Assignments of the UCC-1 bearing the relevant intervening UCC filing stamps if the Assignments occurred after the Minnesota Mortgage was originated but before it was delivered to Fannie Mae*
- o Original security agreement
  - o *Bearing the relevant filing stamps and each intervening Assignment of the security agreement*
- o Original Assignment of the security agreement to Fannie Mae
  - o *In a form suitable for filing, but not filed, and any intervening Assignments of the security agreement bearing the relevant filing stamps*
- If the unit owner's interests are wholly real property:
  - o Original Assignment of mortgage to Fannie Mae
    - o *In form suitable for filing, but not filed, and any intervening Assignments of mortgage bearing the relevant intervening filing stamps*

## NEW JERSEY
### Co-Op Docs:
- Original executed copy of the Uniform Commercial Code financing statement (UCC-1); some jurisdictions require the original to be recorded, therefore a **copy is acceptable**
  - o *Bearing the file stamp of the relevant filing office(s)*
- Original Assignment of the UCC financing statement (UCC-3) to Fannie Mae
  - o *In a form suitable for filing but not filed*
- Stock, shares, membership certificate, or other contractual agreement evidencing ownership
- Original recognition agreement
- Assignment of the recognition agreement(s) to Fannie Mae, **if applicable**
  - o *Duly executed and on a form obtained from Fannie Mae*

## PENNSYLVANIA
### Assignment:
- Original Assignment of mortgage to Fannie Mae
  - o *In a form suitable for recordation in the land records in the relevant filing office(s), but not recorded*

### Co-Op Docs:
- Stock, shares, membership certificates, or other contractual agreement evidencing ownership
- Executed blank stock power
- Original recognition agreement
- Original Assignment of the security agreement to Fannie Mae
  - o *In a form suitable for recordation in the land records in the relevant filing office(s)*
- Original Assignment to the Lender of the borrower's ownership interest in the cooperative interest
  - o *Showing the appropriate evidence of recordation indicating that the Assignment has been recorded in the land records in the county where the cooperative project is located*
  - o *Assignment must include language evidencing an intent to transfer the cooperative interest, which must include: (i) an Assignment of the stock, shares, membership certificates, or an Assignment of the transfer of the cooperative interest on the books of the association and (ii) an*

ONFIDENTIAL                                                              FNMA-USM000004289

> *Assignment of the borrower's interest in the proprietary lease (containing a provision which states that by completing such Assignment it is the borrower's intent to transfer possessory interest in the cooperative unit to the Lender or its successor-in-interest in the event of a foreclosure or a conveyance-in-lieu of foreclosure*
> - *Assignment must include cooperative association as a party to the Assignment for the purposes of acknowledging the transfer on the cooperative association's books, stating the amount of any unpaid assessments due and payable from the borrower at the time of the transfer (which amount must be zero) and stating that the transfer is permitted and not a "limited equity" transfer*

- Assignment in blank of the original Assignment of the borrower's ownership interest in the cooperative unit to the Lender
  - *In recordable form, but not recorded*

ONFIDENTIAL

FNMA-USM000004290

**APPENDIX F – "PHH Dedicated Channel Process for POAs"**

When PHH Dedicated Channel sends their daily transmittal sheets of loans shipped, they include a column indicating whether the loan is a Purchase or a Refinance.

1. Compare the loan that is missing the POA to the transmittal sheet.
   a. If the loan is listed as a Purchase or PNC (Purchased New Construction), the loan can be certified without a POA. Stamp the barcode with the "PHH POA Variance" stamp.
   b. If the loan is listed as a Refinance, fail the loan for missing a POA.
2. If a daily transmittal sheet of loans shipped was not received, or if the specific loan was included in the package but not listed on the transmittal sheet, contact the PHH staff and request they fax an updated transmittal sheet.
3. When the updated sheet arrives, follow steps 1.a. – b. above.
4. If the updated transmittal sheet has not arrived by the end of production, give the remaining loans in question to the PR team for follow up along with the PHH report and comments for the day.

CONFIDENTIAL                                                                      FNMA-USM000004291

## APPENDIX G – "Glossary of Documents Pertaining to Loan Certification"

Addendum – a document that adds further covenants and agreements to the Note.

Allonge to Promissory Note – a document that contains an endorsement and is submitted when the original Note is missing the blank endorsement. An Allonge becomes a permanent part of a Note.

Assignment – a document that transfers beneficial interest ownership of the mortgage or Deed of Trust to Fannie Mae.

Indemnification agreement – a document that releases Fannie Mae from any loss, liability, or damage including but not limited to reasonable attorneys' fees resulting from the unavailability of any lost Notes, any false statement contained in the Affidavits attached, and any claim of any borrower with respect to existence of term of a mortgage loan evidence by a lost Note.

Intervening Assignment – an assignment transferring beneficial interest ownership or the mortgage or Deed of Trust from the originator to a third party who then assigns the security instrument to Fannie Mae.

Intervening Endorsement – an endorsement from the originator to a third party who then endorses the Note in blank before delivering to Fannie Mae.

Loan Agreement – a legal document that contains the terms and conditions of a Home Equity Conversion Mortgage or a Home Keeper Mortgage.

Loan Modification Agreement – a document that amends and supplements the original terms of the mortgage and/or Note.

Lost Note Affidavit – a document that attests to the fact that the original copy of the Note was lost and could not be located after a thorough and diligent search. The Lost Note Affidavit states that the lender is the lawful owner of the Note and has not cancelled, altered, assigned or hypothecated the Note.

Mortgage Modification Agreement – a document that amends and supplements the original terms of the mortgage and Note.

Note – a document that is signed by the borrower of a loan that acknowledges the debt and by inference the promise to repay. A Note backed by a mortgage names the mortgagee as the payee.

Original Recognition Agreement – a letter which stipulates the representations and agreements regarding the cooperative ownership shares of the corporation.

Power of Attorney – a legal document that authorizes one person to act on behalf of another. A power of attorney authorizes someone other than the borrower to sign the Note.

Rider – a documents that adds or substitutes wording in a Note.

Security Agreement – guarantees to the lender that the loan represented by the Note will be repaid and gives the lender a continuing security interest in the title to the share of the cooperative corporation.

Stock, shares, or membership certificate – evidence of ownership in a cooperative (co-op).

UCC financing statement – a financing statement that covers a type or item of property.

ONFIDENTIAL                                                                                 FNMA-USM000004292

**APPENDIX H – "Acceptable eMortgage Signatures"**

Both electronically signed and holographic borrower signatures are acceptable for eMortgage notes.

Following is an example of each:

**Sample 1:  Typed Signature**

*Electronically signed by John Homeowner on 10/18/2001 14:28:01 PDT*

John Homeowner

**Sample 2:  Holographic Signature**

John Homeowner

CONFIDENTIAL                                                             FNMA-USM000004293

# ATTACHMENT A-12

# CERTIFICATION SERVICE CENTER (CSC)
# PRECERTIFICATION JOB AID

## Table of Contents

**Pre-certification Checklist**

**Appendices**

APPENDIX A – "Borrowers' Signatures on the Note"

APPENDIX B – "Acceptable POA Signatures"

APPENDIX C – "Intervening Endorsements"

APPENDIX D – "Affidavit of Lost Note"

APPENDIX E – "Co-op Pre-certification Guidelines"

APPENDIX F – "Acceptable eMortgage Signatures"

APPENDIX G – "Glossary of Documents Pertaining to Loan Certification"

Exhibit No. P-5
Dft __ Plt __ Dpnt __
Date _____ Rptr: D.M Lewis
12-4-09

CONFIDENTIAL                                                      FNMA-USM000004402

# Pre-certification Checklist

## I. STANDARD CERTIFICATION REQUIREMENTS FOR ALL LOANS

### BORROWER SIGNATURE(S)

- Must have original borrower(s) signature(s) and typed name(s) below line. A borrower's signature should not contradict the name typed below the signature line on the note. See Appendix A – "Borrowers' Signatures on the Note".
- The borrowers must initial any changes to the document affecting the loan terms. Initials at the bottom of the page are acceptable.
- If Power of Attorney (POA) or Attorney in Fact (AIF) is indicated on Note, an acceptable Power of Attorney document must be attached. *Refer to POA section of pre-certification checklist.* The signature of a Power of Attorney is acceptable as long as POA or AIF is indicated beside the person's name. See Appendix B – "Acceptable POA Signatures".
- If the loan indicates that it is a trustee loan, then it must be signed by the borrower(s) both as individual and as trustee. This can be on two separate lines (one indicating as individual and one indicating as trustee) or on one line indicating "As individual and trustee". (This requirement is different for HECM and HKM loans; see certification job aide for those loans.)
- A signature/name affidavit to verify a borrower's legal signature is required only when a borrower signs with an "X", or if deemed necessary in circumstances where a borrower's signature appears too illegible.
- If the borrowers sign on separate signature pages, there should be language on both indicating that there are two signers and two signature pages. If not, FAIL the loan.
- As a standard, Fannie Mae does not require documents to be witnessed, but if there is a name typed beneath a witness signature line, then there must be a signature.

### ENDORSEMENT

- The blank endorsement must contain the following:
  - "Pay to the order of without recourse" language
  - Space beside this language or blank line below language
  - Lender name
  - Authorized signature
  - Name of authorized signer
  - Title of authorized signer
  Properties located in Puerto Rico do NOT need printed name and title of authorized signer on endorsement.
- If the originator of the loan (indicated in the first paragraph of the Note) is not the seller or the servicer, then there must be an intervening endorsement from the originator. See Appendix C – "Intervening Endorsements" for more information.
- We will accept a lender's facsimile (stamped) endorsement of Notes for those jurisdictions in which the lender has determined that such endorsements are valid and enforceable. In these instances, we must have a copy of the lender's corporate resolution on file (check CSC Comments section listed at bottom of barcode). If corporate resolution not noted on bottom of barcode, certify and file the loan(s). Fill out the Lender

CONFIDENTIAL

FNMA-USM000004403

Notification Form, staple it to the transmittal sheet, and place it in the PR tray for the appropriate region.

- If the seller is signing the endorsement on behalf of another entity (usually the originator or another intervening lender), there must be a clear indication of the relationship on the endorsement, so there does not appear to be a gap in the chain of endorsement. Example: if PHH is endorsing a note where the originator is Cartus Home Loans, the endorsement should state "PHH as AIF for Cartus Home Loans" or "PHH as Agent for Cartus Home Loans", etc.; it cannot be endorsed simply by PHH.
- In lieu of a blank endorsement on the Note, an allonge is acceptable. The allonge must include the following fields:
  - Loan amount
  - Borrower(s) name(s) or property address – at least one of these two must be on the allonge. If either or both name and address are on allonge, they must match the Note. **If there is more than one borrower on the Note, the allonge is NOT required to list all borrowers, but any that are listed on the allonge must match the Note.**
  - "Pay to the order of without recourse" language
  - Space beside this language or blank line below language
  - Lender name
  - Authorized signature
  - Name of authorized signer
  - Title of authorized signer

### LOST NOTE AFFIDAVIT

- If the Note is not original, a Lost Note Affidavit (LNA) is acceptable if the lender has exhausted all reasonable means of obtaining the original document. The LNA must:
  - be completed and be accompanied by a copy of the Note or Mortgage or Deed of Trust (does not have to be stamped "True and Certified Copy")
  - be notarized
  - be from the Seller (not Originator, if different entities)
  - contain language that indemnifies Fannie Mae or holds Fannie Mae harmless. If it does not, then an Indemnification Agreement must also be included.
  - be clicked out as "LNA/IA Lights Out" in Workflow.
- The Note copy must be blank endorsed
- See Appendix D – "Affidavit of Lost Note" for a sample Lost Note Affidavit form.
- After clicking out (certifying) the loan as "LNA" in the system, attach a Lender Notification Form to the loan and place in the appropriate regional PR tray.

### ASSIGNMENT

- An Assignment is required unless the Note is a MERS (Mortgage Electronic Recordation System), or unless the lender has an assignment waiver (check lender variances listed at bottom of barcode). MERS identifying number (MIN) should be on barcode (located near bottom of data transmission). If no MIN on barcode, it may be written, typed or on a label affixed to Note.
  - If no assignment, and no MIN on barcode or Note, FAIL the loan for missing assignment.
  - If no assignment and no MIN on barcode, but MIN is on Note, do NOT fail. Query loan in Query Control. If MIN in system, then reprint barcode, and certify

CONFIDENTIAL                                                              FNMA-USM000004404

against new barcode. If no MIN in system, then certify the loan; staple a Lender Notification Form to the top of the transmittal sheet, and place the transmittal sheet in the appropriate regional PR tray for an ABA to remind the lender to enter the MIN when delivering loans in the future.

- For HECM or HKM loans – If no MIN on barcode, but MIN is on Note, do NOT fail; certify loan. Do not query loan or submit transmittal sheet to ABA as system limitations currently do not allow MIN to be captured in reverse mortgage system.

- Must be original
- Should not be recorded
- Must be from Servicer if Seller and Servicer are different, unless Seller and Servicer have an affiliate relationship per the Lender Variance Sheet
- Must be assigned to Fannie Mae or Federal National Mortgage Association or FNMA (**not** FHLMA).
- If the Assignment is blank for ASSIGNEE, stamp "Fannie Mae" to avoid failure and ask PR team to inform lender.
- There must be sufficient information to tie the Assignment to the Note (such as loan amount, borrower's name, property address or loan number.)
- If the borrower's name and/or property address are on the Assignment, they must match the note.
- If the original Mortgage amount is on the Assignment, it must match the amount on the Note, or the amount on the Loan Mod Agreement if the loan has been modified.
- If the Assignment references an attachment or exhibit (usually a legal description), this must be present.
- If there is a large blank space where the property address/description should be, but no reference to an attached legal description, then there must be either a full property address or a printed legal description in the space or elsewhere on the Assignment. An incomplete address such as only county or city and state, is not sufficient.
- **If an address is listed for Fannie Mae, it should be 3900 Wisconsin Avenue, NW, Washington, DC  20016. If not, do NOT fail the loan; certify the loan; staple a Lender Notification Form to the top of the transmittal sheet, and place the transmittal sheet in the appropriate regional PR tray for an ABA to remind the lender to include the correct address in the future.**
- Must **not** include a recitation that the Assignment is "Without Recourse"
- The Assignment must reflect the servicer name and must be signed by the servicer's authorized signer, and include the signer's printed name and title (an attorney's opinion is required for a facsimile signature on an Assignment). The assignment is acceptable as long as the servicer name appears somewhere on the assignment (typically found in the first paragraph). Servicer name is not required to appear below the signer's printed name and title as long as it is somewhere on the assignment.
- Must be notarized
- Must have a date. Usually date is above the authorized officer's signature. If no Assignment execution date, the notary date is acceptable.
- Must be dated on or after the Note date, unless the loan has been modified, then the assignment must be dated on or after the date of the modification.
- Assignment execution date, if indicated, must be same as notary date

CONFIDENTIAL                                                        FNMA-USM000004405

- As a standard, Fannie Mae does not require documents to be witnessed, but if there is a name typed beneath a witness signature line, then there must be a signature.
- Assignments are NOT required for properties in Puerto Rico. (Verify that the lender has this variance.)  Assignments ARE required for properties in the Virgin Islands
- Assignments for properties in Alabama do NOT need to be notarized.
- Assignments for properties in Louisiana and New Hampshire must be notarized, but do NOT require a notary expiration date.
- Assignments for properties in Louisiana, New Hampshire, Georgia, North Carolina, South Carolina and Tennessee must be notarized, but do NOT require a notary paragraph above the notary signature.

### POWER OF ATTORNEY (if required)
- Copy of POA is acceptable
- Must be signed by the borrower
- Must state the name of the designated attorney-in-fact
- The designated attorney-in-fact must be the same as the person signing the Note on behalf of the borrower
- Must be dated the day of the Note or before.  If dated after note date, fail.  If lender can provide the signature page of the Deed of Trust indicating that the loan was signed after the date of the POA, this is acceptable.
- Must be notarized
- Notary and POA signature dates must be the same
- For properties located in New Jersey, if an attorney signed a POA, a notary stamp and expiration date are not required
- For properties located in the Virgin Islands, Attorneys-in-Fact may sign their own name instead of the name of the borrower

### ADDENDUM
- Must have original borrower(s) signature(s) and typed name(s) below line
- Verify that the borrower(s) name(s) are the same as borrower(s) name(s) on Note

### RIDER
- Must have original borrower(s) signature(s) and typed name(s) below line
- A copy is acceptable if the rider refers to a deed of trust or mortgage.  The rider must be original is the rider refers to the Note.
- Verify that the borrower(s) name(s) are the same as borrower(s) name(s) on Note

## II. DATA TO BE VERIFIED FOR SPECIFIC LOAN TYPES

### FIXED RATE NOTE
- The following data fields on the data transmission sheet (barcode) must be certified against the loan documents:
  - Address – if longer than 32 characters, do not need to do data change (system truncation)
  - Property City – if longer than 15 characters, do not need to do data change (system truncation)

CONFIDENTIAL

FNMA-USM000004406

- Property State
- Property Zip Code
- Original Loan Amount
- Original Note Rate
- First Payment Due Date
- Loan Term (in months)
- Loan P&I Amount (monthly) – If P&I amount listed on barcode is only one cent ($.01) greater or less than the amount stated in the note, DO NOT do a data change to correct this.

### ARM

- The following data fields on the data transmission sheet (barcode) must be certified against the loan documents:
  - Address – if longer than 32 characters, do not need to do data change (system truncation)
  - Property City – if longer than 15 characters, do not need to do data change (system truncation)
  - Property State
  - Property Zip Code
  - Original Loan Amount
  - Original Note Rate – If P&I amount listed on barcode is only one cent ($.01) greater or less than the amount stated in the note, DO NOT do a data change to correct this. (Do **NOT** change note rate if First Interest Rate Change Date has already occurred).
  - First Payment Due Date
  - Loan Term (in months)
  - Loan P&I Amount (monthly) (Do **NOT** change P&I if First Interest Rate Change Date has already occurred)
  - First Interest Rate Change Date (found in paragraph 4A of the Note)
  - First Payment Change Date (should be exactly one month following First Interest Rate Change Date)
  - Look Back Days (found in paragraph 4B of the Note) – "…as of the date XX days before each change date…" **FAIL if this is not a match – do not do a data change.** DO NOT FAIL for ASAP+ as this information is not available to print on barcodes.
  - Mortgage Margin (found in paragraph 4C of the Note)
  - Index Rounding (found in paragraph 4C of the Note) – "…the result of this addition to the XX of one percentage point…" **FAIL if this is not a match – do not do a data change.** DO NOT FAIL for ASAP+ as this information is not available to print on barcodes.
  - Mortgage Rate Ceiling (found at the end of paragraph 4D of the Note – "My interest rate will never be greater than ____%.")
  - Mortgage Rate Floor – certify floor on the data to floor on the note if indicated (found at the end of paragraph 4D of the Note – "My interest rate will never be greater than ____% or less than ____ %.") If not indicated, then floor should be "0".
  - Per Adjustment Cap Down – Calculate by subtracting the Per Adjustment Cap Down from the Original Note Rate. This should equal the amount indicated in paragraph 4D of the Note "…at the first change date will not be… less than ____%..." If the calculation equals a number LESS THAN the Mortgage Margin, then the amount of

CONFIDENTIAL

FNMA-USM000004407

the Mortgage Margin MUST BE indicated in that field in paragraph 4D. (This is because this field in paragraph 4D is never allowed to contain a number lower than the Mortgage Margin.) **FAIL if this is not a match (unless there is a Low Down Payment Mortgage Addendum) – do not do a data change.** If there is a Low Down Payment Mortgage Addendum, subtract the rate reduction amount on the addendum from the mortgage margin. This new amount is the amount that should be indicated in paragraph 4D of the Note.

- Per Adjustment Cap Up – Calculate by adding the Per Adjustment Cap Up to the Original Note Rate. This should equal the amount indicated in paragraph 4D of the Note "…at the first Change Date will not be greater than ____%..." **FAIL if this is not a match – do not do a data change**

### HECM (Home Equity Conversion Mortgage)

- The following data fields on the data transmission sheet (barcode) must be certified against the loan documents:
  - Address
  - Property City
  - Property State
  - Property Zip Code
  - Original Note Rate
  - First Interest Rate Change Date
  - Mortgage Margin
  - Mortgage Rate Ceiling
  - FHA Case No. – **Required.** The FHA Case No. must be 13 digits; the last 3 should be 952, 912, 958 or 918 according to the Note (this is a FHA product, and last three digits are the property type and should be on the transmission even if they are NOT on the Note. Do not include the suffix 255 even if it is on the Note.
  - Equity Share Flag must = N (we do not buy Equity Share loans)
- Loan Agreement is required – T&C copy is acceptable. True & certified stamp **does not need to** be initialed and does not have to be original. FHA case number must be displayed on Loan Agreement in addition to note.
  - Must have borrower(s) signature(s) and typed name(s) below line
  - Verify that the borrower(s) name(s) are the same as borrower(s) name(s) on Note
  - Effective May 1, 2008 – Must include Exhibits 1 (Payment Plan) and 2 (Schedule of Closing Costs/Schedule of Liens)
  - Effective May 1, 2008 – If Exhibit 2 (Schedule of Closing Costs/Schedule of Liens) or barcode indicates a repair setaside amount, then Exhibit 3 (Repair Rider) is required.
- Repair Setaside Amount – validate that the amount indicated on the barcode matches the amount listed in both Exhibit 2 of the Loan Agreement (Schedule of Closing Costs/Schedule of Liens), and Exhibit 3 (Repair Rider).
- Power of Attorney is required if there is an Attorney-in-Fact
- If the loan is a HECM Trustee loan, the Note and Loan Agreement must be signed by the beneficiary/borrower, and *may* be signed by the trustee if required by the lender.

Fannie Mae Proprietary and Confidential                    Valid 8-1-08 to 10-13-08
H:\Config\Windows\Desktop\15_Attach A-12 CSC Precertification Job Aid valid 8-1-08 to 10-13-08.doc Page 7 of 27

CONFIDENTIAL                                                           FNMA-USM000004408

### HKM (Homekeeper Mortgage)

- The following data fields on the data transmission sheet (barcode) must be certified against the loan documents:
  - Address
  - Property City
  - Property State
  - Property Zip Code
  - Original Note Rate
  - First Interest Rate Change Date
  - Mortgage Margin
  - Mortgage Rate Ceiling
  - Equity Share Flag must = N (we do not buy Equity Share loans)
- Original Loan Agreement is required
  - Must have original borrower(s) signature(s) and typed name(s) below line
  - Verify that the borrower(s) name(s) are the same as borrower(s) name(s) on Note
  - Effective May 1, 2008 – Must include Exhibits 1 (Payment Plan) and 2 (Schedule of Closing Costs/Schedule of Liens)
  - Effective May 1, 2008 – If Exhibit 2 (Schedule of Closing Costs/Schedule of Liens) or barcode indicates a repair setaside amount, then Exhibit 3 (Repair Setaside Addendum) is required.
- Repair Setaside Amount – validate that the amount indicated on the barcode matches the amount listed in both Exhibit 2 of the Loan Agreement (Schedule of Closing Costs/Schedule of Liens), and Exhibit 3 (Repair Setaside Addendum).
- Power of Attorney is required if there is an Attorney-in-Fact
- If the loan is a HKM Trustee loan, the Note and Loan Agreement must be signed by the beneficiary/borrower both as individual and as trustee.

## III.  ADDITIONAL REQUIREMENTS FOR SPECIFIC DOCUMENT TYPES

### LOAN MODIFICATION

- Verify the transmitted data against the loan modification, NOT the Note.  If loan mod includes language stating that all remaining provisions of Note remain unchanged, then verify the remaining data fields not addressed on the loan mod against the Note; otherwise the lender must submit a screen print or other documentation verifying these fields. Fail the loan if this documentation is not included with the loan documents.
- Must be original, a copy of the recorded modification, or a true and certified copy of the original that was sent to the recording office.  True & certified stamp **does not need to** be initialed and does not have to be original.
- Must be signed by borrower(s)
- An original Note with blank endorsement must accompany the loan modification
- Verify that the borrower(s) name(s) are the same as borrower(s) name(s) on Note
- Any exhibits noted on the modification must be present
- Beginning June 1, 2007 all modifications must be on one of the following forms:
  - Form 181 – if loan is delinquent FHA or VA loan, or if borrower made a substantial pay down

CONFIDENTIAL

FNMA-USM000004409

- Revised Form 3179 dated 6/06 – for fixed rate notes or to convert ARM to fixed
- New Form 3161 dated 6/06 – for adjustable rate notes with no step interest
- New Form 3162 dated 6/06 – for fixed rate step interest rate notes or ARMs converting to fixed with step interest rate
- A different, but substantially equivalent, modification agreement form is also acceptable as long as it includes an enforceable due-on-sale clause.

Loan Mods issued before June 1, 2007 can be on any of these new forms or the old form 3179.

- An Assignment is required unless the Note is a MERS, or if the modification is amending the Deed of Trust/Mortgage. (See Assignment pre-certification checklist)
- Assignment should be date of loan modification or after, and if loan amount is referenced in the Assignment, it must be the loan modification loan amount, *not* the Note loan amount

### BALLOON LOAN
- Notes for PUERTO RICO do not have to indicate "balloon" at top of note.  Puerto Rico loans can have balloon notes as long as they use the multistate balloon note (form 3260)
- Amortization Type should be Balloon
- Note must indicate "Balloon"
- Term for cash balloons is usually 84 months (7 years).  Term for MBS, ASAP or ASAP+ balloons is usually either 84 or 360 months.
- A Balloon Addendum (Conditional Right to Refinance) (Form 3266) must be included, and must include the Conditional Right to Refinance sections.  The Addendum must be an original, and borrower(s) name(s) must match borrower(s) name(s) on Note

### BALLOON LOAN (2ND Trust)
- If Submission Type/Lien is Whole/Second *NO* addendum is required.  If the loan document is a "balloon note," the amortization must indicate "balloon" (if not, a data change is required).

### REFINANCED BALLOON LOAN
- At maturity of an original balloon loan, the loan is refinanced for the remaining amortization period (usually 23 years) on a document called Mortgage Modification Agreement, which is delivered as a true and certified copy.  It is one document that combines the Note, Loan Modification, and Mortgage.
- The copy of the recorded document does not need an endorsement.  If an original recorded document is received, then look for endorsement.

CONFIDENTIAL                                        FNMA-USM000004410

*BIWEEKLY*
- Calculate Loan Term and Loan P&I Monthly Amount using file in the shared drive on computer – s:\centpur\csc\BiWeekly_and_Monthly_Calculation_09_07_05FINAL.xls
- When product type indicates *A/A Bi-weekly* at top of barcode, the amount listed for the Loan P&I Amount (monthly) should match the actual biweekly payment amount stated in the note.
- When product type **does not** indicates *A/A Bi-weekly* at top of barcode, the amount listed for the Loan P&I Amount (monthly) should equal twice the actual biweekly payment amount stated in the note.

*CO-ISSUE*
- Barcode will have one of three banners "Co-Issue", "Co-Issue – Cenlar" or "SAI".
- Standard co-issue loans will have servicer number 13123, with branch numbers beginning with 834, 835, 836 or 837.
- Co-issue – Cenlar loans will have servicer number 26554, with branch numbers beginning with 834, 835, 836 or 837.
- SAI loans will have servicer number 25610-000-7.
- Before precerting check for blackout period. Dates of blackout period will be posted in sign-in area (typically blackout period is the last 11 business days of the month).
- If during blackout period, check to see whether loans are cash or MBS (Certification Priority 70).
- Cash loans can be certified *through* the first day of the blackout period. After first day cash loans may be rejected. If after first day of blackout period, place cash loan documents and barcodes in Co-issue tray – do not precert.
- After first day of blackout period a warning message "Loan is in Blackout Period" will appear if someone attempts to certify cash loan(s). If this happens, follow instructions on screen. Print worklog and place with cash loans/barcodes in Co-issue tray. DO NOT PLACE IN POSTSCAN AREA AS THESE LOANS HAVE NOT BEEN CERTIFIED.
- If loans are MBS, certify the loans and file as indicated below – MBS LOANS ARE NOT SUBJECT TO THE BLACKOUT PERIOD.
- All Co-Issue loans should be filed with all other loans in post scan area.

*CO-OP*
- Apply a white Co-op label to the barcode and fill in the requested information
- Verify that the Note and co-op share documents are for the same borrower(s)
- If the loan has a MIN (MERS Number), then a UCC-3 is not required.
- See Appendix E – "Co-op Pre-certification Guidelines" for state-specific pre-certification information
- "Co-op Loan" must be indicated on barcode. If not, FAIL.

CONFIDENTIAL

FNMA-USM000004411

### CEMA (Consolidation Extension Modification Agreement)

- Original consolidated Note required. The Consolidated Note and Exhibit C of the CEMA must have some indication that the Note is a Consolidated Note. This can be either the words "Consolidated Note" at the top, or language similar to the following: "This Note amends and restates in their entirety, and is given in substitution for, the Notes described in Exhibit A of the New York Consolidation, Extension and Modification Agreement dated the same date as this Note.". If neither "Consolidated Note" nor language included, DO NOT FAIL – certify and file the loan(s). Fill out the Lender Notification Form, staple it to the transmittal sheet, and place it in the PR tray for the appropriate region for an ABA to notify the lender to remember to include this for future CEMAs.
- CEMA can be original, copy of the recorded modification or a true and certified copy of the original that was sent to the recording office. True & certified stamp **does not need to** be initialed and does not have to be original.
- CEMA must be signed by borrower(s) and lender representative
- Exhibit A (list of loans) required
- Exhibit B (legal description) required (or acceptable if legal description is located on another document within loan package)
- Exhibit C (copy of consolidated Note – does not need to be a signed copy)
- Exhibit D (copy of Mortgage or Deed of Trust)
- Not required – other notes listed in Exhibit A. **If the date of the CEMA is prior to May 2001, then prior certification rules apply, and all notes listed in the CEMA must be included.**
- If a Form 276 "Custody Document Transmittal" is received with CEMA, it should be given to the PR team to resolve. Do NOT pull from the vault documents requested on Form 276
- An Assignment is required unless the Note is a MERS. (See Assignment pre-certification checklist). Assignment should be date of CEMA or after

### C TO P (Construction to Permanent)

- If Fannie Mae is the seller, Note endorsement is not required
- An Assignment is required unless the Note is a MERS, or unless Fannie Mae is the seller. (See Assignment pre-certification checklist)
- Must be signed by borrower(s)
- Verify that the borrower(s) name(s) are the same as borrower(s) name(s) on Note
- For C to P loans in CONSTRUCTION phase:
  - There will be a Note and a construction loan Addendum or Rider. The Note will reflect the permanent data. The Addendum or Rider will have the correct construction phase Interest Rate. Therefore,
  - Verify the Interest Rate on the barcode against the Addendum or Rider
  - Verify all other fields on the barcode against the Note
- For C to P loans in PERMANENT phase:
  - There will be a Note and most likely a Loan Modification Agreement. The Note will reflect the original permanent data. If any of this data has changed since the Note was originally created, then there will be a Loan Mod. Therefore,

CONFIDENTIAL                                                                    FNMA-USM000004412

- If there is a Loan Mod, verify the information contained in the Loan Mod against the barcode. If there are any remaining barcode fields not addressed in the Loan Mod, verify these against the Note.
- If there is no Loan Mod, then verify all barcode fields against the Note

### DEDICATED CHANNEL
- For all dedicated channel lenders, including PHH, ALL data fields on ARM notes must be pre-certed including the data below the P&I. (If the data does not match, reprint the barcode and pre-cert against the new barcode. Discard the old barcode.)
- POA banner will print on all PHH Refinanced loans. If the banner prints, and the loan is signed by an attorney-in-fact, then a POA must be included. If the banner is not on the barcode, then the loan does not require a POA. (No longer need to look up on transmittal sheet, or stamp the "PHH POA Variance" on barcode)

### eMORTGAGE
- Original docs not required, authoritative Note is certified in eMD
- Verify data on transaction detail to data transmitted
- Certify loan in eMD and DDF
- Both electronically signed and holographic borrower signatures are acceptable – see Appendix H – "Acceptable eMortgage Signatures"

### FANNIE MAE REO (Real Estate Owned)
- Seller name on data transmission is Fannie Mae
- Note endorsement is not required
- Assignment is not required
- This is a REO unless loan document is Balloon

### FIXED RATE CONVERTIBLE
- Verify data on addendum to xcdDesc on data transmitted

### HOOP (Home Ownership Opportunity Product)
- Original HOOP Addendum is required
- Verify data on addendum to xcdDesc on data transmitted

CONFIDENTIAL                                                    FNMA-USM000004413

## INTEREST ONLY (I/O)

- Do not certify the P&I field (as this can change daily)
- Verify the Interest Only End Date on the barcode against the Note, either by verifying the number of months in the Interest Only period, or the actual End Date (you do not need to verify both).  This will typically be one of the following:
  - For Fixed Rate loans – paragraph 3 (A) of the Note will usually list the duration of the Interest Only period in months.  Verify this against the number of months stated on the barcode.  If this is not a match – **FAIL THE LOAN, do not make a data change**.  Note the discrepancy as the fail reason and place in the PR tray.
  - For ARM loans – paragraph 4 (G) will usually contain language stating that "The date of my first payment consisting of both principal and interest…shall be the first monthly payment date after the first Change Date.  This would indicate that the Interest Only End Date would be the same as the Change Date that is listed in paragraph 4 (A).  Verify this against the End Date listed on the barcode.  If this is not a match – **FAIL THE LOAN, do not make a data change**.  Note the discrepancy as the fail reason and place in the PR tray.

  DO NOT FAIL for ASAP/ASAP+ loans; certify the loan.  Staple a Lender Notification Form to the top of the transmittal sheet and place in the appropriate regional PR tray for an ABA to notify the lender to include the Interest Only End Date when redelivering the loan.
- If the header or footer of the note indicates a specific Interest Only term, (for example – "10 Year Interest Only Note"), then the actual Interest Only term indicated in the body of the Note (typically paragraph 3 (A) for Fixed Rate or 4 (G) for ARM) must match the header/footer. (This is rare.)
- Beginning June 1, 2007, all qualifying notes must indicate "Interest-only", and must be on either the updated Fannie Mae form (dated 09/06), or a non-standard industry form.  (If note does not indicate at top, check bottom of page.  For PHH, check under label for this language if not visible).  If not, FAIL.
- "Interest Only" must be indicated at top of barcode.  If not, FAIL.  For ASAP+ loans, if the "Interest Only" banner does not print on the barcode, do NOT fail.  After certifying the loan, staple a Lender Notification Form to the top of the transmittal sheet and place in the appropriate regional PR tray for an ABA to notify the lender to include the Interest Only future feature code when redelivering the loan.

## JUMBO CONFORMING LOANS

- "Jumbo- Conforming" banner must be on barcode – if not, FAIL.
- A copy of the daily "Jumbo Conforming Early Funding Loans Report", with the loan listed on it, must be stapled to the back of the barcode.  If not, bring loan to mail person to verify if loan is on report before certifying or failing.
- Loan must be FAILED if there is a discrepancy in any of the following fields (do NOT do a data change):
  - Address
  - Property City
  - Property State
  - Property Zip Code
  - Original Loan Amount

CONFIDENTIAL

FNMA-USM000004414

*MURABAHA*
- Addendum is required – does not need to be an original
- Verify the Original Loan Amount against the Addendum.  Verify all other data fields against the Note.
- MURABAHA  must be indicated on barcode.  If not FAIL.

*NATIVE AMERICAN LOAN PROGRAM*
- Native American Loan Program must be indicated on barcode.  If not FAIL.
- <u>No addendums, riders or other documents are required, but if any are received, keep them with the Note</u>

*PAYMENT POWER ADDENDUM*
- Verify data on addendum to xcdDesc on data transmitted

*STEP RATE NOTE*
- A rider should be included
- Verify the information against the rider

*TPR ADDENDUM*
- Original TPR Addendum is required
- Verify data on addendum to xcdDesc on data transmitted (fail if they do not match):
  - Note rate reduction percentage
  - Number of times Note rate can be reduced
  - Number of recent consecutive on-time payments
- If the note is seasoned and the TPR Addendum interest rate reduction has already taken effect, verify that the note rate listed on the barcode equals the interest rate in the note minus the rate reduction noted in the TPR Addendum.  A screen print indicating the borrower's current P&I is required, since this information is not available on the TPR addendum.  Fail the loan if screen print is not included with loan documents.
- Must be signed by borrower(s)
- Verify that the borrower(s) name(s) are the same as borrower(s) name(s) on Note

*TWO-STEP ARM*
- Must include an Amortization Schedule.  Use the schedule to certify Loan Amount, Interest Rate, Loan Term and P&I.
- Assignment amount will match the Note, not the schedule.

CONFIDENTIAL                                                                 FNMA-USM000004415

# ADDITIONAL INFORMATION

*BAILEE*
Associate business analysts process all loan documents received with a bailee letter. Bailee lender will usually be indicated at top of first page or referenced in last paragraph of letter.

*CERTIFICATION PRIORITY CODES*
100   ASAP+ (Must be processed by 1:00 p.m.)
90    ASAP (As Soon as Pooled) (Must be processed by 1:00 p.m.)
80    HECM and HKM (Reverse Mortgage Loans) (Must be processed by 2:00 p.m.)
80    CASH
70    MBS (Mortgage Backed Security)

<u>REGIONS</u>
2    Central Region
4    Western Region
5    Eastern Region

<u>LOAN TERMS</u>
10 year = 120 months
15 year = 180 months
20 year = 240 months
30 year = 360 months
40 year = 480 months
 7 year = 84 months (balloons)

CONFIDENTIAL                                    FNMA-USM000004416

*STANDARD ACCEPTABLE ABBREVIATIONS IN STREET ADDRESS*

| Full Word | Acceptable Abbreviation |
|-----------|------------------------|
| North | N |
| South | S |
| East | E |
| West | W |
| First | 1st |
| One | 1 |
| Street | ST |
| Avenue | AVE |
| Road | RD |
| Court | CT |
| Lane | LN |
| Highway | HWY |
| Parkway | PKWY |
| Route | RT or RTE |

Okay as is (*DO NOT CHANGE*):

- If the address is keyed without spaces
- If data looks truncated
- If note has lot # and barcode has street address
- If note has property address but no "Street", "Lane", "Avenue", etc. and barcode does have "Street", "Lane", "Avenue", etc.
- If note is seasoned and zip code on barcode is different than note

*DO* Make the following Changes:

- Spelling or number errors in property address
- If unit # is on note, but not on barcode
- If "Street", "Lane", "Avenue", etc. is on note but not on barcode

CONFIDENTIAL                                                                            FNMA-USM000004417

**APPENDIX A – "Borrowers' Signatures on the Note"**

A borrowers' signature should not contradict the name typed below the signature line on the note.  However, we will not object to slight variations—a missing initial, the omission of a "Jr" or "Sr," or an over or undersigning (such as a borrower signing as William Thomas Smith when the typed name is William T. Smith, or vice versa).  On the other hand, significant variations—such as William Smith signing as "Skip" Smith, signing with an "X," or signing under an "also known as" name—are not acceptable, unless the lender obtains a signature/name affidavit from the borrower stating that he or she commonly uses the alternative signature.

**If "See Signature Page Attachment" or similar language is printed on the signature page of the note, then the attachment must be included and must contain the borrower's name and signature.**

CONFIDENTIAL                                                           FNMA-USM000004418

## APPENDIX B – "Acceptable POA Signatures"

### ACCEPTABLE POA SIGNATURES

The signature of an Attorney in Fact is acceptable as long as POA or AIF is indicated beside the person's name and an acceptable POA document is received.  The following are examples of acceptable signatures:

*Chris Jones by Jane Smith, AIF*
Chris Jones, by Jane Smith his Attorney in Fact

*Chris Jones, by Jane Smith, AIF*
Chris Jones

*Chris Jones, by Jane Smith*
Chris Jones, by Jane Smith his Attorney in Fact

*Jane Smith*
Chris Jones, by Jane Smith his Attorney in Fact

*Jane Smith, AIF*
Chris Jones


The following is **NOT** an acceptable signature for a POA:

*Jane Smith*
Chris Jones

*Jane Smith*
Jane Smith, Attorney in Fact

CONFIDENTIAL

FNMA-USM000004419

## APPENDIX C – "Intervening Endorsements"

### ACCEPTABLE INTERVENING ENDORSEMENTS

| ORIGINATOR | SELLER or SERVICER | FANNIE MAE |
|---|---|---|
| Blank Endorsement | Nothing | OK to accept if it's the only blank endorsement. |
| Blank Endorsement | Blank Endorsement | FAIL – Need originator to endorse the blank endorsement over to the Seller or Servicer since we can't have 2 blank endorsements from different lenders. |
| Endorsed over to Seller | Blank Endorsement | OK to accept.  Can be from Seller or Servicer. |
| Endorsed over to Servicer | Blank Endorsement | OK to accept.   Can be from Seller or Servicer. |
| Nothing | Blank Endorsement | FAIL – Need intervening endorsement from Originator. |

Endorsement sample:

Pay to the Order of
Without Recourse

_____
Name of Originating Lender
*Signature of Lender Officer*
Lender officer printed name & title

CONFIDENTIAL                                                                FNMA-USM000004420

## APPENDIX D – "Affidavit of Lost Note"

Fannie Mae Loan No: _____

## AFFIDAVIT OF LOST NOTE

I,_____ being duly sworn, do hereby state under oath that:

1.   I,_____, as (title) of_____ ("Lender") am authorized to make this Affidavit.

2.   The Lender is the payee under the following described mortgage note (the "Note")]:

   Date:_____
   Loan No:_____
   Borrower(s):_____
   Original Payee:_____
   Original Amount:_____
   Rate of Interest (initial rate if ARM):_____
   Address of Mortgaged Property:_____

3.   The Lender is the lawful owner of the [Note], and the Lender has not cancelled, altered, assigned or hypothecated the [Note].

4.   The [Note] was not located after a thorough and diligent search which consisted of the following actions: _____

5.   Attached hereto is a true and correct copy of (i) the [Note], or (ii) the Mortgage or Deed of Trust which secures the [Note], which Mortgage or Deed of Trust is recorded at_____

6.   This Affidavit is intended to be relied on by the Federal National Mortgage Association, doing business as Fannie Mae, its successors, and assigns.

7.   The Lender hereby agrees to indemnify and hold Fannie Mae harmless against any loss, liability or damage, including reasonable attorneys' fees, resulting from the unavailability of the lost [Note], including but not limited to any loss, liability or damage arising from (i) any false statement contained in this Affidavit of Lost [Note], (ii) any claim of any party that it has already purchased a mortgage loan evidenced by a lost [Note] or any interest in such loan, and (iii) any claim of any borrower with respect to existence of the terms of a mortgage loan evidenced by a lost [Note].

CONFIDENTIAL

FNMA-USM000004421

EXECUTED THIS_____ day of_____, 20__.

LENDER

By: _____
Name: _____
Title: _____
Date: _____

On this _____ day of_____, 20___, before me appeared _____, to me personally known, who being duly sworn did say that she/he is the_____ of the Lender, and that said Affidavit of Lost Note was signed and sealed on behalf of the institution defined in this document as Lender, and said _____ acknowledged this instrument to be the free act and deed of said Lender.

_____
Notary Public in and for the
State of _____

My Commission expires:_____

CONFIDENTIAL

FNMA-USM000004422

### APPENDIX E – "Co-op Pre-certification Guidelines"

CO-OP PRE-CERTIFICATION GUIDELINES

**ALL STATES**
**Co-Op Note:**
- Original Note with blank endorsement (verify that the note and the co-op share document match)
- Recognition Agreement – also accept Proprietary Lease or Occupancy Agreement


**DISTRICT OF COLUMBIA, FLORIDA, MARYLAND, NEW YORK, VIRGINIA** (and all states not listed below)
**Co-Op Docs:**
- Original executed copy of the Uniform Commercial Code financing statement (UCC-1); some jurisdictions require the original to be recorded, therefore **a copy is acceptable**
  - *Bearing the file stamp of the relevant filing office(s)*
- Original Assignment of the UCC financing statement (UCC-3) to Fannie Mae
  - *In a form suitable for filing but not filed*
- Stock, shares, membership certificate, or other contractual agreement evidencing ownership
- Original recognition agreement – also accept Proprietary Lease or Occupancy Agreement

- Assignment of the recognition agreement(s) / Proprietary Lease to Fannie Mae, **if applicable**
  - *Duly executed and on a form obtained from Fannie Mae*


**CALIFORNIA**
**Assignment:**
- Original Assignment of the Mortgage to Fannie Mae
  - *Duly executed and completed in a form suitable for recording, but not recorded*
**Co-Op Docs:**
- Original recognition agreement – also accept Proprietary Lease or Occupancy Agreement


**CONNECTICUT**
**Assignment:**
- Original Assignment of the Mortgage to Fannie Mae
  - *In a form suitable for recordation on the land records in the relevant filing office(s), but not recorded*

CONFIDENTIAL                                                          FNMA-USM000004423

**Co-Op Docs:**
- Original Assignment of proprietary lease to Fannie Mae from the Lender
  - *In a form suitable for recordation on the land records in the relevant filing office(s), but not recorded*
- Original recognition agreement – also accept Proprietary Lease or Occupancy Agreement
- Original Assignment of security agreement to Fannie Mae
  - *Or other similar document used in the jurisdiction pledging the stock shares, membership certificate or other agreement evidencing ownership*

## ILLINOIS
**Co-Op Docs:**
- Original executed copy of the Uniform Commercial Code financing statement (UCC-1); some jurisdictions require the original to be recorded, therefore a **copy is acceptable**
  - *Bearing the file stamp of the relevant filing office(s)*
- Original Assignment of the UCC financing statement (UCC-3) to Fannie Mae **OR**, Original executed copy of the Uniform Commercial Code Financing Statement (UCC-2)
  - *In a form suitable for filing but not filed*
- Stock, shares, membership certificate, or other contractual agreement evidencing ownership
- Original recognition agreement – also accept Proprietary Lease or Occupancy Agreement
- Assignment of the recognition agreement(s) / Proprietary Lease to Fannie Mae, **if applicable**
  - *Duly executed and on a form obtained from Fannie Mae*
- Assignment of the security agreement to Fannie Mae
  - *Duly executed*

## MASSACHUSETTS
**Co-Op Docs:**
- Original Assignment of the UCC financing statement (UCC-3) to Fannie Mae
  - *In a form suitable for filing but not filed with the relevant filing office(s)*
- Stock, shares, membership certificates, or other contractual agreement evidencing ownership
- Original recognition agreement – also accept Proprietary Lease or Occupancy Agreement
- Original executed copy of the UCC financing statement (UCC-1); some jurisdictions require the original to be recorded, therefore a **copy is acceptable**
  - *Bearing the file stamp of the relevant filing office(s)*

CONFIDENTIAL

FNMA-USM000004424

## MICHIGAN
**Co-Op Docs:**
- No specific requirements. In cases where there are a small number of loans delivered we rely on the lender's rep (contained in the lender's contract) that the loan documents are enforceable.

## MINNESOTA
**Co-Op Docs:**
- Evidence of ownership in the form of a stock certificate or membership certificate
- Original recognition agreement – also called Proprietary Lease or Occupancy Agreement
  - *And any intervening Assignments*
- If the unit owner's interests are wholly personal property:
  - Original executed copy of the Uniform Commercial Code Financing Statement (UCC-1); some jurisdictions require the original to be recorded, therefore a **copy is acceptable**
    - *Bearing the stamp of the county recorder's office (abstract) or registrar of titles office (Torrens) in the county in which the cooperative unit is located*
  - Original Assignment of UCC-1 financing statement (UCC-3) to Fannie Mae
    - *In form suitable for filing, but not filed, and any intervening Assignments of the UCC-1 bearing the relevant intervening UCC filing stamps if the Assignments occurred after the Minnesota Mortgage was originated but before it was delivered to Fannie Mae*
  - Original security agreement
    - *Bearing the relevant filing stamps and each intervening Assignment of the security agreement*
  - Original Assignment of the security agreement to Fannie Mae
    - *In a form suitable for filing, but not filed, and any intervening Assignments of the security agreement bearing the relevant filing stamps*
- If the unit owner's interests are wholly real property:
  - Original Assignment of mortgage to Fannie Mae
    - *In form suitable for filing, but not filed, and any intervening Assignments of mortgage bearing the relevant intervening filing stamps*

## NEW JERSEY
**Co-Op Docs:**
- Original executed copy of the Uniform Commercial Code financing statement (UCC-1); some jurisdictions require the original to be recorded, therefore a **copy is acceptable**
  - *Bearing the file stamp of the relevant filing office(s)*
- Original Assignment of the UCC financing statement (UCC-3) to Fannie Mae
  - *In a form suitable for filing but not filed*
- Stock, shares, membership certificate, or other contractual agreement evidencing ownership
- Original recognition agreement – also accept Proprietary Lease or Occupancy Agreement
- Assignment of the recognition agreement(s) / Proprietary Lease to Fannie Mae, **if applicable**
  - *Duly executed and on a form obtained from Fannie Mae*

CONFIDENTIAL                                                                    FNMA-USM000004425

## PENNSYLVANIA
**Assignment:**
- Original Assignment of mortgage to Fannie Mae
  - *In a form suitable for recordation in the land records in the relevant filing office(s), but not recorded*

**Co-Op Docs:**
- Stock, shares, membership certificates, or other contractual agreement evidencing ownership
- Executed blank stock power
- Original recognition agreement – also accept Proprietary Lease or Occupancy Agreement
- Original Assignment of the security agreement to Fannie Mae
  - *In a form suitable for recordation in the land records in the relevant filing office(s)*
- Original Assignment to the Lender of the borrower's ownership interest in the cooperative interest
  - *Showing the appropriate evidence of recordation indicating that the Assignment has been recorded in the land records in the county where the cooperative project is located*
  - *Assignment must include language evidencing an intent to transfer the cooperative interest, which must include: (i) an Assignment of the stock, shares, membership certificates, or an Assignment of the transfer of the cooperative interest on the books of the association and (ii) an Assignment of the borrower's interest in the proprietary lease (containing a provision which states that by completing such Assignment it is the borrower's intent to transfer possessory interest in the cooperative unit to the Lender or its successor-in-interest in the event of a foreclosure or a conveyance-in-lieu of foreclosure*
  - *Assignment must include cooperative association as a party to the Assignment for the purposes of acknowledging the transfer on the cooperative association's books, stating the amount of any unpaid assessments due and payable from the borrower at the time of the transfer (which amount must be zero) and stating that the transfer is permitted and not a "limited equity" transfer*
- Assignment in blank of the original Assignment of the borrower's ownership interest in the cooperative unit to the Lender
  - *In recordable form, but not recorded*

CONFIDENTIAL

FNMA-USM000004426

**APPENDIX F – "Acceptable eMortgage Signatures"**

Both electronically signed and holographic borrower signatures are acceptable for eMortgage notes.

Following is an example of each:

## Sample 1:  Typed Signature

*Electronically signed by John Homeowner on 10/18/2001 14:28:01 PDT*

---

John Homeowner

## Sample 2:  Holographic Signature

*John Homeowner*

---

John Homeowner

Fannie Mae Proprietary and Confidential                    Valid 8-1-08 to 10-13-08
H:\Config\Windows\Desktop\15_Attach A-12 CSC Precertification Job Aid valid 8-1-08 to 10-13-08.doc Page 26 of 27

CONFIDENTIAL                                                                                    FNMA-USM000004427

## APPENDIX G – Glossary of Terms Pertaining to Loan Certification

Addendum – a document that adds further covenants and agreements to the Note.

Allonge to Promissory Note – a document that contains an endorsement and is submitted when the original Note is missing the blank endorsement.  An Allonge becomes a permanent part of a Note.

Assignment – a document that transfers beneficial interest ownership of the mortgage or Deed of Trust to Fannie Mae.

Indemnification agreement – a document that releases Fannie Mae from any loss, liability, or damage including but not limited to reasonable attorneys' fees resulting from the unavailability of any lost Notes, any false statement contained in the Affidavits attached, and any claim of any borrower with respect to existence of term of a mortgage loan evidence by a lost Note.

Intervening Assignment – an assignment transferring beneficial interest ownership or the mortgage or Deed of Trust from the originator to a third party who then assigns the security instrument to Fannie Mae.

Intervening Endorsement – an endorsement from the originator to a third party who then endorses the Note in blank before delivering to Fannie Mae.

Loan Agreement – a legal document that contains the terms and conditions of a Home Equity Conversion Mortgage or a Home Keeper Mortgage.

Loan Modification Agreement – a document that amends and supplements the original terms of the mortgage and/or Note.

Lost Note Affidavit – a document that attests to the fact that the original copy of the Note was lost and could not be located after a thorough and diligent search.  The Lost Note Affidavit states that the lender is the lawful owner of the Note and has not cancelled, altered, assigned or hypothecated the Note.

Mortgage Modification Agreement – a document that amends and supplements the original terms of the mortgage and Note.

Note – a document that is signed by the borrower of a loan that acknowledges the debt and by inference the promise to repay.  A Note backed by a mortgage names the mortgagee as the payee.

Original Recognition Agreement – a letter which stipulates the representations and agreements regarding the cooperative ownership shares of the corporation.

Power of Attorney – a legal document that authorizes one person to act on behalf of another.  A power of attorney authorizes someone other than the borrower to sign the Note.

Rider – a documents that adds or substitutes wording in a Note.

Security Agreement – guarantees to the lender that the loan represented by the Note will be repaid and gives the lender a continuing security interest in the title to the share of the cooperative corporation.

Stock, shares, or membership certificate – evidence of ownership in a cooperative (co-op).

UCC financing statement – a financing statement that covers a type or item of property.

CONFIDENTIAL

FNMA-USM000004428

# ATTACHMENT A-12

# CERTIFICATION SERVICE CENTER (CSC) PRECERTIFICATION JOB AID

## Table of Contents

**Pre-certification Checklist**

**Appendices**

APPENDIX A – "Borrowers' Signatures on the Note"

APPENDIX B – "Acceptable POA Signatures"

APPENDIX C – "Intervening Endorsements"

APPENDIX D – "Affidavit of Lost Note"

APPENDIX E – "Co-op Pre-certification Guidelines"

APPENDIX F – "Acceptable eMortgage Signatures"

APPENDIX G – "Glossary of Documents Pertaining to Loan Certification"

Exhibit No. P-6
Dft __ Plt __ Dpnt __
Date _____ Rptr: D.M Lewis
12-4-09

CONFIDENTIAL                                                    FNMA-USM000004429

## Pre-certification Checklist

### I. STANDARD CERTIFICATION REQUIREMENTS FOR ALL LOANS

### BORROWER SIGNATURE(S)
- Must have original borrower(s) signature(s) and typed name(s) below line. A borrower's signature should not contradict the name typed below the signature line on the note. See Appendix A – "Borrowers' Signatures on the Note".
- The borrowers must initial any changes to the document affecting the loan terms. Initials at the bottom of the page are acceptable.
- If Power of Attorney (POA) or Attorney in Fact (AIF) is indicated on Note, an acceptable Power of Attorney document must be attached. *Refer to POA section of pre-certification checklist.* The signature of a Power of Attorney is acceptable as long as POA or AIF is indicated beside the person's name. See Appendix B – "Acceptable POA Signatures".
- If the loan indicates that it is a trustee loan, then it must be signed by the borrower(s) both as individual and as trustee. This can be on two separate lines (one indicating as individual and one indicating as trustee) or on one line indicating "As individual and trustee". (This requirement is different for HECM and HKM loans; see certification job aide for those loans.)
- A signature/name affidavit to verify a borrower's legal signature is required only when a borrower signs with an "X", or if deemed necessary in circumstances where a borrower's signature appears too illegible.
- If the borrowers sign on separate signature pages, there should be language on both indicating that there are two signers and two signature pages. If not, FAIL the loan.
- As a standard, Fannie Mae does not require documents to be witnessed, but if there is a name typed beneath a witness signature line, then there must be a signature.

### ENDORSEMENT
- The blank endorsement must contain the following:
  - "Pay to the order of without recourse" language
  - Space beside this language or blank line below language
  - Lender name
  - Authorized signature
  - Name of authorized signer
  - Title of authorized signer
  Properties located in Puerto Rico do NOT need printed name and title of authorized signer on endorsement.
- If the originator of the loan (indicated in the first paragraph of the Note) is not the seller or the servicer, then there must be an intervening endorsement from the originator. See Appendix C – "Intervening Endorsements" for more information.
- We will accept a lender's facsimile (stamped) endorsement of Notes for those jurisdictions in which the lender has determined that such endorsements are valid and enforceable. In these instances, we must have a copy of the lender's corporate resolution on file (check CSC Comments section listed at bottom of barcode). If corporate resolution not noted on bottom of barcode, certify and file the loan(s). Fill out the Lender

CONFIDENTIAL                                                    FNMA-USM000004430

Notification Form, staple it to the transmittal sheet, and place it in the PR tray for the appropriate region.

- If the seller is signing the endorsement on behalf of another entity (usually the originator or another intervening lender), there must be a clear indication of the relationship on the endorsement, so there does not appear to be a gap in the chain of endorsement. Example: if PHH is endorsing a note where the originator is Cartus Home Loans, the endorsement should state "PHH as AIF for Cartus Home Loans" or "PHH as Agent for Cartus Home Loans", etc.; it cannot be endorsed simply by PHH.
- In lieu of a blank endorsement on the Note, an allonge is acceptable. The allonge must include the following fields:
  - Loan amount
  - Borrower(s) name(s) or property address – at least one of these two must be on the allonge. If either or both name and address are on allonge, they must match the Note. If there is more than one borrower on the Note, the allonge is NOT required to list all borrowers, but any that are listed on the allonge must match the Note.
  - "Pay to the order of without recourse" language
  - Space beside this language or blank line below language
  - Lender name
  - Authorized signature
  - Name of authorized signer
  - Title of authorized signer

## *LOST NOTE AFFIDAVIT*

- If the Note is not original, a Lost Note Affidavit (LNA) is acceptable if the lender has exhausted all reasonable means of obtaining the original document. The LNA must:
  - be completed and be accompanied by a copy of the Note or Mortgage or Deed of Trust (does not have to be stamped "True and Certified Copy")
  - be notarized
  - be from the Seller (not Originator, if different entities)
  - contain language that indemnifies Fannie Mae or holds Fannie Mae harmless. If it does not, then an Indemnification Agreement must also be included.
  - be clicked out as "LNA/IA Lights Out" in Workflow.
- The Note copy must be blank endorsed
- See Appendix D – "Affidavit of Lost Note" for a sample Lost Note Affidavit form.
- After clicking out (certifying) the loan as "LNA" in the system, attach a Lender Notification Form to the loan and place in the appropriate regional PR tray.

## *ASSIGNMENT*

- An Assignment is required unless the Note is a MERS (Mortgage Electronic Recordation System), or unless the lender has an assignment waiver (check lender variances listed at bottom of barcode). MERS identifying number (MIN) should be on barcode (located near bottom of data transmission). If no MIN on barcode, it may be written, typed or on a label affixed to Note.
  - If no assignment, and no MIN on barcode or Note, FAIL the loan for missing assignment.
  - If no assignment and no MIN on barcode, but MIN is on Note, do NOT fail. Query loan in Query Control. If MIN in system, then reprint barcode, and certify

CONFIDENTIAL                                                    FNMA-USM000004431

against new barcode. If no MIN in system, then certify the loan; staple a Lender Notification Form to the top of the transmittal sheet, and place the transmittal sheet in the appropriate regional PR tray for an ABA to remind the lender to enter the MIN when delivering loans in the future.

- For HECM or HKM loans – If no MIN on barcode, but MIN is on Note, do NOT fail; certify loan. Do not query loan or submit transmittal sheet to ABA as system limitations currently do not allow MIN to be captured in reverse mortgage system.

- Must be original
- Should not be recorded
- Must be from Servicer if Seller and Servicer are different, unless Seller and Servicer have an affiliate relationship per the Lender Variance Sheet
- Must be assigned to Fannie Mae or Federal National Mortgage Association or FNMA (**not** FHLMA).
- If the Assignment is blank for ASSIGNEE, stamp "Fannie Mae" to avoid failure and ask PR team to inform lender.
- There must be sufficient information to tie the Assignment to the Note (such as loan amount, borrower's name, property address or loan number.)
- If the borrower's name and/or property address are on the Assignment, they must match the note.
- If the original Mortgage amount is on the Assignment, it must match the amount on the Note, or the amount on the Loan Mod Agreement if the loan has been modified.
- If the Assignment references an attachment or exhibit (usually a legal description), this must be present.
- If there is a large blank space where the property address/description should be, but no reference to an attached legal description, then there must be either a full property address or a printed legal description in the space or elsewhere on the Assignment. An incomplete address such as only county or city and state, is not sufficient.
- If an address is listed for Fannie Mae, it should be 3900 Wisconsin Avenue, NW, Washington, DC 20016. If not, do NOT fail the loan; certify the loan; staple a Lender Notification Form to the top of the transmittal sheet, and place the transmittal sheet in the appropriate regional PR tray for an ABA to remind the lender to include the correct address in the future.
- Must **not** include a recitation that the Assignment is "Without Recourse"
- The Assignment must reflect the servicer name and must be signed by the servicer's authorized signer, and include the signer's printed name and title (an attorney's opinion is required for a facsimile signature on an Assignment). The assignment is acceptable as long as the servicer name appears somewhere on the assignment (typically found in the first paragraph). Servicer name is not required to appear below the signer's printed name and title as long as it is somewhere on the assignment.
- Must be notarized
- Must have a date. Usually date is above the authorized officer's signature. If no Assignment execution date, the notary date is acceptable.
- Must be dated on or after the Note date, unless the loan has been modified, then the assignment must be dated on or after the date of the modification.
- Assignment execution date, if indicated, must be same as notary date

CONFIDENTIAL

FNMA-USM000004432

- As a standard, Fannie Mae does not require documents to be witnessed, but if there is a name typed beneath a witness signature line, then there must be a signature.
- Assignments are NOT required for properties in Puerto Rico. (Verify that the lender has this variance.)  Assignments ARE required for properties in the Virgin Islands
- Assignments for properties in Alabama do NOT need to be notarized.
- Assignments for properties in Louisiana and New Hampshire must be notarized, but do NOT require a notary expiration date.
- Assignments for properties in Louisiana, New Hampshire, Georgia, North Carolina, South Carolina and Tennessee must be notarized, but do NOT require a notary paragraph above the notary signature.

### POWER OF ATTORNEY (if required)
- Copy of POA is acceptable
- Must be signed by the borrower
- Must state the name of the designated attorney-in-fact
- The designated attorney-in-fact must be the same as the person signing the Note on behalf of the borrower
- Must be dated the day of the Note or before.  If dated after note date, fail.  If lender can provide the signature page of the Deed of Trust indicating that the loan was signed after the date of the POA, this is acceptable.
- Must be notarized
- Notary and POA signature dates must be the same
- For properties located in New Jersey, if an attorney signed a POA, a notary stamp and expiration date are not required
- For properties located in the Virgin Islands, Attorneys-in-Fact may sign their own name instead of the name of the borrower

### ADDENDUM
- Must have original borrower(s) signature(s) and typed name(s) below line
- Verify that the borrower(s) name(s) are the same as borrower(s) name(s) on Note

### RIDER
- Must have original borrower(s) signature(s) and typed name(s) below line
- A copy is acceptable if the rider refers to a deed of trust or mortgage.  The rider must be original is the rider refers to the Note.
- Verify that the borrower(s) name(s) are the same as borrower(s) name(s) on Note

### II. DATA TO BE VERIFIED FOR SPECIFIC LOAN TYPES

### FIXED RATE NOTE
- The following data fields on the data transmission sheet (barcode) must be certified against the loan documents:
  - Address – if longer than 32 characters, do not need to do data change (system truncation)
  - Property City – if longer than 15 characters, do not need to do data change (system truncation)

CONFIDENTIAL                                                        FNMA-USM000004433

- Property State
- Property Zip Code
- Original Loan Amount
- Original Note Rate
- First Payment Due Date
- Loan Term (in months)
- Loan P&I Amount (monthly) – If P&I amount listed on barcode is only one cent ($.01) greater or less than the amount stated in the note, DO NOT do a data change to correct this.

### *ARM*

- The following data fields on the data transmission sheet (barcode) must be certified against the loan documents:
  - Address – if longer than 32 characters, do not need to do data change (system truncation)
  - Property City – if longer than 15 characters, do not need to do data change (system truncation)
  - Property State
  - Property Zip Code
  - Original Loan Amount
  - Original Note Rate – If P&I amount listed on barcode is only one cent ($.01) greater or less than the amount stated in the note, DO NOT do a data change to correct this. (Do **NOT** change note rate if First Interest Rate Change Date has already occurred).
  - First Payment Due Date
  - Loan Term (in months)
  - Loan P&I Amount (monthly) (Do **NOT** change P&I if First Interest Rate Change Date has already occurred)
  - First Interest Rate Change Date (found in paragraph 4A of the Note)
  - First Payment Change Date (should be exactly one month following First Interest Rate Change Date)
  - Look Back Days (found in paragraph 4B of the Note) – "…as of the date XX days before each change date…"  **FAIL if this is not a match – do not do a data change.** DO NOT FAIL for ASAP+ as this information is not available to print on barcodes.
  - Mortgage Margin (found in paragraph 4C of the Note)
  - Index Rounding (found in paragraph 4C of the Note) – "…the result of this addition to the XX of one percentage point…"  **FAIL if this is not a match – do not do a data change.**  DO NOT FAIL for ASAP+ as this information is not available to print on barcodes.
  - Mortgage Rate Ceiling (found at the end of paragraph 4D of the Note – "My interest rate will never be greater than ____%.")
  - Mortgage Rate Floor – certify floor on the data to floor on the note if indicated (found at the end of paragraph 4D of the Note – "My interest rate will never be greater than ____% or less than ____ %.") If not indicated, then floor should be "0".
  - Per Adjustment Cap Down – Calculate by subtracting the Per Adjustment Cap Down from the Original Note Rate. This should equal the amount indicated in paragraph 4D of the Note "…at the first change date will not be… less than ____%..." If the calculation equals a number LESS THAN the Mortgage Margin, then the amount of

CONFIDENTIAL                                                    FNMA-USM000004434

the Mortgage Margin MUST BE indicated in that field in paragraph 4D. (This is because this field in paragraph 4D is never allowed to contain a number lower than the Mortgage Margin.) **FAIL if this is not a match (unless there is a Low Down Payment Mortgage Addendum) – do not do a data change.** If there is a Low Down Payment Mortgage Addendum, subtract the rate reduction amount on the addendum from the mortgage margin. This new amount is the amount that should be indicated in paragraph 4D of the Note.

- Per Adjustment Cap Up – Calculate by adding the Per Adjustment Cap Up to the Original Note Rate. This should equal the amount indicated in paragraph 4D of the Note "…at the first Change Date will not be greater than ____%..." **FAIL if this is not a match – do not do a data change**

### HECM (Home Equity Conversion Mortgage)

- The following data fields on the data transmission sheet (barcode) must be certified against the loan documents:
  - Address
  - Property City
  - Property State
  - Property Zip Code
  - Original Note Rate
  - First Interest Rate Change Date
  - Mortgage Margin
  - Mortgage Rate Ceiling
  - FHA Case No. – **Required.** The FHA Case No. must be 13 digits; the last 3 should be 952, 912, 958 or 918 according to the Note (this is a FHA product, and last three digits are the property type and should be on the transmission even if they are NOT on the Note. Do not include the suffix 255 even if it is on the Note.
  - Equity Share Flag must = N (we do not buy Equity Share loans)
- Loan Agreement is required – T&C copy is acceptable. True & certified stamp does not need to be initialed and does not have to be original. FHA case number must be displayed on Loan Agreement in addition to note.
  - Must have borrower(s) signature(s) and typed name(s) below line
  - Verify that the borrower(s) name(s) are the same as borrower(s) name(s) on Note
  - Effective May 1, 2008 – Must include Exhibits 1 (Payment Plan) and 2 (Schedule of Closing Costs/Schedule of Liens)
  - Effective May 1, 2008 – If Exhibit 2 (Schedule of Closing Costs/Schedule of Liens) or barcode indicates a repair setaside amount, then Exhibit 3 (Repair Rider) is required.
- Repair Setaside Amount – validate that the amount indicated on the barcode matches the amount listed in both Exhibit 2 of the Loan Agreement (Schedule of Closing Costs/Schedule of Liens), and Exhibit 3 (Repair Rider).
- Power of Attorney is required if there is an Attorney-in-Fact
- If the loan is a HECM Trustee loan, the Note and Loan Agreement must be signed by the beneficiary/borrower, and *may* be signed by the trustee if required by the lender.

CONFIDENTIAL

FNMA-USM000004435

*HKM (Homekeeper Mortgage)*
- The following data fields on the data transmission sheet (barcode) must be certified against the loan documents:
  - Address
  - Property City
  - Property State
  - Property Zip Code
  - Original Note Rate
  - First Interest Rate Change Date
  - Mortgage Margin
  - Mortgage Rate Ceiling
  - Equity Share Flag must = N (we do not buy Equity Share loans)
- Original Loan Agreement is required
  - Must have original borrower(s) signature(s) and typed name(s) below line
  - Verify that the borrower(s) name(s) are the same as borrower(s) name(s) on Note
  - Effective May 1, 2008 – Must include Exhibits 1 (Payment Plan) and 2 (Schedule of Closing Costs/Schedule of Liens)
  - Effective May 1, 2008 – If Exhibit 2 (Schedule of Closing Costs/Schedule of Liens) or barcode indicates a repair setaside amount, then Exhibit 3 (Repair Setaside Addendum) is required.
- Repair Setaside Amount – validate that the amount indicated on the barcode matches the amount listed in both Exhibit 2 of the Loan Agreement (Schedule of Closing Costs/Schedule of Liens), and Exhibit 3 (Repair Setaside Addendum).
- Power of Attorney is required if there is an Attorney-in-Fact
- If the loan is a HKM Trustee loan, the Note and Loan Agreement must be signed by the beneficiary/borrower both as individual and as trustee.


## III. ADDITIONAL REQUIREMENTS FOR SPECIFIC DOCUMENT TYPES

*LOAN MODIFICATION*
- Verify the transmitted data against the loan modification, NOT the Note. If loan mod includes language stating that all remaining provisions of Note remain unchanged, then verify the remaining data fields not addressed on the loan mod against the Note; otherwise the lender must submit a screen print or other documentation verifying these fields. Fail the loan if this documentation is not included with the loan documents.
- Must be original, a copy of the recorded modification, or a true and certified copy of the original that was sent to the recording office. True & certified stamp does not need to be initialed and does not have to be original.
- Must be signed by borrower(s)
- An original Note with blank endorsement must accompany the loan modification
- Verify that the borrower(s) name(s) are the same as borrower(s) name(s) on Note
- **If the Loan Modification Agreement references an attachment or exhibit (usually a legal description), this must be present.**
- Beginning June 1, 2007 all modifications must be on one of the following forms:

CONFIDENTIAL

FNMA-USM000004436

- Form 181 – if loan is delinquent FHA or VA loan, or if borrower made a substantial pay down
- Revised Form 3179 dated 6/06 – for fixed rate notes or to convert ARM to fixed
- New Form 3161 dated 6/06 – for adjustable rate notes with no step interest
- New Form 3162 dated 6/06 – for fixed rate step interest rate notes or ARMs converting to fixed with step interest rate
- A different, but substantially equivalent, modification agreement form is also acceptable as long as it includes an enforceable due-on-sale clause.

Loan Mods issued before June 1, 2007 can be on any of these new forms or the old form 3179.

- An Assignment is required unless the Note is a MERS, or if the modification is amending the Deed of Trust/Mortgage. (See Assignment pre-certification checklist)
- Assignment should be date of loan modification or after, and if loan amount is referenced in the Assignment, it must be the loan modification loan amount, *not* the Note loan amount

### BALLOON LOAN
- Notes for PUERTO RICO do not have to indicate "balloon" at top of note. Puerto Rico loans can have balloon notes as long as they use the multistate balloon note (form 3260)
- Amortization Type should be Balloon
- Note must indicate "Balloon"
- Term for cash balloons is usually 84 months (7 years). Term for MBS, ASAP or ASAP+ balloons is usually either 84 or 360 months.
- A Balloon Addendum (Conditional Right to Refinance) (Form 3266) must be included, and must include the Conditional Right to Refinance sections. The Addendum must be an original, and borrower(s) name(s) must match borrower(s) name(s) on Note

### BALLOON LOAN (2ND Trust)
- If Submission Type/Lien is Whole/Second *NO* addendum is required. If the loan document is a "balloon note," the amortization must indicate "balloon" (if not, a data change is required).

### REFINANCED BALLOON LOAN
- At maturity of an original balloon loan, the loan is refinanced for the remaining amortization period (usually 23 years) on a document called Mortgage Modification Agreement, which is delivered as a true and certified copy. It is one document that combines the Note, Loan Modification, and Mortgage.
- The copy of the recorded document does not need an endorsement. If an original recorded document is received, then look for endorsement.

Fannie Mae Proprietary and Confidential                         Valid 10-14-08 to 2-2-09
H:\CONFIG\Windows\Desktop\16_Attach A-12 CSC Precertification Job Aid 10-13-08 to2-2-09.docm Page 9 of 28

CONFIDENTIAL                                                                    FNMA-USM000004437

### BIWEEKLY

- Calculate Loan Term and Loan P&I Monthly Amount using file in the shared drive on computer – s:\centpur\csc\BiWeekly_and_Monthly_Calculation_09_07_05FINAL.xls
- When product type indicates *A/A Bi-weekly* at top of barcode, the amount listed for the Loan P&I Amount (monthly) should match the actual biweekly payment amount stated in the note.
- When product type **does not** indicate *A/A Bi-weekly* at top of barcode, the amount listed for the Loan P&I Amount (monthly) should equal twice the actual biweekly payment amount stated in the note.

### CO-ISSUE

- Barcode will have one of three banners "Co-Issue", "Co-Issue – Cenlar" or "SAI".
- Standard co-issue loans will have servicer number 13123, with branch numbers beginning with 834, 835, 836 or 837.
- Co-issue – Cenlar loans will have servicer number 26554, with branch numbers beginning with 834, 835, 836 or 837.
- SAI loans will have servicer number 25610-000-7.
- Before precerting check for blackout period. Dates of blackout period will be posted in sign-in area (typically blackout period is the last 11 business days of the month).
- If during blackout period, check to see whether loans are cash or MBS (Certification Priority 70).
- Cash loans can be certified *through* the first day of the blackout period. After first day cash loans may be rejected. If after first day of blackout period, place cash loan documents and barcodes in Co-issue tray – do not precert.
- After first day of blackout period a warning message "Loan is in Blackout Period" will appear if someone attempts to certify cash loan(s). If this happens, follow instructions on screen. Print worklog and place with cash loans/barcodes in Co-issue tray. DO NOT PLACE IN POSTSCAN AREA AS THESE LOANS HAVE NOT BEEN CERTIFIED.
- If loans are MBS, certify the loans and file as indicated below – MBS LOANS ARE NOT SUBJECT TO THE BLACKOUT PERIOD.
- All Co-Issue loans should be filed with all other loans in post scan area.

### CO-OP

- Apply a white Co-op label to the barcode and fill in the requested information
- Verify that the Note and co-op share documents are for the same borrower(s)
- If the loan has a MIN (MERS Number), then a UCC-3 is not required.
- See Appendix E – "Co-op Pre-certification Guidelines" for state-specific pre-certification information
- "Co-op Loan" must be indicated on barcode. If not, FAIL.

CONFIDENTIAL

FNMA-USM000004438

### CEMA (Consolidation Extension Modification Agreement)

- Original consolidated Note required. The Consolidated Note and Exhibit C of the CEMA must have some indication that the Note is a Consolidated Note. This can be either the words "Consolidated Note" at the top, or language similar to the following: "This Note amends and restates in their entirety, and is given in substitution for, the Notes described in Exhibit A of the New York Consolidation, Extension and Modification Agreement dated the same date as this Note.". If neither "Consolidated Note" nor language included, DO NOT FAIL – certify and file the loan(s). Fill out the Lender Notification Form, staple it to the transmittal sheet, and place it in the PR tray for the appropriate region for an ABA to notify the lender to remember to include this for future CEMAs.
- CEMA can be original, copy of the recorded modification or a true and certified copy of the original that was sent to the recording office. True & certified stamp does not need to be initialed and does not have to be original.
- CEMA must be signed by borrower(s) and lender representative
- Exhibit A (list of loans) required
- Exhibit B (legal description) required (or acceptable if legal description is located on another document within loan package)
- Exhibit C (copy of consolidated Note – does not need to be a signed copy)
- Exhibit D (copy of Mortgage or Deed of Trust)
- Not required – other notes listed in Exhibit A. If the date of the CEMA is prior to May 2001, then prior certification rules apply, and all notes listed in the CEMA must be included.
- If a Form 276 "Custody Document Transmittal" is received with CEMA, it should be given to the PR team to resolve. Do NOT pull from the vault documents requested on Form 276
- An Assignment is required unless the Note is a MERS. (See Assignment pre-certification checklist). Assignment should be date of CEMA or after

### C TO P (Construction to Permanent)

- If Fannie Mae is the seller, Note endorsement is not required
- An Assignment is required unless the Note is a MERS, or unless Fannie Mae is the seller. (See Assignment pre-certification checklist)
- Must be signed by borrower(s)
- Verify that the borrower(s) name(s) are the same as borrower(s) name(s) on Note
- For C to P loans in CONSTRUCTION phase:
  - There will be a Note and a construction loan Addendum or Rider. The Note will reflect the permanent data. The Addendum or Rider will have the correct construction phase Interest Rate. Therefore,
  - Verify the Interest Rate on the barcode against the Addendum or Rider
  - Verify all other fields on the barcode against the Note
- For C to P loans in PERMANENT phase:
  - There will be a Note and most likely a Loan Modification Agreement. The Note will reflect the original permanent data. If any of this data has changed since the Note was originally created, then there will be a Loan Mod. Therefore,
  - If there is a Loan Mod, verify the information contained in the Loan Mod against the barcode. If there are any remaining barcode fields not addressed in the Loan Mod,

CONFIDENTIAL

FNMA-USM000004439

**All standard certification requirements for a Loan Mod apply (see LOAN MODIFICATION section above.)**

- If there is no Loan Mod, then verify all barcode fields against the Note

### DEDICATED CHANNEL

- For all dedicated channel lenders, including PHH, ALL data fields on ARM notes must be pre-certed including the data below the P&I. (If the data does not match, reprint the barcode and pre-cert against the new barcode. Discard the old barcode.)
- POA banner will print on all PHH Refinanced loans. If the banner prints, and the loan is signed by an attorney-in-fact, then a POA must be included. If the banner is not on the barcode, then the loan does not require a POA. (No longer need to look up on transmittal sheet, or stamp the "PHH POA Variance" on barcode)

### eMORTGAGE

- Original docs not required, authoritative Note is certified in eMD
- Verify data on transaction detail to data transmitted
- Certify loan in eMD and DDF
- Both electronically signed and holographic borrower signatures are acceptable – see Appendix H – "Acceptable eMortgage Signatures"

### FANNIE MAE REO (Real Estate Owned)

- Seller name on data transmission is Fannie Mae
- Note endorsement is not required
- Assignment is not required
- This is a REO unless loan document is Balloon

### FIXED RATE CONVERTIBLE

- Verify data on addendum to xcdDesc on data transmitted

### HOOP (Home Ownership Opportunity Product)

- Original HOOP Addendum is required
- Verify data on addendum to xcdDesc on data transmitted

CONFIDENTIAL                                                                            FNMA-USM000004440

### INTEREST ONLY (I/O)

- Do not certify the P&I field (as this can change daily)
- Verify the Interest Only End Date on the barcode against the Note, either by verifying the number of months in the Interest Only period, or the actual End Date (you do not need to verify both). This will typically be one of the following:
  - For Fixed Rate loans – paragraph 3 (A) of the Note will usually list the duration of the Interest Only period in months. Verify this against the number of months stated on the barcode. If this is not a match – **FAIL THE LOAN, do not make a data change**. Note the discrepancy as the fail reason and place in the PR tray.
  - For ARM loans – paragraph 4 (G) will usually contain language stating that "The date of my first payment consisting of both principal and interest…shall be the first monthly payment date after the first Change Date. This would indicate that the Interest Only End Date would be the same as the Change Date that is listed in paragraph 4 (A). Verify this against the End Date listed on the barcode. If this is not a match – **FAIL THE LOAN, do not make a data change**. Note the discrepancy as the fail reason and place in the PR tray.

  DO NOT FAIL for ASAP/ASAP+ loans; certify the loan. Staple a Lender Notification Form to the top of the transmittal sheet and place in the appropriate regional PR tray for an ABA to notify the lender to include the Interest Only End Date when redelivering the loan.

- If the header or footer of the note indicates a specific Interest Only term, (for example – "10 Year Interest Only Note"), then the actual Interest Only term indicated in the body of the Note (typically paragraph 3 (A) for Fixed Rate or 4 (G) for ARM) must match the header/footer. (This is rare.)
- Beginning June 1, 2007, all qualifying notes must indicate "Interest-only", and must be on either the updated Fannie Mae form (dated 09/06), or a non-standard industry form. (If note does not indicate at top, check bottom of page. For PHH, check under label for this language if not visible). If not, FAIL.
- "Interest Only" must be indicated at top of barcode. If not, FAIL. For ASAP+ loans, if the "Interest Only" banner does not print on the barcode, do NOT fail. After certifying the loan, staple a Lender Notification Form to the top of the transmittal sheet and place in the appropriate regional PR tray for an ABA to notify the lender to include the Interest Only future feature code when redelivering the loan.

### JUMBO CONFORMING LOANS

- "Jumbo- Conforming" banner must be on barcode – if not, FAIL.
- A copy of the daily "Jumbo Conforming Early Funding Loans Report", with the loan listed on it, must be stapled to the back of the barcode. If not, bring loan to mail person to verify if loan is on report before certifying or failing.
- Loan must be FAILED if there is a discrepancy in any of the following fields (do NOT do a data change):
  - Address
  - Property City
  - Property State
  - Property Zip Code
  - Original Loan Amount

CONFIDENTIAL                                                                                                    FNMA-USM000004441

*MURABAHA*
- Addendum is required – does not need to be an original
- Verify the Original Loan Amount against the Addendum.  Verify all other data fields against the Note.
- MURABAHA  must be indicated on barcode.  If not FAIL.

*NATIVE AMERICAN LOAN PROGRAM*
- Native American Loan Program must be indicated on barcode.  If not FAIL.
- No addendums, riders or other documents are required, but if any are received, keep them with the Note

*PAYMENT POWER ADDENDUM*
- Verify data on addendum to xcdDesc on data transmitted

*STEP RATE NOTE*
- A rider should be included
- Verify the information against the rider

*TPR ADDENDUM*
- Original TPR Addendum is required
- Verify data on addendum to xcdDesc on data transmitted (fail if they do not match):
  - Note rate reduction percentage
  - Number of times Note rate can be reduced
  - Number of recent consecutive on-time payments
- If the note is seasoned and the TPR Addendum interest rate reduction has already taken effect, verify that the note rate listed on the barcode equals the interest rate in the note minus the rate reduction noted in the TPR Addendum.  A screen print indicating the borrower's current P&I is required, since this information is not available on the TPR addendum.  Fail the loan if screen print is not included with loan documents.
- Must be signed by borrower(s)
- Verify that the borrower(s) name(s) are the same as borrower(s) name(s) on Note

*TWO-STEP ARM*
- Must include an Amortization Schedule.  Use the schedule to certify Loan Amount, Interest Rate, Loan Term and P&I.
- Assignment amount will match the Note, not the schedule.

CONFIDENTIAL                                                          FNMA-USM000004442

## ADDITIONAL INFORMATION

### *BAILEE*

Associate business analysts process all loan documents received with a bailee letter.  Bailee lender will usually be indicated at top of first page or referenced in last paragraph of letter.

### *CERTIFICATION PRIORITY CODES*

| 100 | ASAP+ (Must be processed by 1:00 p.m.) |
|-----|-----|
| 90 | ASAP (As Soon as Pooled) (Must be processed by 1:00 p.m.) |
| 80 | HECM and HKM (Reverse Mortgage Loans) (Must be processed by 2:00 p.m.) |
| 80 | CASH |
| 70 | MBS (Mortgage Backed Security) |

| REGIONS | | LOAN TERMS |
|-----|-----|-----|
| 2 | Central Region | 10 year = 120 months |
| 4 | Western Region | 15 year = 180 months |
| 5 | Eastern Region | 20 year = 240 months |
| | | 30 year = 360 months |
| | | 40 year = 480 months |
| | | 7 year = 84 months (balloons) |

CONFIDENTIAL

FNMA-USM000004443

*STANDARD ACCEPTABLE ABBREVIATIONS IN STREET ADDRESS*

| Full Word | Acceptable Abbreviation |
|-----------|-------------------------|
| North | N |
| South | S |
| East | E |
| West | W |
| First | 1st |
| One | 1 |
| Street | ST |
| Avenue | AVE |
| Road | RD |
| Court | CT |
| Lane | LN |
| Highway | HWY |
| Parkway | PKWY |
| Route | RT or RTE |

Okay as is (*DO NOT CHANGE*):

- If the address is keyed without spaces
- If data looks truncated
- If note has lot # and barcode has street address
- If note has property address but no "Street", "Lane", "Avenue", etc. and barcode does have "Street", "Lane", "Avenue", etc.
- If note is seasoned and zip code on barcode is different than note

*DO* Make the following Changes:

- Spelling or number errors in property address
- If unit # is on note, but not on barcode
- If "Street", "Lane", "Avenue", etc. is on note but not on barcode

CONFIDENTIAL                                                                      FNMA-USM000004444

**APPENDIX A – "Borrowers' Signatures on the Note"**

A borrowers' signature should not contradict the name typed below the signature line on the note. However, we will not object to slight variations—a missing initial, the omission of a "Jr" or "Sr," or an over or undersigning (such as a borrower signing as William Thomas Smith when the typed name is William T. Smith, or vice versa). On the other hand, significant variations—such as William Smith signing as "Skip" Smith, signing with an "X," or signing under an "also known as" name—are not acceptable, unless the lender obtains a signature/name affidavit from the borrower stating that he or she commonly uses the alternative signature.

**If "See Signature Page Attachment" or similar language is printed on the signature page of the note, then the attachment must be included and must contain the borrower's name and signature.**

CONFIDENTIAL

FNMA-USM000004445

**APPENDIX B – "Acceptable POA Signatures"**

ACCEPTABLE POA SIGNATURES

The signature of an Attorney in Fact is acceptable as long as POA or AIF is indicated beside the person's name and an acceptable POA document is received.  The following are examples of acceptable signatures:


*Chris Jones by Jane Smith, AIF*
Chris Jones, by Jane Smith his Attorney in Fact


*Chris Jones, by Jane Smith, AIF*
Chris Jones


*Chris Jones, by Jane Smith*
Chris Jones, by Jane Smith his Attorney in Fact


*Jane Smith*
Chris Jones, by Jane Smith his Attorney in Fact


*Jane Smith, AIF*
Chris Jones


The following is **NOT** an acceptable signature for a POA:

*Jane Smith*
Chris Jones

*Jane Smith*
Jane Smith, Attorney in Fact

CONFIDENTIAL                                                                                     FNMA-USM000004446

## APPENDIX C – "Intervening Endorsements"

## ACCEPTABLE INTERVENING ENDORSEMENTS

| _B No Banking Endorsement | _B Bl | _E Bl | _E Bl | _N Bl |
|---|---|---|---|---|
| la nk ng En do rse me nt | thito accmk it'sdo do the r se r me me onl me or blan k t endor seme t. | to Ia an k nk En– do rser ginto ato Sel r to en do rse the bla nk en do rse me nt ov er to the | nd an or k to se En ac do ce rsept. er meCa nt n to n be Se fro rvi m ce Selr ler or Se rvi cer . | nd an or k to se d do ce rsept. er meCa nt n to n be Se fro m Sel ler or Se rvi cer . | ot an hi k ng En– do Ne rseed meint nt erv eni ng en do rse me nt fro m Ori igi nat or. |

CONFIDENTIAL                                                        FNMA-USM000004447



Seller or Servicer since we can't have 2 blank endorsements from different lenders.

Endorsement sample:

Pay to the Order of
Without Recourse

_____
Name of Originating Lender
*Signature of Lender Officer*
Lender officer printed name & title

CONFIDENTIAL                                                                        FNMA-USM000004448

## APPENDIX D – "Affidavit of Lost Note"

Fannie Mae Loan No: _____

## AFFIDAVIT OF LOST NOTE

I,_____ being duly sworn, do hereby state under oath that:

1.  I,_____, as (title) of_____ ("Lender") am authorized to make this Affidavit.

2.  The Lender is the payee under the following described mortgage note (the "Note")]:

    Date:_____
    Loan No:_____
    Borrower(s):_____
    Original Payee:_____
    Original Amount:_____
    Rate of Interest (initial rate if ARM):_____
    Address of Mortgaged Property:_____

3.  The Lender is the lawful owner of the [Note], and the Lender has not cancelled, altered, assigned or hypothecated the [Note].

4.  The [Note] was not located after a thorough and diligent search which consisted of the following actions: _____.

5.  Attached hereto is a true and correct copy of (i) the [Note], or (ii) the Mortgage or Deed of Trust which secures the [Note], which Mortgage or Deed of Trust is recorded at_____.

6.  This Affidavit is intended to be relied on by the Federal National Mortgage Association, doing business as Fannie Mae, its successors, and assigns.

7.  The Lender hereby agrees to indemnify and hold Fannie Mae harmless against any loss, liability or damage, including reasonable attorneys' fees, resulting from the unavailability of the lost [Note], including but not limited to any loss, liability or damage arising from (i) any false statement contained in this Affidavit of Lost [Note], (ii) any claim of any party that it has already purchased a mortgage loan evidenced by a lost [Note] or any interest in such loan, and (iii) any claim of any borrower with respect to existence of the terms of a mortgage loan evidenced by a lost [Note].

CONFIDENTIAL                                                                    FNMA-USM000004449

EXECUTED THIS_____ day of_____, 20__.

LENDER

By:      _____
Name:    _____
Title:   _____
Date:    _____


On this _____ day of_____, 20___, before me appeared _____, to me personally known, who being duly sworn did say that she/he is the_____ of the Lender, and that said Affidavit of Lost Note was signed and sealed on behalf of the institution defined in this document as Lender, and said _____ acknowledged this instrument to be the free act and deed of said Lender.


_____
Notary Public in and for the
State of _____

My Commission expires:_____

CONFIDENTIAL                                                        FNMA-USM000004450

APPENDIX E – "Co-op Pre-certification Guidelines"

CO-OP PRE-CERTIFICATION GUIDELINES

## ALL STATES
**Co-Op Note:**
- Original Note with blank endorsement (verify that the note and the co-op share document match)
- Recognition Agreement – also accept Proprietary Lease or Occupancy Agreement


## DISTRICT OF COLUMBIA, FLORIDA, MARYLAND, NEW YORK, VIRGINIA (and all states not listed below)
**Co-Op Docs:**
- Original executed copy of the Uniform Commercial Code financing statement (UCC-1); some jurisdictions require the original to be recorded, therefore a **copy is acceptable**
  - *Bearing the file stamp of the relevant filing office(s)*
- Original Assignment of the UCC financing statement (UCC-3) to Fannie Mae
  - *In a form suitable for filing but not filed*
- Stock, shares, membership certificate, or other contractual agreement evidencing ownership
- Original recognition agreement – also accept Proprietary Lease or Occupancy Agreement
- Assignment of the recognition agreement(s) / Proprietary Lease to Fannie Mae, **if applicable**
  - *Duly executed and on a form obtained from Fannie Mae*


## CALIFORNIA
**Assignment:**
- Original Assignment of the Mortgage to Fannie Mae
  - *Duly executed and completed in a form suitable for recording, but not recorded*

**Co-Op Docs:**
- Original recognition agreement – also accept Proprietary Lease or Occupancy Agreement


## CONNECTICUT
**Assignment:**
- Original Assignment of the Mortgage to Fannie Mae
  - *In a form suitable for recordation on the land records in the relevant filing office(s), but not recorded*

CONFIDENTIAL                                                             FNMA-USM000004451

**Co-Op Docs:**
- Original Assignment of proprietary lease to Fannie Mae from the Lender
  - *In a form suitable for recordation on the land records in the relevant filing office(s), but not recorded*
- Original recognition agreement – also accept Proprietary Lease or Occupancy Agreement
- Original Assignment of security agreement to Fannie Mae
  - *Or other similar document used in the jurisdiction pledging the stock shares, membership certificate or other agreement evidencing ownership*

## ILLINOIS
**Co-Op Docs:**
- Original executed copy of the Uniform Commercial Code financing statement (UCC-1); some jurisdictions require the original to be recorded, therefore a **copy is acceptable**
  - *Bearing the file stamp of the relevant filing office(s)*
- Original Assignment of the UCC financing statement (UCC-3) to Fannie Mae **OR**, Original executed copy of the Uniform Commercial Code Financing Statement (UCC-2)
  - *In a form suitable for filing but not filed*
- Stock, shares, membership certificate, or other contractual agreement evidencing ownership
- Original recognition agreement – also accept Proprietary Lease or Occupancy Agreement
- Assignment of the recognition agreement(s) / Proprietary Lease to Fannie Mae, **if applicable**
  - *Duly executed and on a form obtained from Fannie Mae*
- Assignment of the security agreement to Fannie Mae
  - *Duly executed*

## MASSACHUSETTS
**Co-Op Docs:**
- Original Assignment of the UCC financing statement (UCC-3) to Fannie Mae
  - *In a form suitable for filing but not filed with the relevant filing office(s)*
- Stock, shares, membership certificates, or other contractual agreement evidencing ownership
- Original recognition agreement – also accept Proprietary Lease or Occupancy Agreement
- Original executed copy of the UCC financing statement (UCC-1); some jurisdictions require the original to be recorded, therefore a **copy is acceptable**
  - *Bearing the file stamp of the relevant filing office(s)*

CONFIDENTIAL

FNMA-USM000004452

## MICHIGAN
Co-Op Docs:
- No specific requirements. In cases where there are a small number of loans delivered we rely on the lender's rep (contained in the lender's contract) that the loan documents are enforceable.

## MINNESOTA
**Co-Op Docs:**
- Evidence of ownership in the form of a stock certificate or membership certificate
- Original recognition agreement – also called Proprietary Lease or Occupancy Agreement
  - *And any intervening Assignments*
- If the unit owner's interests are wholly personal property:
  - Original executed copy of the Uniform Commercial Code Financing Statement (UCC-1); some jurisdictions require the original to be recorded, therefore a **copy is acceptable**
    - *Bearing the stamp of the county recorder's office (abstract) or registrar of titles office (Torrens) in the county in which the cooperative unit is located*
  - Original Assignment of UCC-1 financing statement (UCC-3) to Fannie Mae
    - *In form suitable for filing, but not filed, and any intervening Assignments of the UCC-1 bearing the relevant intervening UCC filing stamps if the Assignments occurred after the Minnesota Mortgage was originated but before it was delivered to Fannie Mae*
  - Original security agreement
    - *Bearing the relevant filing stamps and each intervening Assignment of the security agreement*
  - Original Assignment of the security agreement to Fannie Mae
    - *In a form suitable for filing, but not filed, and any intervening Assignments of the security agreement bearing the relevant filing stamps*
- If the unit owner's interests are wholly real property:
  - Original Assignment of mortgage to Fannie Mae
    - *In form suitable for filing, but not filed, and any intervening Assignments of mortgage bearing the relevant intervening filing stamps*

## NEW JERSEY
**Co-Op Docs:**
- Original executed copy of the Uniform Commercial Code financing statement (UCC-1); some jurisdictions require the original to be recorded, therefore a **copy is acceptable**
  - *Bearing the file stamp of the relevant filing office(s)*
- Original Assignment of the UCC financing statement (UCC-3) to Fannie Mae
  - *In a form suitable for filing but not filed*
- Stock, shares, membership certificate, or other contractual agreement evidencing ownership
- Original recognition agreement – also accept Proprietary Lease or Occupancy Agreement
- Assignment of the recognition agreement(s) / Proprietary Lease to Fannie Mae, **if applicable**
  - *Duly executed and on a form obtained from Fannie Mae*

CONFIDENTIAL

FNMA-USM000004453

## PENNSYLVANIA
**Assignment:**
- Original Assignment of mortgage to Fannie Mae
  - *In a form suitable for recordation in the land records in the relevant filing office(s), but not recorded*

**Co-Op Docs:**
- Stock, shares, membership certificates, or other contractual agreement evidencing ownership
- Executed blank stock power
- Original recognition agreement – also accept Proprietary Lease or Occupancy Agreement
- Original Assignment of the security agreement to Fannie Mae
  - *In a form suitable for recordation in the land records in the relevant filing office(s)*
- Original Assignment to the Lender of the borrower's ownership interest in the cooperative interest
  - *Showing the appropriate evidence of recordation indicating that the Assignment has been recorded in the land records in the county where the cooperative project is located*
  - *Assignment must include language evidencing an intent to transfer the cooperative interest, which must include: (i) an Assignment of the stock, shares, membership certificates, or an Assignment of the transfer of the cooperative interest on the books of the association and (ii) an Assignment of the borrower's interest in the proprietary lease (containing a provision which states that by completing such Assignment it is the borrower's intent to transfer possessory interest in the cooperative unit to the Lender or its successor-in-interest in the event of a foreclosure or a conveyance-in-lieu of foreclosure*
  - *Assignment must include cooperative association as a party to the Assignment for the purposes of acknowledging the transfer on the cooperative association's books, stating the amount of any unpaid assessments due and payable from the borrower at the time of the transfer (which amount must be zero) and stating that the transfer is permitted and not a "limited equity" transfer*
- Assignment in blank of the original Assignment of the borrower's ownership interest in the cooperative unit to the Lender
  - *In recordable form, but not recorded*

CONFIDENTIAL

FNMA-USM000004454

**APPENDIX F – "Acceptable eMortgage Signatures"**

Both electronically signed and holographic borrower signatures are acceptable for eMortgage notes.

Following is an example of each:

### Sample 1:  Typed Signature



John Homeowner

### Sample 2:  Holographic Signature



John Homeowner

http://lifestyle.msn.com/relationships/couplesandmarriage/articletkt.aspx?cp-documentid=4845421&GT1=1011

CONFIDENTIAL                                                          FNMA-USM000004455

## APPENDIX G – Glossary of Terms Pertaining to Loan Certification

Addendum – a document that adds further covenants and agreements to the Note.

Allonge to Promissory Note – a document that contains an endorsement and is submitted when the original Note is missing the blank endorsement. An Allonge becomes a permanent part of a Note.

Assignment – a document that transfers beneficial interest ownership of the mortgage or Deed of Trust to Fannie Mae.

Indemnification agreement – a document that releases Fannie Mae from any loss, liability, or damage including but not limited to reasonable attorneys' fees resulting from the unavailability of any lost Notes, any false statement contained in the Affidavits attached, and any claim of any borrower with respect to existence of term of a mortgage loan evidence by a lost Note.

Intervening Assignment – an assignment transferring beneficial interest ownership or the mortgage or Deed of Trust from the originator to a third party who then assigns the security instrument to Fannie Mae.

Intervening Endorsement – an endorsement from the originator to a third party who then endorses the Note in blank before delivering to Fannie Mae.

Loan Agreement – a legal document that contains the terms and conditions of a Home Equity Conversion Mortgage or a Home Keeper Mortgage.

Loan Modification Agreement – a document that amends and supplements the original terms of the mortgage and/or Note.

Lost Note Affidavit – a document that attests to the fact that the original copy of the Note was lost and could not be located after a thorough and diligent search. The Lost Note Affidavit states that the lender is the lawful owner of the Note and has not cancelled, altered, assigned or hypothecated the Note.

Mortgage Modification Agreement – a document that amends and supplements the original terms of the mortgage and Note.

Note – a document that is signed by the borrower of a loan that acknowledges the debt and by inference the promise to repay. A Note backed by a mortgage names the mortgagee as the payee.

Original Recognition Agreement – a letter which stipulates the representations and agreements regarding the cooperative ownership shares of the corporation.

Power of Attorney – a legal document that authorizes one person to act on behalf of another. A power of attorney authorizes someone other than the borrower to sign the Note.

Rider – a documents that adds or substitutes wording in a Note.

Security Agreement – guarantees to the lender that the loan represented by the Note will be repaid and gives the lender a continuing security interest in the title to the share of the cooperative corporation.

Stock, shares, or membership certificate – evidence of ownership in a cooperative (co-op).

UCC financing statement – a financing statement that covers a type or item of property.

CONFIDENTIAL

FNMA-USM000004456